# UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

IVAN FREITES, MIGUEL ENRIQUE OTERO, JORGE ALEJANDRO RODRIGUEZ,

*Plaintiffs,*

v.

HORACIO MEDINA, JOSE VICENTE CARRASQUERO, ASM INVESTING LLC, et al.,

*Defendants.*

FILED BY [illegible] D.C.

APR 11 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

Case No.: 1:25-CV-20465-BB

The Honorable Beth Bloom, Presiding

_____________________________________/

## JUDICIAL NOTICE REGARDING DEFENDANTS HORACIO MEDINA, JOSE VICENTE CARRASQUERO, ASM INVESTING LLC, AND THEIR OBSTRUCTION CAMPAIGN AGAINST PLAINTIFFS

Plaintiffs Ivan Freites, Miguel Enrique Otero, and Jorge Alejandro Rodríguez ("Plaintiffs"), proceeding pro se, respectfully request the Court to take judicial notice, pursuant to Federal Rule of Evidence 201, of the additional factual

information directly linking Defendants Horacio Medina, José Vicente Carrasquero, and ASM Investing LLC to the obstruction campaign alleged in Plaintiffs' Amended Complaint.

Plaintiffs state as follows:

1. Defendant Horacio Medina, President of the Junta administradora ad hoc de Petróleos de Venezuela S.A. - Ad Hoc Board of Petróleos de Venezuela S.A. (PDVSA) - , executed a formal agreement dated February 16, 2024, with Vision Americas International LLC (VAI), as evidenced by official filings under the Foreign Agents Registration Act (FARA). Through this agreement, Medina secured VAI's services to provide strategic communications and public relations support related to litigation and policy matters concerning PDVSA in the United States[1]. Later on June June 18,2024 White and Case LLP filed with the Department of Justice, under the Foreign Agents Registration Act the Terms of Engagement of White & Case LLP - which acted as on of several intermediaries in the payments ordered by Horacio Medina. It has been found that said payments were originated from the accounts of PDV Chalmette and the Junta Adminitradora ad hoc de Petroleos de Venezuela S.A.[2]

---

[1] May 20, 2022 6393-Exhibit-AB-20220601-9 VIA E-MAIL Horacio Medina, Chair Ad Hoc Board of Petroleos de Venezuela, S.A 2216 Adams St., #307 Hollywood, FL 33020 Terms of Engagement of White & Case LLP

[2] June 18,2024 6393-Exhibit-AB-20220601-9 VIA E-MAIL whitecase.com Terms ofEngagement ofWhite & Case LLP

2. Defendant José Vicente Carrasquero, publicly identified as a Partner at Vision Americas International LLC (VAI) and long time friend and associate to Medina, specializes in political strategy. Official FARA filings confirm that VAI subcontracted services to ASM Investing LLC, managed by Carrasquero, for consulting and strategic communications tasks related to PDVSA.

3. ASM Investing LLC, directly managed by Defendant José Vicente Carrasquero, received multiple payments documented in official FARA filings between March 22, 2024, and May 16, 2024, specifically for "consulting services" provided to VAI in furtherance of PDVSA's strategic communication efforts.
4. Later on July 8th 2024 SiSenor LLC - a co partner of Jose Vicente Carrasquero in Vision Americas International (VAI) - registered as having performed social media activities for PDVSA ad hoc with an income of over twenty thousand USD through the co-partnership with Vision Americas International LLC, the co-partnership with Carrasquero.[3]
5. The coordinated activities and financial transactions among Medina, Carrasquero, VAI, and ASM Investing LLC support the existence of a structured effort designed to target Plaintiffs. Specifically, this campaign utilized strategic communications and public relations to intimidate,

---

[3] July 8th 2024. 7432-Exhibit-AB-20240708-1 Exhibit A to Registration Statement Pursuant to the Foreign Agents Registration Act of 1938, as amended - SiSenor LLC social media activities for PDVSA ad hoc through Vision Americas International LLC

discredit, and obstruct Plaintiffs' participation in judicial proceedings against PDVSA and its affiliates. The agreements into which Medina engaged with VAI were renovated several times in 2024 totalling confirmed payment orders close to one million USD.[45]

WHEREFORE, Plaintiffs respectfully request the Court to take judicial notice of the foregoing factual information, further substantiating Plaintiffs' claims involving violations of RICO, conspiracy, defamation, and obstruction of justice.

Respectfully submitted,

April 4th, 2025

/s/ Ivan Freites Ivan Freites, Pro Se 4370 NW 107 Ave, Apt. 102 Doral, FL 33178

freites.usdcsf.1.25.cv.20465.bb@gmail.com

/s/ Miguel Enrique Otero Miguel Enrique Otero, Pro Se Eichholzstrasse 2, 6312 Steinhausen, CH

---

[4] Sept 6, 2024, 7413-Exhibit-AB-20240906-3 Exhibit B to Registration Statement Pursuant to the Foreign Agents Registration Act of 1938, as amended : Extension of engagement with Vision Americas International LLC ("VAI")

[5] December 18, 2024 7413-Exhibit-AB-20241218-4 Via E-mail Re : Engagement in Support of Legal Services In this regard VAI, Vinson & Elkins, and Client agree as follows: 1. 2. Received by NSD/FARA Registration Unit 12/18/2024 2:31:02 PM Vision Americas International LLC 509 Stephen Circle SW Vienna, VA 22180 Email: mpb@visionamericas.com The Firm is employing you as of the date of this engagement letter solely to assist with respect to the Services as defined below. As may be agreed from time to time, we may also utilize other members ofyour firm, to assist in this matter, and the terms and conditions ofthis agreement shall apply to them as well. Vinson & Elkins LLP ("Vinson & Elkins", "Firm", or "Counsel")

/s/ Jorge Alejandro Rodríguez Jorge Alejandro Rodríguez, Pro Se Eichholzstrasse 2,

6312 Steinhausen, CH

---

**List of Exhibits:**

1. May 20, 2022 6393-Exhibit-AB-20220601-9 VIA E-MAIL Horacio Medina, Chair Ad Hoc Board of Petroleos de Venezuela, S.A 2216 Adams St., #307 Hollywood, FL 33020 Terms of Engagement of White & Case LLP

2. June 18,2024 6393-Exhibit-AB-20220601-9 VIA E-MAIL whitecase.com Terms ofEngagement ofWhite & Case LLP

3. July 8th 2024. 7432-Exhibit-AB-20240708-1 Exhibit A to Registration Statement Pursuant to the Foreign Agents Registration Act of 1938, as amended - SiSenor LLC social media activities for PDVSA ad hoc through Vision Americas International LLC

4. Sept 6, 2024, 7413-Exhibit-AB-20240906-3 Exhibit B to Registration Statement Pursuant to the Foreign Agents Registration Act of 1938, as amended : Extension of engagement with Vision Americas International LLC ("VAI")

5. December 18, 2024 7413-Exhibit-AB-20241218-4 Via E-mail Re : Engagement in Support of Legal Services In this regard VAI, Vinson & Elkins, and Client agree as follows: 1. 2. Received by NSD/FARA Registration Unit 12/18/2024 2:31:02 PM Vision Americas International LLC 509 Stephen Circle SW Vienna, VA 22180 Email: mpb@visionamericas.com The Firm is employing you as of the date of this engagement letter solely to assist with respect to the Services as defined below. As may be agreed from time to time, we may also utilize other members ofyour firm, to assist in this matter, and the terms and conditions ofthis agreement shall apply to them as well. Vinson & Elkins LLP ("Vinson & Elkins", "Firm", or "Counsel")

**Exhibit 1:**

May 20, 2022 6393-Exhibit-AB-20220601-9 VIA E-MAIL Horacio Medina, Chair Ad Hoc Board of Petroleos de Venezuela, S.A 2216 Adams St., #307 Hollywood, FL 33020 Terms of Engagement of White & Case LLP

OMB No. 1124-0006; Expires July 31, 2023

**U.S. Department of Justice**

Washington, DC 20530

# Exhibit A to Registration Statement Pursuant to the Foreign Agents Registration Act of 1938, as amended

INSTRUCTIONS. Furnish this exhibit for EACH foreign principal listed in an initial statement and for EACH additional foreign principal acquired subsequently. The filing of this document requires the payment of a filing fee as set forth in Rule (d)(1), 28 C.F.R. § 5.5(d)(1). Compliance is accomplished by filing an electronic Exhibit A form at https://www.fara.gov.

Privacy Act Statement. The filing of this document is required by the Foreign Agents Registration Act of 1938, as amended, 22 U.S.C. § 611 *et seq.*, for the purposes of registration under the Act and public disclosure. Provision of the information requested is mandatory, and failure to provide this information is subject to the penalty and enforcement provisions established in Section 8 of the Act. Every registration statement, short form registration statement, supplemental statement, exhibit, amendment, copy of informational materials or other document or information filed with the Attorney General under this Act is a public record open to public examination, inspection and copying during the posted business hours of the FARA Unit in Washington, DC. Statements are also available online at the FARA Unit's webpage: https://www.fara.gov. One copy of every such document, other than informational materials, is automatically provided to the Secretary of State pursuant to Section 6(b) of the Act, and copies of any and all documents are routinely made available to other agencies, departments and Congress pursuant to Section 6(c) of the Act. The Attorney General also transmits a semi-annual report to Congress on the administration of the Act which lists the names of all agents registered under the Act and the foreign principals they represent. This report is available to the public in print and online at: https://www.fara.gov.

Public Reporting Burden. Public reporting burden for this collection of information is estimated to average .22 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden to Chief, FARA Unit, Counterintelligence and Export Control Section, National Security Division, U.S. Department of Justice, Washington, DC 20530; and to the Office of Information and Regulatory Affairs, Office of Management and Budget, Washington, DC 20503.

1. Name of Registrant
   White & Case LLP

2. Registration Number
   6393

3. Primary Address of Registrant
   1221 Avenue of the Americas, New York, NY 10036

4. Name of Foreign Principal
   The Ad Hoc Board of Petroleos de Venezuela, S.A. (or, "PDVSA Ad Hoc Board")

5. Address of Foreign Principal
   2216 Adams St, #307
   Hollywood, FL 33020

6. Country/Region Represented
   VENEZUELA

7. Indicate whether the foreign principal is one of the following:
   - ☐ Government of a foreign country [1]
   - ☐ Foreign political party
   - ☒ Foreign or domestic organization: If either, check one of the following:
     - ☐ Partnership
     - ☐ Corporation
     - ☐ Association
     - ☐ Committee
     - ☐ Voluntary group
     - ☒ Other *(specify)* See Appendix for Response
   - ☐ Individual-State nationality

8. If the foreign principal is a foreign government, state:
   a) Branch or agency represented by the registrant

   b) Name and title of official with whom registrant engages

1 "Government of a foreign country," as defined in Section 1(e) of the Act, includes any person or group of persons exercising sovereign de facto or de jure political jurisdiction over any country, other than the United States, or over any part of such country, and includes any subdivision of any such group and any group or agency to which such sovereign de facto or de jure authority or functions are directly or indirectly delegated. Such term shall include any faction or body of insurgents within a country assuming to exercise governmental authority whether such faction or body of insurgents has or has not been recognized by the United States.

9. If the foreign principal is a foreign political party, state:

a) Name and title of official with whom registrant engages

b) Aim, mission or objective of foreign political party

10. If the foreign principal is not a foreign government or a foreign political party:

a) State the nature of the business or activity of this foreign principal.

The Ad Hoc Board of Petroleos de Venezuela, S.A. is the U.S. recognized representative of Venezuela's state-owned oil company Petroleos de Venezuela, S.A.

b) Is this foreign principal:

| | |
|---|---|
| Supervised by a foreign government, foreign political party, or other foreign principal | Yes ☒ No ☐ |
| Owned by a foreign government, foreign political party, or other foreign principal | Yes ☒ No ☐ |
| Directed by a foreign government, foreign political party, or other foreign principal | Yes ☒ No ☐ |
| Controlled by a foreign government, foreign political party, or other foreign principal | Yes ☒ No ☐ |
| Financed by a foreign government, foreign political party, or other foreign principal | Yes ☒ No ☐ |
| Subsidized in part by a foreign government, foreign political party, or other foreign principal | Yes ☒ No ☐ |

11. Explain fully all items answered "Yes" in Item 10(b).

See Appendix for Response

12. If the foreign principal is an organization and is not owned or controlled by a foreign government, foreign political party or other foreign principal, state who owns and controls it.

