UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-20465-BLOOM/Elfenbein

IVAN R. FREITES,

    Plaintiff,

v.

MEDINA, *et al.*,

    Defendants.

_____/

## ORDER ON MOTION TO APPEAL *IN FORMA PAUPERIS*

**THIS CAUSE** is before the Court upon Plaintiffs Ivan R. Freites, Miguel E. Otero, and Jorge Alejandro Rodriguez's *pro se* Renewed Motion for Permission to Appeal *In Forma Pauperis* ("Motion"), ECF No. [220]. Defendants filed a Response in Opposition, ECF No. [230]. The Court has carefully considered Plaintiffs' Motion, the filing in opposition, and the record in this case. For the reasons that follow, Plaintiffs' Motion is denied.

    **I.**    **BACKGROUND**

Plaintiffs initiated this action on January 30, 2025. ECF No. [1]. At the time of the initial filing, Plaintiffs paid the filing fees, and as such, the Court did not need to consider whether Plaintiffs were permitted to proceed *in forma pauperis*. *See id.*

Plaintiffs subsequently filed an Amended Complaint, ECF No. [52], to which Defendants responded by filing Motions to Dismiss. *See* ECF Nos. [96], [100]. The Court granted Defendants' Motions and dismissed Plaintiffs' Amended Complaint with prejudice. ECF No. [165]. Shortly thereafter, Plaintiffs filed a Motion for Reconsideration, which the Court denied. ECF Nos. [183], [198].

Prior to filing their Motion for Reconsideration, Plaintiffs filed a Notice of Appeal. ECF

No. [180]. On July 8, 2025, the Eleventh Circuit dismissed Plaintiffs' Appeal for want of prosecution due to several procedural deficiencies, including Plaintiffs' failure "to pay the filing and docketing fees to the district court, or alternatively, [failing to] file a motion to proceed in forma paupers in [the] district court[.]" ECF No. [206]. Plaintiffs then sought leave to appeal this Court's Order of Dismissal *in forma pauperis*. *See* ECF No. [212]. The Court denied the Motion for failure to comply with Rule 24 of the Federal Rules of Appellate Procedure. ECF No. [214]. Plaintiffs now file the instant renewed motion seeking to appeal *in forma pauperis*. ECF No. [220].

II. **LEGAL STANDARD**

"Fundamental to our system of justice is that the courthouse doors will not be closed to persons based on their inability to pay a filing fee." *Bonet v. Fla.*, No. 19-CV-21844, 2021 WL 1064332, at *1 (S.D. Fla. Feb. 24, 2021). However, Congress has not provided "parties any absolute right to proceed in civil actions without payment of costs." *Bey v. Bank of New York Mellon*, No. 17-81054-CIV, 2018 WL 9963750, at *1 (S.D. Fla. Jan. 18, 2018) (citing *Levy v. Federated Dept. Stores*, 607 F. Supp. 32, 33 (S.D. Fla. 1984); *see also Fowler v. Sroka*, No. 18-80798-CV, 2018 WL 8756429, at *1 (S.D. Fla. Aug. 14, 2018) ("Permission to proceed *in forma pauperis* is committed to the sound discretion of the court.") (citing *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986)). Instead, Congress has provided that a court "may authorize the commencement, prosecution, or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees . . . by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees." 28 U.S.C. § 1915(a)(1); *see also Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (interpreting § 1915 to apply to all persons seeking to proceed *in forma pauperis*).

Both Title 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a) govern applications to proceed with an appeal *in forma pauperis*. *Rivas, v. Taylor Made Lending LLC*,

