**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

FILED BY___MCO___D.C.

JAN 15 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**Case No. 1:25-cv-20465-BB**

IVAN R. FREITES C., MIGUEL ENRIQUE OTERO, and JORGE ALEJANDRO RODRIGUEZ,

Plaintiffs,

v.

HORACIO MEDINA, et al.,

Defendants.

_____/

## INTRODUCTION

Plaintiffs Ivan R. Freites, Miguel Enrique Otero, and Jorge Alejandro Rodriguez (collectively, "Plaintiffs"), pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), hereby file these **Objections** to the Report and Recommendations ("R&R") issued by Magistrate Judge Marty Fulgueira Elfenbein on December 23, 2025 (ECF No. 307). These objections are filed jointly with a Motion to Vacate.

The R&R recommends denial of Plaintiffs' Rule 60(b) Motion (ECF No. 218) and Motion for Preliminary Injunction (ECF No. 269). Plaintiffs respectfully submit that the R&R rests on fundamental errors of law and fact requiring *de novo* review by this Court. Specifically, the R&R: (1) erroneously categorizes new evidence of **criminal witness intimidation** as "cumulative" of defamation; (2) misapplies the

1

"full and fair presentation" standard of Rule 60(b)(3) by overlooking the materiality of the concealed PDVSA Ad Hoc funding; and (3) fails to address the underlying **conflict of interest** that renders the "coordination" between defense counsel legally improper.

Plaintiffs request that this Court sustain these objections, reject the R&R, and grant the relief requested in the underlying motions.

## STANDARD OF REVIEW

When a party objects to a Magistrate Judge's R&R regarding a dispositive motion, the District Court must make a **de novo determination** of those portions of the report to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The District Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

## SPECIFIC OBJECTIONS

**OBJECTION NO. 1: THE MAGISTRATE JUDGE ERRED IN RULING THAT THE NEW EVIDENCE OF WITNESS TAMPERING WAS "MERELY CUMULATIVE" OF DEFAMATION (R&R at 16-18).**

The Magistrate Judge recommended denying relief under Rule 60(b)(2) on the grounds that the new evidence—specifically the "judicial terrorists," "blackmail," and "traitor" statements by Defendants Urgelles and Goicoechea—was "merely cumulative" of the defamation allegations previously dismissed. (R&R at 17-18). This conclusion is contrary to law.

**A. Legal Distinction Between Defamation and Witness Tampering** The R&R

conflates the *vehicle* of the harm (speech) with the *nature* of the claim (RICO predicate act). While defamation addresses damage to reputation, **witness tampering** under 18 U.S.C. § 1512(b) criminalizes the use of "intimidation, threats, or corrupt persuasion" with the **intent to influence, delay, or prevent testimony** or participation in an official proceeding.

The Eleventh Circuit has held that "intimidation" in the context of § 1512 includes non-physical threats, such as economic coercion or threats to one's livelihood, designed to deter a witness from testifying. *See United States v. Shotts*, 145 F.3d 1289, 1300 (11th Cir. 1998) (broadly construing "corrupt persuasion").

**B. The New Evidence Establishes Specific Intent, Not Just Insults** The post-judgment statements by Defendants were not general insults; they were specific accusations leveled *because* Plaintiffs filed this lawsuit.

- Defendant Goicoechea publicly accused Plaintiffs of **"blackmail"** (*chantaje*) for seeking legal redress. (ECF 218 at 7). Defendant Goicoechea is a high ranking officer of the exiled government of Venezuela and an attorney.

- Defendant Urgelles branded them **"judicial terrorists"** (*terroristas judiciales*). (ECF 218 at 7).

These statements constitute **new, independent predicate acts**. They are not "cumulative" because they occurred *after* the judgment and establish the **specific intent** to obstruct justice that the Court previously found lacking. By labeling the lawsuit itself as "terrorism" and "blackmail," Defendants are engaging in **intimidation** intended to force the abandonment of the claims. *See United States v.*

3

*Tocco,* 135 F.3d 116 (2d Cir. 1998) (economic intimidation supports § 1512 conviction).

The R&R's finding that this is an attempt to "shoehorn" defamation into RICO ignores the statutory distinction: Defamation is a tort; Witness Tampering is a federal crime committed with specific intent. The new evidence supplies the *intent* element.

**OBJECTION NO. 2: THE MAGISTRATE JUDGE ERRED IN FINDING THAT DEFENDANTS' CONCEALMENT OF FUNDING DID NOT PREVENT A "FULL AND FAIR PRESENTATION" OF THE CASE (R&R at 21-23).**

The Magistrate Judge recommended denying Rule 60(b)(3) relief, finding that the concealment of the PDVSA Ad Hoc funding for the "Saving CITGO" documentary did not prevent Plaintiffs from presenting their case. (R&R at 23). This ruling overlooks the central basis for the original dismissal: the failure to adequately plead the "Enterprise."