## EXECUTION

In accordance with 28 U.S.C. § 1746, and subject to the penalties of 18 U.S.C. § 1001 and 22 U.S.C. § 618, the undersigned swears or affirms under penalty of perjury that he/she has read the information set forth in this statement filed pursuant to the Foreign Agents Registration Act of 1938, as amended, 22 U.S.C. § 611 *et seq.*, that he/she is familiar with the contents thereof, and that such contents are in their entirety true and accurate to the best of his/her knowledge and belief.

| Date | Printed Name | Signature |
|---|---|---|
| 06/01/2022 | Jennifer Paradise | /s/Jennifer Paradise |
| | | |
| | | |
| | | |

## EXECUTION

In accordance with 28 U.S.C. § 1746, and subject to the penalties of 18 U.S.C. § 1001 and 22 U.S.C. § 618, the undersigned swears or affirms under penalty of perjury that he/she has read the information set forth in this statement filed pursuant to the Foreign Agents Registration Act of 1938, as amended, 22 U.S.C. § 611 *et seq.*, that he/she is familiar with the contents thereof, and that such contents are in their entirety true and accurate to the best of his/her knowledge and belief.

| Date | Printed Name | Signature | |
|---|---|---|---|
| June 01, 2022 | Jennifer Paradise | /s/ Jennifer Paradise | eSigned |
| | | | |
| | | | |
| | | | |

# Appendix
## Response to Item 7

**Item 7: Indicate whether the foreign principal is one of the following: Other (specify).**

Board of Directors - state-owned corporation

# Appendix
# Response to Item 11

**Item 11: Explain fully all items answered "Yes" in Item 10(b).**

Item 10(b) Supervised: Venezuela is the sole stockholder of Petroleos de Venezuela, S.A. ("PDSVA"), the Venezuelan state-owned oil and natural gas company. In February 2019, pursuant to the Statute that Govern the Transition to Democracy to Reestablish the Full Force and Effect of the Constitution of the Bolivarian Republic of Venezuela (the :"Democracy Transition Statute") enacted by the Venezuelan National Assembly, Venezuela's Interim President, Juan Gerard Guaido Marquez, appointed the PDVSA Ad Hoc Board.

Item 10(b) Owned: Venezuela is the sole stockholder of Petroleos de Venezuela, S.A. ("PDSVA"), the Venezuelan state-owned oil and natural gas company. In February 2019, pursuant to the Statute that Govern the Transition to Democracy to Reestablish the Full Force and Effect of the Constitution of the Bolivarian Republic of Venezuela (the :"Democracy Transition Statute") enacted by the Venezuelan National Assembly, Venezuela's Interim President, Juan Gerard Guaido Marquez, appointed the PDVSA Ad Hoc Board.

Item 10(b) Directed: Venezuela is the sole stockholder of Petroleos de Venezuela, S.A. ("PDSVA"), the Venezuelan state-owned oil and natural gas company. In February 2019, pursuant to the Statute that Govern the Transition to Democracy to Reestablish the Full Force and Effect of the Constitution of the Bolivarian Republic of Venezuela (the :"Democracy Transition Statute") enacted by the Venezuelan National Assembly, Venezuela's Interim President, Juan Gerard Guaido Marquez, appointed the PDVSA Ad Hoc Board.

Item 10(b) Controlled: Venezuela is the sole stockholder of Petroleos de Venezuela, S.A. ("PDSVA"), the Venezuelan state-owned oil and natural gas company. In February 2019, pursuant to the Statute that Govern the Transition to Democracy to Reestablish the Full Force and Effect of the Constitution of the Bolivarian Republic of Venezuela (the :"Democracy Transition Statute") enacted by the Venezuelan National Assembly, Venezuela's Interim President, Juan Gerard Guaido Marquez, appointed the PDVSA Ad Hoc Board.

Item 10(b) Financed: Venezuela is the sole stockholder of Petroleos de Venezuela, S.A. ("PDSVA"), the Venezuelan state-owned oil and natural gas company. In February 2019, pursuant to the Statute that Govern the Transition to Democracy to Reestablish the Full Force and Effect of the Constitution of the Bolivarian Republic of Venezuela (the :"Democracy Transition Statute") enacted by the Venezuelan National Assembly, Venezuela's Interim President, Juan Gerard Guaido Marquez, appointed the PDVSA Ad Hoc Board.

Item 10(b) Subsidized: Venezuela is the sole stockholder of Petroleos de Venezuela, S.A. ("PDSVA"), the Venezuelan state-owned oil and natural gas company. In February 2019, pursuant to the Statute that Govern the Transition to Democracy to Reestablish the Full Force and Effect of the Constitution of the Bolivarian Republic of Venezuela (the :"Democracy Transition Statute") enacted by the Venezuelan National Assembly, Venezuela's Interim President, Juan Gerard Guaido Marquez, appointed the PDVSA Ad Hoc Board.

OMB No. 1124-0004; Expires July 31, 2023

**U.S. Department of Justice**

Washington, DC 20530

# Exhibit B to Registration Statement Pursuant to the Foreign Agents Registration Act of 1938, as amended

INSTRUCTIONS. A registrant must furnish as an Exhibit B copies of each written agreement and the terms and conditions of each oral agreement with his foreign principal, including all modifications of such agreements, or, where no contract exists, a full statement of all the circumstances by reason of which the registrant is acting as an agent of a foreign principal. Compliance is accomplished by filing an electronic Exhibit B form at https://www.fara.gov.

Privacy Act Statement. The filing of this document is required for the Foreign Agents Registration Act of 1938, as amended, 22 U.S.C. § 611 *et seq.*, for the purposes of registration under the Act and public disclosure. Provision of the information requested is mandatory, and failure to provide the information is subject to the penalty and enforcement provisions established in Section 8 of the Act. Every registration statement, short form registration statement, supplemental statement, exhibit, amendment, copy of informational materials or other document or information filed with the Attorney General under this Act is a public record open to public examination, inspection and copying during the posted business hours of the FARA Unit in Washington, DC. Statements are also available online at the FARA Unit's webpage: https://www.fara.gov. One copy of every such document, other than informational materials, is automatically provided to the Secretary of State pursuant to Section 6(b) of the Act, and copies of any and all documents are routinely made available to other agencies, departments and Congress pursuant to Section 6(c) of the Act. The Attorney General also transmits a semi-annual report to Congress on the administration of the Act which lists the names of all agents registered under the Act and the foreign principals they represent. This report is available to the public in print and online at: https://www.fara.gov

Public Reporting Burden. Public reporting burden for this collection of information is estimated to average .32 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden to Chief, FARA Unit, Counterintelligence and Export Control Section, National Security Division, U.S. Department of Justice, Washington, DC 20530; and to the Office of Information and Regulatory Affairs, Office of Management and Budget, Washington, DC 20503.

| 1. Name of Registrant | 2. Registration Number |
|---|---|
| White & Case LLP | 6393 |

3. Name of Foreign Principal

The Ad Hoc Board of Petroleos de Venezuela, S.A. (or, "PDVSA Ad Hoc Board")

Check Appropriate Box:

4. ☒ The agreement between the registrant and the above-named foreign principal is a formal written contract. If this box is checked, attach a copy of the contract to this exhibit.

5. ☐ There is no formal written contract between the registrant and the foreign principal. The agreement with the above-named foreign principal has resulted from an exchange of correspondence. If this box is checked, attach a copy of all pertinent correspondence, including a copy of any initial proposal which has been adopted by reference in such correspondence.

6. ☐ The agreement or understanding between the registrant and the foreign principal is the result of neither a formal written contract nor an exchange of correspondence between the parties. If this box is checked, give a complete description below of the terms and conditions of the oral agreement or understanding, its duration, the fees and expenses, if any, to be received.

7. What is the date of the contract or agreement with the foreign principal? 05/20/2022

8. Describe fully the nature and method of performance of the above indicated agreement or understanding.

Assist the client in interacting with certain U.S. government officials in connection with PDVSA Ad Hoc Board's interests and US litigation pending against Petroleos de Venezuela, S.A. (PDVSA) and various subsidiaries

9. Describe fully the activities the registrant engages in or proposes to engage in on behalf of the above foreign principal.

The engagement described above is intended to include in-person meetings, call and emails to assist the client in interacting with certain U.S. government officials in connection with PDVSA Ad Hoc Board's interests and US Litigation pending against PDVSA

10. Will the activities on behalf of the above foreign principal include political activities as defined in Section 1(o) of the Act[1].

Yes ☐ No ☒

If yes, describe all such political activities indicating, among other things, the relations, interests or policies to be influenced together with the means to be employed to achieve this purpose. The response must include, but not be limited to, activities involving lobbying, promotion, perception management, public relations, economic development, and preparation and dissemination of informational materials.

11. Prior to the date of registration[2] for this foreign principal has the registrant engaged in any registrable activities, such as political activities, for this foreign principal?

Yes ☐ No ☒

If yes, describe in full detail all such activities. The response should include, among other things, the relations, interests, and policies sought to be influenced and the means employed to achieve this purpose. If the registrant arranged, sponsored, or delivered speeches, lectures, social media, internet postings, or media broadcasts, give details as to dates, places of delivery, names of speakers, and subject matter. The response must also include, but not be limited to, activities involving lobbying, promotion, perception management, public relations, economic development, and preparation and dissemination of informational materials.

Set forth below a general description of the registrant's activities, including political activities.

Set forth below in the required detail the registrant's political activities.

| Date | Contact | Method | Purpose |
|---|---|---|---|

12. During the period beginning 60 days prior to the obligation to register[3] for this foreign principal, has the registrant received from the foreign principal, or from any other source, for or in the interests of the foreign principal, any contributions, income, money, or thing of value either as compensation, or for disbursement, or otherwise?

Yes ☐ No ☒

If yes, set forth below in the required detail an account of such monies or things of value.

| Date Received | From Whom | Purpose | Amount/Thing of Value |
|---|---|---|---|

13. During the period beginning 60 days prior to the obligation to register[4] for this foreign principal, has the registrant disbursed or expended monies in connection with activity on behalf of the foreign principal or transmitted monies to the foreign principal?

Yes ☐ No ☒

If yes, set forth below in the required detail and separately an account of such monies, including monies transmitted, if any.

| Date | Recipient | Purpose | Amount |
|---|---|---|---|

1 "Political activity," as defined in Section 1(o) of the Act, means any activity which the person engaging in believes will, or that the person intends to, in any way influence any agency or official of the Government of the United States or any section of the public within the United States with reference to formulating, adopting, or changing the domestic or foreign policies of the United States or with reference to the political or public interests, policies, or relations of a government of a foreign country or a foreign political party.

2,3,4 Pursuant to Section 2(a) of the Act, an agent must register within ten days of becoming an agent, and before acting as such.

# EXECUTION

In accordance with 28 U.S.C. § 1746, and subject to the penalties of 18 U.S.C. § 1001 and 22 U.S.C. § 618, the undersigned swears or affirms under penalty of perjury that he/she has read the information set forth in this statement filed pursuant to the Foreign Agents Registration Act of 1938, as amended, 22 U.S.C. § 611 *et seq.*, that he/she is familiar with the contents thereof, and that such contents are in their entirety true and accurate to the best of his/her knowledge and belief.

| Date | Printed Name | Signature | |
|---|---|---|---|
| June 01, 2022 | Jennifer Paradise | /s/ Jennifer Paradise | eSigned |
| | | | |
| | | | |
| | | | |

WHITE & CASE

May 20, 2022

White & Case LLP
609 Main Street
Suite 2900
Houston, TX 77002
T +1 713 496 9700

whitecase.com

VIA E-MAIL

Horacio Medina, Chair
Ad Hoc Board of Petróleos de Venezuela, S.A.
2216 Adams St., #307
Hollywood, FL 33020

**Terms of Engagement of White & Case LLP**

Dear Mr. Medina:

This letter confirms the terms under which the Ad Hoc Board of Petróleos de Venezuela, S.A. is engaging the law firm of White & Case LLP to assist it in interacting with certain U.S. government officials in connection with US litigation pending against Petróleos de Venezuela, S.A. ("PDVSA") and various of its subsidiaries.

We will charge the Ad Hoc Board for our services on the basis of our hours devoted to the matter and hourly rates. We will also charge the Ad Hoc Board for office costs and out-of-pocket expenses customarily billed by us. These include charges for photocopying, travel, mail and courier services, facsimile, word processing and printing, filing fees, and computer legal research.

We intend to send billing statements on a monthly basis. We ask for payment within 30 days thereafter.

Consistent with U.S. practice and rules, the Ad Hoc Board has the right to discharge us for any reason at any time. If the Ad Hoc Board discharges us, it will be obligated to pay any unpaid charges within 30 days of our final billing statement(s).

Also consistent with U.S. practice and rules, we have the right to withdraw from the representation at any time if withdrawal can be accomplished without material adverse effect on the interests of the Ad Hoc Board or if there are other grounds for withdrawal under applicable rules of professional conduct. If we withdraw after any litigation has commenced, the Ad Hoc Board agrees to execute any notice of withdrawal that may be required to be filed in court.

A search of our existing matters shows that we do not have any conflicts with representing PDVSA in connection with this matter. Given the size and breadth of White & Case (approximately 2,400 lawyers in more than 30 countries), the Ad Hoc Board agrees that this engagement will not preclude White & Case from representing other clients in unrelated matters, even if those other clients' interests are different from, or adverse to, the Ad Hoc Board's interests. However, White & Case will endeavor to provide prior notice to the PDVSA Ad Hoc Board of a conflict of interest

in cases in which White & Case may represent clients negotiating transactions with representatives of the Ad Hoc Board or asserting commercial claims against the Ad Hoc Board, as long as those matters are unrelated to this matter.