2

No. 25-80260-CV, 2025 WL 1883838, at *1 (S.D. Fla. Apr. 14, 2025). Section 1915(a) requires a determination as to whether "the statements in the [applicant's] affidavit satisfy the requirement of poverty." *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976).[1] "A person need not be 'absolutely destitute' or reduce himself to a public charge in order to proceed *in forma pauperis*." *Jones v. Lee Cnty. Dep't of Hum. & Veteran Servs.*, No. 2:17-CV-427-FTM-29CM, 2018 WL 6620268, at *1 (M.D. Fla. Feb. 2, 2018). Rather, an applicant's "affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez*, 364 F.3d at 1307; *see also Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (explaining *in forma pauperis* status is demonstrated when, because of poverty, one cannot "pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."). To determine whether the applicant has satisfied the poverty requirements, the district court must compare the party's assets and liabilities. *See Robles v. Comm'r of Soc. Sec.*, No. 2:18-CV-280-FTM-29CM, 2018 WL 11258143, at *1 (M.D. Fla. Apr. 26, 2018) ("A district court may not deny an *in forma pauperis* motion without first comparing the party's assets and liabilities") (citing *Martinez*, 364 F.3d at 1307); Additionally, courts typically also consider the applicants employment status and annual income. *See Miller v. U.S. Postal Serv.*, No. 8:13-CIV-952-T-17, 2013 WL 2250211, at *1 (M.D. Fla. May 22, 2013) ("In determining *in forma pauperis* eligibility, 'courts will generally look to whether the person is employed, the person's annual salary, and any other property or assets the person may possess.'") (quoting *Schneller v. Prospect Park Nursing & Rehab. Ctr.*, No. 06–545, 2006 WL 1030284, at *1 (E.D. Pa. Apr. 18, 2006)). "The district court must provide a sufficient explanation for its determination on IFP status to allow for meaningful appellate

---

[1] Pursuant to *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), opinions of the Court of Appeals for the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit.

review." *Martinez*, 364 F.3d at 1307.

Under Rule 24(a), the party must attach an affidavit that: (1) "shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs[,]" Fed. R. App. P. 24(a)(1)(A); (2) "claims an entitlement to redress[,]" Fed. R. App. P. 24(a)(1)(B); and (3) "states the issues that the party intends to present on appeal[,]" Fed. R. App. P. 24(a)(1)(C). Therefore, even when a party has been permitted to proceed *in forma pauperis* in the district court, the party may not appeal *in forma pauperis* if the applicant fails to satisfy the Rule 24 requirements.

Moreover, a party may not proceed *in forma pauperis* on appeal if the district court "certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); *see also* Fed. R. App. P. 24(a)(3)(A) (providing that a party may not proceed on appeal *in forma pauperis* if "the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith . . .."). A party who seeks appellate review of an issue does so in good faith if the issue is not frivolous from an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). An issue is frivolous "if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citing *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)). However, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *See Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991).

### III.    DISCUSSION

Plaintiffs contend that their request to proceed *in forma pauperis* should be granted because, although they technically own "significant assets" their unique financial circumstances preclude them from being able to pay the filing fees. ECF No. [220] at 2. Plaintiffs previously acknowledged that they are "the legal owners of significant assets, including real property, business interests, and funds held in financial institutions" that would otherwise "preclude them

4

from qualifying for *in forma pauperis* status." ECF No. [212] at 2. However, Plaintiffs contend the Court should *not* consider those assets because, as a result of "unjust political persecution by a foreign government, all of their substantial assets have been frozen, seized, or are otherwise encumbered, rendering them completely inaccessible." ECF No. [212] at 2; *see also* ECF No. [220] at 3. Consequently, Plaintiffs contend they have no means of liquidating, transferring, or utilizing these assets for any purpose. *See* ECF No. [212] at 2. Plaintiffs contend their liquid assets are insufficient to pay the costs of preparing the record and transcripts and filing the appeal. *Id.* Jorge Alejandro Rodriguez asserts he only has $605 in liquid assets and $190 cash on hand. ECF No. [220] at 3. Additionally, he claims his monthly income totals $750 while his essential monthly expenses are $3,700. *Id.* Plaintiff Miguel Enrique Otero asserts that he only has $605 of liquid assets, $370 cash on hand, no monthly income, and monthly expenses of $1700. *Id.* Plaintiff Ivan Freites claims he and his spouse have a monthly income of $2,500, $120 of cash on hand,[2] and $2,600 in monthly expenses. *Id.*; *see also* ECF No. [202]. Given that all three Plaintiffs' liabilities are purportedly greater than their assets and their limited accessible liquid assets are minimal, Plaintiffs insist that they are unable to pay the court costs and fees necessary to pursue their appeal while also funding their basic necessities.

Defendants respond to the Motion arguing that Plaintiffs' Motion should be denied because Plaintiffs still have not properly complied with the affidavit requirements of the Federal Rule of Appellate Procedure 24. ECF No. [230] at 4. Defendants point out that Rule 24 requires a party seeking to appeal *in forma pauperis* to attach an affidavit to their motion that: "(A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party

---

[2] Freites also stated that he and his spouse have $14 in a bank account or other financial institution. ECF No. [202] at 3.