**A. The Concealed Evidence Was Dispositive to the "Enterprise" Element** To prevail on Rule 60(b)(3), the movant need only show that the misconduct "prevented the losing party from fully and fairly presenting his case or defense." *Rozier v. Ford Motor Co.,* 573 F.2d 1332, 1339 (5th Cir. 1978).

Here, the Court dismissed the Amended Complaint largely because the "Enterprise" allegations were deemed "vague" and "conclusory." (ECF 165 at 8).

- **The Concealed Fact:** At the very moment Defendants were arguing to this Court that no coordinated enterprise existed, the **PDVSA Ad Hoc Board**

4

(chaired by Defendant Medina) was actively transferring approximately **$74,280** to entities controlled by Defendant Urgelles to produce the "Saving CITGO" film. (ECF 218 at 5).

- **The Impact:** Had this funding been disclosed, Plaintiffs could have pleaded the "Money Laundering" and "Enterprise" elements with **specific, documentary precision**, linking the State Actor (PDVSA Ad Hoc) to the operative (Urgelles).

**B. Affirmative Misrepresentation** The R&R suggests Defendants had no duty to disclose. However, arguing that an enterprise is "fiction" while simultaneously signing checks to fund that enterprise constitutes an affirmative misrepresentation to the Court. *See Harre v. A.H. Robins Co.*, 750 F.2d 1501, 1503 (11th Cir. 1985) (reversing judgment where defense expert gave false testimony regarding testing). By concealing the financial nexus, Defendants denied Plaintiffs the opportunity to present the "smoking gun" that would have cured the pleading defects.

**OBJECTION NO. 3: THE MAGISTRATE JUDGE ERRED BY FAILING TO ADDRESS THE UNDERLYING CONFLICT OF INTEREST IN THE MOTION FOR INJUNCTION (R&R at 24-27).**

The Magistrate Judge recommended denying the Injunction (ECF 269) on the grounds that "joint defense agreements" and coordination are "normal practice." (R&R at 25). This analysis misses the threshold issue: **Coordination is only "normal" between *conflict-free* counsel.**

**A. The Poisonous Tree: Rule 1.9 Conflict** Plaintiffs' motion specifically alleged

5

that defense counsel Diaz, Reus & Targ ("DRT") operates under a disqualifying conflict of interest due to its prior representation/consultation with Plaintiff Rodriguez on substantially related matters. *See* Rules Regulating the Florida Bar 4-1.9.

- **The Error:** The R&R treats the coordination as abstract, ignoring the specific allegation that DRT possesses **privileged information** from Plaintiff Rodriguez.

- **The "Taint":** When a conflicted firm coordinates with co-counsel (Sardi Law), the risk is that the former client's confidences will be shared, "tainting" the co-counsel. *See United States v. Henke*, 222 F.3d 633 (9th Cir. 2000) (joint defense agreement cannot cure conflict of interest).

The Magistrate's finding that there is "no law forbidding counsel from coordinating" (R&R at 25) is incorrect where one counsel acts in violation of ethical duties. The Court has the inherent power and duty to supervise the conduct of attorneys appearing before it. *See In re Mroz*, 65 F.3d 1567 (11th Cir. 1995). The R&R's failure to examine the *source* of the coordination—the conflicted DRT firm—requires *de novo* review.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Honorable Court:

1. **SUSTAIN** Plaintiffs' Objections to the Report and Recommendation (ECF No. 307);

2. **DECLINE TO ADOPT** the Report and Recommendation;

6

3. **GRANT** Plaintiffs' Motion for Relief from Final Judgment (ECF No. 218) and set an evidentiary hearing to determine the extent of Defendants' concealment; and

4. **GRANT** Plaintiffs' Motion for Preliminary Injunction (ECF No. 269) to preserve the integrity of these proceedings pending resolution of the conflict of interest.

**DATED:** January 14, 2026

*Respectfully submitted,*

/s/ Ivan R. Freites C.

IVAN R. FREITES C., Pro Se

4370 NW 107th Ave., Apt. 102

Doral, FL 33178

/s/ Miguel Enrique Otero

MIGUEL ENRIQUE OTERO, Pro Se

Eichholzstrasse 2,

6312-Steinhausen, CH

/s/ Jorge Alejandro Rodriguez

Jorge Alejandro III RODRIGUEZ MORENO

JORGE ALEJANDRO RODRIGUEZ, Pro Se

7

Eichholzstrasse 2,

6312-Steinhausen, CH

Dated: , 2026



**Vickey Beglari**
NOTARY PUBLIC
STATE OF NEVADA
Appt. No. 23-3998-01
Expires August 25, 2027

State of Nevada

County of Clark

This instrument was acknowledged before me

on 01/14/2026 by Jorge Alejandro III Rodriguez Moreno.



Notarized remotely using audio-video communication technology via Proof.

8

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this ___ day of January 2026, the foregoing document was filed with the Clerk of the Court. The Clerk of the Court using CM/ECFl will serve counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF, and by email to any non-registered participants.

Respectfully submitted,


/s/ Ivan R. Freites C.

**Ivan R. Freites C., Pro Se**

4370 NW 107th Ave., Apt. 102

Doral, FL 33178

9