In the absence of termination or withdrawal, this engagement will continue until the services hereunder are completed. For the sake of clarity, this engagement will be deemed as concluded if it becomes inactive for a period of three months.

Please let me know if you have any questions about any of the foregoing. Thank you very much.

Sincerely,

**Steven Otillar**
Partner

SO AGREED: ______________________ DATE: 05_/_22_/2022__
Horacio Medina

**Exhibit 2:**

June 18,2024 6393-Exhibit-AB-20220601-9 VIA E-MAIL whitecase.com Terms ofEngagement ofWhite & Case LLP

OMB No. 1124-0006; Expires July 31, 2023

**U.S. Department of Justice**

Washington, DC 20530

# Exhibit A to Registration Statement Pursuant to the Foreign Agents Registration Act of 1938, as amended

INSTRUCTIONS. Furnish this exhibit for EACH foreign principal listed in an initial statement and for EACH additional foreign principal acquired subsequently. The filing of this document requires the payment of a filing fee as set forth in Rule (d)(1), 28 C.F.R. § 5.5(d)(1). Compliance is accomplished by filing an electronic Exhibit A form at https://www.fara.gov.

Privacy Act Statement. The filing of this document is required by the Foreign Agents Registration Act of 1938, as amended, 22 U.S.C. § 611 *et seq.*, for the purposes of registration under the Act and public disclosure. Provision of the information requested is mandatory, and failure to provide this information is subject to the penalty and enforcement provisions established in Section 8 of the Act. Every registration statement, short form registration statement, supplemental statement, exhibit, amendment, copy of informational materials or other document or information filed with the Attorney General under this Act is a public record open to public examination, inspection and copying during the posted business hours of the FARA Unit in Washington, DC. Statements are also available online at the FARA Unit's webpage: https://www.fara.gov. One copy of every such document, other than informational materials, is automatically provided to the Secretary of State pursuant to Section 6(b) of the Act, and copies of any and all documents are routinely made available to other agencies, departments and Congress pursuant to Section 6(c) of the Act. The Attorney General also transmits a semi-annual report to Congress on the administration of the Act which lists the names of all agents registered under the Act and the foreign principals they represent. This report is available to the public in print and online at: https://www.fara.gov.

Public Reporting Burden. Public reporting burden for this collection of information is estimated to average .22 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden to Chief, FARA Unit, Counterintelligence and Export Control Section, National Security Division, U.S. Department of Justice, Washington, DC 20530; and to the Office of Information and Regulatory Affairs, Office of Management and Budget, Washington, DC 20503.

| 1. Name of Registrant | 2. Registration Number |
|---|---|
| White & Case LLP | 6393 |

3. Primary Address of Registrant

1221 Avenue of the Americas, New York, NY 10036

| 4. Name of Foreign Principal | 5. Address of Foreign Principal |
|---|---|
| The Ad Hoc Board of Petroleos de Venezuela, S.A. (or, "PDVSA Ad Hoc Board") | 2216 Adams St, #307<br>Hollywood, FL 33020 |

6. Country/Region Represented

VENEZUELA

7. Indicate whether the foreign principal is one of the following:

- ☐ Government of a foreign country [1]
- ☐ Foreign political party
- ☒ Foreign or domestic organization: If either, check one of the following:
  - ☐ Partnership
  - ☐ Corporation
  - ☐ Association
  - ☐ Committee
  - ☐ Voluntary group
  - ☒ Other *(specify)* See Appendix for Response
- ☐ Individual-State nationality

8. If the foreign principal is a foreign government, state:

a) Branch or agency represented by the registrant

b) Name and title of official with whom registrant engages

1 "Government of a foreign country," as defined in Section 1(e) of the Act, includes any person or group of persons exercising sovereign de facto or de jure political jurisdiction over any country, other than the United States, or over any part of such country, and includes any subdivision of any such group and any group or agency to which such sovereign de facto or de jure authority or functions are directly or indirectly delegated. Such term shall include any faction or body of insurgents within a country assuming to exercise governmental authority whether such faction or body of insurgents has or has not been recognized by the United States.

9. If the foreign principal is a foreign political party, state:

a) Name and title of official with whom registrant engages

b) Aim, mission or objective of foreign political party

10. If the foreign principal is not a foreign government or a foreign political party:

a) State the nature of the business or activity of this foreign principal.

The Ad Hoc Board of Petroleos de Venezuela, S.A. is the U.S. recognized representative of Venezuela's state-owned oil company Petroleos de Venezuela, S.A.

b) Is this foreign principal:

| | | |
|---|---|---|
| Supervised by a foreign government, foreign political party, or other foreign principal | Yes ☒ | No ☐ |
| Owned by a foreign government, foreign political party, or other foreign principal | Yes ☒ | No ☐ |
| Directed by a foreign government, foreign political party, or other foreign principal | Yes ☒ | No ☐ |
| Controlled by a foreign government, foreign political party, or other foreign principal | Yes ☒ | No ☐ |
| Financed by a foreign government, foreign political party, or other foreign principal | Yes ☒ | No ☐ |
| Subsidized in part by a foreign government, foreign political party, or other foreign principal | Yes ☒ | No ☐ |

11. Explain fully all items answered "Yes" in Item 10(b).

See Appendix for Response

12. If the foreign principal is an organization and is not owned or controlled by a foreign government, foreign political party or other foreign principal, state who owns and controls it.

## EXECUTION

In accordance with 28 U.S.C. § 1746, and subject to the penalties of 18 U.S.C. § 1001 and 22 U.S.C. § 618, the undersigned swears or affirms under penalty of perjury that he/she has read the information set forth in this statement filed pursuant to the Foreign Agents Registration Act of 1938, as amended, 22 U.S.C. § 611 *et seq.*, that he/she is familiar with the contents thereof, and that such contents are in their entirety true and accurate to the best of his/her knowledge and belief.

| Date | Printed Name | Signature |
|---|---|---|
| 06/01/2022 | Jennifer Paradise | /s/Jennifer Paradise |
| | | |
| | | |
| | | |

## EXECUTION

In accordance with 28 U.S.C. § 1746, and subject to the penalties of 18 U.S.C. § 1001 and 22 U.S.C. § 618, the undersigned swears or affirms under penalty of perjury that he/she has read the information set forth in this statement filed pursuant to the Foreign Agents Registration Act of 1938, as amended, 22 U.S.C. § 611 *et seq.*, that he/she is familiar with the contents thereof, and that such contents are in their entirety true and accurate to the best of his/her knowledge and belief.

| Date | Printed Name | Signature | |
|---|---|---|---|
| June 01, 2022 | Jennifer Paradise | /s/ Jennifer Paradise | eSigned |
| | | | |
| | | | |
| | | | |

# Appendix
## Response to Item 7

**Item 7: Indicate whether the foreign principal is one of the following: Other (specify).**

Board of Directors - state-owned corporation

# Appendix
# Response to Item 11

**Item 11: Explain fully all items answered "Yes" in Item 10(b).**

Item 10(b) Supervised: Venezuela is the sole stockholder of Petroleos de Venezuela, S.A. ("PDSVA"), the Venezuelan state-owned oil and natural gas company. In February 2019, pursuant to the Statute that Govern the Transition to Democracy to Reestablish the Full Force and Effect of the Constitution of the Bolivarian Republic of Venezuela (the :"Democracy Transition Statute") enacted by the Venezuelan National Assembly, Venezuela's Interim President, Juan Gerard Guaido Marquez, appointed the PDVSA Ad Hoc Board.

Item 10(b) Owned: Venezuela is the sole stockholder of Petroleos de Venezuela, S.A. ("PDSVA"), the Venezuelan state-owned oil and natural gas company. In February 2019, pursuant to the Statute that Govern the Transition to Democracy to Reestablish the Full Force and Effect of the Constitution of the Bolivarian Republic of Venezuela (the :"Democracy Transition Statute") enacted by the Venezuelan National Assembly, Venezuela's Interim President, Juan Gerard Guaido Marquez, appointed the PDVSA Ad Hoc Board.

Item 10(b) Directed: Venezuela is the sole stockholder of Petroleos de Venezuela, S.A. ("PDSVA"), the Venezuelan state-owned oil and natural gas company. In February 2019, pursuant to the Statute that Govern the Transition to Democracy to Reestablish the Full Force and Effect of the Constitution of the Bolivarian Republic of Venezuela (the :"Democracy Transition Statute") enacted by the Venezuelan National Assembly, Venezuela's Interim President, Juan Gerard Guaido Marquez, appointed the PDVSA Ad Hoc Board.

Item 10(b) Controlled: Venezuela is the sole stockholder of Petroleos de Venezuela, S.A. ("PDSVA"), the Venezuelan state-owned oil and natural gas company. In February 2019, pursuant to the Statute that Govern the Transition to Democracy to Reestablish the Full Force and Effect of the Constitution of the Bolivarian Republic of Venezuela (the :"Democracy Transition Statute") enacted by the Venezuelan National Assembly, Venezuela's Interim President, Juan Gerard Guaido Marquez, appointed the PDVSA Ad Hoc Board.

Item 10(b) Financed: Venezuela is the sole stockholder of Petroleos de Venezuela, S.A. ("PDSVA"), the Venezuelan state-owned oil and natural gas company. In February 2019, pursuant to the Statute that Govern the Transition to Democracy to Reestablish the Full Force and Effect of the Constitution of the Bolivarian Republic of Venezuela (the :"Democracy Transition Statute") enacted by the Venezuelan National Assembly, Venezuela's Interim President, Juan Gerard Guaido Marquez, appointed the PDVSA Ad Hoc Board.

Item 10(b) Subsidized: Venezuela is the sole stockholder of Petroleos de Venezuela, S.A. ("PDSVA"), the Venezuelan state-owned oil and natural gas company. In February 2019, pursuant to the Statute that Govern the Transition to Democracy to Reestablish the Full Force and Effect of the Constitution of the Bolivarian Republic of Venezuela (the :"Democracy Transition Statute") enacted by the Venezuelan National Assembly, Venezuela's Interim President, Juan Gerard Guaido Marquez, appointed the PDVSA Ad Hoc Board.

OMB No. 1124-0004; Expires July 31, 2023

U.S. Department of Justice

Washington, DC 20530

# Exhibit B to Registration Statement Pursuant to the Foreign Agents Registration Act of 1938, as amended

INSTRUCTIONS. A registrant must furnish as an Exhibit B copies of each written agreement and the terms and conditions of each oral agreement with his foreign principal, including all modifications of such agreements, or, where no contract exists, a full statement of all the circumstances by reason of which the registrant is acting as an agent of a foreign principal. Compliance is accomplished by filing an electronic Exhibit B form at https://www.fara.gov.

Privacy Act Statement. The filing of this document is required for the Foreign Agents Registration Act of 1938, as amended, 22 U.S.C. § 611 *et seq.*, for the purposes of registration under the Act and public disclosure. Provision of the information requested is mandatory, and failure to provide the information is subject to the penalty and enforcement provisions established in Section 8 of the Act. Every registration statement, short form registration statement, supplemental statement, exhibit, amendment, copy of informational materials or other document or information filed with the Attorney General under this Act is a public record open to public examination, inspection and copying during the posted business hours of the FARA Unit in Washington, DC. Statements are also available online at the FARA Unit's webpage: https://www.fara.gov. One copy of every such document, other than informational materials, is automatically provided to the Secretary of State pursuant to Section 6(b) of the Act, and copies of any and all documents are routinely made available to other agencies, departments and Congress pursuant to Section 6(c) of the Act. The Attorney General also transmits a semi-annual report to Congress on the administration of the Act which lists the names of all agents registered under the Act and the foreign principals they represent. This report is available to the public in print and online at: https://www.fara.gov .

Public Reporting Burden. Public reporting burden for this collection of information is estimated to average .32 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden to Chief, FARA Unit, Counterintelligence and Export Control Section, National Security Division, U.S. Department of Justice, Washington, DC 20530; and to the Office of Information and Regulatory Affairs, Office of Management and Budget, Washington, DC 20503.

| 1. Name of Registrant | 2. Registration Number |
|---|---|
| White & Case LLP | 6393 |

3. Name of Foreign Principal
The Ad Hoc Board of Petroleos de Venezuela, S.A. (or, "PDVSA Ad Hoc Board")

Check Appropriate Box:

4. ☒ The agreement between the registrant and the above-named foreign principal is a formal written contract. If this box is checked, attach a copy of the contract to this exhibit.

5. ☐ There is no formal written contract between the registrant and the foreign principal. The agreement with the above-named foreign principal has resulted from an exchange of correspondence. If this box is checked, attach a copy of all pertinent correspondence, including a copy of any initial proposal which has been adopted by reference in such correspondence.

6. ☐ The agreement or understanding between the registrant and the foreign principal is the result of neither a formal written contract nor an exchange of correspondence between the parties. If this box is checked, give a complete description below of the terms and conditions of the oral agreement or understanding, its duration, the fees and expenses, if any, to be received.