5

intends to present on appeal." *Id.* (quoting Fed. R. App. P. 24(a)(1)). Since Plaintiffs have failed to attach an affidavit, and none of their previously filed affidavits contain all the requisite information, Defendants contend the Motion should be denied. *See id.* at 5.

Even if Plaintiffs had complied with Rule 24, Defendants argue that the Motion should still be denied because Plaintiffs do not satisfy the asset requirements set forth in 28 U.S.C. § 1915(a). *See id.* at 6. First, the previously filed "affidavits are insufficiently detailed." *Id.* Second, Defendants contend "Plaintiffs likely possess sufficient assets to pay the appellate fees." *Id.* According to Defendants, Rodriguez is a politician and businessman with more than "20 years of experience in industrial machinery and power electrical systems industries." *Id.* Otero is also a politician and business who owns a newspaper in Spain and Freites is "a former PDVSA employee, [who] resides in a $413,300 apartment in Doral, Florida." *Id.* Plaintiffs have also purportedly "received financial support from former PDVSA workers to fund this litigation." *Id.* at 7.[3]

The Court agrees with Defendants and finds that Plaintiffs have neither complied with Rule 24 nor satisfied the poverty requirements of § 1915(a). Rule 24(a)(1) specifically requires that a party seeking to appeal *in forma pauperis* "must attach *an affidavit*" to the party's motion that (1) claims an "entitlement to redress," (2) shows the "party's inability to pay," and (3) "states the issues that the party intend to present on appeal." Fed. R. App. P. 24(a)(1) (emphasis added). Because Plaintiffs have not provided an affidavit with the instant motion[4] that satisfies those requirements, Plaintiffs' Motion must be denied. *See Darling v. Zavaleta*, Case No. 24-cv-21541, 2024 WL 4165106, at *1 (S.D. Fla. Aug. 27, 2024); *Bunyan v. Remick*, Case No. 8:18-cv-1519-T-36, 2019 WL 13060875, at *2 (M.D. Fla. Nov. 6, 2019); *Garcia v. Li*, Civ. No. 1:16-cv-33332016

---

[3] Defendants also argue that Plaintiffs' appeal is not taken in good faith because Plaintiffs' arguments "indisputably meritless." *ECF No. [230]* at 8.

[4] While Plaintiffs attempt to incorporate their previous affidavits, those affidavits do not satisfy the Rule 24(a)(1) requirements either. *See* ECF Nos. [202], [212-1].

WL 9444380, at *2 (N.D. Ga. Dec. 20, 2016) ("Plaintiff's Application to Proceed IFP and Notice of Appeal do not comply with Rule 24's affidavit requirements that Plaintiff set forth (1) her claim for entitlement to redress or (2) the issues she intends to present on appeal. Absent this information, the Court cannot certify that plaintiff's appeal is taken in good faith.").

Even if the Court excused the affidavit requirement, Plaintiffs have not made an adequate showing of poverty. The focus of the Court's § 1915(a) analysis is whether "because of [the applicant's] poverty, [the applicant] is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez*, 364 F.3d at 1307. Plaintiffs readily admit that their poverty is not the barrier to filing the appeal and instead argue that the purported illiquidity of their assets has precluded than from paying the required fees. *See* ECF No. [212] at 2 (admitting Plaintiffs "are not indigent" and that they are "the legal owners of significant assets, including real property, business interests, and funds" that "would preclude them from qualifying for *in forma pauperis* status."). While Plaintiffs insist that the inaccessibility of their assets creates an exception to the poverty requirement, Plaintiffs fail to point to any case law or statutory authority which supports the contention that the Court may simply ignore certain assets because they are not readily accessible. Accordingly, because Plaintiffs have not satisfied the procedural requirement of Rule 24 and have failed to show their poverty prevents them from filing the required fees, Plaintiffs' Motion is denied.

## IV.     CONCLUSION

For the reasons stated, it is **ORDERED AND ADJUDGED** that Plaintiffs' Renewed Motion for Permission to Appeal *In Forma Pauperis*, **ECF No. [220]**, is **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 26, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record