7. What is the date of the contract or agreement with the foreign principal? 05/20/2022

8. Describe fully the nature and method of performance of the above indicated agreement or understanding.

Assist the client in interacting with certain U.S. government officials in connection with PDVSA Ad Hoc Board's interests and US litigation pending against Petroleos de Venezuela, S.A. (PDVSA) and various subsidiaries

9. Describe fully the activities the registrant engages in or proposes to engage in on behalf of the above foreign principal.

The engagement described above is intended to include in-person meetings, call and emails to assist the client in interacting with certain U.S. government officials in connection with PDVSA Ad Hoc Board's interests and US Litigation pending against PDVSA

---

10. Will the activities on behalf of the above foreign principal include political activities as defined in Section 1(o) of the Act[1].

Yes ☐ No ☒

If yes, describe all such political activities indicating, among other things, the relations, interests or policies to be influenced together with the means to be employed to achieve this purpose. The response must include, but not be limited to, activities involving lobbying, promotion, perception management, public relations, economic development, and preparation and dissemination of informational materials.

---

11. Prior to the date of registration[2] for this foreign principal has the registrant engaged in any registrable activities, such as political activities, for this foreign principal?

Yes ☐ No ☒

If yes, describe in full detail all such activities. The response should include, among other things, the relations, interests, and policies sought to be influenced and the means employed to achieve this purpose. If the registrant arranged, sponsored, or delivered speeches, lectures, social media, internet postings, or media broadcasts, give details as to dates, places of delivery, names of speakers, and subject matter. The response must also include, but not be limited to, activities involving lobbying, promotion, perception management, public relations, economic development, and preparation and dissemination of informational materials.

Set forth below a general description of the registrant's activities, including political activities.

Set forth below in the required detail the registrant's political activities.

| Date | Contact | Method | Purpose |
| --- | --- | --- | --- |

12. During the period beginning 60 days prior to the obligation to register[3] for this foreign principal, has the registrant received from the foreign principal, or from any other source, for or in the interests of the foreign principal, any contributions, income, money, or thing of value either as compensation, or for disbursement, or otherwise?

Yes ☐ No ☒

If yes, set forth below in the required detail an account of such monies or things of value.

| Date Received | From Whom | Purpose | Amount/Thing of Value |
|---|---|---|---|

13. During the period beginning 60 days prior to the obligation to register[4] for this foreign principal, has the registrant disbursed or expended monies in connection with activity on behalf of the foreign principal or transmitted monies to the foreign principal?

Yes ☐ No ☒

If yes, set forth below in the required detail and separately an account of such monies, including monies transmitted, if any.

| Date | Recipient | Purpose | Amount |
|---|---|---|---|

1 "Political activity," as defined in Section 1(o) of the Act, means any activity which the person engaging in believes will, or that the person intends to, in any way influence any agency or official of the Government of the United States or any section of the public within the United States with reference to formulating, adopting, or changing the domestic or foreign policies of the United States or with reference to the political or public interests, policies, or relations of a government of a foreign country or a foreign political party.

2,3,4 Pursuant to Section 2(a) of the Act, an agent must register within ten days of becoming an agent, and before acting as such.

# EXECUTION

In accordance with 28 U.S.C. § 1746, and subject to the penalties of 18 U.S.C. § 1001 and 22 U.S.C. § 618, the undersigned swears or affirms under penalty of perjury that he/she has read the information set forth in this statement filed pursuant to the Foreign Agents Registration Act of 1938, as amended, 22 U.S.C. § 611 *et seq.*, that he/she is familiar with the contents thereof, and that such contents are in their entirety true and accurate to the best of his/her knowledge and belief.

| Date | Printed Name | Signature |
|---|---|---|
| June 01, 2022 | Jennifer Paradise | /s/ Jennifer Paradise eSigned |
| | | |
| | | |
| | | |

WHITE & CASE

White & Case LLP
609 Main Street
Suite 2900
Houston, TX 77002
T +1 713 496 9700

whitecase.com

May 20, 2022

VIA E-MAIL

Horacio Medina, Chair
Ad Hoc Board of Petróleos de Venezuela, S.A.
2216 Adams St., #307
Hollywood, FL 33020

**Terms of Engagement of White & Case LLP**

Dear Mr. Medina:

This letter confirms the terms under which the Ad Hoc Board of Petróleos de Venezuela, S.A. is engaging the law firm of White & Case LLP to assist it in interacting with certain U.S. government officials in connection with US litigation pending against Petróleos de Venezuela, S.A. ("PDVSA") and various of its subsidiaries.

We will charge the Ad Hoc Board for our services on the basis of our hours devoted to the matter and hourly rates. We will also charge the Ad Hoc Board for office costs and out-of-pocket expenses customarily billed by us. These include charges for photocopying, travel, mail and courier services, facsimile, word processing and printing, filing fees, and computer legal research.

We intend to send billing statements on a monthly basis. We ask for payment within 30 days thereafter.

Consistent with U.S. practice and rules, the Ad Hoc Board has the right to discharge us for any reason at any time. If the Ad Hoc Board discharges us, it will be obligated to pay any unpaid charges within 30 days of our final billing statement(s).

Also consistent with U.S. practice and rules, we have the right to withdraw from the representation at any time if withdrawal can be accomplished without material adverse effect on the interests of the Ad Hoc Board or if there are other grounds for withdrawal under applicable rules of professional conduct. If we withdraw after any litigation has commenced, the Ad Hoc Board agrees to execute any notice of withdrawal that may be required to be filed in court.

A search of our existing matters shows that we do not have any conflicts with representing PDVSA in connection with this matter. Given the size and breadth of White & Case (approximately 2,400 lawyers in more than 30 countries), the Ad Hoc Board agrees that this engagement will not preclude White & Case from representing other clients in unrelated matters, even if those other clients' interests are different from, or adverse to, the Ad Hoc Board's interests. However, White & Case will endeavor to provide prior notice to the PDVSA Ad Hoc Board of a conflict of interest

in cases in which White & Case may represent clients negotiating transactions with representatives of the Ad Hoc Board or asserting commercial claims against the Ad Hoc Board, as long as those matters are unrelated to this matter.

In the absence of termination or withdrawal, this engagement will continue until the services hereunder are completed. For the sake of clarity, this engagement will be deemed as concluded if it becomes inactive for a period of three months.

Please let me know if you have any questions about any of the foregoing. Thank you very much.

Sincerely,

**Steven Otillar**
Partner

SO AGREED: ______________________ DATE: 05_/_22_/2022__
Horacio Medina

**Exhibit 3:**

July 8th 2024. 7432-Exhibit-AB-20240708-1 Exhibit A to Registration Statement Pursuant to the Foreign Agents Registration Act of 1938, as amended - SiSenor LLC social media activities for PDVSA ad hoc through Vision Americas International LLC

OMB No. 1124-0006; Expires October 31, 2026

**U.S. Department of Justice**

Washington, DC 20530

# Exhibit A to Registration Statement Pursuant to the Foreign Agents Registration Act of 1938, as amended

INSTRUCTIONS. Furnish this exhibit for EACH foreign principal listed in an initial statement and for EACH additional foreign principal acquired subsequently. The filing of this document requires the payment of a filing fee as set forth in Rule (d)(1), 28 C.F.R. § 5.5(d)(1). Compliance is accomplished by filing an electronic Exhibit A form at https://www.fara.gov.

Privacy Act Statement. The filing of this document is required by the Foreign Agents Registration Act of 1938, as amended, 22 U.S.C. § 611 *et seq.*, for the purposes of registration under the Act and public disclosure. Provision of the information requested is mandatory, and failure to provide this information is subject to the penalty and enforcement provisions established in Section 8 of the Act. Every registration statement, short form registration statement, supplemental statement, exhibit, amendment, copy of informational materials or other document or information filed with the Attorney General under this Act is a public record open to public examination, inspection and copying during the posted business hours of the FARA Unit in Washington, DC. Statements are also available online at the FARA Unit's webpage: https://www.fara.gov. One copy of every such document, other than informational materials, is automatically provided to the Secretary of State pursuant to Section 6(b) of the Act, and copies of any and all documents are routinely made available to other agencies, departments and Congress pursuant to Section 6(c) of the Act. The Attorney General also transmits a semi-annual report to Congress on the administration of the Act which lists the names of all agents registered under the Act and the foreign principals they represent. This report is available to the public in print and online at: https://www.fara.gov.

Public Reporting Burden. Public reporting burden for this collection of information is estimated to average .22 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden to Chief, FARA Unit, Counterintelligence and Export Control Section, National Security Division, U.S. Department of Justice, Washington, DC 20530; and to the Office of Information and Regulatory Affairs, Office of Management and Budget, Washington, DC 20503.

1. Name of Registrant
   Si Senor LLC

2. Registration Number
   7432

3. Primary Address of Registrant
   175 SW 7th St., Suite 2210, Miami, FL 33130

4. Name of Foreign Principal
   Ad Hoc Board of Petróleos de Venezuela S.A through Vision Americas International LLC

5. Address of Foreign Principal
   2216 Adams Street, No 307
   Hollywood, FL 33201

6. Country/Region Represented
   VENEZUELA

7. Indicate whether the foreign principal is one of the following:
   - ☐ Government of a foreign country [1]
   - ☐ Foreign political party
   - ☒ Foreign or domestic organization: If either, check one of the following:
     - ☐ Partnership
     - ☐ Corporation
     - ☐ Association
     - ☐ Committee
     - ☐ Voluntary group
     - ☒ Other *(specify)* See Appendix for Response
   - ☐ Individual-State nationality ______

8. If the foreign principal is a foreign government, state:
   a) Branch or agency represented by the registrant

   b) Name and title of official(s) with whom registrant engages

1 "Government of a foreign country," as defined in Section 1(e) of the Act, includes any person or group of persons exercising sovereign de facto or de jure political jurisdiction over any country, other than the United States, or over any part of such country, and includes any subdivision of any such group and any group or agency to which such sovereign de facto or de jure authority or functions are directly or indirectly delegated. Such term shall include any faction or body of insurgents within a country assuming to exercise governmental authority whether such faction or body of insurgents has or has not been recognized by the United States.

9. If the foreign principal is a foreign political party, state:

a) Name and title of official(s) with whom registrant engages

b) Aim, mission or objective of foreign political party

10. If the foreign principal is not a foreign government or a foreign political party:

a) State the nature of the business or activity of this foreign principal.

The Ad Hoc Board of Petróleos de Venezuela, S.A. is the U.S. recognized representative of Venezuela's state-owned oil company Petróleos de Venezuela, S.A.

b) Is this foreign principal:

| | |
|---|---|
| Supervised by a foreign government, foreign political party, or other foreign principal | Yes ☒ No ☐ |
| Owned by a foreign government, foreign political party, or other foreign principal | Yes ☒ No ☐ |
| Directed by a foreign government, foreign political party, or other foreign principal | Yes ☒ No ☐ |
| Controlled by a foreign government, foreign political party, or other foreign principal | Yes ☒ No ☐ |
| Financed by a foreign government, foreign political party, or other foreign principal | Yes ☒ No ☐ |
| Subsidized in part by a foreign government, foreign political party, or other foreign principal | Yes ☒ No ☐ |

11. Explain fully all items answered "Yes" in Item 10(b).

See Appendix for Response

12. If the foreign principal is an organization and is not owned or controlled by a foreign government, foreign political party or other foreign principal, state who owns and controls it.

## EXECUTION

In accordance with 28 U.S.C. § 1746, and subject to the penalties of 18 U.S.C. § 1001 and 22 U.S.C. § 618, the undersigned swears or affirms under penalty of perjury that he/she has read the information set forth in this statement filed pursuant to the Foreign Agents Registration Act of 1938, as amended, 22 U.S.C. § 611 *et seq.*, that he/she is familiar with the contents thereof, and that such contents are in their entirety true and accurate to the best of his/her knowledge and belief.

| Date | Printed Name | | Signature |
|---|---|---|---|
| 07/08/2024 | Manuela Cardona Villegas | Sign | /s/Manuela Cardona Villegas |
| | | Sign | |
| | | Sign | |
| | | Sign | |

## EXECUTION

In accordance with 28 U.S.C. § 1746, and subject to the penalties of 18 U.S.C. § 1001 and 22 U.S.C. § 618, the undersigned swears or affirms under penalty of perjury that he/she has read the information set forth in this statement filed pursuant to the Foreign Agents Registration Act of 1938, as amended, 22 U.S.C. § 611 *et seq.*, that he/she is familiar with the contents thereof, and that such contents are in their entirety true and accurate to the best of his/her knowledge and belief.

| Date | Printed Name | Signature |
|---|---|---|
| 07/08/2024 | MANUELA CARDONA VILLEGAS | [signature] |
| | | |
| | | |
| | | |

# Appendix
# Response to Item 7

**Item 7: Indicate whether the foreign principal is one of the following: Other (specify).**

Board of Directors of state-owned corporation.

# Appendix
# Response to Item 11

**Item 11: Explain fully all items answered "Yes" in Item 10(b).**

Item 10(b) Supervised: In February 2019, pursuant to the Statute that Governs the Transition to Democracy to Reestablish the Full Force and Effect of the Constitution of the Bolivarian Republic of Venezuela, enacted by the Venezuelan IV National Assembly, Venezuela's Interim President, Juan Gerardo Guaido Marquez, appointed the PDVSA Ad Hoc Board, and the National Assembly ratified his appointments. In December 2022, the National Assembly voted to remove Interim President Guaido, dissolve the Interim Government, and appoint a commission that would, in turn, appoint members of the PDVSA Ad Hoc Board and work to protect Government of Venezuela assets abroad. To that end, the IV National Assembly established the Council for the Administration and Protection of the Assets ("CAPA") and appointed its members in January 2023. CAPA is part of the IV National Assembly of the Government of Venezuela.

Item 10(b) Owned: In February 2019, pursuant to the Statute that Governs the Transition to Democracy to Reestablish the Full Force and Effect of the Constitution of the Bolivarian Republic of Venezuela, enacted by the Venezuelan IV National Assembly, Venezuela's Interim President, Juan Gerardo Guaido Marquez, appointed the PDVSA Ad Hoc Board, and the National Assembly ratified his appointments. In December 2022, the National Assembly voted to remove Interim President Guaido, dissolve the Interim Government, and appoint a commission that would, in turn, appoint members of the PDVSA Ad Hoc Board and work to protect Government of Venezuela assets abroad. To that end, the IV National Assembly established the Council for the Administration and Protection of the Assets ("CAPA") and appointed its members in January 2023. CAPA is part of the IV National Assembly of the Government of Venezuela.

Item 10(b) Directed: In February 2019, pursuant to the Statute that Governs the Transition to Democracy to Reestablish the Full Force and Effect of the Constitution of the Bolivarian Republic of Venezuela, enacted by the Venezuelan IV National Assembly, Venezuela's Interim President, Juan Gerardo Guaido Marquez, appointed the PDVSA Ad Hoc Board, and the National Assembly ratified his appointments. In December 2022, the National Assembly voted to remove Interim President Guaido, dissolve the Interim Government, and appoint a commission that would, in turn, appoint members of the PDVSA Ad Hoc Board and work to protect Government of Venezuela assets abroad. To that end, the IV National Assembly established the Council for the Administration and Protection of the Assets ("CAPA") and appointed its members in January 2023. CAPA is part of the IV National Assembly of the Government of Venezuela.

Item 10(b) Controlled: In February 2019, pursuant to the Statute that Governs the Transition to Democracy to Reestablish the Full Force and Effect of the Constitution of the Bolivarian Republic of Venezuela, enacted by the Venezuelan IV National Assembly, Venezuela's Interim President, Juan Gerardo Guaido Marquez, appointed the PDVSA Ad Hoc Board, and the National Assembly ratified his appointments. In December 2022, the National Assembly voted to remove Interim President Guaido, dissolve the Interim Government, and appoint a commission that would, in turn, appoint members of the PDVSA Ad Hoc Board and work to protect Government of Venezuela assets abroad. To that end, the IV National Assembly established the Council for the Administration and Protection of the Assets ("CAPA") and appointed its members in January 2023. CAPA is part of the IV National Assembly of the Government of Venezuela.

Item 10(b) Financed: It is unknown whether the foreign principal is financed by a foreign government, foreign political party, or other foreign principal.

Item 10(b) Subsidized: It is unknown whether the foreign principal is financed by a foreign government, foreign political party, or other foreign principal.

OMB No. 1124-0004; Expires October 31, 2026

U.S. Department of Justice

Washington, DC 20530

# Exhibit B to Registration Statement Pursuant to the Foreign Agents Registration Act of 1938, as amended

INSTRUCTIONS. A registrant must furnish as an Exhibit B copies of each written agreement and the terms and conditions of each oral agreement with his foreign principal, including all modifications of such agreements, or, where no contract exists, a full statement of all the circumstances by reason of which the registrant is acting as an agent of a foreign principal. Compliance is accomplished by filing an electronic Exhibit B form at https://www.fara.gov.

Privacy Act Statement. The filing of this document is required for the Foreign Agents Registration Act of 1938, as amended, 22 U.S.C. § 611 *et seq.*, for the purposes of registration under the Act and public disclosure. Provision of the information requested is mandatory, and failure to provide the information is subject to the penalty and enforcement provisions established in Section 8 of the Act. Every registration statement, short form registration statement, supplemental statement, exhibit, amendment, copy of informational materials or other document or information filed with the Attorney General under this Act is a public record open to public examination, inspection and copying during the posted business hours of the FARA Unit in Washington, DC. Statements are also available online at the FARA Unit's webpage: https://www.fara.gov. One copy of every such document, other than informational materials, is automatically provided to the Secretary of State pursuant to Section 6(b) of the Act, and copies of any and all documents are routinely made available to other agencies, departments and Congress pursuant to Section 6(c) of the Act. The Attorney General also transmits a semi-annual report to Congress on the administration of the Act which lists the names of all agents registered under the Act and the foreign principals they represent. This report is available to the public in print and online at: https://www.fara.gov .

Public Reporting Burden. Public reporting burden for this collection of information is estimated to average .32 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden to Chief, FARA Unit, Counterintelligence and Export Control Section, National Security Division, U.S. Department of Justice, Washington, DC 20530; and to the Office of Information and Regulatory Affairs, Office of Management and Budget, Washington, DC 20503.

| 1. Name of Registrant | 2. Registration Number |
|---|---|
| Si Senor LLC | 7432 |

3. Name of Foreign Principal

Ad Hoc Board of Petróleos de Venezuela S.A through Vision Americas International LLC

Check Appropriate Box:

4. ☐ The agreement between the registrant and the above-named foreign principal is a formal written contract. If this box is checked, attach a copy of the contract to this exhibit.

5. ☒ There is no formal written contract between the registrant and the foreign principal. The agreement with the above-named foreign principal has resulted from an exchange of correspondence. If this box is checked, attach a copy of all pertinent correspondence, including a copy of any initial proposal which has been adopted by reference in such correspondence.

6. ☐ The agreement or understanding between the registrant and the foreign principal is the result of neither a formal written contract nor an exchange of correspondence between the parties. If this box is checked, give a complete description below of the terms and conditions of the oral agreement or understanding, its duration, the fees and expenses, if any, to be received.

7. What is the date of the contract or agreement with the foreign principal? 11/17/2023

8. Describe fully the nature and method of performance of the above indicated agreement or understanding.

The attached non-contractual agreement is a budget and project plan. Because the Foreign Principal is located in a Spanish-speaking country and the Registrant is a Spanish-speaking services provider, their regular business is conducted in Spanish and the exchange of correspondence is likewise in Spanish. The Registrant has been performing non-registrable activities outside of the United States on behalf of the Foreign Principal and was recently asked to engage in the creation of a website for the benefit of the Foreign Principal that may include materials directed at a U.S. audience. The attached proposal and budget with Vision Americas International, LLC covers both regulated and non-regulated activity directed outside the United States on behalf of the Foreign Principal.

9. Describe fully the activities the registrant engages in or proposes to engage in on behalf of the above foreign principal.

Please see the attached non-contractual agreement. The Registrant has been performing non-registrable activities outside of the United States directed at non-US audiences on behalf of the Foreign Principal and was recently asked to engage in the creation of a website for the benefit of the Foreign Principal that may include materials directed at a U.S. audience promoting the public interests of the Foreign Principal.

10. Will the activities on behalf of the above foreign principal include political activities as defined in Section 1(o) of the Act[1].

Yes ☒ No ☐

If yes, describe all such political activities indicating, among other things, the relations, interests or policies to be influenced together with the means to be employed to achieve this purpose. The response must include, but not be limited to, activities involving lobbying, promotion, perception management, public relations, economic development, and preparation and dissemination of informational materials.

Please see the attached non-contractual agreement. The Registrant has been performing non-registrable activities outside of the United States directed at non-US audiences on behalf of the Foreign Principal and was recently asked to engage in the creation of a website for the benefit of the Foreign Principal that may include materials directed at a U.S. audience promoting the public interests of the Foreign Principal.

11. Prior to the date of registration[2] for this foreign principal has the registrant engaged in any registrable activities, such as political activities, for this foreign principal?

Yes ☐ No ☒

If yes, describe in full detail all such activities. The response should include, among other things, the relations, interests, and policies sought to be influenced and the means employed to achieve this purpose. If the registrant arranged, sponsored, or delivered speeches, lectures, social media, internet postings, or media broadcasts, give details as to dates, places of delivery, names of speakers, and subject matter. The response must also include, but not be limited to, activities involving lobbying, promotion, perception management, public relations, economic development, and preparation and dissemination of informational materials.

Set forth below a general description of the registrant's activities, including political activities.

Set forth below in the required detail the registrant's political activities.

| Date | Contact | Method | Purpose |
| --- | --- | --- | --- |

12. During the period beginning 60 days prior to the obligation to register[3] for this foreign principal, has the registrant received from the foreign principal, or from any other source, for or in the interests of the foreign principal, any contributions, income, money, or thing of value either as compensation, or for disbursement, or otherwise?

Yes ☒ No ☐

If yes, set forth below in the required detail an account of such monies or things of value.

| Date Received | From Whom | Purpose | Amount/Thing of Value |
|---|---|---|---|
| 04/16/2024 | Vision Americas International LLC | Services Fee for non-registrable activities outside the US | $ 6,500.00 |
| 05/19/2024 | Vision Americas International LLC | Services Fee for non-registrable activities outside the US | $ 12,550.00 |
| | | Total | $ 19,050.00 |

13. During the period beginning 60 days prior to the obligation to register[4] for this foreign principal, has the registrant disbursed or expended monies, or disposed of anything of value other than money, in connection with activity on behalf of the foreign principal or transmitted monies to any such foreign principal?

Yes ☐ No ☒

If yes, set forth below in the required detail an account of such monies or things of value.

| Date | Recipient | Purpose | Amount/Thing of Value |
|---|---|---|---|

1 "Political activity," as defined in Section 1(o) of the Act, means any activity which the person engaging in believes will, or that the person intends to, in any way influence any agency or official of the Government of the United States or any section of the public within the United States with reference to formulating, adopting, or changing the domestic or foreign policies of the United States or with reference to the political or public interests, policies, or relations of a government of a foreign country or a foreign political party.

2,3,4 Pursuant to Section 2(a) of the Act, an agent must register within ten days of becoming an agent, and before acting as such.

## EXECUTION

In accordance with 28 U.S.C. § 1746, and subject to the penalties of 18 U.S.C. § 1001 and 22 U.S.C. § 618, the undersigned swears or affirms under penalty of perjury that he/she has read the information set forth in this statement filed pursuant to the Foreign Agents Registration Act of 1938, as amended, 22 U.S.C. § 611 *et seq.*, that he/she is familiar with the contents thereof, and that such contents are in their entirety true and accurate to the best of his/her knowledge and belief.

| Date | Printed Name | | Signature |
|---|---|---|---|
| 07/08/2024 | Manuela Cardona Villegas | Sign | /s/Manuela Cardona Villegas |
| | | Sign | |
| | | Sign | |
| | | Sign | |

## EXECUTION

In accordance with 28 U.S.C. § 1746, and subject to the penalties of 18 U.S.C. § 1001 and 22 U.S.C. § 618, the undersigned swears or affirms under penalty of perjury that he/she has read the information set forth in this statement filed pursuant to the Foreign Agents Registration Act of 1938, as amended, 22 U.S.C. § 611 *et seq.*, that he/she is familiar with the contents thereof, and that such contents are in their entirety true and accurate to the best of his/her knowledge and belief.

| Date | Printed Name | Signature |
| --- | --- | --- |
| 07/08/2024 | MANUELA CARDONA VILLEGAS | [signature] |
| | | |
| | | |
| | | |

SÍ SEÑOR
SCIENTIFIC ADVERTISING



17112023
Señores: Marcela Prieto- Visión Américas
**Cliente confidencial**

Ref: Presupuesto de portafolio digital
Presentamos el presupuesto del portafolio digital para su consideración:

**Costos únicos:**

| | | |
|---|---|---|
| [redacted] | | |
| **Stage 0: Definición de Objetivos y KPIs** | | |
| | Establecer metas claras para el social listening, como la identificación de casos de usuarios, análisis de la competencia y detección de tendencias. | |
| | Definir los Key Performance Indicators (KPIs) que medirán el éxito del listening. | |
| **Configuración de herramientas** | | |
| | Seleccionar y configurar las herramientas de social listening **(Sentione \| Looker studio)** que se utilizarán para recopilar datos de medios digitales y otras plataformas relevantes. | |
| **Fase 1: Social Hunting** | | |
| | **Investigación y Planteamiento de Queries:** Desarrollar consultas y criterios de búsqueda específicos para la escucha activa, centrados en la identificación de casos relevantes y en la monitorización de la industria y la competencia. | |
| | **Generación de Data Studio:** Crear paneles de control en Data Studio para visualizar y monitorear los resultados de la escucha activa de manera efectiva. | |
| **Stage 2: Estrategia de contenidos** | | |

SÍ SEÑOR
SCIENTIFIC ADVERTISING



| | | |
|---|---|---|
| | **Estrategia para el ecosistema de Comunicación:** Una estrategia de contenidos integral que garantice la coherencia y sinergia en todo su ecosistema de comunicación en social media. Esto implica una cuidadosa planificación para que cada canal se alinee con los hallazgos del social listening, enfocando la estrategia a los objetivos establecidos y generando una experiencia cohesiva para la audiencia. | |
| | **Segmentación de Audiencia:** Utilizar la información obtenida del social listening para segmentar la audiencia de manera más precisa y adaptar los mensajes a grupos específicos de usuarios. | |
| | **Personalización del Contenido:** Desarrollar contenido altamente personalizado y relevante para cada segmento de audiencia, teniendo en cuenta las preferencias y comportamientos identificados durante la escucha activa. | |
| | **Ciclo de Contenido Temático:** Implementar un ciclo de contenido temático basado en las tendencias y eventos identificados. Asegurarse de que la estrategia de contenidos esté alineada con los temas que están generando más interacción en las redes sociales. | |
| | **Uso Estratégico de Medios Visuales:** Analizar la preferencia de los usuarios por tipos específicos de contenido visual (imágenes, videos, infografías) y ajustar la estrategia de medios en consecuencia. | |
| | **Timing y Frecuencia de Publicación:** Determinar los momentos óptimos para publicar contenido en cada plataforma, maximizando la visibilidad y el compromiso en función de los hábitos de la audiencia identificados. | |
| | **Monitoreo de Interacciones:** Implementar un sistema de monitoreo en tiempo real para evaluar la efectividad del contenido publicado y realizar ajustes rápidos según la retroalimentación de la audiencia. | |
| **Stage 2.1: Estrategia de transversal** | | |

SÍ SEÑOR
SCIENTIFIC ADVERTISING



| | | |
|---|---|---|
| | **Sincronización con Campañas de Marketing:** Coordinar la estrategia de contenidos con otras campañas de marketing para asegurar consistencia en el mensaje y aprovechar sinergias. | |
| | **Incorporación de User-Generated Content (UGC):** Identificar oportunidades para incorporar contenido generado por los usuarios, aprovechando la positividad y autenticidad asociada con este tipo de contenido. | |
| | **Medición de Resultados:** Establecer métricas específicas para evaluar la efectividad de la estrategia de contenidos, incluyendo el alcance, la interacción y la conversión. | |
| **GRAN TOTAL** | | **8,200 USD** |

**Costos recurrentes:**

| [illegible] | | |
|---|---|---|
| **Escucha Activa de Alto Rendimiento:** | | |
| | Mantener y configurar las herramientas de social listening **(Sentione \| Looker studio)** que se utilizarán para recopilar datos de medios digitales y otras plataformas relevantes. | |
| | Implementación de algoritmos avanzados de procesamiento de lenguaje (queries) para una identificación precisa y rápida de las conversaciones relevantes en digital. | |
| **Análisis de Sentiment Avanzado:** | | |
| | Evaluación detallada de los sentimientos expresados en las conversaciones, permitiendo una comprensión más profunda de la percepción del público hacia la temática y las tendencias. | |
| **Segmentación de Audiencia Automatizada:** | | |
| | Utilización de técnicas de aprendizaje automático para segmentar la audiencia en grupos específicos, proporcionando datos detallados sobre las preferencias y comportamientos de cada segmento. | |

SÍ SEÑOR
SCIENTIFIC ADVERTISING



| | | |
|---|---|---|
| **Identificación de Tendencias sociales Emergentes:** | | |
| | Detección proactiva de tendencias emergentes en tiempo real, permitiendo a las empresas anticiparse a los cambios en el panorama digital y generar insights para la estrategia de contenidos de manera oportuna. | |
| **Generación de Insights Accionables:** | | |
| | Producción de informes detallados con insights accionables, proporcionando recomendaciones específicas para mejorar la estrategia de contenidos y la interacción con la audiencia. | |
| **Integración con Herramientas de Social Media:** | | |
| | Conexión directa con las plataformas de redes sociales para una detección de oportunidades y amenazas más eficientes teniendo en cuenta los insights obtenidos. | |
| **Personalización de la estrategia de contenidos:** | | |
| | Desarrollo de recomendaciones específicas para adaptar la estrategia de contenidos según los hallazgos del social listening, asegurando una comunicación coherente con las tendencias de las conversaciones en digital. | |
| **Alertas y Alarmas Personalizadas:** | | |
| | Configuración de alertas personalizadas para notificar oportunidades o amenazas críticas, permitiendo a las empresas actuar rápidamente en respuesta a eventos inesperados. | |
| **Iteración y Mejora Continua:** | | |
| | **Validación o Reformulación de Hipótesis:** Basado en los resultados obtenidos, validar o ajustar las hipótesis iniciales y estrategias para optimizar la efectividad del social listening. | |
| | **Optimización de Queries y Estrategias:** Mejorar constantemente las queries y estrategias de escucha activa para adaptarse a cambios en el entorno digital y las necesidades del proyecto. | |

SÍ SEÑOR
SCIENTIFIC ADVERTISING



| | | |
|---|---|---|
| | **Capacitación del Equipo:** Proporcionar formación continua al equipo de análisis para mantenerse actualizado sobre las últimas tendencias y técnicas en social listening de acuerdo a los avances tecnológicos. | |
| | **Análisis de Tendencias y Amenazas:** Evaluar continuamente las tendencias del contexto social y político, identificar posibles amenazas y descubrir nuevas oportunidades de generación de conversaciones basados en los datos recopilados. | |
| [redacted] | | [redacted] |

| | |
|---|---|
| [redacted] | [redacted] |
| [redacted] | [redacted] |

**Valores antes de IVA**
**Propuesta válida por 30 días**

**Condicionales de la Oferta:**
La presente oferta está condicionada conforme a lo siguiente:

1. Para iniciar el proyecto se procederá a facturar 50% al inicial, y 50% al recibir el entregable.
2. Los servicios mensuales se facturan dentro del mes que comienza a ejecutarse el servicio
3. Las actividades descritas en la presente propuesta se iniciarán una vez la misma sea aceptada por el Cliente, por cualquier medio, salvo disposición en contrario de parte del Cliente que manifieste otra fecha de inicio.
4. Una vez aceptada la oferta se solicita al Cliente enviar los documentos requeridos para la elaboración del respectivo contrato.
5. Salvo disposición en contrario, El Cliente acuerda que una vez aceptada la oferta, en caso de requerir la terminación del servicio, deberá notificar a Si Señor, en este sentido, con 15 días calendario de anticipación a la fecha de terminación efectiva de la prestación del servicio.
6. Sin perjuicio de lo dispuesto en el numeral anterior, en el evento que el Cliente requiera la terminación del servicio en forma inmediata deberá cancelar el valor correspondiente a 15 días de servicio.

Gracias.

**Si Señor S.A.S**
Calle 99 # 14 – 76, oficina 501
(571) 3102063
Bogotá - Colombia

**Exhibit 4:**

Sept 6, 2024, 7413-Exhibit-AB-20240906-3 Exhibit B to Registration Statement Pursuant to the Foreign Agents Registration Act of 1938, as amended : Extension of engagement with Vision Americas International LLC ("VAI")

OMB No. 1124-0004; Expires October 31, 2026

U.S. Department of Justice

Washington, DC 20530

# Exhibit B to Registration Statement Pursuant to the Foreign Agents Registration Act of 1938, as amended

INSTRUCTIONS. A registrant must furnish as an Exhibit B copies of each written agreement and the terms and conditions of each oral agreement with his foreign principal, including all modifications of such agreements, or, where no contract exists, a full statement of all the circumstances by reason of which the registrant is acting as an agent of a foreign principal. Compliance is accomplished by filing an electronic Exhibit B form at https://www.fara.gov.

Privacy Act Statement. The filing of this document is required for the Foreign Agents Registration Act of 1938, as amended, 22 U.S.C. § 611 *et seq.*, for the purposes of registration under the Act and public disclosure. Provision of the information requested is mandatory, and failure to provide the information is subject to the penalty and enforcement provisions established in Section 8 of the Act. Every registration statement, short form registration statement, supplemental statement, exhibit, amendment, copy of informational materials or other document or information filed with the Attorney General under this Act is a public record open to public examination, inspection and copying during the posted business hours of the FARA Unit in Washington, DC. Statements are also available online at the FARA Unit's webpage: https://www.fara.gov. One copy of every such document, other than informational materials, is automatically provided to the Secretary of State pursuant to Section 6(b) of the Act, and copies of any and all documents are routinely made available to other agencies, departments and Congress pursuant to Section 6(c) of the Act. The Attorney General also transmits a semi-annual report to Congress on the administration of the Act which lists the names of all agents registered under the Act and the foreign principals they represent. This report is available to the public in print and online at: https://www.fara.gov .

Public Reporting Burden. Public reporting burden for this collection of information is estimated to average .32 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden to Chief, FARA Unit, Counterintelligence and Export Control Section, National Security Division, U.S. Department of Justice, Washington, DC 20530; and to the Office of Information and Regulatory Affairs, Office of Management and Budget, Washington, DC 20503.

| 1. Name of Registrant | 2. Registration Number |
|---|---|
| Vision Americas International LLC | 7413 |

3. Name of Foreign Principal

Ad Hoc Board of Petróleos de Venezuela S.A through White & Case LLP

Check Appropriate Box:

4. ☒ The agreement between the registrant and the above-named foreign principal is a formal written contract. If this box is checked, attach a copy of the contract to this exhibit.

5. ☐ There is no formal written contract between the registrant and the foreign principal. The agreement with the above-named foreign principal has resulted from an exchange of correspondence. If this box is checked, attach a copy of all pertinent correspondence, including a copy of any initial proposal which has been adopted by reference in such correspondence.

6. ☐ The agreement or understanding between the registrant and the foreign principal is the result of neither a formal written contract nor an exchange of correspondence between the parties. If this box is checked, give a complete description below of the terms and conditions of the oral agreement or understanding, its duration, the fees and expenses, if any, to be received.

7. What is the date of the contract or agreement with the foreign principal? 09/04/2024

8. Describe fully the nature and method of performance of the above indicated agreement or understanding.

Registrant has been subcontracted by White & Case LLP to provide communications and public relations services in assistance of the Foreign Principal's interests in interacting with U.S. government officials, media, and interest groups in connection with the Foreign Principal's interests and US litigation pending against it and various subsidiaries.

9. Describe fully the activities the registrant engages in or proposes to engage in on behalf of the above foreign principal.

Registrant has been subcontracted by White & Case LLP to provide communications and public relations services in assistance of the Foreign Principal's interests in interacting with U.S. government officials, media, and interest groups in connection with the Foreign Principal's interests and US litigation pending against it and various subsidiaries.

10. Will the activities on behalf of the above foreign principal include political activities as defined in Section 1(o) of the Act[1].

Yes ☒ No ☐

If yes, describe all such political activities indicating, among other things, the relations, interests or policies to be influenced together with the means to be employed to achieve this purpose. The response must include, but not be limited to, activities involving lobbying, promotion, perception management, public relations, economic development, and preparation and dissemination of informational materials.

Registrant has been subcontracted by White & Case LLP to provide communications and public relations services in assistance of the Foreign Principal's interests in interacting with U.S. government officials, media, and interest groups in connection with the Foreign Principal's interests and US litigation pending against it and various subsidiaries.

11. Prior to the date of registration[2] for this foreign principal has the registrant engaged in any registrable activities, such as political activities, for this foreign principal?

Yes ☐ No ☐ N/A - This statement is filed to update the registrant's agreement/contract with the foreign principal.

If yes, describe in full detail all such activities. The response should include, among other things, the relations, interests, and policies sought to be influenced and the means employed to achieve this purpose. If the registrant arranged, sponsored, or delivered speeches, lectures, social media, internet postings, or media broadcasts, give details as to dates, places of delivery, names of speakers, and subject matter. The response must also include, but not be limited to, activities involving lobbying, promotion, perception management, public relations, economic development, and preparation and dissemination of informational materials.

Set forth below a general description of the registrant's activities, including political activities.

Set forth below in the required detail the registrant's political activities.

| Date | Contact | Method | Purpose |
| --- | --- | --- | --- |

12. During the period beginning 60 days prior to the obligation to register[3] for this foreign principal, has the registrant received from the foreign principal, or from any other source, for or in the interests of the foreign principal, any contributions, income, money, or thing of value either as compensation, or for disbursement, or otherwise?

Yes ☐ No ☐ N/A - This statement is filed to update the registrant's agreement/contract with the foreign principal.

If yes, set forth below in the required detail an account of such monies or things of value.

| Date Received | From Whom | Purpose | Amount/Thing of Value |
| --- | --- | --- | --- |

13. During the period beginning 60 days prior to the obligation to register[4] for this foreign principal, has the registrant disbursed or expended monies, or disposed of anything of value other than money, in connection with activity on behalf of the foreign principal or transmitted monies to any such foreign principal?

Yes ☐ No ☐ N/A - This statement is filed to update the registrant's agreement/contract with the foreign principal.

If yes, set forth below in the required detail an account of such monies or things of value.

| Date | Recipient | Purpose | Amount/Thing of Value |
| --- | --- | --- | --- |

1 "Political activity," as defined in Section 1(o) of the Act, means any activity which the person engaging in believes will, or that the person intends to, in any way influence any agency or official of the Government of the United States or any section of the public within the United States with reference to formulating, adopting, or changing the domestic or foreign policies of the United States or with reference to the political or public interests, policies, or relations of a government of a foreign country or a foreign political party.

2,3,4 Pursuant to Section 2(a) of the Act, an agent must register within ten days of becoming an agent, and before acting as such.

# EXECUTION

In accordance with 28 U.S.C. § 1746, and subject to the penalties of 18 U.S.C. § 1001 and 22 U.S.C. § 618, the undersigned swears or affirms under penalty of perjury that he/she has read the information set forth in this statement filed pursuant to the Foreign Agents Registration Act of 1938, as amended, 22 U.S.C. § 611 *et seq.*, that he/she is familiar with the contents thereof, and that such contents are in their entirety true and accurate to the best of his/her knowledge and belief.

| Date | Printed Name | | Signature |
|---|---|---|---|
| 09/06/2024 | Marcela Prieto-Botero | Sign | /s/Marcela Prieto-Botero |
| | | Sign | |
| | | Sign | |
| | | Sign | |

## EXECUTION

In accordance with 28 U.S.C. § 1746, and subject to the penalties of 18 U.S.C. § 1001 and 22 U.S.C. § 618, the undersigned swears or affirms under penalty of perjury that he/she has read the information set forth in this statement filed pursuant to the Foreign Agents Registration Act of 1938, as amended, 22 U.S.C. § 611 *et seq.*, that he/she is familiar with the contents thereof, and that such contents are in their entirety true and accurate to the best of his/her knowledge and belief.

| Date | Printed Name | | Signature[1] |
|---|---|---|---|
| 09/05/2024 | Marcela Prieto-Botero | Sign | [signature] |
| | | Sign | |
| | | Sign | |
| | | Sign | |

[1] This statement shall be signed by the individual agent, if the registrant is an individual, or by a majority of those partners, officers, directors or persons performing similar functions, if the registrant is an organization, except that the organization can, by power of attorney, authorize one or more individuals to execute this statement on its behalf.

WHITE & CASE

September 4, 2024

Vision Americas International LLC
509 Stephen Circle SW
Vienna, VA 22180
Email: mpb@visionamericas.com

White & Case LLP
609 Main Street
Suite 2900
Houston, TX 77002
T +1 713 496 9700

whitecase.com

Re: Extension of engagement with Vision Americas International LLC ("VAI")

Dear Marcela,

We understand that VAI has extended its engagement with the Ad Hoc Board ("AHB") of Petróleos de Venezuela S.A. for an additional five (5) months pursuant to that certain contract extension signed 10 August 2024 (the "Contract Extension").

By this letter, we here by agree and acknowledge our engagement of VAI on behalf of the AHB shall continue for the duration of the Contract Extension, which shall continue to be governed by the terms of our 16 February 2024 engagement letter.

We have submitted current invoices to the AHB and are monitoring to be able to pay funds promptly to VAI as soon as they are received. Thank you, we look forward to continuing to work with VAI.

Best regards,

Steven Otillar
White &Case LLP

Agreed and acknowledged:
Vision Americas International LLC

By: Marcela Prieto-Botero

Date: Sept 04/2024

**Exhibit 5:**

December 18, 2024 7413-Exhibit-AB-20241218-4 Via E-mail Re : Engagement in Support of Legal Services In this regard VAI, Vinson & Elkins, and Client agree as follows: 1. 2. Received by NSD/FARA Registration Unit 12/18/2024 2:31:02 PM Vision Americas International LLC 509 Stephen Circle SW Vienna, VA 22180 Email: mpb@visionamericas.com The Firm is employing you as of the date of this engagement letter solely to assist with respect to the Services as defined below. As may be agreed from time to time, we may also utilize other members ofyour firm, to assist in this matter, and the terms and conditions ofthis agreement shall apply to them as well. Vinson & Elkins LLP ("Vinson & Elkins", "Firm", or "Counsel")

OMB No. 1124-0004; Expires October 31, 2026

U.S. Department of Justice

Washington, DC 20530

# Exhibit B to Registration Statement Pursuant to the Foreign Agents Registration Act of 1938, as amended

INSTRUCTIONS. A registrant must furnish as an Exhibit B copies of each written agreement and the terms and conditions of each oral agreement with his foreign principal, including all modifications of such agreements, or, where no contract exists, a full statement of all the circumstances by reason of which the registrant is acting as an agent of a foreign principal. Compliance is accomplished by filing an electronic Exhibit B form at https://www.fara.gov.

Privacy Act Statement. The filing of this document is required for the Foreign Agents Registration Act of 1938, as amended, 22 U.S.C. § 611 *et seq.*, for the purposes of registration under the Act and public disclosure. Provision of the information requested is mandatory, and failure to provide the information is subject to the penalty and enforcement provisions established in Section 8 of the Act. Every registration statement, short form registration statement, supplemental statement, exhibit, amendment, copy of informational materials or other document or information filed with the Attorney General under this Act is a public record open to public examination, inspection and copying during the posted business hours of the FARA Unit in Washington, DC. Statements are also available online at the FARA Unit's webpage: https://www.fara.gov. One copy of every such document, other than informational materials, is automatically provided to the Secretary of State pursuant to Section 6(b) of the Act, and copies of any and all documents are routinely made available to other agencies, departments and Congress pursuant to Section 6(c) of the Act. The Attorney General also transmits a semi-annual report to Congress on the administration of the Act which lists the names of all agents registered under the Act and the foreign principals they represent. This report is available to the public in print and online at: https://www.fara.gov.

Public Reporting Burden. Public reporting burden for this collection of information is estimated to average .32 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden to Chief, FARA Unit, Counterintelligence and Export Control Section, National Security Division, U.S. Department of Justice, Washington, DC 20530; and to the Office of Information and Regulatory Affairs, Office of Management and Budget, Washington, DC 20503.

| 1. Name of Registrant | 2. Registration Number |
|---|---|
| Vision Americas International LLC | 7413 |

3. Name of Foreign Principal

Ad Hoc Board of Petróleos de Venezuela S.A through White & Case LLP

Check Appropriate Box:

4. ☒ The agreement between the registrant and the above-named foreign principal is a formal written contract. If this box is checked, attach a copy of the contract to this exhibit.

5. ☐ There is no formal written contract between the registrant and the foreign principal. The agreement with the above-named foreign principal has resulted from an exchange of correspondence. If this box is checked, attach a copy of all pertinent correspondence, including a copy of any initial proposal which has been adopted by reference in such correspondence.

6. ☐ The agreement or understanding between the registrant and the foreign principal is the result of neither a formal written contract nor an exchange of correspondence between the parties. If this box is checked, give a complete description below of the terms and conditions of the oral agreement or understanding, its duration, the fees and expenses, if any, to be received.

7. What is the date of the contract or agreement with the foreign principal? 12/13/2024

8. Describe fully the nature and method of performance of the above indicated agreement or understanding.

Registrant has been subcontracted by Vinson & Elkins LLP to provide communications and public relations services in assistance of the Foreign Principal's interests in interacting with U.S. government officials, media, and interest groups in connection with the Foreign Principal's interests and US litigation pending against it and various subsidiaries.

9. Describe fully the activities the registrant engages in or proposes to engage in on behalf of the above foreign principal.

Registrant has been subcontracted by Vinson & Elkins LLP to provide communications and public relations services in assistance of the Foreign Principal's interests in interacting with U.S. government officials, media, and interest groups in connection with the Foreign Principal's interests and US litigation pending against it and various subsidiaries.

10. Will the activities on behalf of the above foreign principal include political activities as defined in Section 1(o) of the Act[1].

Yes ☒ No ☐

If yes, describe all such political activities indicating, among other things, the relations, interests or policies to be influenced together with the means to be employed to achieve this purpose. The response must include, but not be limited to, activities involving lobbying, promotion, perception management, public relations, economic development, and preparation and dissemination of informational materials.

Registrant has been subcontracted by Vinson & Elkins LLP to provide communications and public relations services in assistance of the Foreign Principal's interests in interacting with U.S. government officials, media, and interest groups in connection with the Foreign Principal's interests and US litigation pending against it and various subsidiaries.

11. Prior to the date of registration[2] for this foreign principal has the registrant engaged in any registrable activities, such as political activities, for this foreign principal?

Yes ☐ No ☐ N/A - This statement is filed to update the registrant's agreement/contract with the foreign principal.

If yes, describe in full detail all such activities. The response should include, among other things, the relations, interests, and policies sought to be influenced and the means employed to achieve this purpose. If the registrant arranged, sponsored, or delivered speeches, lectures, social media, internet postings, or media broadcasts, give details as to dates, places of delivery, names of speakers, and subject matter. The response must also include, but not be limited to, activities involving lobbying, promotion, perception management, public relations, economic development, and preparation and dissemination of informational materials.

Set forth below a general description of the registrant's activities, including political activities.

Set forth below in the required detail the registrant's political activities.

| Date | Contact | Method | Purpose |
|---|---|---|---|

12. During the period beginning 60 days prior to the obligation to register[3] for this foreign principal, has the registrant received from the foreign principal, or from any other source, for or in the interests of the foreign principal, any contributions, income, money, or thing of value either as compensation, or for disbursement, or otherwise?

Yes ☐ No ☐ N/A - This statement is filed to update the registrant's agreement/contract with the foreign principal.

If yes, set forth below in the required detail an account of such monies or things of value.

| Date Received | From Whom | Purpose | Amount/Thing of Value |
|---|---|---|---|

13. During the period beginning 60 days prior to the obligation to register[4] for this foreign principal, has the registrant disbursed or expended monies, or disposed of anything of value other than money, in connection with activity on behalf of the foreign principal or transmitted monies to any such foreign principal?

Yes ☐ No ☐ N/A - This statement is filed to update the registrant's agreement/contract with the foreign principal.

If yes, set forth below in the required detail an account of such monies or things of value.

| Date | Recipient | Purpose | Amount/Thing of Value |
|---|---|---|---|

1 "Political activity," as defined in Section 1(o) of the Act, means any activity which the person engaging in believes will, or that the person intends to, in any way influence any agency or official of the Government of the United States or any section of the public within the United States with reference to formulating, adopting, or changing the domestic or foreign policies of the United States or with reference to the political or public interests, policies, or relations of a government of a foreign country or a foreign political party.

2,3,4 Pursuant to Section 2(a) of the Act, an agent must register within ten days of becoming an agent, and before acting as such.

# EXECUTION

In accordance with 28 U.S.C. § 1746, and subject to the penalties of 18 U.S.C. § 1001 and 22 U.S.C. § 618, the undersigned swears or affirms under penalty of perjury that he/she has read the information set forth in this statement filed pursuant to the Foreign Agents Registration Act of 1938, as amended, 22 U.S.C. § 611 *et seq.*, that he/she is familiar with the contents thereof, and that such contents are in their entirety true and accurate to the best of his/her knowledge and belief.

| Date | Printed Name | | Signature |
|---|---|---|---|
| 12/18/2024 | Marcela Prieto-Botero | Sign | /s/Marcela Prieto-Botero |
| | | Sign | |
| | | Sign | |
| | | Sign | |

## EXECUTION

In accordance with 28 U.S.C. § 1746, and subject to the penalties of 18 U.S.C. § 1001 and 22 U.S.C. § 618, the undersigned swears or affirms under penalty of perjury that he/she has read the information set forth in this statement filed pursuant to the Foreign Agents Registration Act of 1938, as amended, 22 U.S.C. § 611 *et seq.*, that he/she is familiar with the contents thereof, and that such contents are in their entirety true and accurate to the best of his/her knowledge and belief.

| Date | Printed Name | Signature |
| --- | --- | --- |
| 12/18/2024 | Marcela Prieto Botero | |
| | | |
| | | |
| | | |

Vinson&Elkins

Camilo Cardozo ccardozo@velaw.com
Tel +1.212.237.0051 Fax +1.917.849.5393

December 13, 2024

**Via E-mail**

Vision Americas International LLC
509 Stephen Circle SW
Vienna, VA 22180
Email: mpb@visionamericas.com

Junta Administradora ad hoc
**Petróleos de Venezuela, S.A.**
Hollywood, FL
Email: hormed20-21pdv@hushmail.com

**Re : Engagement in Support of Legal Services**

Vinson & Elkins LLP ("Vinson & Elkins", "Firm", or "Counsel") is currently acting as counsel for the Ad Hoc Board of Petróleos de Venezuela S.A. (the "Ad Hoc Board" or the "Client"). Vinson & Elkins has been retained to provide legal counsel and services to the Ad Hoc Board in connection with investigations and litigation matters, as well as Counsel's representation of the Ad Hoc Board's interests before the U.S. Department of the Treasury's Office of Foreign Assets Control ("OFAC") and other U.S. government agencies. To carry out this task, it is necessary that the Firm retain professionals, including accountants, public relations firm, lobbyists, and other lawyers, who provide capabilities which the Firm does not possess and which are necessary to Counsel's provision of legal advice and services to Client. Vinson & Elkins has been authorized to retain Vision Americas International LLC ("you" or "VAI") to provide the services described below in support of our provision of legal advice to the Ad Hoc Board. This letter is to confirm in writing the terms under which you are retained, and is intended to embody the principles enunciated in **United States v. Kovel**, 296 F.2d 918 (2d Cir. 1961).

In this regard VAI, Vinson & Elkins, and Client agree as follows:

1. The Firm is employing you as of the date of this engagement letter solely to assist with respect to the Services as defined below. As may be agreed from time to time, we may also utilize other members of your firm, to assist in this matter, and the terms and conditions of this agreement shall apply to them as well.

2. You are providing this assistance at the direction of Counsel, and in furtherance of this assistance may speak, correspond or meet with employees of Client and others as may be necessary. It is expressly understood that notwithstanding that arrangement, the Firm is neither entering into a joint venture in this representation with you, nor is the Firm responsible for any acts or failure to act in the performance of your duties. If the Firm has knowledge of any acts or failures to act by you which will be prejudicial to Client's interest, the Firm will report the same to Client.

3. In the engagement VAI agrees and acknowledges that:

(a) Any and all books of account, records, papers, and other documents belonging to Client and all memoranda, workpapers, or other documents prepared by Counsel which pertain to the affairs of Client that may be delivered to you in the course of the engagement shall be and will remain the property of Client or Counsel, as the case may be.

(b) You will open a separate file marked, "Confidential Property of Vinson & Elkins LLP/ the Ad Hoc Board of PDVSA." You will place all documents, records, work papers, summaries, no matter what the source, in that file. During the pendency of this engagement, you agree, that any work papers, notes, analyses, summaries, schedules, memoranda and the like you prepare belong to and are the property of Vinson & Elkins and/or Client and that you retain no proprietary interest in this work product whether or not such documents are complete or incomplete.

(c) You will not permit anyone other than Counsel or Client to examine, inspect, copy or take possession of any of the records and documents referred to in paragraphs 3(a) and (b) hereof without the prior written permission of Counsel.

(d) You will not disclose to anyone other than Counsel or Client the nature or content of any oral or written communication nor any information derived from any document or record reviewed by you in the course of this engagement without the prior written permission of Counsel.

4. To the extent permitted by law, it is intended and agreed that any communications made to you by Counsel or Client in connection with this engagement (including all documents described in paragraph 3(a) hereof) shall be privileged and that any such communications shall be made to facilitate communications between Counsel and Client and to aid Counsel in rendering legal advice to Client. VAI, therefore, shall not divulge to anyone any communication (or part or substance thereof) received from Counsel or Client in connection with VAI's work pursuant to this engagement letter, except:

(a) At the express and specific direction of Counsel; or

(b) In compliance with a final order of a court of appropriate jurisdiction after VAI has raised all legal objections available in good faith in opposition to such an order and has exhausted its appellate rights with respect to said order or as required by professional standards.

5. It is understood that only Counsel and Client have the right to assert or waive privilege or work product protections, not you. Therefore, in the event you receive a request from a third party (including subpoena, summons, or discovery demand in litigation) calling for the production of privileged information, you will promptly notify Counsel.

6. If, in accordance with written instructions from Vinson & Elkins and/or the Ad Hoc Board, you fail or refuse to comply with any request, order, subpoena or summons, and if litigation should result, then Client shall bear the reasonable costs and expenses of defending you.

7. Vinson & Elkins and/or the Ad Hoc Board shall not require you to refrain from disclosing information if such action would cause you to be in violation of applicable laws, regulations, or professional standards.

8. You will return all work papers, records, and documents covered by this arrangement to Vinson & Elkins and/or the Ad Hoc Board at the request of either party. You may retain copies of all such work papers, records and documents covered by this arrangement to the extent required by your document retention policy, applicable law or professional requirements.

9. If you return such materials at the request of Vinson & Elkins and/or the Ad Hoc Board, Vinson & Elkins and/or Client agree to retain them for a six-year period, to neither add to nor delete from them, and to permit you to access them from time to time at your request.

10. VAI will carry the design and execution of communication and public affairs strategies aimed at supporting Counsel's representation of the Ad Hoc Board before OFAC and other U.S. government agencies by maintaining and improving communication and public relations mechanisms, both internal and external, especially those that contribute to the fulfillment of its objectives, and those that strategically require special attention in the United States, in accordance with the legal, investigative, and litigation strategies developed by Vinson & Elkins LLP.

The Ad Hoc Board agrees that all VAI activities will be previously validated by the contact person or persons entrusted by the Ad Hoc Board.

VAI is engaged to provide the following services (the "Services"):

The Services will consist of communications data analysis, communications and relationship strategy development and execution, and advocating in Client's interests to key decisionmakers in accordance with Counsel's legal strategy.

The Services will also include support before, during, and after the meetings with American public figures. Coaching activity will be carried out for the interlocutors designated by the Ad Hoc Board. VAI will monitor these meetings and, if necessary, hold meetings directly with the stakeholders to continue these conversations.

VAI will at all times comply fully with all registration, filing, disclosure, and recordkeeping requirements imposed by the U.S. Foreign Agents Registration Act of 1938, as amended ("FARA").

Any activity not foreseen in this scope will be quoted and invoiced in a separate budget. VAI will deliver us and the Ad Hoc Board a monthly report.

11. **Price**: The total amount of "THE CONTRACT" is FIVE HUNDRED AND EIGHTY FOUR THOUSAND DOLLARS (**USD 584,000.00**) and covers work performed under an engagement with prior counsel, pursuant to VAI's previous FARA filings, as well as work to be performed under this engagement.

VAI agrees to finance the project throughout its duration based on the following payment method:

**(a)** **Initial payment**: seventy-five percent (75%) of the total amount, that is, FOUR HUNDRED AND THIRTY EIGHT THOUSAND DOLLARS (**USD 438,000.00**) within thirty (30) business days following subscription of this letter to a bank account designated by VAI.

(b) **Pending payments**: twenty-five percent (25%) of the remaining amount, i.e. ONE HUNDRED FORTY SIX THOUSAND (**USD 146,000.00**) within thirty (30) business days after VAI's invoice is issued to a bank account designated by VAI.

VAI will bill for its reasonable out-of-pocket expenses and its internal per ticket charges for booking travel. VAI shall not incur any expenses for which it will seek reimbursement unless such are approved in advance by us.

Invoices will be submitted by you on a monthly basis. All monetary obligations for VAI's Services, costs and disbursements shall be solely the responsibility of the Client and not that of Vinson & Elkins. Counsel shall promptly pay VAI for Services rendered within 30 days of receipt of funds from the Ad Hoc Board.

12. Either Vinson & Elkins, Client or VAI may terminate the Services by giving 30 days' written notice to that effect. Whatever the reason either Counsel or Client terminate the services agreed for six (6) months, the Ad Hoc Board will pay VAI the pending payments remaining for work actually performed up to that point.

13. Any controversy or claim arising out of the Services covered by this letter provided by VAI for Vinson & Elkins or at its or their request (including any such matter involving any parent, subsidiary, affiliate, successor in interest, or agent of Vinson & Elkins or of VAI, or involving any person or entity for whose benefit the Services were provided), shall be submitted first to voluntary mediation, and if mediation is not successful, then to binding arbitration, in accordance with the dispute resolution procedures set forth in **Exhibit A** to this letter. Judgment on any arbitration award may be entered in any court having jurisdiction.

14. VAI will not be liable in any event for lost profits, consequential, indirect, punitive, exemplary or special damages. VAI shall have no liability to Vinson & Elkins or Client arising from or relating to any third party hardware, software, information or materials selected or supplied by Vinson & Elkins or Client.

15. VAI shall be solely responsible for the performance of the Services and all of the other liabilities and obligations of VAI under this Agreement, whether or not performed in whole or part, by VAI, any affiliate of VAI, any other member of the global network or any of their respective affiliates (all such members, including its affiliates, collectively, the "Entities," and any of them, an "Entity"), or any subcontractor or personnel of any Entity.

16. No party to this engagement letter may assign or transfer this engagement letter, or any rights, obligations, claims or proceeds from claims arising under it, without the prior written consent of the other parties, and any assignment without such consent shall be void and invalid. If any provision of this engagement letter is found to be unenforceable, the remainder of this engagement letter shall be enforced to the extent permitted by law. If VAI performs the Services prior to all three parties executing this engagement letter, this engagement letter shall be effective as of the date we began the Services.

* * * * *

This Agreement will remain in effect during the full term of the engagement and the termination of this engagement will not affect the attorney-client privilege, work product protection, or confidentiality that exists pursuant to this engagement.

*Provided that* the foregoing terms are acceptable to you, please indicate your agreement by signing and returning a copy of this letter to the undersigned at Vinson & Elkins LLP.

VINSON & ELKINS L.L.P.

By:______________________________

Camilo Cardozo

Date: December 13, 2024

VISION AMERICAS INTERNATIONAL LLC

By:______________________________

Marcela Prieto-Botero

Date: December 13, 2024

JUNTA ADMINISTRADORA AD HOC OF PETRÓLEOS DE VENEZUELA S.A.

By:______________________________

Ing. Horacio Medina

Date: December 13, 2024

**Exhibit A**

**Arbitration**

Any dispute arising out of or relating to this matter will be resolved by confidential arbitration, whether the dispute involves claims of professional malpractice or other claims related to the quality of our services, claims relating to your or our performance under these terms, disputes over fees or other charges (except as covered below or prohibited by law), or anything else. The location of the arbitration will be the city of the Vinson & Elkins office in which the greatest portion of Counsel's work was conducted, and the substantive laws of that state will govern the arbitration, exclusive of conflict or choice of law rules. The Federal Arbitration Act (9 U.S.C., Secs. 1-16) will govern the interpretation of, enforcement of, and proceedings pursuant to, this arbitration clause. The arbitration will be administered by JAMS pursuant to its Comprehensive Arbitration Rules and Procedures. The arbitrator(s) will be former U.S. federal judges or magistrates. Judgment on the award may be entered in any court having jurisdiction. This clause does not preclude parties from seeking provisional remedies in aid of arbitration from a court of appropriate jurisdiction. The arbitrator(s), and not any court, will have the exclusive authority to resolve any dispute or claim relating to the interpretation, applicability, or enforceability of this agreement and arbitration clause.

All arbitration proceedings will be confidential, as will be any award, evidence offered in the arbitration, and materials created for the purpose of the arbitration except where such materials are already in the public domain or where necessary to enforce an award or otherwise as provided by a court of competent jurisdiction.

If the amount in controversy, in total, is less than $4,000,000, the dispute will be decided by a sole arbitrator. In those cases, the arbitration will be administered by JAMS pursuant to its Comprehensive Arbitration Rules and Procedures and in accordance with the Expedited Procedures in those Rules. If the amount involved is $4,000,000 or more, a three person panel of arbitrators will preside. In those cases, the arbitration will be administered by JAMS pursuant to its Comprehensive Arbitration Rules and Procedures. In all cases, the arbitrators will be selected in accordance with the applicable JAMS procedure.

If the total amount of any final award, including interest and fees, exceeds $4,000,000, the parties will have the right to appeal the award to a panel of three arbitrators comprised of former appellate court judges pursuant to the JAMS Optional Arbitration Appeal Procedure (as it exists on the effective date of this Agreement). The appellate panel will be selected in accordance with the applicable JAMS procedure.

There are advantages and disadvantages to arbitration, compared with proceeding in court. Arbitration is generally regarded as faster and less expensive overall, although arbitration may include up-front expenses that would not be included in a court proceeding. Arbitration is confidential, while court proceedings are typically public. In court, you would generally have the right to a jury; in arbitration, there is no jury and the matter will be resolved by the arbitrator(s). In court, parties can usually appeal from the trial court as of right. In this arbitration agreement, appeals within the arbitration process (not in court) are available only for certain matters and, following an arbitration, the courts may enforce the arbitration award without reviewing it for errors of fact or law. Arbitration may limit the amount of discovery available to either

party, particularly with respect to discovery from third parties. Of course you may consult with other counsel about agreeing to this arbitration provision.

The parties may pursue their own individual claims, and will not pursue them on a class, collective, or consolidated basis. Each party will bear its own attorneys' fees, costs, and expenses (including filing fees). The parties will also bear the cost of arbitration (including arbitrator fees) pursuant to an agreed-upon allocation. Absent an agreement about allocation, the defendants (individually and/or collectively) shall bear no more than half the cost of arbitration.

A party seeking affirmative relief must initiate arbitration within the period provided by the applicable statutes of limitation or statute of repose. A filing in court does not toll the statute of limitations. The arbitrator(s) are authorized to dismiss or enter summary judgment in the arbitration at any stage based on a determination that the claim is time barred or for any other legally or factually supported reason.

This agreement to arbitrate is binding on you as well as any of your present and future parents, subsidiaries, affiliates, successors and assigns.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

Dated this 10th day of April 2025.