# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 25-cv-20465-BLOOM/Elfenbein

IVAN R. FREITES C., et al.,

Plaintiffs,

v.

HORACIO MEDINA, et al.,

Defendants.

FILED BY _____ D.C.

JAN 15 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## PLAINTIFFS' NOTICE OF FILING EXHIBIT LIST FOR EVIDENTIARY HEARING

## TO: THE HONORABLE MARTY FULGUEIRA ELFENBEIN, UNITED STATES MAGISTRATE JUDGE

COME NOW Plaintiffs, Ivan R. Freites C., Miguel Enrique Otero C., and Jorge Alejandro Rodriguez M., proceeding *pro se*, and hereby submit their Exhibit List for the evidentiary hearing scheduled for **January 6, 2026, at 1:00 p.m.**[777777777]. In strict compliance with the Court's Order Setting Evidentiary Hearing and Pre-Hearing Schedule (ECF No. [305]), Plaintiffs provide the following summary of exhibits to be used during witness testimony[8888888888888888].

## PLAINTIFFS' EXHIBIT LIST [9]

| Exhibit No. | Description |
| --- | --- |
| Plaintiff-1 | ECF 30-1, pages 1 to 51. Email correspondence between Plaintiff J.A. Rodriguez and Diaz Reus LLP dated September 2023, regarding retention/meeting[11]. |
| Plaintiff-2 | Zoom Meeting Invitation/Calendar Entry dated October 2 and previous (postponed) invitations<br><br>Material not released by Defendants |
| Plaintiff-3 | Log of Zoom Meeting Participants for the meeting held on October 2, 2023<br><br>Material not released by Defendants |
| Plaintiff-4 | Diaz Reus LLP Billing/Time Entry Records for September/October 2023<br><br>Material not released by Defendants |

| | |
|---|---|
| **Plaintiff-5** | Email from Belkys Guillen (and other staff) confirming meeting details/link. Secretarial / receptionist call log<br><br>Material not released by Defendants. |
| **Plaintiff-6** | Correspondence dated September 29th, 2023 from Ivan Freites and other claimants to Horacio Medina<br><br>Attached (In ECF 30-1 page |
| **Plaintiff-7** | Correspondence between Jorge Schmidt and Diaz Reus (ECF 235 and ECF 251). |

Plaintiffs confirm that two bound copies of these exhibits will be provided to the Court at the start of the hearing[18].

Respectfully submitted,

PLANTIFFS Onk

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF FLORIDA

**IVAN R. FREITES C.,**

*Plaintiff,*

v.

**HORACIO MEDINA, et al.,**

*Defendants.*

FILED BY _____ D.C.

MAR 07 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**CASE NO.: 1:25-CV-20465-BB**

## PLAINTIFF'S MOTION TO DISQUALIFY DÍAZ REUS ON CONFLICT OF INTEREST

## I. INTRODUCTION

Plaintiff, **Ivan R. Freites C.**, appearing pro se, respectfully moves for **injunctive relief, judicial review, expedited discovery, a stay of proceedings pending discovery, and an expedited hearing** regarding the legal representation of **Defendant Horacio Medina** by **Díaz Reus & Targ LLP** ("Díaz Reus"). This request is based on an **undeniable conflict of interest** arising from **substantive**

legal discussions between attorneys at **Díaz Reus** and **Plaintiff's associate, Jorge Alejandro Rodríguez**, regarding matters materially related to this litigation. See **Affidavit of Jorge Alejandro Rodríguez (Exhibit 1)**.

*Exhibit 1: Affidavit of Jorge Alejandro Rodríguez*

Rodríguez is a **joint Plaintiff** with Freites in **Case No. 1:23-CV-00989**, currently pending before the **U.S. District Court for the District of Delaware**, where **sanctions have been requested against Defendant Medina** for **tortious interference**. The allegations in Delaware concern a **coordinated effort by Medina to obstruct that litigation through defamatory attacks, witness intimidation, and other extrajudicial misconduct**. These **same wrongful acts are central to the claims in the present case**, making the two proceedings **inseparably linked**.

Moreover, **Díaz Reus attorneys received privileged information** from Rodríguez regarding the **Delaware litigation, strategic legal approaches, and financing discussions** at the time when Medina had begun weaponizing extrajudicial channels to **undermine the legitimacy of both cases** by launching a public campaign designed to exert improper external pressure on involved parties by September and October 2023. The conflict is now **even more pronounced**, as **Díaz Reus' continued representation of Medina** effectively places them in direct

opposition to **Rodríguez, a Plaintiff representing himself pro se in Delaware against a number of corporations controlled by Medina, who engaged in privileged communications with Diaz Reus regarding litigation strategies and claims that are central to this case.**

Díaz Reus LLP's continued representation of Medina **fundamentally skews the balance of litigation** by equipping him with **insider knowledge of Rodríguez and Freites' strategic playbook,** allowing for **preemptive countermeasures** that would not otherwise be available in an adversarial legal process. By having previously engaged in privileged discussions with Rodríguez, Díaz Reus attorneys—**including Michael Diaz, Javier Coronado, and Marta Colomar**—possess **critical insights into the legal theories, procedural tactics, evidentiary strengths and weaknesses, and settlement considerations** of the Plaintiffs. This enables Medina not only to **plan defenses in advance** but also to **exploit procedural vulnerabilities, disrupt Plaintiffs' litigation timelines, and craft counterarguments precisely calibrated to neutralize the claims against him**. Such an advantage is **inherently unfair, unethical, and legally impermissible,** as it grants Medina the ability to **weaponize confidential information against the very parties who disclosed it under the reasonable expectation of privilege and good faith discussions**. This situation directly

violates the principles set forth in **Cox v. American Cast Iron Pipe Co., 847 F.2d 725 (11th Cir. 1988),** where disqualification was deemed mandatory to prevent the use of privileged knowledge in a substantially related matter. **Without immediate disqualification, the proceedings will be irreparably tainted**, as Díaz Reus LLP's counsel is actively assisting Medina in formulating a defense that is **artificially bolstered by access to confidential litigation strategies shared in trust by an associate and joint coplaintiff of the opposing party, who has provided further notice of his intent to join this lawsuit.**

Furthermore, on **February 16, 2025**, **Miguel Enrique Otero** and **Jorge Alejandro Rodríguez formally notified each Defendant, including Medina, of their intent to join this lawsuit as Plaintiffs unless a mutually acceptable settlement was reached.** This development further exacerbates the ethical conflict, as **Rodríguez, who has shared privileged case-related information with Díaz Reus, now seeks to become a named Plaintiff in this very litigation.** This places Díaz Reus in a direct conflict position, as **their current client (Medina) is now adverse to a former client and confidant in matters presented to Diaz Reus.**

Despite my multiple attempts at good-faith conferral, **Díaz Reus has refused to substantively engage**, evading **disclosure of the conflict, failing to implement necessary ethical safeguards, and refusing to confirm the existence of ethical**

**screens.** Given the **severity of these ethical violations**, Plaintiff respectfully requests an **expedited hearing** on this Motion.

Finally, the continued representation of **Defendant Medina by Díaz Reus** presents an **irreparable risk** to the fairness of these proceedings. Attorneys **Michael Diaz, Javier Coronado, Aylin Hovispo, and Marta Colomar**—each of whom but Hovispo **now represent Medina—previously engaged in discussions with Rodríguez** regarding **litigation strategy, defamation claims, and case financing related to this matter and other closely related cases.** This conduct creates an **unavoidable conflict of interest** that **undermines the fairness and integrity of these proceedings** and warrants immediate judicial intervention.

---

## II. FACTUAL BACKGROUND

### A. Prior Discussions Between Díaz Reus and Jorge Alejandro Rodríguez

As established in the **Affidavit of Jorge Alejandro Rodríguez (Exhibit 1)**, attorneys at **Díaz Reus** engaged in **detailed legal discussions** with **Rodríguez** regarding **facts, legal theories, and strategies directly relevant to this litigation.**

- These discussions included **confidential and privileged matters**, creating a **substantial relationship** under **Eleventh Circuit precedent** and Florida professional ethics rules.
- Rodríguez, a **potential co-plaintiff**, shared **litigation strategy and sensitive information** with **Díaz Reus** under the **reasonable expectation** that this information **would not be used against him or his associates.**

Rodríguez and **Díaz Reus LLP**, including **Michael Diaz**, agreed to consultation meetings on **September 28 and October 2, 2023**, under terms explicitly stated by both parties:

- The meetings would be subject to **attorney-client privilege**, non-binding in terms of engagement, and without fees or costs unless specifically agreed upon in writing.
- The purpose was to **discuss litigation strategy in U.S. federal court regarding worker indemnization claims against PDVSA and CITGO** in the **Delaware litigation** (Case No. **1:23-CV-00989**).
- Rodríguez explicitly **referenced Michael Diaz's prior representation of him** and **Díaz Reus LLP's prior experience in Venezuelan law and U.S. litigation** as justification for seeking consultation.

- The discussions included **potential legal strategies, available remedies, and litigation finance**, all of which are **directly relevant** to the present case.

> **See Exhibit A in Exhibit 1 (Affidavit of Jorge Alejandro Rodríguez)** – Email exchange between Rodríguez and **Díaz Reus LLP** on **September 20, 2023**, arranging the **September 28 and October 2 meetings**.

**B. Notice of Additional Plaintiffs and Further Complication of Conflict**

On **February 16, 2025**, **Miguel Enrique Otero** and **Jorge Alejandro Rodríguez** formally **notified all Defendants, including Medina, of their intent to join this litigation** unless an acceptable resolution was reached (**See Exhibit B in Exhibit 1 Affidavit of Jorge Alejandro Rodríguez** ).

This development **significantly exacerbates the conflict** because:

- **Rodríguez—whose confidential discussions with Díaz Reus are at the heart of this Motion—will become a direct party to the case.**
- **Díaz Reus would then be litigating against someone to whom they previously provided strategic legal guidance on the same subject matter.**

- **This violates fundamental ethical standards governing conflicts of interest and mandates immediate disqualification.**

---

**C. Connection to the Delaware Case and Requested Sanctions Against Medina**

Potential Plaintiff **Rodríguez** is **a joint Plaintiff with Freites** in **Case No. 1:23-CV-00989**, pending before the **U.S. District Court for the District of Delaware.**

In that case, **sanctions have been sought against Medina** due to **tortious interference**, an issue that is **inseparably linked** to the present litigation.

Defendant **Horacio Medina stands to unjustly benefit in the Delaware case (Case No. 1:23-CV-00989-JLH)** from **privileged legal discussions** between **Rodríguez and Díaz Reus**, which contained **strategic insights, legal theories, and confidential information** directly relevant to **both proceedings.**

- **Given that Rodríguez is a joint Plaintiff with Freites in the Delaware litigation,** any knowledge **gained by Díaz Reus from these discussions** could be **exploited to Medina's advantage** in multiple ways:

- o **Defending against the requested sanctions for tortious interference.**
- o **Gaining strategic insight into the legal approach of Plaintiffs in Delaware.**
- o **Benefiting other Defendants in Delaware, many of whom are controlled or influenced by Medina.**

The **overlapping legal and factual issues** between the two cases make it **inevitable** that privileged information disclosed to **Díaz Reus** will **inform their approach** not only in this case but also in **Medina's defense in Delaware.** This **undermines the fairness of both proceedings** and **further necessitates disqualification,** as it creates an **impermissible risk** of Medina **using privileged strategic insights** against **Rodríguez and Freites in both jurisdictions.**

See Exhibit 2 – **Motion for sanctions against Medina** in Delaware **Case No. 1:23-CV-00989-JLH**.

---

**D. Medina's Use of Extrajudicial Defamation and Interference in Both Cases**

Medina's **defamatory campaign and interference with legal proceedings since 2023** are central issues **both in this case and in the Delaware litigation.**

- Medina has weaponized **extrajudicial channels, including social media, email campaigns, and NGO platforms, to launch targeted defamatory attacks on Plaintiffs and their legal claims.**

- These **defamatory tactics have been used to intimidate potential witnesses, obstruct justice, and dissuade other similarly situated claimants from asserting their rights.**

- The **privileged discussions between Rodríguez and Díaz Reus LLP contained strategic insights** that could be **used to unfairly benefit Medina's defense in both cases.**

There is a **clear and undeniable likelihood** that Medina's **entire defense strategy** has been **directly shaped and informed** by **confidential and privileged information** obtained during the consultations between Rodríguez and **Díaz Reus LLP.** The extensive legal discussions held under the expectation of confidentiality provide **Medina with an unfair tactical advantage,** allowing him to anticipate Plaintiffs' arguments, counter their legal strategy, and obstruct justice in both this litigation and the **Delaware proceedings.** This **egregious breach of legal ethics and professional responsibility** renders **Díaz Reus' continued representation of Medina wholly untenable and necessitates immediate disqualification.**

**Allowing Díaz Reus LLP to continue representing Medina creates an irreparable conflict of interest and compromises the integrity of these proceedings.**

**CONCLUSION ON FACTUAL BACKGROUND**

The **undisputed facts demonstrate that Díaz Reus LLP engaged in privileged legal discussions in the matters of this case with Rodríguez,** who is a joint co plaintiff of Freites **in a closely related federal case with sanctions against Medina** and where Defendants in the main cause are under the control or leadership of Medina, and has formally noticed Defendants including Medina that he is now to become **a party to this litigation.**

- **This creates a textbook case of conflict of interest requiring immediate disqualification.**
- **Allowing Díaz Reus to continue representation would irreparably prejudice Plaintiffs by permitting Medina's defense team to utilize privileged knowledge against them in two separate jurisdictions.**
- **Plaintiffs have provided ample evidence supporting this disqualification request, including sworn affidavits, correspondence, and legal filings.**

Accordingly, **the Court is prayed to act to preserve the fairness of these proceedings** by **granting this Motion and disqualifying Díaz Reus LLP from further representing Defendant Medina.**

---

## III. LEGAL STANDARD

### A. Legal Standard for Disqualification

The **Eleventh Circuit** applies the **Substantial Relationship Test** to determine whether an attorney or firm must be disqualified due to a conflict of interest. Under **Cox v. American Cast Iron Pipe Co.**, 847 F.2d 725 (11th Cir. 1988), disqualification is required where:

1. A prior **attorney-client or confidential relationship** existed between the attorney and the party seeking disqualification.
2. The current matter is **substantially related** to the prior representation.
3. Confidential information **could have been obtained** in the prior discussions.

Here, **all three prongs** of the test are satisfied:

- **Rodríguez engaged in prior discussions with Díaz Reus LLP** regarding issues that are directly relevant and substantially related to the current litigation.

- **Confidential legal strategies, factual insights, and case financing discussions** were exchanged in the course of these meetings.

- **Díaz Reus LLP refuses to disclose whether any ethical safeguards have been implemented**, further exacerbating the conflict and increasing the likelihood of improper use of privileged information.

Disqualification is the **only adequate remedy** to prevent further ethical violations and ensure the integrity of these proceedings.

---

## V. REQUESTED RELIEF

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. **Disqualify Díaz Reus & Targ LLP** from representing **Defendant Horacio Medina** in this litigation due to their **conflict of interest and prior confidential discussions with Plaintiff's associate**;

2. **Order expedited briefing** on this Motion to ensure a timely resolution and prevent further **prejudice to Plaintiff**.

3. **Schedule an expedited hearing** on this Motion to prevent the ongoing **misuse of privileged information** and to address the **jurisdictional and ethical concerns raised**;

4. **Order expedited discovery** compelling **Díaz Reus LLP** to:

   ○ **Disclose internal records** regarding their prior strategic discussions with Rodríguez;

   ○ **Produce attorney assignments** in relevant discussions concerning the subject matter of this case;

   ○ **Confirm whether any privileged materials have influenced Medina's defense strategy** in this litigation or in **parallel proceedings in Delaware (Case No. 1:23-CV-00989-JLH)**;

5. **Award costs and sanctions under Rule 37(a)(5)** for **Díaz Reus LLP's bad-faith refusal to engage in conferral and their obstructionist litigation tactics.**

---

**Respectfully submitted,**

/s/ Ivan R. Freites C.

**Ivan R. Freites C., Pro Se**

% Villasana

4370 NW 107 Ave, Apt. 102

Doral, FL 33178

Email: freites.usdcsf.1.25.cv.20465.bb@gmail.com

**Exhibit 1 - Affidavit of Jorge Alejandro Rodríguez**

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-cv-20465-BB

**IVAN R. FREITES C.,**

**Plaintiff,**

v.

**HORACIO MEDINA, et al.,**

**Defendants.**

**AFFIDAVIT OF JORGE ALEJANDRO RODRÍGUEZ IN SUPPORT OF MOTION TO DISQUALIFY DÍAZ REUS LLP**

BEFORE ME, the undersigned notary public, appeared **Jorge Alejandro Rodríguez**, who, having appeared via online notarization, was duly sworn and stated under penalty of perjury as follows:

**I. INTRODUCTION**

1. My name is **Jorge Alejandro Rodríguez**. I am over the age of 18 and competent to testify to the matters set forth herein.

2. The statements made in this affidavit are based on my personal knowledge.

3. I submit this affidavit in support of **Plaintiff Ivan R. Freites' Motion to Disqualify Díaz Reus LLP Due to Conflict of Interest**, as I have direct knowledge of prior privileged discussions involving attorneys from **Díaz Reus LLP** regarding the subject matter of this litigation.

4. **Díaz Reus LLP's continued representation of Defendant Horacio Medina** poses an **irreparable risk to the fairness of these proceedings** because attorneys **Michael Diaz, Javier Coronado, Aylin Hovispo, and Marta Colomar**, each of whom now represent Medina, **previously engaged in privileged discussions with me** regarding:
   - **Litigation strategies**;
   - **Defamation claims**; and
   - **Case financing** related to the ongoing matters in **Case No. 1:23-CV-00989, U.S. District Court for the District of Delaware** and to this case, as well as other closely related cases.

5. Furthermore, I am a party in **Case No. 1:23-CV-00989, U.S. District Court for the District of Delaware**, in which **Plaintiff Ivan R. Freites is also a party**. In that case, **sanctions have been sought against Defendant**

**Medina** for **tortious interference** stemming from a **deliberate and coordinated effort to obstruct the Delaware litigation** by disseminating false and defamatory statements designed to:

- **Discredit the claims;**

- **Intimidate witnesses;** and

- **Obstruct legal proceedings.**

6. This **misuse of extrajudicial channels** by Medina to **create undue external pressure** on parties involved in the Delaware case was **thoroughly discussed under privilege** with Díaz Reus LLP in **2023**, when Medina's misconduct first began.

7. **Attached as Exhibit F** are several emails, meeting confirmations, and relevant correspondence evidencing my prior privileged consultations with Díaz Reus LLP.

---

## II. PRIOR PRIVILEGED CONSULTATIONS WITH DÍAZ REUS LLP

**September 20, 2023 – Initial Consultation Request**

8. On **September 20, 2023**, I sent an email to **Michael Diaz (a principal at Diaz Reus LLP)** requesting an initial consultation regarding a **lawsuit against PDVSA and CITGO related to workers' indemnization**, as filed

in **Case No. 1:23-CV-00989, U.S. District Court for the District of Delaware**.

- My email explicitly stated that the consultation would be **under attorney-client privilege** and covered:
  - **Litigation strategy,**
  - **Potential remedies**, and
  - **Financial structuring of the case**.
- **Attached as Exhibit A** is a copy of this email.

9. Later that day, after a brief phone call with me, **Michael Diaz** responded, confirming availability for a follow-up discussion but stating that **Díaz Reus LLP would not consider a contingency fee arrangement**, as this had been an option I mentioned during our call.

10. I have maintained a longstanding professional relationship with **Michael Diaz** for over twenty years, during which **Díaz Reus LLP** has provided legal representation to both myself and corporate entities under my leadership. Given this **history of legal representation**, I held a **reasonable and justifiable expectation** that my communications with **Díaz Reus LLP** were **protected under attorney-client privilege**. This expectation was further reinforced by the **explicit statements and conditions** set forth in my **initial**

consultation request email, which clearly invoked **confidentiality and privilege** regarding the matters at hand.

11. The consultation was agreed upon under **express conditions of confidentiality and attorney-client privilege**, as explicitly stated in my request.

---

## September 28, 2023 – Privileged Consultation Call

12. On **September 28, 2023**, I participated in a **privileged consultation call** with **Michael Diaz**, during which we discussed:

- **Potential legal claims against PDVSA and CITGO;**

- **Litigation financing options;**

- **Defamation concerns involving Horacio Medina;** and

- **Jurisdictional strategies for filing in U.S. federal court.**

13. On **September 29, 2023**, a **defamation warning letter** was delivered to **Defendant Medina**, the content of which was discussed with **Díaz Reus LLP in September and October 2023** and later **provided again in February 2025**.

- **Attached as Exhibit B** is a copy of this letter.

---

**October 2, 2023 – Privileged Consultation Meeting**

14. On **October 2, 2023**, I received an email from **Marta Colomar García** resending a **Zoom link** for a scheduled **privileged consultation**.

15. The meeting was attended by:

- **Michael Diaz**;

- **Javier Coronado**;

- **Marta Colomar**;

- **Jorge Schmidt**; and

- **Isabela Hernández-Peredo**.

16. During this meeting, we discussed:

- **Jurisdictional arguments** for U.S. courts;

- **PDVSA and CITGO's potential defenses**;

- **Impact of defamatory statements** on litigation strategy;

- **Financial structuring** of litigation; and

- **Expected procedural challenges**.

17. Shortly before the meeting, at **12:03 PM Eastern Time**, **Michael Diaz** sent an email reminding his team to join the call and confirming that it was a **pre-scheduled, attorney-client privileged meeting**.

- **Attached as Exhibit C** is a copy of this email.

---

### III. CONTINUED DISCUSSIONS AND REPRESENTATION CONCERNS IN 2025

18. On **February 19, 2025**, I sent an email to **Marta Colomar García, Javier Coronado, and Michael Diaz**, raising concerns regarding:

   - **Confidentiality obligations**;
   - **Improper representation of Defendant Medina**; and
   - **Potential communications with Sardi Law PLLC**.

   **Attached as Exhibit D** is a copy of this email.

19. Later that day, **Javier Coronado** responded, stating that **Díaz Reus LLP** was **investigating the claims** and requested additional supporting documents—despite already possessing relevant records.

   **Attached as Exhibit E** is a copy of this response.

20. On **February 28, 2025**, I sent a **final notice** to Díaz Reus LLP, demanding that they address the conflict of interest and requesting a **judicial conference**.

21. **Díaz Reus LLP failed to respond within the deadline**, instead replying **several hours late on March 4, 2025**, without addressing key concerns.

---

## IV. REQUEST FOR EMERGENCY RELIEF

22. I respectfully request that this Court:

- **Disqualify Díaz Reus LLP** from representing **Defendant Horacio Medina;**

- **Schedule an emergency hearing** on this motion; and

- **Compel expedited discovery** to determine whether privileged information has been used to benefit Medina's defense.

23. I am prepared to provide **further testimony and evidence** in support of this affidavit if requested by the Court.

---

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed this 5th day of March, 2025.**

Jorge Alejandro Rodríguez

jorge.r@intramaq.com

Sworn to and subscribed before me this 5th day of March, 2025

Notary Public                                                03/06/2025.

PORFIRIO A CASTILLO
Notary Public-State of Florida
Commission # HH 579078
My Commission Expires
September 01, 2028

**Exhibit A**

Copy of email sent on September 20, 2023 to Michael Diaz (a principal at Diaz

Reus LLP) requesting an initial consultation regarding the lawsuit against

PDVSA and CITGO related to workers' indemnization .

 Gmail

Jorge Alejandro Rodriguez M. <jorge.r@intramaq.com>

---

**Representation in Zürich / workers indemnization from CITGO and PDVSA - International law commercial, workers rights, civil rights and human rights**

**Jorge Alejandro Rodriguez M. <jorge.r@intramaq.com>**                                                20 de septiembre de 2023, 5:27 p.m
Para: Michael Diaz <MDiaz@diazreus.com>
CC: Javier Coronado <jcoronado@diazreus.com>

Hi Michael,

I hope this email finds you well.

I am writing to request an initial consultation with you regarding a case related to Petroleos de Venezuela S.A. (PDVSA) refering to litigation in Federal Court in the US of a case related to workers indemnization from CITGO and PDVSA - International law commercial, workers rights, civil rights and human rights.

The case relates to the collection of unpaid workers compensation for several thousands of workers in an amount estimated in several billion USD.

As you previously represented me and I am aware of some of your previous litigations in matters related to foreign firms as well as of your familiarity with Venezuelan substantive law and US Law in general, I therefore believe that your expertise in this area aligns with the specific needs of our case.

I am interested in discussing the details further and exploring potential legal strategies. . I understand that this consultation will be subject to client-attorney privilege, non-binding with respect to engagement of parties, and without any associated fees or costs unless specifically agreed upon in writing.

Would it be possible to arrange a consultation at your earliest convenience?

I am available from 10:00 am to 20:00 Central European (Zürich) time and can accommodate your preferred mode of consultation, whether it be in person, over the phone, or via video conference.

During our consultation, I hope to:

1. Provide a more comprehensive overview of the case.
2. Understand your approach to similar cases or issues.

3. Discuss potential legal remedies and strategies.
4. Address any questions or concerns you may have.
5. Clarify the next steps and potential timelines.

I understand that your time is valuable, and I greatly appreciate your consideration of our request. If you require any additional information or documentation ahead of our meeting, please do not hesitate to let me know.

Thank you for considering my request for consultation. I look forward to the opportunity to speak with you and potentially work together to address the matters related to PDVSA-CITGO.

Kind regards,

Jorge Alejandro Rodriguez

+41 79 272 00 69

On Wed, Oct 26, 2022, 23:11 Michael Diaz <MDiaz@diazreus.com> wrote:

> Send more info on the case and what you need

> **Michael Diaz**
> Managing Partner | B.C.S.
> Board Certified in International
> Litigation and Arbitration

Diaz, Reus & Targ, LLP
100 SE 2nd Street
Suite 3400 | Miami Tower
Miami, Florida 33131
Office: 305.375.9220

MDiaz@diazreus.com | www.diazreus.com

United States . Latin America . Europe . Asia . Middle East . Africa

NOTICE: The information contained in this electronic mail transmission is intended by this law firm for the use of the named individual or entity to which it is directed and may contain information that is privileged or otherwise confidential. It is not intended for transmission to, or receipt by, anyone other than the named addressee. It should not be copied or forwarded to any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying or forwarding it, and notify the sender of the error by reply e-mail or calling the above telephone number (collect)  so that our address record can be corrected. Thank you for your cooperation.

DIAZ, REUS & TARG LLP IS AN INTERNATIONAL LEGAL PRACTICE PROVIDING CLIENT SERVICES WORLDWIDE THROUGH ITS MEMBER FIRMS AND AFFILIATES. ANY REFERENCE TO A "PARTNER" MEANS A PERSON WHO IS A PARTNER, MEMBER, CONSULTANT, OR EMPLOYEE WITH EQUIVALENT STANDING AND QUALIFICATIONS IN ONE OF DIAZ REUS' MEMBER FIRMS OR AFFILIATES.

On Oct 26, 2022, at 4:27 AM, Jorge Alejandro Rodriguez M. <jorge.r@intramaq.com> wrote:

Hello Michael,
Hope it is all well with you, I see many success stories in the press.

I am looking for a Zürich based law firm in order to litigate/negotiate for  a breach of contract against a Swiss/German firm.

As it is related to the case you advised me on through 2013-2015 (Continental  vs. DMG), I thought you might have a representative firm here in Zürich.

Looking forward to hearing from you,

Jorge Alejandro Rodriguez

On Wed, Oct 7, 2020, 3:22 PM Michael Diaz <MDiaz@diazreus.com> wrote:


**Michael Diaz**
Managing Partner | B.C.S.
Board Certified in International
Litigation and Arbitration



Diaz, Reus & Targ, LLP
100 SE 2nd Street
Suite 3400 | Miami Tower
Miami, Florida 33131
Office: 305.375.9220

MDiaz@diazreus.com | www.diazreus.com

United States . Latin America . Europe . Asia . Middle East . Africa

NOTICE: The information contained in this electronic mail transmission is intended by this law firm for the use of the named individual or entity to which it is directed and may contain information that is privileged or otherwise confidential. It is not intended for transmission to, or receipt by, anyone other

than the named addressee. It should not be copied or forwarded to any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying or forwarding it, and notify the sender of the error by reply e-mail or calling the above telephone number (collect) so that our address record can be corrected. Thank you for your cooperation.

DIAZ, REUS & TARG LLP IS AN INTERNATIONAL LEGAL PRACTICE PROVIDING CLIENT SERVICES WORLDWIDE THROUGH ITS MEMBER FIRMS AND AFFILIATES. ANY REFERENCE TO A "PARTNER" MEANS A PERSON WHO IS A PARTNER, MEMBER, CONSULTANT, OR EMPLOYEE WITH EQUIVALENT STANDING AND QUALIFICATIONS IN ONE OF DIAZ REUS' MEMBER FIRMS OR AFFILIATES.

Begin forwarded message:

**From:** "Marie C. Battier" <mbattier@diazreus.com>
**Date:** October 7, 2020 at 9:01:23 AM EDT
**To:** DRT ALL <DRTAll@diazreus.com>
**Subject: Results: Legal500 Latin America 2021**

Excellent news today with the new Legal500 Latin America ranking:

- **COMPLIANCE & INVESTIGATIONS** (new practice are this year for Legal500 Latam): **DRT is ranked in tier 3,** together with Jones Day, Quinn Emanuel Urquhart & Sullivan, LLP, Ropes & Gray LLP, Vinson & Elkins LLP and White & Case LLP.
**Michael Diaz Jr. is in the Leading individuals list.**
**Bob, Juan and Marta are recommended**

Comments:
The Miami-headquartered Diaz Reus International Law Firm & Alliance is highly rated for white-collar crime, financial fraud and FCPA investigations, and is particularly noted for its experience in money-laundering and OFAC violation investigations. The firm frequently acts for foreign governments, state-owned enterprises and public officials. It also routinely helps clients avoid criminal indictments and has a history of negotiating with US law enforcement agencies; this includes pre-indictment resolution strategies in criminal investigations by the US Attorney's Office in Miami, New York and Houston, and the US Department of Justice and its law enforcement agencies. Global managing partner Michael Diaz is a prominent name in the sector, as is Robert Targ. Of counsel Juan Vargas and administrative managing partner Marta Colomar-Garcia are also notable names. All are based in Miami.

Client Testimonials

'They are extremely professional, they have the complete understanding about the legal procedures and the best routes to be followed to achieve the appropriate solution to the demands.'

'Their performance is excellent. Their strength is in their attorneys' knowledge, professionalism and the administrative staff.'

'Michael Diaz, Robert Targ and Juan Varga are highly trained and experienced lawyers, with an exceptional analytical ability. They go directly to the important points, have great bargaining power, and thorough knowledge of the laws and the paths to be followed to find the solution to the problem.'

'Michael Diaz, like the rest of his team, is extremely fair, human, identifies with the client's situation, and works hard without limits to achieve convincing results in the cases.'

-**INTERNATIONAL ARBITRATION: DRT is newly ranked (tier 5)**

-**CITY FOCUS: MIAMI FIRMS: DRT is on the list again this year: Michael, Bob, Gary and Marta are recommended**
Comments:
Diaz Reus International Law Firm & Alliance has a phenomenal presence in white-collar crime and FCPA investigations. It has a rich track record in financial fraud, international asset recovery, anti-money laundering, and OFAC compliance. In addition, the firm is achieving further growth in immigration and Latin America corporate transactions, especially those involving large family-owned businesses. Key markets include Mexico, Colombia, Brazil, Venezuela, Guatemala and Honduras. It is well known for representing foreign governments, state-owned enterprises, public officials, financial institutions, multinationals and high net worth individuals. It has a fine record in handling and avoiding criminal indictments and negotiating with US law enforcement agencies; this includes in relation to Latin American jurisdictions that are perceived to be national security threats to the US. Moreover, the firm is making a significant impression in international arbitration involving Latin American entities. Global managing partner Michael Diaz has an outstanding reputation in FCPA and OFAC cases, financial fraud investigations, asset-tracing and general white-collar crime matters. Founding partner Robert Targ is also highly reputed for white-collar crime and investigations, while Gary Davidson is the key partner for international arbitrations. Marta Colomar-Garcia is also has a growing practice in Latin America litigation and arbitration.

See here for Miami firms in Latam: https://www.legal500.com/c/latin-america-international-firms/city-focus-miami/

See all the results here (you'll see the USA ranking first): https://www.legal500.com/firms/52895-diaz-reus-international-law-firm-alliance/56366-miami-usa/#section-1194199

**COLOMBIA**
**The DRT office is ranked for the first time in CORPORATE. M&A (Tier 4).**
See here: https://www.legal500.com/c/colombia/corporate-and-ma/


**CONGRATS!!!**


Marie C. Battier
Marketing Director

Diaz, Reus & Targ, LLP
100 SE 2nd Street
Suite 3400 | Miami Tower
Miami, Florida 33131

Office: +1 786 319 1970
mbattier@diazreus.com | www.diazreus.com

United States . Latin America . Europe . Asia . Middle East . Africa

NOTICE: The information contained in this electronic mail transmission is intended by this law firm for the use of
the named individual or entity to which it is directed and may contain information that is privileged or otherwise
confidential. It is not intended for transmission to, or receipt by, anyone other than the named addressee. It
should not be copied or forwarded to any unauthorized persons. If you have received this electronic mail
transmission in error, please delete it from your system without copying or forwarding it, and notify the sender of
the error by reply e-mail or calling the above telephone number (collect)  so that our address record can be
corrected. Thank you for your cooperation.

DIAZ, REUS & TARG LLP IS AN INTERNATIONAL LEGAL PRACTICE PROVIDING CLIENT SERVICES
WORLDWIDE THROUGH ITS MEMBER FIRMS AND AFFILIATES. ANY REFERENCE TO A "PARTNER"
MEANS A PERSON WHO IS A PARTNER, MEMBER, CONSULTANT, OR EMPLOYEE WITH EQUIVALENT
STANDING AND QUALIFICATIONS IN ONE OF DIAZ REUS' MEMBER FIRMS OR AFFILIATES.

image706752.jpg

**6 archivos adjuntos**


image706752.jpg
43K


image730003.jpg
142K


image251971.jpg
43K


image730003.jpg
142K


image251971.jpg
43K


image708752.jpg
43K

**Exhibit B**

Copy of defamation warning letter delivered to Defendant Medina on September

29, 2023

**Sindicato Nacional de Trabajadores**
**Ivan R. Freites C.**

---

Doral, September 29th, 2023

Mr. Horacio Francisco MEDINA HERRERA
President
Ad Hoc Board of Petroleos de Venezuela, S.A. (or, "PDVSA Ad Hoc
Board")
2216 Adams Street #307,
Hollywood, FL 33020

Dear Mr. Horacio Francisco MEDINA HERRERA,

I hope this letter finds you well. I am writing to address a matter of utmost
importance and concern regarding recent statements and actions that have
caused harm to my reputation and personal standing, the reputation of
**Lead Plaintiff (name reserved)** in the ongoing process against the Ad
Hoc Board of Petroleos de Venezuela, S.A. (or, "PDVSA Ad Hoc Board")
as well as to the reputation and personal standing of the **Sindicato
Nacional de Trabajadores, ProVenezuela Verein and other entities and
private individuals.**

It has come to my attention that you have made defamatory statements
about me, about the Lead Plaintiff in the referred litigation process, about
the **Sindicato Nacional de Trabajadores, Pro Venezuela Verein, and**

---

Doral, 29 de septiembre de 2023

Sr. Horacio Francisco MEDINA HERRERA
Presidente
Junta Ad Hoc de Petroleos de Venezuela, S.A. (o, "Junta Ad Hoc de
PDVSA")
2216 Calle Adams #307,
Hollywood, Florida 33020

Estimado Sr. Horacio Francisco MEDINA HERRERA,

Espero que esta carta te encuentre bien. Le escribo para abordar un
asunto de suma importancia y preocupación respecto de
declaraciones y acciones recientes que han causado daño a mi
reputación y posición personal, la reputación del Demandante
Principal (nombre reservado) en el proceso en curso contra la Junta
Ad Hoc de Petróleos de Venezuela , S.A. (o, "Junta Ad Hoc de
PDVSA") así como a la reputación y reputación personal del
Sindicato Nacional de Trabajadores, ProVenezuelaVerein y otras
entidades y particulares.

Ha llegado a mi conocimiento que usted ha realizado declaraciones
difamatorias sobre mi, sobre el Demandante Principal en el referido
proceso litigioso, sobre el Sindicato Nacional de Trabajadores, Pro
Venezuela Verein, y otras entidades y particulares, todos
involucrados y referidos al presente acciones que hemos tomado para

---

**Mailing Address**

Ivan Freites. 5331 NW 112th Ave, Apart. 102, Doral, FL, 33178
EMail:paiscondestino@gmail.com

**Sindicato Nacional de Trabajadores**
**Ivan R. Freites C.**

other entities and private individuals, all involved and referred to the current actions we have taken to protect the interest of workers of the Venezuelan Oil Industry, politically persecuted for over two decades.

You have committed defamation both in the form of defamation per se and defamation per quod, as defined under Florida law. Your statements have not only been false but have also caused significant harm to my personal and professional life as well as to Lead Plaintiff, the Sindicato Nacional de Trabajadores and other entities and private individuals affected by your defamatory statements.

Defamation per se refers to statements that are inherently harmful, while defamation per quod involves statements that may not be inherently harmful but require additional context to understand their defamatory nature.

The fact that you have made such repetitive statements, in different situations, to different groups of people and that you have specifically requested that such statements be transmitted to thousands of former PDVSA oil workers in order to sabotage the rightful initiative and court action taken by us is in violation of several regulations that as President of a management board in charge of assets and ongoing companies worth billions of dollars, it it for sure that you are aware of.

I must emphasize that defamation is a serious legal matter with potential consequences. The damage to reputation can be long-lasting and affect

proteger los intereses de los trabajadores de la Industria Petrolera Venezolana, perseguidos políticamente por más de dos décadas.

Ha cometido difamación tanto en forma de difamación per se como de difamación per quod, tal como se define en la ley de Florida. Sus declaraciones no sólo han sido falsas sino que también han causado un daño significativo a mi vida personal y profesional, así como al Demandante Principal, al Sindicato Nacional de Trabajadores y otras entidades y particulares afectados por sus declaraciones difamatorias.

La difamación per se se refiere a declaraciones que son inherentemente dañinas, mientras que la difamación per quod implica declaraciones que pueden no ser intrínsecamente dañinas pero que requieren contexto adicional para comprender su naturaleza difamatoria.

El hecho de que haya hecho declaraciones tan repetitivas, en diferentes situaciones, a diferentes grupos de personas y que haya solicitado específicamente que dichas declaraciones se transmitan a miles de ex trabajadores petroleros de PDVSA con el fin de sabotear la legítima iniciativa y acción judicial adoptadas por nosotros, viola varias normas que, como presidente de un consejo de administración a cargo de activos y empresas en funcionamiento por valor de miles de millones de dólares, seguramente usted conoce.

Debo enfatizar que la difamación es un asunto legal serio con consecuencias potenciales. El daño a la reputación puede ser duradero y afectar diversos aspectos de la vida de una persona,

**Mailing Address**

Ivan Freites.   5331 NW 112th Ave, Apart. 102, Doral, FL, 33178
EMail:paiscondestino@gmail.com

**Sindicato Nacional de Trabajadores**
**Ivan R. Freites C.**

| | |
|---|---|
| various aspects of an individual's life, including business and personal relationships and career opportunities. | incluidas las relaciones comerciales y personales y las oportunidades profesionales. |
| As only you can know to how many, and to which, groups and individuals you have transmitted the defamatory statements, at this point I will specify that you have refered to us, the individuals and entities promoting and acting in the legal action against your entity as "scumbags" (mamarrachos), "scammers, swindlers, racketeers" (estafadores, engañadores, ladrones) or that the legal actions taken and promoted against your entities (PDVSA, CITGO, etc) are "fraudulent", do not exist, and that those who join us are at risk of being victims of a fraud being perpetrated by us. | Como sólo usted puede saber a cuántos y a cuáles grupos e individuos ha transmitido las declaraciones difamatorias, en este punto especificaré que se ha referido a nosotros, los individuos y entidades que promueven y actúan en la acción legal contra su entidad. como "mamarrachos", "estafadores, engañadores, ladrones" o que las acciones legales emprendidas y promovidas contra sus entidades (PDVSA, CITGO, etc) son "fraudulentas", que no existen, y que quienes se unen a nosotros corren el riesgo de ser víctimas de un fraude perpetrado por nosotros. |
| Those are, as you know, totally false and malicious statements. Such statements even put at risk the life and safety of the affected. | Se trata, como usted sabe, de declaraciones totalmente falsas y maliciosas. Tales declaraciones ponen incluso en riesgo la vida y la seguridad de los afectados. |
| I firmly believe in resolving conflicts through open and constructive communication rather than pursuing protracted legal actions that can be both time-consuming and costly for all parties involved. Therefore, I am writing to request that you take the following actions to rectify the situation: | Creo firmemente en la resolución de conflictos a través de una comunicación abierta y constructiva en lugar de emprender acciones legales prolongadas que pueden llevar mucho tiempo y ser costosas para todas las partes involucradas. Por lo tanto, le escribo para solicitarle que tome las siguientes medidas para rectificar la situación: |
| 1. Cease and Desist: I kindly request that you immediately cease making any further defamatory statements or engaging in any actions that could further harm the reputation of the mentioned parties and nine. | 1. Cese y desista: Le solicito que deje inmediatamente de hacer más declaraciones difamatorias o de participar en cualquier acción que pueda dañar aún más la reputación de las partes mencionadas y la mía. |
| | 2. Retractación y Disculpa: Le solicito que emita una retractación |

Mailing Address
Ivan Freites.  5331 NW 112th Ave, Apart. 102, Doral, FL, 33178
EMail:paiscondestino@gmail.com

**Sindicato Nacional de Trabajadores**
**Ivan R. Freites C.**

| English | Spanish |
|---|---|
| 2. Retraction and Apology: I ask that you issue a written retraction of the defamatory statements you have made, acknowledging their falsehood and the harm they have caused. A sincere written apology would also be appreciated. | por escrito de las declaraciones difamatorias que haya realizado, reconociendo su falsedad y el daño que han causado. También se agradecería una sincera disculpa por escrito. |
| 3. Public Clarification: As these defamatory statements were made publicly and that you instructed for its communication via social media, I request that you issue a public clarification to the same audience to ensure that the correction reaches those who were exposed to the false information. | 3. Aclaración Pública: Dado que estas declaraciones difamatorias fueron hechas públicamente y que usted instruyó para su comunicación a través de las redes sociales, le solicito que emita una aclaración pública a la misma audiencia para asegurar que la corrección llegue a quienes estuvieron expuestos a la información falsa. |
| 4. No Recurrence: Commit to refraining from making any future defamatory statements about the the mentioned parties and me and or engaging in any actions that could harm the reputation of the mentioned parties or mine. | 4. No Recurrencia: Comprometerse a abstenerse de realizar futuras declaraciones difamatorias sobre las partes mencionadas y sobre mí y/o participar en cualquier acción que pueda dañar la reputación de las partes mencionadas o la mía. |
| 5. Monetary Compensation: Given the significant harm caused to our personal and professional lives, we also request that we explore the possibility of resolving this matter through Alternative Dispute Resolution (ADR) arbitration. We are open to engaging in ADR to determine an appropriate amount of monetary compensation for the harm we have suffered collectively. | 5. Compensación monetaria: Dado el daño significativo causado a nuestra vida personal y profesional, también solicitamos que exploremos la posibilidad de resolver este asunto a través del arbitraje de Resolución Alternativa de Disputas (ADR). Estamos abiertos a participar en ADR para determinar una cantidad adecuada de compensación monetaria por el daño que hemos sufrido colectivamente. |
| We believe that taking these steps will demonstrate your willingness to rectify the situation and mitigate the harm caused. It is our hope that we can resolve this matter amicably and without the need for legal intervention. | Creemos que tomar estas medidas demostrará su voluntad de rectificar la situación y mitigar el daño causado. Es nuestra esperanza que podamos resolver este asunto de manera amigable y sin necesidad de intervención legal. |

Mailing Address
Ivan Freites.  5331 NW 112th Ave, Apart. 102, Doral, FL, 33178
EMail:paisocondestino@gmail.com

**Sindicato Nacional de Trabajadores**
**Ivan R. Freites C.**

| | |
|---|---|
| Please respond in writing to this letter within seven days to confirm your commitment to rectifying this situation and your willingness to engage in ADR arbitration for the purpose of determining compensation. Failure to do so may leave us with no alternative but to explore legal remedies to protect our rights and reputations. | Responda por escrito a esta carta dentro de los siete días para confirmar su compromiso de rectificar esta situación y su voluntad de participar en un arbitraje ADR con el fin de determinar la compensación. De no hacerlo, es posible que no nos quede otra alternativa que explorar recursos legales para proteger nuestros derechos y reputación. |
| We sincerely hope that we can resolve this matter in a manner that allows all parties to move forward without further conflict. We are open to discussing this issue further if you wish to engage in a productive dialogue. | Esperamos sinceramente que podamos resolver este asunto de una manera que permita a todas las partes avanzar sin más conflictos. Estamos abiertos a seguir discutiendo este tema si desea entablar un diálogo productivo. |
| Thank you for your prompt attention to this matter. | Gracias por su pronta atención, a este asunto. |
| Sincerely, | Atentamente, |
| Ivan R. Freites C.          Lead Plaintiff (name reserved) | Ivan R. Freites C.          Demandante principal (nombre reservado) |
| Pro Venezuela Verein     Sindicato Nacional de Trabajadores | Pro Venezuela Verein     Sindicato Nacional de Trabajadores |

<u>Mailing Address</u>
Ivan Freites.  5331 NW 112th Ave, Apart. 102, Doral, FL, 33178
EMail:paiscondestino@gmail.com

**Exhibit C**

Copy of email sent On October 2nd 17 at 12:03 PM Eastern Time, shortly before

the meeting, where Michael Diaz reminded his team to join the call and confirming

that it was a pre-scheduled, attorney-client privileged meeting.







Jorge Alejandro Rodriguez M. <jorge.r@intramaq.com>

**Representation in Zürich / workers indemnization from CITGO and PDVSA - International law commercial, workers rights, civil rights and human rights**

2 de octubre de 2023, 6:03 p.m.

**Michael Diaz** <MDiaz@diazreus.com>
Para: "Jorge Alejandro Rodriguez M." <jorge.r@intramaq.com>
CC: Javier Coronado <jcoronado@diazreus.com>, Marta Colomar Garcia <mcolomar@diazreus.com>, Jorge Schmidt <jschmidt@diazreus.com>, Isabela Hernandez-Peredo <IHernandezPeredo@diazreus.com>, MD Meetings <MDMeetings@diazreus.com>

Are we having the call? No one is on.

**Michael Diaz**
Managing Partner | B.C.S.

Board Certified in International
Litigation and Arbitration

Diaz, Reus & Targ, LLP
100 SE 2nd Street
Suite 3400 | Miami Tower
Miami, Florida 33131
Office: 305.375.9220

MDiaz@diazreus.com | www.diazreus.com

North America . Latin America . Europe . Asia . Middle East . Africa

NOTICE: The information contained in this electronic mail transmission is intended by this law firm for the use of the named individual or entity to which it is directed and may contain information that is privileged or otherwise confidential. It is not intended for transmission to, or receipt by, anyone other than the named addressee. It should not be copied or forwarded to any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying or forwarding it, and notify the sender of the error by reply e-mail or calling the above telephone

number (collect) so that our address record can be corrected. Thank you for your cooperation.

DIAZ, REUS & TARG LLP IS AN INTERNATIONAL LEGAL PRACTICE PROVIDING CLIENT SERVICES WORLDWIDE THROUGH ITS MEMBER FIRMS AND AFFILIATES. ANY REFERENCE TO A "PARTNER" MEANS A PERSON WHO IS A PARTNER, MEMBER, CONSULTANT, OR EMPLOYEE WITH EQUIVALENT STANDING AND QUALIFICATIONS IN ONE OF DIAZ REUS' MEMBER FIRMS OR AFFILIATES.

On Sep 20, 2023, at 12:24 PM, Jorge Alejandro Rodriguez M. <jorge.r@intramaq.com> wrote:

Let's discuss it, we are all reasonable people.
Please suggest a time slot any day next week between 9.00 to noon Miami time.
Kind regards,

Jorge

On Wed, Sep 20, 2023, 5:50 PM Michael Diaz <MDiaz@diazreus.com> wrote:
Hello Jorge, I'm happy to discuss with you sometime next week, but please understand we cannot and will not consider this case on a contingency fee / "contra resultados" basis given it's complexities and the amount of resources we need to dedicate to the case.

**Michael Diaz**
Managing Partner | B.C.S.

Board Certified in International
Litigation and Arbitration

Diaz, Reus & Targ, LLP
100 SE 2nd Street
Suite 3400 | Miami Tower
Miami, Florida 33131
Office: 305.375.9220

MDiaz@diazreus.com | www.diazreus.com

North America . Latin America . Europe . Asia . Middle East . Africa

NOTICE: The information contained in this electronic mail transmission is intended by this law firm for the use of the named individual or entity to which it is directed and may contain information that is privileged or otherwise confidential. It is not intended for transmission to, or receipt by, anyone other than the named addressee. It should not be copied or forwarded to any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying or forwarding it, and notify the sender of the error by reply e-mail or calling the above telephone number (collect) so that our address record can be corrected. Thank you for your cooperation.

DIAZ, REUS & TARG LLP IS AN INTERNATIONAL LEGAL PRACTICE PROVIDING CLIENT SERVICES WORLDWIDE THROUGH ITS MEMBER FIRMS AND AFFILIATES. ANY REFERENCE TO A "PARTNER" MEANS A PERSON WHO IS A PARTNER, MEMBER, CONSULTANT, OR EMPLOYEE WITH EQUIVALENT STANDING AND QUALIFICATIONS IN ONE OF DIAZ REUS' MEMBER FIRMS OR AFFILIATES.

On Sep 20, 2023, at 11:28 AM, Jorge Alejandro Rodriguez M. <jorge.r@intramaq.com> wrote:

Hi Michael,

I hope this email finds you well.

I am writing to request an initial consultation with you regarding a case related to Petroleos de Venezuela S.A. (PDVSA) refering to litigation in Federal Court in the US of a case related to workers indemnization from CITGO and PDVSA.- International law commercial, workers rights, civil rights and human rights.

The case relates to the collection of unpaid workers compensation for several thousands of workers in an amount estimated in several billion USD.

As you previously represented me and I am aware of some of your previous litigations in matters related to foreign firms as well as of your familiarity with Venezuelan substantive law and US Law in general, I therefore believe that your expertise in this area aligns with the specific needs of our case.

I am interested in discussing the details further and exploring potential legal strategies. , I understand that this consultation will be subject to client-attorney privilege, non-binding with respect to engagement of parties, and without any associated fees or costs unless specifically agreed upon in writing.

Would it be possible to arrange a consultation at your earliest convenience?

I am available from 10:00 am to 20:00 Central European (Zürich) time and can accommodate your preferred mode of consultation, whether it be in person, over the phone, or via video conference.

During our consultation, I hope to:

1. Provide a more comprehensive overview of the case.
2. Understand your approach to similar cases or issues.

3. Discuss potential legal remedies and strategies.
4. Address any questions or concerns you may have.
5. Clarify the next steps and potential timelines.

I understand that your time is valuable, and I greatly appreciate your consideration of our request. If you require any additional information or documentation ahead of our meeting, please do not hesitate to let me know.

Thank you for considering my request for consultation. I look forward to the opportunity to speak with you and potentially work together to address the matters related to PDVSA-CITGO.

Kind regards,

Jorge Alejandro Rodriguez

+41 79 272 00 69

On Wed, Oct 26, 2022, 23:11 Michael Diaz <MDiaz@diazreus.com> wrote:

Send more info on the case and what you need

**Michael Diaz**
Managing Partner | B.C.S.
Board Certified In International
Litigation and Arbitration

Diaz, Reus & Targ, LLP
100 SE 2nd Street
Suite 3400 | Miami Tower
Miami, Florida 33131
Office: 305.375.9220

MDiaz@diazreus.com | www.diazreus.com
United States . Latin America . Europe . Asia . Middle East . Africa

NOTICE: The information contained in this electronic mail transmission is intended by this law firm for the use of the named individual or entity to which it is directed and may contain information that is privileged or otherwise confidential. It is not intended for transmission to, or receipt by, anyone other than the named addressee. It should not be copied or forwarded to any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying or forwarding it, and notify the sender of the error by reply e-mail or calling the above telephone number (collect) so that our address record can be corrected. Thank you for your cooperation.

DIAZ, REUS & TARG LLP IS AN INTERNATIONAL LEGAL PRACTICE PROVIDING CLIENT SERVICES WORLDWIDE THROUGH ITS MEMBER FIRMS AND AFFILIATES. ANY REFERENCE TO A "PARTNER" MEANS A PERSON WHO IS A PARTNER, MEMBER, CONSULTANT, OR EMPLOYEE WITH EQUIVALENT STANDING AND QUALIFICATIONS IN ONE OF DIAZ REUS' MEMBER FIRMS OR AFFILIATES.

On Oct 26, 2022, at 4:27 AM, Jorge Alejandro Rodriguez M. <jorge.r@intramaq.com> wrote:

Hello Michael,
Hope it is all well with you, I see many success stories in the press.

I am looking for a Zürich based law firm in order to litigate/negotiate for a breach of contract against a Swiss/German firm.

As it is related to the case you advised me on through 2013-2015 (Continental vs. DMG), I thought you might have a representative firm here in Zürich.

Looking forward to hearing from you,

Jorge Alejandro Rodriguez

On Wed, Oct 7, 2020, 3:22 PM Michael Diaz <MDiaz@diazreus.com> wrote:

**Michael Diaz**
Managing Partner | B.C.S.

Board Certified in International
Litigation and Arbitration

Diaz, Reus & Targ, LLP
100 SE 2nd Street
Suite 3400 | Miami Tower
Miami, Florida 33131
Office: 305.375.9220

MDiaz@diazreus.com | www.diazreus.com

United States . Latin America . Europe . Asia . Middle East . Africa

NOTICE: The information contained in this electronic mail transmission is
intended by this law firm for the use of the named individual or entity to which
it is directed and may contain information that is privileged or otherwise
confidential. It is not intended for transmission to, or receipt by, anyone other
than the named addressee. It should not be copied or forwarded to any
unauthorized persons. If you have received this electronic mail transmission in
error, please delete it from your system without copying or forwarding it, and
notify the sender of the error by reply e-mail or calling the above telephone
number (collect) so that our address record can be corrected. Thank you for
your cooperation.

DIAZ, REUS & TARG LLP IS AN INTERNATIONAL LEGAL PRACTICE
PROVIDING CLIENT SERVICES WORLDWIDE THROUGH ITS MEMBER
FIRMS AND AFFILIATES. ANY REFERENCE TO A "PARTNER" MEANS A
PERSON WHO IS A PARTNER, MEMBER, CONSULTANT, OR EMPLOYEE
WITH EQUIVALENT STANDING AND QUALIFICATIONS IN ONE OF DIAZ
REUS' MEMBER FIRMS OR AFFILIATES.

Begin forwarded message:

From: "Marie C. Battier" <mbattier@diazreus.com>
Date: October 7, 2020 at 9:01:23 AM EDT
To: DRT ALL <DRTAll@diazreus.com>
Subject: Results: Legal500 Latin America 2021

Excellent news today with the new Legal500 Latin America ranking:

- COMPLIANCE & INVESTIGATIONS (new practice are this year for Legal500 Latam): DRT is ranked in tier 3,
together with Jones Day, Quinn Emanuel Urquhart & Sullivan, LLP, Ropes & Gray LLP, Vinson & Elkins LLP and
White & Case LLP.

**Michael Diaz Jr. is in the Leading Individuals list. Bob, Juan and Marta are recommended**

**Comments:**
The Miami-headquartered Diaz Reus International Law Firm & Alliance is highly rated for white-collar crime, financial fraud and FCPA investigations, and is particularly noted for its experience in money-laundering and OFAC violation investigations. The firm frequently acts for foreign governments, state-owned enterprises and public officials. It also routinely helps clients avoid criminal indictments and has a history of negotiating with US law enforcement agencies; this includes pre-indictment resolution strategies in criminal investigations by the US Attorney's Office in Miami, New York and Houston, and the US Department of Justice and its law enforcement agencies. Global managing partner Michael Diaz is a prominent name in the sector, as is Robert Targ. Of counsel Juan Vargas and administrative managing partner Marta Colomar-Garcia are also notable names. All are based in Miami.

**Client Testimonials**

'They are extremely professional, they have the complete understanding about the legal procedures and the best routes to be followed to achieve the appropriate solution to the demands.'

'Their performance is excellent. Their strength is in their attorneys' knowledge, professionalism and the administrative staff.'

'Michael Diaz, Robert Targ and Juan Varga are highly trained and experienced lawyers, with an exceptional analytical ability. They go directly to the important points, have great bargaining power, and thorough knowledge of the laws and the paths to be followed to find the solution to the problem.'

'Michael Diaz, like the rest of his team, is extremely fair, human, identifies with the client's situation, and works hard without limits to achieve convincing results in the cases.'

**-INTERNATIONAL ARBITRATION: DRT is newly ranked (tier 5)**

**-CITY FOCUS: MIAMI FIRMS: DRT is on the list again this year: Michael, Bob, Gary and Marta are recommended**
**Comments:**
Diaz Reus International Law Firm & Alliance has a phenomenal presence in white-collar crime and FCPA investigations. It has a rich track record in financial fraud, international asset recovery, anti-money laundering, and OFAC compliance. In addition, the firm is achieving further growth in immigration and Latin America corporate transactions, especially those involving large family-owned businesses. Key markets include Mexico, Colombia, Brazil, Venezuela, Guatemala and Honduras. It is well known for representing foreign governments, state-owned enterprises, public officials, financial institutions, multinationals and high net worth individuals. It has a fine record in handling and avoiding criminal indictments and negotiating with US law enforcement agencies; this includes in relation to Latin American jurisdictions that are perceived to be national security threats to the US. Moreover, the firm is making a significant impression in international arbitration involving Latin American entities. Global managing partner Michael Diaz has an outstanding reputation in FCPA and OFAC cases, financial fraud investigations, asset-tracing and general white-collar crime matters. Founding partner Robert Targ is also highly reputed for white-collar crime and investigations, while Gary Davidson is the key partner for international arbitrations. Marta Colomar-Garcia is also has a growing practice in Latin America litigation and arbitration.

See here for Miami firms in Latam: https://www.legal500.com/c/latin-america-international-firms/city-focus-miami/

See all the results here (you'll see the USA ranking first): https://www.legal500.com/firms/52895-diaz-reus-international-law-firm-alliance/56366-miami-usa/#section-1194199

**COLOMBIA**
**The DRT office is ranked for the first time in CORPORATE, M&A (Tier 4).**
See here: https://www.legal500.com/c/colombia/corporate-and-ma/

CONGRATS!!!

**Marie C. Battier**
Marketing Director

Diaz, Reus & Targ, LLP
100 SE 2nd Street
Suite 3400 | Miami Tower
Miami, Florida 33131

**Office:** +1 786 319 1970
mbattier@diazreus.com | www.diazreus.com

United States . Latin America . Europe . Asia . Middle East . Africa

NOTICE: The information contained in this electronic mail transmission is intended by this law firm for the use of the named individual or entity to which it is directed and may contain information that is privileged or otherwise confidential. It is not intended for transmission to, or receipt by, anyone other than the named addressee. It should not be copied or forwarded to any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying or forwarding it, and notify the sender of the error by reply e-mail or calling the above telephone number (collect), so that our address record can be corrected. Thank you for your cooperation.

DIAZ, REUS & TARG LLP IS AN INTERNATIONAL LEGAL PRACTICE PROVIDING CLIENT SERVICES WORLDWIDE THROUGH ITS MEMBER FIRMS AND AFFILIATES. ANY REFERENCE TO A "PARTNER" MEANS A PERSON WHO IS A PARTNER, MEMBER, CONSULTANT OR EMPLOYEE WITH EQUIVALENT STANDING AND QUALIFICATIONS IN ONE OF DIAZ REUS' MEMBER FIRMS OR AFFILIATES.

image706752.jpg

**Exhibit D**

Copy of email sent on February 19, 2025, to Marta Colomar García, Javier

Coronado, and Michael Diaz, raising concerns regarding:

- Confidentiality obligations;

- Improper representation of Defendant Medina; and

- Potential communications with Sardi Law PLLC.

M4 Gmail

Jorge Alejandro Rodriguez M. <jorge.r@intramaq.com>

## Confidentiality Obligations, Improper Representation, and Communication with Other Defense Counsel

Jorge Alejandro Rodriguez M. <jorge.r@intramaq.com>                                                                 19 de febrero 2025, 8:09 p.m.
Para: Maria Colomar Garcia <mcolomar@diazreus.com>, Javier Coronado <jcoronado@diazreus.com>, Michael Diaz <MDiaz@diazreus.com>
CC: Michael Diaz <MDiaz@diazreus.com>, Jorge Schmidt <jschmidt@diazreus.com>, Isabela Hernandez-Peredo <IHernandezPeredo@diazreus.com>, ivanfreitas7@gmail.com

Dear all,

I am writing to address several matters of significant concern regarding the confidentiality obligations associated with our previous discussions and the current representation of Defendant Horacio Medina by your firm.

Firstly, as you are fully aware, our communications relating to the "Workers Indemnization from CITGO and PDVSA - International law commercial, workers rights, civil rights and human rights" including the ongoing investigation concerning Defendant Horacio Medina were conducted under strict confidentiality, with the expectation that any information shared would be handled accordingly.

It has come to my attention that there may be, or could be, communications between Diaz Reus LLP and other law firms including Sardi Law PLLC and others, representing additional defendants in this matter. I must remind you that any such communications involving details, strategies, or information discussed during our confidential exchanges would be improper and potentially prejudicial to my interests and those of my associates and co-Plaintiffs.

Please note that as it can be observed in the case currently filed by Plaintiff Ivan Freitas in the USDC for Southern Florida where you represent Defendant Medina and of which several key aspects were discussed by us with your law firm, that to our believe the actions by Medina and others constitute a deliberate illegal and tortious interference in the case filed in the USDC for the District of Delaware by Freitas and me – among others - and that said Honorable Court has been prayed to order Sanctions against Defendant Medina for Tortious interference in said proceedings.

Secondly, I must also raise the issue of Diaz Reus LLP's current representation of Defendant Horacio Medina, which I consider improper under the circumstances. Given the extensive confidential discussions previously held with your firm, this representation poses significant ethical concerns, including potential conflicts of interest and the risk of misuse of privileged information.

To avoid any misunderstanding, I hereby advise that:

1. **No confidential information shared with your firm is to be disclosed to third parties, including law firms representing other defendants, without my prior written consent.**

2. Should there be a necessity for inter-counsel communication, it must be conducted within a framework that respects the confidentiality obligations established during our discussions.

3. **The current representation of Defendant Horacio Medina by Diaz Reus LLP is considered improper and I urge your firm to immediately address this conflict of interest, which could otherwise result in appropriate legal measures.**

4. Any breach of these obligations or failure to resolve the representation issue could result in immediate legal recourse, including but not limited to:

   - Seeking judicial intervention to prevent further disclosure.
   - Filing appropriate motions for the disqualification of Diaz Reus LLP from further involvement in this matter.

I trust that Diaz Reus LLP will adhere strictly to these obligations and take the necessary measures to prevent any action that could compromise the integrity of any of the ongoing proceedings or my legal position.

A copy of this E-mail is being sent to my associate and co-Plaintiff Mr. Ivan Freitas.

Please confirm receipt of this communication and your firm's commitment to maintaining the confidentiality obligations and addressing the representation concerns as outlined.

Sincerely,

Jorge Alejandro Rodriguez

On Mon, Oct 2, 2023, 6:06 PM Maria Colomar Garcia <mcolomar@diazreus.com> wrote:
The link was sent last week. Resending

Elenit Wizzard is inviting you to a scheduled Zoom meeting.

Join Zoom Meeting
https://zoom.us/j/92990744032?pwd=VldiSy9ZUjVYQTlER0ZSY0ZWSm0zdz09

Meeting ID: 929 9074 4032
Passcode: 622659

—

One tap mobile
+13052241968,,92990744032#,,,,*622859# US
+16465588858,,92990744032#,,,,*622859# US (New York)

—

Dial by your location
• +1 305 224 1968 US
• +1 646 558 8656 US (New York)
• +1 646 931 3860 US
• +1 301 715 8592 US (Washington DC)
• +1 309 205 3325 US
• +1 312 626 6799 US (Chicago)
• +1 253 215 8782 US (Tacoma)
• +1 346 248 7799 US (Houston)
• +1 360 209 5623 US
• +1 386 347 5053 US
• +1 507 473 4847 US
• +1 564 217 2000 US
• +1 669 444 9171 US
• +1 669 900 9128 US (San Jose)
• +1 689 278 1000 US
• +1 719 359 4580 US
• +1 253 205 0468 US

Meeting ID: 929 9074 4032
Passcode: 622659

Find your local number: https://zoom.us/u/abhQrY7PFY

Marta Colomar Garcia
Administrative Managing Partner



Diaz, Reus & Targ, LLP
100 SE 2nd Street
Suite 3400 | Miami Tower
Miami, Florida 33131

Office: 305.375.9220
mcolomar@diazreus.com | www.diazreus.com

North America . Latin America . Europe . Asia . Middle East . Africa

    

NOTICE: The information contained in this electronic mail transmission is
intended by this law firm for the use of the named individual or entity to which
it is directed and may contain information that is privileged or otherwise
confidential. It is not intended for transmission to, or receipt by, anyone other
than the named addressee. It should not be copied or forwarded to any
unauthorized persons. If you have received this electronic mail transmission in
error, please delete it from your system without copying or forwarding it, and
notify the sender of the error by reply e-mail or calling the above telephone
number (collect) so that our address record can be corrected. Thank you for
your cooperation.

DIAZ, REUS & TARG LLP IS AN INTERNATIONAL LEGAL PRACTICE
PROVIDING CLIENT SERVICES WORLDWIDE THROUGH ITS MEMBER
FIRMS AND AFFILIATES. ANY REFERENCE TO A "PARTNER" MEANS A
PERSON WHO IS A PARTNER, MEMBER, CONSULTANT, OR EMPLOYEE
WITH EQUIVALENT STANDING AND QUALIFICATIONS IN ONE OF DIAZ
REUS' MEMBER FIRMS OR AFFILIATES.

---

From: Michael Diaz <MDiaz@diazreus.com>
Sent: Monday, October 2, 2023 12:03:17 PM
To: Jorge Alejandro Rodriguez M. <jorge.r@intramaq.com>
Cc: Javier Coronado <jcoronado@diazreus.com>; Marta Colomar Garcia <mcolomar@diazreus.com>; Jorge Schmidt <jschmidt@diazreus.com>; Isabela Hernandez-Peredo <IHernandezPeredo@diazreus.com>; MD Meetings <MDMeetings@diazreus.com>
Subject: Re: Representation in Zürich / workers indemnization from CITGO and PDVSA – International law commercial, workers rights, civil rights and human rights

Are we having the call? No one is on.

Michael Diaz
Managing Partner | B.C.S.
Board Certified in International
Litigation and Arbitration



Diaz, Reus & Targ, LLP
100 SE 2nd Street
Suite 3400 | Miami Tower
Miami, Florida 33131
Office: 305.375.9220

MDiaz@diazreus.com | www.diazreus.com

North America . Latin America . Europe . Asia . Middle East . Africa



NOTICE: The information contained in this electronic mail transmission is
intended by this law firm for the use of the named individual or entity to which
it is directed and may contain information that is privileged or otherwise
confidential. It is not intended for transmission to, or receipt by, anyone other
than the named addressee. It should not be copied or forwarded to any
unauthorized persons. If you have received this electronic mail transmission in
error, please delete it from your system without copying or forwarding it, and
notify the sender of the error by reply e-mail or calling the above telephone
number (collect) so that our address record can be corrected. Thank you for
your cooperation.

DIAZ, REUS & TARG LLP IS AN INTERNATIONAL LEGAL PRACTICE
PROVIDING CLIENT SERVICES WORLDWIDE THROUGH ITS MEMBER
FIRMS AND AFFILIATES. ANY REFERENCE TO A "PARTNER" MEANS A
PERSON WHO IS A PARTNER, MEMBER, CONSULTANT, OR EMPLOYEE
WITH EQUIVALENT STANDING AND QUALIFICATIONS IN ONE OF DIAZ
REUS' MEMBER FIRMS OR AFFILIATES.

On Sep 20, 2023, at 12:24 PM, Jorge Alejandro Rodriguez M. <jorge.r@intramaq.com> wrote:

Let's discuss it, we are all reasonable people.
Please suggest a time slot any day next week between 9.00 to noon Miami time.
Kind regards,

Jorge

On Wed, Sep 20, 2023, 5:50 PM Michael Diaz <MDiaz@diazreus.com> wrote:
Hello Jorge, I'm happy to discuss with you sometime next week, but please understand we cannot and will not consider this case on a contingency fee / "contra resultados" basis given it's complexities and the amount of resources we need to dedicate to the case.

Michael Diaz
Managing Partner | B.C.S.
Board Certified in International
Litigation and Arbitration

Diaz, Reus & Targ, LLP
100 SE 2nd Street
Suite 3400 | Miami Tower
Miami, Florida 33131
Office: 305.375.9220

MDiaz@diazreus.com | www.diazreus.com

North America . Latin America . Europe . Asia . Middle East . Africa

NOTICE: The information contained in this electronic mail transmission is
intended by this law firm for the use of the named individual or entity to which
it is directed and may contain information that is privileged or otherwise
confidential. It is not intended for transmission to, or receipt by, anyone other
than the named addressees. It should not be copied or forwarded to any
unauthorized persons. If you have received this electronic mail transmission in
error, please delete it from your system without copying or forwarding it, and
notify the sender of the error by reply e-mail or calling the above telephone
number (collect) so that our address record can be corrected. Thank you for
your cooperation.

DIAZ, REUS & TARG LLP IS AN INTERNATIONAL LEGAL PRACTICE
PROVIDING CLIENT SERVICES WORLDWIDE THROUGH ITS MEMBER
FIRMS AND AFFILIATES. ANY REFERENCE TO A "PARTNER" MEANS A
PERSON WHO IS A PARTNER, MEMBER, CONSULTANT, OR EMPLOYEE
WITH EQUIVALENT STANDING AND QUALIFICATIONS IN ONE OF DIAZ
REUS' MEMBER FIRMS OR AFFILIATES.

On Sep 20, 2023, at 11:28 AM, Jorge Alejandro Rodriguez M. <jorge.r@intramaq.com> wrote:

Hi Michael,

I hope this email finds you well.

I am writing to request an initial consultation with you regarding a case related to Petroleos de Venezuela S.A. (PDVSA) refering to litigation in
Federal Court in the US of a case related to workers indemnization from CITGO and PDVSA - International law commercial, workers rights, civil
rights and human rights.

The case relates to the collection of unpaid workers compensation for several thousands of workers in an amount estimated in several billion USD.

As you previously represented me and I am aware of some of your previous litigations in matters related to foreign firms as well as of your familiarity
with Venezuelan substantive law and US Law in general, I therefore believe that your expertise in this area aligns with the specific needs of our
case.

I am interested in discussing the details further and exploring potential legal strategies. . I understand that this consultation will be subject to client-
attorney privilege, non-binding with respect to engagement of parties, and without any associated fees or costs unless specifically agreed upon in
writing.

Would it be possible to arrange a consultation at your earliest convenience?

I am available from 10:00 am to 20:00 Central European (Zürich) time and can accommodate your preferred mode of consultation, whether it be in
person, over the phone, or via video conference.

During our consultation, I hope to:

1. Provide a more comprehensive overview of the case.
2. Understand your approach to similar cases or issues.

3. Discuss potential legal remedies and strategies.
4. Address any questions or concerns you may have.
5. Clarify the next steps and potential timelines.

I understand that your time is valuable, and I greatly appreciate your consideration of our request. If you require any additional information or
documentation ahead of our meeting, please do not hesitate to let me know.

Thank you for considering my request for consultation. I look forward to the opportunity to speak with you and potentially work together to address
the matters related to PDVSA-CITGO.

Kind regards,

Jorge Alejandro Rodriguez

+41 79 272 00 89

On Wed, Oct 26, 2022, 23:11 Michael Diaz <MDiaz@diazreus.com> wrote:

Send more info on the case and what you need

Michael Diaz
Managing Partner | B.C.S.
Board Certified in International
Litigation and Arbitration

Diaz, Reus & Targ, LLP
100 SE 2nd Street
Suite 3400 | Miami Tower
Miami, Florida 33131
Office: 305.375.9220

MDiaz@diazreus.com | www.diazreus.com

United States . Latin America . Europe . Asia . Middle East . Africa

NOTICE: The information contained in this electronic mail transmission is
intended by this law firm for the use of the named individual or entity to which
it is directed and may contain information that is privileged or otherwise
confidential. It is not intended for transmission to, or receipt by, anyone other
than the named addressee. It should not be copied or forwarded to any
unauthorized persons. If you have received this electronic mail transmission in
error, please delete it from your system without copying or forwarding it, and
notify the sender of the error by reply e-mail or calling the above telephone
number (collect) so that our address record can be corrected. Thank you for
your cooperation.

DIAZ, REUS & TARG LLP IS AN INTERNATIONAL LEGAL PRACTICE
PROVIDING CLIENT SERVICES WORLDWIDE THROUGH ITS MEMBER
FIRMS AND AFFILIATES. ANY REFERENCE TO A "PARTNER" MEANS A
PERSON WHO IS A PARTNER, MEMBER, CONSULTANT, OR EMPLOYEE
WITH EQUIVALENT STANDING AND QUALIFICATIONS IN ONE OF DIAZ
REUS' MEMBER FIRMS OR AFFILIATES.

On Oct 26, 2022, at 4:27 AM, Jorge Alejandro Rodriguez M. <jorge.r@intramaq.com> wrote:

Hello Michael,
Hope it is all well with you, I see many success stories in the press.

I am looking for a Zürich based law firm in order to litigate/negotiate for a breach of contract against a Swiss/German firm.

As it is related to the case you advised me on through 2013-2015 (Continental  vs. DMG), I thought you might have a representative firm here in Zürich.

Looking forward to hearing from you,

Jorge Alejandro Rodriguez

On Wed, Oct 7, 2020, 3:22 PM Michael Diaz <MDiaz@diazreus.com> wrote:


Michael Diaz
Managing Partner | B.C.S.
Board Certified in International
Litigation and Arbitration

Diaz, Reus & Targ, LLP
100 SE 2nd Street
Suite 3400 | Miami Tower
Miami, Florida 33131
Office: 305.375.9220

MDiaz@diazreus.com | www.diazreus.com

United States . Latin America . Europe . Asia . Middle East . Africa

NOTICE: The information contained in this electronic mail transmission is
intended by this law firm for the use of the named individual or entity to which
it is directed and may contain information that is privileged or otherwise
confidential. It is not intended for transmission to, or receipt by, anyone other
than the named addressee. It should not be copied or forwarded to any
unauthorized persons. If you have received this electronic mail transmission in
error, please delete it from your system without copying or forwarding it, and
notify the sender of the error by reply e-mail or calling the above telephone
number (collect) so that our address record can be corrected. Thank you for
your cooperation.

DIAZ, REUS & TARG LLP IS AN INTERNATIONAL LEGAL PRACTICE
PROVIDING CLIENT SERVICES WORLDWIDE THROUGH ITS MEMBER
FIRMS AND AFFILIATES. ANY REFERENCE TO A "PARTNER" MEANS A
PERSON WHO IS A PARTNER, MEMBER, CONSULTANT, OR EMPLOYEE
WITH EQUIVALENT STANDING AND QUALIFICATIONS IN ONE OF DIAZ
REUS' MEMBER FIRMS OR AFFILIATES.

Begin forwarded message:

From: "Marie C. Battler" <mbattler@diazreus.com>
Date: October 7, 2020 at 9:01:23 AM EDT
To: DRT ALL <DRTAll@diazreus.com>
Subject: Results: Legal500 Latin America 2021

Excellent news today with the new Legal500 Latin America ranking:

- **COMPLIANCE & INVESTIGATIONS** (new practice are this year for Legal500 Latam): DRT is ranked in tier 3, together with Jones Day, Quinn Emanuel Urquhart & Sullivan, LLP, Ropes & Gray LLP, Vinson & Elkins LLP and White & Case LLP.
**Michael Diaz Jr. is in the Leading Individuals list.**
**Bob, Juan and Marta are recommended**

Comments:
The Miami-headquartered Diaz Reus International Law Firm & Alliance is highly rated for white-collar crime, financial fraud and FCPA investigations, and is particularly noted for its experience in money-laundering and OFAC violation investigations. The firm frequently acts for foreign governments, state-owned enterprises and public officials. It also routinely helps clients avoid criminal indictments and has a history of negotiating with US law enforcement agencies; this includes pre-indictment resolution strategies in criminal investigations by the US Attorney's Office in Miami, New York and Houston, and the US Department of Justice and its law enforcement agencies. Global managing partner Michael Diaz is a prominent name in the sector, as is Robert Targ. Of counsel Juan Vargas and administrative managing partner Marta Colomer-Garcia are also notable names. All are based in Miami.

Client Testimonials

'They are extremely professional, they have the complete understanding about the legal procedures and the best routes to be followed to achieve the appropriate solution to the demands.'

'Their performance is excellent. Their strength is in their attorneys' knowledge, professionalism and the administrative staff.'

'Michael Diaz, Robert Targ and Juan Varga are highly trained and experienced lawyers, with an exceptional analytical ability. They go directly to the important points, have great bargaining power, and thorough knowledge of the laws and the paths to be followed to find the solution to the problem.'

'Michael Diaz, like the rest of his team, is extremely fair, human, identifies with the client's situation, and works hard without limits to achieve convincing results in the cases.'

- **INTERNATIONAL ARBITRATION:** DRT is newly ranked (tier 5)

- **CITY FOCUS: MIAMI FIRMS:** DRT is on the list again this year: Michael, Bob, Gary and Marta are recommended
Comments:
Diaz Reus International Law Firm & Alliance has a phenomenal presence in white-collar crime and FCPA investigations. It has a rich track record in financial fraud, international asset recovery, anti-money laundering, and OFAC compliance. In addition, the firm is achieving further growth in immigration and Latin America corporate transactions, especially those involving large family-owned businesses. Key markets include Mexico, Colombia, Brazil, Venezuela, Guatemala and Honduras. It is well known for representing foreign governments, state-owned enterprises, public officials, financial institutions, multinationals and high net worth individuals. It has a fine record in handling and avoiding criminal indictments and negotiating with US law enforcement agencies; this includes in relation to Latin American jurisdictions that are perceived to be national security threats to the US. Moreover, the firm is making a significant impression in international arbitration involving Latin American entities. Global managing partner Michael Diaz has an outstanding reputation in FCPA and OFAC cases, financial fraud investigations, asset-tracing and general white-collar crime matters. Founding partner Robert Targ is also highly reputed for white-collar crime and investigations, while Gary Davidson is the key partner for international arbitrations. Marta Colomer-Garcia is also has a growing practice in Latin America litigation and arbitration.

See here for Miami firms in Latam: https://www.legal500.com/c/latin-america-international-firms/city-focus-miami/

See all the results here (you'll see the USA ranking first): https://www.legal500.com/firms/52895-diaz-reus-international-law-firm-alliance/56356-miami-usa/#section-1194199

**COLOMBIA**
**The DRT office is ranked for the first time in CORPORATE. M&A (Tier 4).**
See here: https://www.legal500.com/c/colombia/corporate-and-ma/

CONGRATS!!!

Marta C. Battler
Marketing Director

Diaz, Reus & Targ, LLP
100 SE 2nd Street
Suite 3400 | Miami Tower
Miami, Florida 33131

Office: +1 786 319 1970
mbattler@diazreus.com | www.diazreus.com

United States . Latin America . Europe . Asia . Middle East . Africa

NOTICE: The information contained in this electronic mail transmission is intended by this law firm for the use of the named individual or entity to which it is directed and may contain information that is privileged or otherwise confidential. It is not intended for transmission to, or receipt by, anyone other than the named addressee. It should not be copied or forwarded to any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying or forwarding it, and notify the sender of the error by reply e-mail or calling the above telephone number (collect) so that our address record can be corrected. Thank you for your cooperation.

DIAZ, REUS & TARG LLP IS AN INTERNATIONAL LEGAL PRACTICE PROVIDING CLIENT SERVICES WORLDWIDE THROUGH ITS MEMBER FIRMS AND AFFILIATES. ANY REFERENCE TO A "PARTNER" MEANS A PERSON WHO IS A PARTNER, MEMBER, CONSULTANT, OR EMPLOYEE WITH EQUIVALENT STANDING AND QUALIFICATIONS IN ONE OF DIAZ REUS' MEMBER FIRMS OR AFFILIATES.

image706752.jpg

4 archivos adjuntos


Image163721.jpg
23K


Image412608.png
8K


Image917726.jpg
23K


Image716673.png
108K

**Exhibit E**

Copy of response email received on February 19, 2025 from Javier Coronado stating that Díaz Reus LLP was investigating the claims and requested additional supporting documents—despite already possessing relevant records.

**and**

Copy of final notice sent to Díaz Reus LLP on February 28, 2025, demanding that they address the conflict of interest and requesting a judicial conference.

 Gmail

Jorge Alejandro Rodriguez M. <jorge.r@intramaq.com>

---

**Confidentiality Obligations, Improper Representation, and Communication with Other Defense Counsel**

Jorge Alejandro Rodriguez M. <jorge.r@intramaq.com>                                                                 19 de febrero de 2025, 8:09 p.m.
Para: Marta Colomar Garcia <mcolomar@diazreus.com>, Javier Coronado <jcoronado@diazreus.com>, Michael Diaz <MDiaz@diazreus.com>
CC: Michael Diaz <MDiaz@diazreus.com>, Jorge Schmidt <jschmidt@diazreus.com>, Isabela Hernandez-Peredo <IHernandezPeredo@diazreus.com>, ivanfreites7@gmail.com

Dear all,

I am writing to address several matters of significant concern regarding the confidentiality obligations associated with our previous discussions and the current representation of Defendant Horacio Medina by your firm.

Firstly, as you are fully aware, our communications relating to the "Workers Indemnization from CITGO and PDVSA - International law commercial, workers rights, civil rights and human rights" including the ongoing investigation concerning Defendant Horacio Medina were conducted under strict confidentiality, with the expectation that any information shared would be handled accordingly.

It has come to my attention that there may be, or could be, communications between Diaz Reus LLP and other law firms including Sardi Law PLLC and others, representing additional defendants in this matter. I must remind you that any such communications involving details, strategies, or information discussed during our confidential exchanges would be improper and potentially prejudicial to my interests and those of my associates and co-Plaintiffs.

Please note that as it can be observed in the case currently filed by Plaintiff Ivan Freites in the USDC for Southern Florida where you represent Defendant Medina and of which several key aspects were discussed by us with your law firm, that to our believe the actions by Medina and others constitute a deliberate illegal and tortious interference in the cases filed in the USDC for the District of Delaware by Freites and me – among others – and that said Honorable Court has been prayed to order Sanctions against Defendant Medina for Tortious Interference in said proceedings.

Secondly, I must also raise the issue of Diaz Reus LLP's current representation of Defendant Horacio Medina, which I consider improper under the circumstances. Given the extensive confidential discussions previously held with your firm, this representation poses significant ethical concerns, including potential conflicts of interest and the risk of misuse of privileged information.

To avoid any misunderstanding, I hereby clarify that:

1. No confidential information shared with your firm is to be disclosed to third parties, including law firms representing other defendants, without my prior written consent.

2. Should there be a necessity for inter-counsel communication, it must be conducted within a framework that respects the confidentiality obligations established during our discussions.

3. The current representation of Defendant Horacio Medina by Diaz Reus LLP is considered improper and I urge your firm to immediately address this conflict of interest, which could otherwise result in appropriate legal measures.

4. Any breach of these obligations or failure to resolve the representation issue could result in immediate legal recourse, including but not limited to:

   - Seeking judicial intervention to prevent further disclosure.
   - Filing appropriate motions for the disqualification of Diaz Reus LLP from further involvement in this matter.

I trust that Diaz Reus LLP will adhere strictly to these obligations and take the necessary measures to prevent any action that could compromise the integrity of any of the ongoing proceedings or my legal position.

A copy of this E-mail is being sent to my associate and co-Plaintiff Mr. Ivan Freites.

Please confirm receipt of this communication and your firm's commitment to maintaining the confidentiality obligations and addressing the representation concerns as outlined.

Sincerely,


Jorge Alejandro Rodriguez


On Mon, Oct 2, 2023, 6:06 PM Marta Colomar Garcia <mcolomar@diazreus.com> wrote:
The link was sent last week. Resending


Elerit Wizzard is inviting you to a scheduled Zoom meeting.

Join Zoom Meeting
https://zoom.us/j/92990744032?pwd=VldlSy9ZUlVYQTlER0ZSY0ZWSm0zdz09

Meeting ID: 929 9074 4032
Passcode: 622659

---

One tap mobile
+13052241968,,92990744032#,,,,*622659# US
+16465588656,,92990744032#,,,,*622659# US (New York)

---

Dial by your location
• +1 305 224 1968 US
• +1 646 558 8656 US (New York)
• +1 646 931 3860 US
• +1 301 715 8592 US (Washington DC)
• +1 309 205 3325 US
• +1 312 626 6799 US (Chicago)
• +1 253 215 8782 US (Tacoma)
• +1 346 248 7799 US (Houston)
• +1 360 209 5623 US
• +1 386 347 5053 US
• +1 507 473 4847 US
• +1 564 217 2000 US
• +1 669 444 9171 US
• +1 669 900 9128 US (San Jose)
• +1 689 278 1000 US
• +1 719 359 4580 US
• +1 253 205 0468 US

Meeting ID: 929 9074 4032
Passcode: 622659

Find your local number: https://zoom.us/u/abhQrY7PFY

Marta Colomar Garcia
Administrative Managing Partner



Diaz, Reus & Targ, LLP
100 SE 2nd Street
Suite 3400 | Miami Tower
Miami, Florida 33131

Office: 305.375.9220
mcolomar@diazreus.com | www.diazreus.com

North America . Latin America . Europe . Asia . Middle East . Africa

     

NOTICE: The information contained in this electronic mail transmission is
intended by this law firm for the use of the named individual or entity to which
it is directed and may contain information that is privileged or otherwise
confidential. It is not intended for transmission to, or receipt by, anyone other
than the named addressee. It should not be copied or forwarded to any
unauthorized persons. If you have received this electronic mail transmission in
error, please delete it from your system without copying or forwarding it, and
notify the sender of the error by reply e-mail or calling the above telephone
number (collect) so that our address record can be corrected. Thank you for
your cooperation.

DIAZ, REUS & TARG LLP IS AN INTERNATIONAL LEGAL PRACTICE
PROVIDING CLIENT SERVICES WORLDWIDE THROUGH ITS MEMBER
FIRMS AND AFFILIATES. ANY REFERENCE TO A "PARTNER" MEANS A
PERSON WHO IS A PARTNER, MEMBER, CONSULTANT, OR EMPLOYEE
WITH EQUIVALENT STANDING AND QUALIFICATIONS IN ONE OF DIAZ
REUS' MEMBER FIRMS OR AFFILIATES.

---

From: Michael Diaz <MDiaz@diazreus.com>
Sent: Monday, October 2, 2023 12:03:17 PM
To: Jorge Alejandro Rodriguez M. <jorge.r@intramaq.com>
Cc: Javier Coronado <jcoronado@diazreus.com>; Marta Colomar Garcia <mcolomar@diazreus.com>; Jorge Schmidt <jschmidt@diazreus.com>; Isabela Hernandez-Peredo <IHernandezPeredo@diazreus.com>; MD Meetings <MDMeetings@diazreus.com>
Subject: Re: Representation in Zürich / workers indemnization from CITGO and PDVSA - International law commercial, workers rights, civil rights and human rights

Are we having the call? No one is on.

Michael Diaz
Managing Partner | B.C.S.
Board Certified in International
Litigation and Arbitration



Diaz, Reus & Targ, LLP
100 SE 2nd Street
Suite 3400 | Miami Tower
Miami, Florida 33131
Office: 305.375.9220

MDiaz@diazreus.com | www.diazreus.com

North America . Latin America . Europe . Asia . Middle East . Africa



NOTICE: The information contained in this electronic mail transmission is
intended by this law firm for the use of the named individual or entity to which
it is directed and may contain information that is privileged or otherwise
confidential. It is not intended for transmission to, or receipt by, anyone other
than the named addressee. It should not be copied or forwarded to any
unauthorized persons. If you have received this electronic mail transmission in
error, please delete it from your system without copying or forwarding it, and
notify the sender of the error by reply e-mail or calling the above telephone
number (collect) so that our address record can be corrected. Thank you for
your cooperation.

DIAZ, REUS & TARG LLP IS AN INTERNATIONAL LEGAL PRACTICE
PROVIDING CLIENT SERVICES WORLDWIDE THROUGH ITS MEMBER
FIRMS AND AFFILIATES. ANY REFERENCE TO A "PARTNER" MEANS A
PERSON WHO IS A PARTNER, MEMBER, CONSULTANT, OR EMPLOYEE
WITH EQUIVALENT STANDING AND QUALIFICATIONS IN ONE OF DIAZ
REUS' MEMBER FIRMS OR AFFILIATES.

On Sep 20, 2023, at 12:24 PM, Jorge Alejandro Rodriguez M. <jorge.r@intramaq.com> wrote:

Let's discuss it, we are all reasonable people.
Please suggest a time slot any day next week between 9.00 to noon Miami time.
Kind regards,

Jorge

On Wed, Sep 20, 2023, 5:50 PM Michael Diaz <MDiaz@diazreus.com> wrote:
Hello Jorge, I'm happy to discuss with you sometime next week, but please understand we cannot and will not consider this case on a contingency fee / "contra
resultados" basis given it's complexities and the amount of resources we need to dedicate to the case.

Michael Diaz
Managing Partner | B.C.S.
Board Certified in International
Litigation and Arbitration

Diaz, Reus & Targ, LLP
100 SE 2nd Street
Suite 3400 | Miami Tower
Miami, Florida 33131
Office: 305.375.9220

MDiaz@diazreus.com | www.diazreus.com

North America . Latin America . Europe . Asia . Middle East . Africa

NOTICE: The information contained in this electronic mail transmission is
intended by this law firm for the use of the named individual or entity to which
it is directed and may contain information that is privileged or otherwise
confidential. It is not intended for transmission to, or receipt by, anyone other
than the named addressees. It should not be copied or forwarded to any
unauthorized persons. If you have received this electronic mail transmission in
error, please delete it from your system without copying or forwarding it, and
notify the sender of the error by reply e-mail or calling the above telephone
number (collect) so that our address record can be corrected. Thank you for
your cooperation.

DIAZ, REUS & TARG LLP IS AN INTERNATIONAL LEGAL PRACTICE
PROVIDING CLIENT SERVICES WORLDWIDE THROUGH ITS MEMBER
FIRMS AND AFFILIATES. ANY REFERENCE TO A "PARTNER" MEANS A
PERSON WHO IS A PARTNER, MEMBER, CONSULTANT, OR EMPLOYEE
WITH EQUIVALENT STANDING AND QUALIFICATIONS IN ONE OF DIAZ
REUS' MEMBER FIRMS OR AFFILIATES.

On Sep 20, 2023, at 11:28 AM, Jorge Alejandro Rodriguez M. <jorge.r@intramaq.com> wrote:

Hi Michael,

I hope this email finds you well.

I am writing to request an initial consultation with you regarding a case related to Petroleos de Venezuela S.A. (PDVSA) refering to litigation in
Federal Court in the US of a case related to workers indemnization from CITGO and PDVSA - International law commercial, workers rights, civil
rights and human rights.

The case relates to the collection of unpaid workers compensation for several thousands of workers in an amount estimated in several billion USD.

As you previously represented me and I am aware of some of your previous litigations in matters related to foreign firms as well as of your familiarity
with Venezuelan substantive law and US Law in general, I therefore believe that your expertise in this area aligns with the specific needs of our
case.

I am interested in discussing the details further and exploring potential legal strategies. . I understand that this consultation will be subject to client-
attorney privilege, non-binding with respect to engagement of parties, and without any associated fees or costs unless specifically agreed upon in
writing.

Would it be possible to arrange a consultation at your earliest convenience?

I am available from 10:00 am to 20:00 Central European (Zürich) time and can accommodate your preferred mode of consultation, whether it be in
person, over the phone, or via video conference.

During our consultation, I hope to:

1. Provide a more comprehensive overview of the case.
2. Understand your approach to similar cases or issues.

3. Discuss potential legal remedies and strategies.
4. Address any questions or concerns you may have.
5. Clarify the next steps and potential timelines.

I understand that your time is valuable, and I greatly appreciate your consideration of our request. If you require any additional information or
documentation ahead of our meeting, please do not hesitate to let me know.

Thank you for considering my request for consultation. I look forward to the opportunity to speak with you and potentially work together to address
the matters related to PDVSA-CITGO.

Kind regards,

Jorge Alejandro Rodriguez

+41 79 272 00 69

On Wed, Oct 26, 2022, 23:11 Michael Diaz <MDiaz@diazreus.com> wrote:

Send more info on the case and what you need

Michael Diaz
Managing Partner | B.C.S.
Board Certified in International
Litigation and Arbitration

Diaz, Reus & Targ, LLP
100 SE 2nd Street
Suite 3400 | Miami Tower
Miami, Florida 33131
Office: 305.375.9220

MDiaz@diazreus.com | www.diazreus.com

United States . Latin America . Europe . Asia . Middle East . Africa

NOTICE: The information contained in this electronic mail transmission is
intended by this law firm for the use of the named individual or entity to which
it is directed and may contain information that is privileged or otherwise
confidential. It is not intended for transmission to, or receipt by, anyone other
than the named addressee. It should not be copied or forwarded to any
unauthorized persons. If you have received this electronic mail transmission in
error, please delete it from your system without copying or forwarding it, and
notify the sender of the error by reply e-mail or calling the above telephone
number (collect) so that our address record can be corrected. Thank you for
your cooperation.

DIAZ, REUS & TARG LLP IS AN INTERNATIONAL LEGAL PRACTICE
PROVIDING CLIENT SERVICES WORLDWIDE THROUGH ITS MEMBER
FIRMS AND AFFILIATES. ANY REFERENCE TO A "PARTNER" MEANS A
PERSON WHO IS A PARTNER, MEMBER, CONSULTANT, OR EMPLOYEE
WITH EQUIVALENT STANDING AND QUALIFICATIONS IN ONE OF DIAZ
REUS' MEMBER FIRMS OR AFFILIATES.

On Oct 26, 2022, at 4:27 AM, Jorge Alejandro Rodriguez M. <jorge.r@intramaq.com> wrote:

Hello Michael,
Hope it is all well with you, I see many success stories in the press.

I am looking for a Zürich based law firm in order to litigate/negotiate for a breach of contract against a Swiss/German firm.

As it is related to the case you advised me on through 2013-2015 (Continental vs. DMG), I thought you might have a representative firm here in Zürich.

Looking forward to hearing from you,

Jorge Alejandro Rodriguez

On Wed, Oct 7, 2020, 3:22 PM Michael Diaz <MDiaz@diazreus.com> wrote:

**Michael Diaz**
Managing Partner | B.C.S.

Board Certified in International
Litigation and Arbitration

Diaz, Reus & Targ, LLP
100 SE 2nd Street
Suite 3400 | Miami Tower
Miami, Florida 33131
Office: 305.375.9220

MDiaz@diazreus.com | www.diazreus.com

United States . Latin America . Europe . Asia . Middle East . Africa

NOTICE: The information contained in this electronic mail transmission is
intended by this law firm for the use of the named individual or entity to which
it is directed and may contain information that is privileged or otherwise
confidential. It is not intended for transmission to, or receipt by, anyone other
than the named addressee. It should not be copied or forwarded to any
unauthorized persons. If you have received this electronic mail transmission in
error, please delete it from your system without copying or forwarding it, and
notify the sender of the error by reply e-mail or calling the above telephone
number (collect) so that our address record can be corrected. Thank you for
your cooperation.

DIAZ, REUS & TARG LLP IS AN INTERNATIONAL LEGAL PRACTICE
PROVIDING CLIENT SERVICES WORLDWIDE THROUGH ITS MEMBER
FIRMS AND AFFILIATES. ANY REFERENCE TO A "PARTNER" MEANS A
PERSON WHO IS A PARTNER, MEMBER, CONSULTANT, OR EMPLOYEE
WITH EQUIVALENT STANDING AND QUALIFICATIONS IN ONE OF DIAZ
REUS' MEMBER FIRMS OR AFFILIATES.

Begin forwarded message:

From: "Marie C. Battler" <mbattler@diazreus.com>
Date: October 7, 2020 at 9:01:23 AM EDT
To: DRT ALL <DRTAll@diazreus.com>
Subject: Results: Legal500 Latin America 2021

Excellent news today with the new Legal500 Latin America ranking:

- **COMPLIANCE & INVESTIGATIONS** (new practice are this year for Legal500 Latam): DRT is ranked in tier 3, together with Jones Day, Quinn Emanuel Urquhart & Sullivan, LLP, Ropes & Gray LLP, Vinson & Elkins LLP and White & Case LLP.
**Michael Diaz Jr. is in the Leading individuals list.**
**Bob, Juan and Marta are recommended**

Comments:
The Miami-headquartered Diaz Reus International Law Firm & Alliance is highly rated for white-collar crime, financial fraud and FCPA investigations, and is particularly noted for its experience in money-laundering and OFAC violation investigations. The firm frequently acts for foreign governments, state-owned enterprises and public officials. It also routinely helps clients avoid criminal indictments and has a history of negotiating with US law enforcement agencies; this includes pre-indictment resolution strategies in criminal investigations by the US Attorney's Office in Miami, New York and Houston, and the US Department of Justice and its law enforcement agencies. Global managing partner Michael Diaz is a prominent name in the sector, as is Robert Targ. Of counsel Juan Vargas and administrative managing partner Marta Colomar-Garcia are also notable names. All are based in Miami.

Client Testimonials

'They are extremely professional, they have the complete understanding about the legal procedures and the best routes to be followed to achieve the appropriate solution to the demands.'

'Their performance is excellent. Their strength is in their attorneys' knowledge, professionalism and the administrative staff.'

'Michael Diaz, Robert Targ and Juan Varga are highly trained and experienced lawyers, with an exceptional analytical ability. They go directly to the important points, have great bargaining power, and thorough knowledge of the laws and the paths to be followed to find the solution to the problem.'

'Michael Diaz, like the rest of his team, is extremely fair, human, identifies with the client's situation, and works hard without limits to achieve convincing results in the cases.'

**-INTERNATIONAL ARBITRATION: DRT is newly ranked (tier 5)**

**-CITY FOCUS: MIAMI FIRMS:** DRT is on the list again this year: Michael, Bob, Gary and Marta are recommended
Comments:
Diaz Reus International Law Firm & Alliance has a phenomenal presence in white-collar crime and FCPA investigations. It has a rich track record in financial fraud, international asset recovery, anti-money laundering, and OFAC compliance. In addition, the firm is achieving further growth in immigration and Latin America corporate transactions, especially those involving large family-owned businesses. Key markets include Mexico, Colombia, Brazil, Venezuela, Guatemala and Honduras. It is well known for representing foreign governments, state-owned enterprises, public officials, financial institutions, multinationals and high net worth individuals. It has a fine record in handling and avoiding criminal indictments and negotiating with US law enforcement agencies; this includes in relation to Latin American jurisdictions that are perceived to be national security threats to the US. Moreover, the firm is making a significant impression in international arbitration involving Latin American entities. Global managing partner Michael Diaz has an outstanding reputation in FCPA and OFAC cases, financial fraud investigations, asset-tracing and general white-collar crime matters. Founding partner Robert Targ is also highly reputed for white-collar crime and investigations, while Gary Davidson is the key partner for international arbitrations. Marta Colomar-Garcia is also has a growing practice in Latin America litigation and arbitration.

See here for Miami firms in Latam: https://www.legal500.com/c/latin-america-international-firms/city-focus-miami/

See all the results here (you'll see the USA ranking first): https://www.legal500.com/firms/52895-diaz-reus-international-law-firm-alliance/56386-miami-usa/#section-1194199

**COLOMBIA**
**The DRT office is ranked for the first time in CORPORATE, M&A (Tier 4).**
See here: https://www.legal500.com/c/colombia/corporate-and-ma/

CONGRATS!!!

**Marie C. Battler**
Marketing Director

Diaz, Reus & Targ, LLP
100 SE 2nd Street
Suite 3400 | Miami Tower
Miami, Florida 33131

Office: +1 786 319 1970
mbattler@diazreus.com | www.diazreus.com

United States . Latin America . Europe . Asia . Middle East . Africa

NOTICE: The information contained in this electronic mail transmission is intended by this law firm for the use of the named individual or entity to which it is directed and may contain information that is privileged or otherwise confidential. It is not intended for transmission to, or receipt by, anyone other than the named addressee. It should not be copied or forwarded to any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying or forwarding it, and notify the sender of the error by reply e-mail or calling the above telephone number (collect) so that our address record can be corrected. Thank you for your cooperation.

DIAZ, REUS & TARG, LLP IS AN INTERNATIONAL LEGAL PRACTICE PROVIDING CLIENT SERVICES WORLDWIDE THROUGH ITS MEMBER FIRMS AND AFFILIATES. ANY REFERENCE TO A "PARTNER" MEANS A PERSON WHO IS A PARTNER, MEMBER, CONSULTANT, OR EMPLOYEE WITH EQUIVALENT STANDING AND QUALIFICATIONS IN ONE OF DIAZ REUS' MEMBER FIRMS OR AFFILIATES.

image706752.jpg

4 archivos adjuntos

Case 1:25-cv-20465-BB   Document 30-1   Entered on FLSD Docket 03/10/2025   Page 44 of 69



Image163721.jpg
23K



Image412608.png
8K



Image917728.jpg
23K



Image716673.png
108K

 **Gmail**

Jorge Alejandro Rodriguez M. <jorge.r@intramaq.com>

---

## Confidentiality Obligations, Improper Representation, and Communication with Other Defense Counsel

---

**Jorge Alejandro Rodriguez M.** <jorge.r@intramaq.com>                    27 de febrero de 2025, 3:48 p.m.
Para: Javier Coronado <jcoronado@diazreus.com>
CC: Marta Colomar Garcia <mcolomar@diazreus.com>, Michael Diaz <MDiaz@diazreus.com>, "O.B.O. Ivan Freites"
<freites.usdcsf.1.25.cv.20465.bb@gmail.com>, Ivan Freites 2023 EEUU <ivanfreites7@gmail.com>, Gabor Gazso von
Klingspor <ggazso@diazreus.com>, Aylin Hovispo <ahovispo@diazreus.com>

**Díaz Reus LLP**

Attn: Mr. Javier Coronado, Partner

**Subject:** *Final Notice Regarding Conflict of Interest in Representation of Mr. Horacio Medina—Notice of Intent to File Motion for Court Inquiry*

**Dear Mr. Coronado,**

I acknowledge receipt of your latest correspondence requesting that I provide records demonstrating the alleged discrepancies regarding attorney involvement in prior discussions. However, I must emphasize that **Díaz Reus LLP has already acknowledged at least one email thread, as well as Zoom meetings, in which strategic information was exchanged.** Furthermore, these documented exchanges included the direct participation of **yourself (Javier Coronado), Michael Diaz, Aylin Hovispo and Marta Colomar**, each of whom is currently serving as appointed counsel for **Mr. Horacio Medina.**

Your firm's prior acknowledgment of these communications negates any claim that Díaz Reus LLP lacks knowledge of relevant discussions. It is therefore **untenable** for your firm to maintain that no conflict of interest exists, as at least three attorneys currently representing **Mr. Medina** were previously exposed to information directly tied to this litigation, including:

- The **initial defamatory statements made by Mr. Medina** and their **strategic impact;**
- **Litigation financing discussions** spanning from **October 2023 onwards;**
- **Strategic considerations related to the Delaware proceedings,** which are **inseparably linked** to the current case.

Given these facts, I am providing this **final notice** demanding a full and transparent response from Díaz Reus LLP before proceeding with **judicial intervention.**

---

### 1. Immediate Firm-Wide Review and Certification Required

To resolve this matter, I demand that Díaz Reus LLP provide the following by 4:00 PM Monday March 3rd, 2025:

1.    1. A **detailed explanation** regarding:

- Why **Díaz Reus LLP previously acknowledged** email and Zoom exchanges but now demands further records;
- Whether any screening mechanisms were implemented to prevent **Mr. Coronado, Mr. Díaz, and Ms. Colomar**—each of whom was involved in prior discussions—from utilizing confidential information in Mr. Medina's defense;
- The **extent of internal firm-wide conflict checks** conducted to ensure compliance with ethical obligations.

2. A **formal, firm-wide certification**, signed by senior leadership, confirming that:

- **All attorneys, associates, and staff members** currently involved in **Mr. Medina's defense** did not have **access to or participation** in:
  - **Prior discussions** with me concerning **defamation matters, litigation financing**, and **Delaware-related strategies**;
  - **Informal or undocumented communications** that could influence strategic defense planning.

3. **Full disclosure of all attorneys** who had access to the acknowledged communications, including:

- Internal meeting records discussing this case;
- Any memos, oral briefings, or strategic discussions involving Díaz Reus LLP attorneys regarding these matters.

## 2. Notice of Intent to File Motion for Court Inquiry

Should **Díaz Reus LLP** fail to provide the requested certifications and disclosures by 4:00 PM Monday March 3rd, 2025 , I will, without further notice:

- **File a motion for court inquiry and disqualification**, citing:
  - The **acknowledged email and Zoom exchanges**, directly involving attorneys currently representing **Mr. Medina**;
  - The **inseparability of strategic issues** between the **current federal case** and the **Delaware proceedings**;
  - The **material impact** of Mr. Medina's **defamatory statements** and alleged **tortious interference**;
- **Seek injunctive relief** prohibiting **Díaz Reus LLP** from any **further communications** with **other Defendants or their Counsel** pending the court's determination;
- **Respond to any threatened sanctions motion** by demonstrating that these actions are taken **in good faith**, supported by **clear factual records** showing attorney involvement.

## 3. Opportunity for Judicial Conference

In an effort to resolve this matter amicably, I remain **open to a judicial conference**, should your firm agree. A judicial conference would:

- Provide a **neutral forum** for the court to assess **potential conflicts**;

- Demonstrate that **both parties** have engaged in **good-faith efforts** to avoid unnecessary litigation;
- Allow the court to consider the **extent of attorney involvement** and **strategic inseparability** before further proceedings.

Please indicate your **agreement to a joint request** for such a conference **within the same five (5) business day period.**

## 4. Conclusion

This letter represents a **final opportunity** for **Díaz Reus LLP** to resolve the **serious concerns** raised regarding **conflicts of interest** arising from its representation of **Mr. Horacio Medina.**

I urge your firm to respond **promptly and comprehensively,** providing the **requested certifications and disclosures.** Absent a satisfactory response, I will proceed with the **necessary judicial steps,** including a **formal motion for court inquiry, without further notice.**

**Sincerely,**

**Jorge Alejandro Rodríguez**

El jue, 27 feb 2025 a la(s) 3:26 p.m., Javier Coronado (jcoronado@diazreus.com) escribió:

Mr. Rodriguez:

Please provide the "records" demonstrating the alleged discrepancies. Otherwise, we see no reason to consider your requests and object to any potential motion seeking court action in this matter.

Respectfully,

**Javier Coronado**

Partner

*AML & Sanctions Certified by ACAMS*



100 SE 2nd Street
Suite 3400 | Miami Tower

Miami, Florida
Office: +1 305.375.9220

jcoronado@diazreus.com | www.diazreus.com

United States . Latin America . Europe . Asia . Middle East . Africa

  

NOTICE: The Information contained in this electronic mail transmission is intended by this law firm for
the use of the named individual or entity to which it is directed and may contain information that is
privileged or otherwise confidential. It is not intended for transmission to, or receipt by, anyone other
than the named addressee. It should not be copied or forwarded to any unauthorized persons. If you
have received this electronic mail transmission in error, please delete it from your system without
copying or forwarding it, and notify the sender of the error by reply e-mail or calling the above
telephone number (collect)  so that our address record can be corrected. Thank you for your
cooperation.

DIAZ, REUS & TARG LLP IS AN INTERNATIONAL LEGAL PRACTICE PROVIDING CLIENT
SERVICES WORLDWIDE THROUGH ITS MEMBER FIRMS AND AFFILIATES. ANY REFERENCE
TO A "PARTNER" MEANS A PERSON WHO IS A PARTNER, MEMBER, CONSULTANT, OR
EMPLOYEE WITH EQUIVALENT STANDING AND QUALIFICATIONS IN ONE OF DIAZ REUS'
MEMBER FIRMS OR AFFILIATES.

**From:** Jorge Alejandro Rodriguez M. <jorge.r@intramaq.com>
**Sent:** Wednesday, February 26, 2025 6:59 PM
**To:** Javier Coronado <jcoronado@diazreus.com>
**Cc:** Marta Colomar Garcia <mcolomar@diazreus.com>; Michael Diaz <MDiaz@diazreus.com>; O.B.O. Ivan
Freites <freites.usdcsf.1.25.cv.20465.bb@gmail.com>; Ivan Freites 2023 EEUU <ivanfreites7@gmail.com>;
Gabor Gazso von Klingspor <ggazso@diazreus.com>; Aylin Hovispo <ahovispo@diazreus.com>
**Subject:** Re: [EXTERNAL] Confidentiality Obligations, Improper Representation, and Communication with Other
Defense Counsel

**Díaz Reus LLP**

Attn:

Ms. Marta Colomar, Administrative Managing Partner

Mr. Javier Coronado

**Subject:** *Final Demand for Full Disclosure and Formal Certification Regarding Representation of Mr. Horacio
Medina—Notice of Intent to File Motion for Court Inquiry*

**Dear Ms. Colomar and Mr. Coronado,**

I acknowledge receipt of your letter dated **February 26, 2025**, signed by Ms. Colomar, in which **Díaz Reus LLP**
asserts that no conflict of interest exists in its representation of **Mr. Horacio Medina**. However, I must expressly

address significant discrepancies based on my records, which indicate that **several attorneys currently assigned to Mr. Medina's case were directly involved in prior conversations and discussions with me** concerning matters now central to the ongoing litigation.

**Additionally, I hereby expressly demand that Diaz Reus LLP immediately refrain from conferring, coordinating, or otherwise communicating with any other law firms representing other Defendants involved in related proceedings.** Such communications could exacerbate the existing conflict concerns, especially given the strategic overlap and the material knowledge held by attorneys within your firm. Engaging in such interactions would risk further prejudicing these proceedings and could be construed as improper coordination. This restriction is necessary to preserve the integrity of the judicial process while these conflict issues remain unresolved.

These discussions included, but were not limited to:

- The **initial defamatory statements made by Mr. Medina** and their **strategic impact**;
- **Litigation financing strategies** spanning from **October 2023 onwards**;
- **Strategic considerations** related to the **Delaware proceedings**, which are **inseparably linked to the** current case.

Given these facts, I hereby make this **final demand** for comprehensive disclosures and formal certifications before proceeding with **judicial intervention**.

---

## 1. Final Demand for Firm-Wide Disclosures and Certifications

In accordance with **ABA Model Rules 1.7, 1.9, and 1.10**, which impose **firm-wide disqualification** when any attorney within a firm possesses material knowledge relevant to a conflict, I demand that **Diaz Reus LLP** provide the following within the **five (5) calendar days period ending on March 3rd, 2025.**:

1. A formal, **firm-wide certification**, signed by senior leadership, confirming that:

   - **All attorneys, associates, and staff members** currently involved in **Mr. Medina's defense did not have access to or participation in**:
     - **Prior discussions** with me concerning **defamation matters, litigation financing**, and **Delaware-related strategies**;
     - **Informal or undocumented communications** that could influence strategic defense planning.

2. A **detailed account** of the **scope and methodology** of your firm's internal investigation, specifically addressing:

   - The **names and roles of all attorneys** involved in discussions with me;
   - The **timeframes reviewed** and whether these extended to **October 2023 onwards**;
   - Any **measures taken** to ensure that **attorneys now representing Mr. Medina were screened** from material information.

3. **Clarification** regarding whether any attorney now on Mr. Medina's case:

   - Participated in **Zoom meetings, strategic sessions, or financing discussions** as reflected in my records;
   - Had access to **internal memos, oral briefings, or informal communications** concerning related litigation.

---

## 2. Strategic Inseparability and Involvement of Current Legal Team

My records clearly indicate that **multiple attorneys** now representing Mr. Medina were engaged in discussions directly tied to:

- **Defamatory statements** made by Mr. Medina that have materially impacted **reputational considerations, stakeholder perceptions**, and the **tactical posture** of both the federal and **Delaware proceedings**;
- **Litigation financing strategies** pivotal to ongoing claims;
- **Cross-jurisdictional strategic planning**, demonstrating that these proceedings cannot be **strategically isolated**.

Moreover, given that **sanctions have been prayed to the Delaware Court** for **tortious interference** stemming from Mr. Medina's **coordinated defamatory campaign, the material relevance of these issues cannot be disregarded.**

The **direct involvement** of attorneys now representing Mr. Medina in these strategic discussions creates an **irreparable conflict** necessitating **immediate disqualification** of your firm from further representation.

### 3. Notice of Intent to File Motion for Court Inquiry

Should **Díaz Reus LLP** fail to provide the requested certifications and disclosures within five (5) calendar days ending on March 3rd, 2025, I will, without further notice:

- **File a motion for court inquiry and disqualification**, citing:

  - The **inseparability of strategic issues** between the **current federal case** and the **Delaware proceedings**;
  - The **involvement of attorneys currently on Mr. Medina's defense team** in material discussions;
  - The **material impact of Mr. Medina's defamatory statements** and alleged **tortious interference**;

- **Seek injunctive relief** prohibiting Díaz Reus LLP from any **further communications with other Defendants or their Counsel** pending the court's determination;
- **Respond to any threatened sanctions motion** by demonstrating that these actions are taken **in good faith**, supported by **clear factual records** showing attorney involvement.

### 4. Opportunity for Judicial Conference

In an effort to resolve this matter amicably, I remain **open to a judicial conference**, should your firm agree. A judicial conference would:

- Provide a **neutral forum** for the court to assess **potential conflicts**;
- Demonstrate that **both parties** have engaged in **good-faith efforts** to avoid unnecessary litigation;
- Allow the court to consider the **extent of attorney involvement** and **strategic inseparability** before further proceedings.

Please indicate your **agreement to a joint request** for such a conference **within the same five (5) calendar days period ending on March 3rd, 2025.**

### 5. Conclusion

This letter represents a **final opportunity for Díaz Reus LLP** to resolve the **serious concerns** raised regarding **conflicts of interest** arising from its representation of **Mr. Horacio Medina.**

I urge your firm to respond **promptly and comprehensively**, providing the **requested certifications and disclosures**. Absent a satisfactory response, I will proceed with the **necessary judicial steps**, including a **formal motion for court inquiry, without further notice.**

**Sincerely,**

Jorge Alejandro Rodríguez

On Thu, Feb 27, 2025, 12:09 AM Javier Coronado <jcoronado@diazreus.com> wrote:

Dear Mr. Rodriguez:

Please see the attached letter from Marta Colomar, our firm's Administrative Managing Partner.

Respectfully,

**Javier Coronado**

Partner

*Certified in AML & Sanctions by ACAMS*

Diaz, Reus & Targ, LLP

100 SE 2nd Street

Suite 3400 | Miami Tower

Miami, Florida

Office: (1) 305.375.9220

jcoronado@diazreus.com | www.diazreus.com

United States . Latin America . Europe . Asia . Middle East . Africa

NOTICE: The information contained in this electronic mail transmission is intended by this law firm for the use of the named individual or entity to which it is directed and may contain information that is privileged or otherwise confidential. It is not intended for transmission to, or receipt by, anyone other than the named addressee. It should not be copied or forwarded to any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying or forwarding it, and notify the sender of the error by reply e-mail or calling the above telephone number (collect) so that our address record can be corrected. Thank you for your cooperation.

DIAZ, REUS & TARG LLP IS AN INTERNATIONAL LEGAL PRACTICE PROVIDING CLIENT SERVICES WORLDWIDE THROUGH ITS MEMBER FIRMS AND AFFILIATES. ANY REFERENCE TO A "PARTNER" MEANS A PERSON WHO IS A PARTNER, MEMBER, CONSULTANT, OR EMPLOYEE WITH EQUIVALENT STANDING AND QUALIFICATIONS IN ONE OF DIAZ REUS' MEMBER FIRMS OR AFFILIATES.

**From:** Jorge Alejandro Rodriguez M. <jorge.r@intramaq.com>
**Sent:** Wednesday, February 26, 2025 2:05 AM
**To:** Javier Coronado <jcoronado@diazreus.com>
**Cc:** Marta Colomar Garcia <mcolomar@diazreus.com>; Michael Diaz <MDiaz@diazreus.com>; Ivan Freites 2023 EEUU <ivanfreites7@gmail.com>; Gabor Gazso von Klingspor <ggazso@diazreus.com>; Aylin Hovispo <ahovispo@diazreus.com>
**Subject:** Re: [EXTERNAL] Confidentiality Obligations, Improper Representation, and Communication with Other Defense Counsel

**Subject:** *Response to Denial of Conflict and Request for Formal Certification Regarding Representation of Mr. Horacio Medina*

Dear Mr. Coronado,

I acknowledge receipt of your recent communication denying the existence of any conflict of interest concerning **Díaz Reus LLP's** representation of **Mr. Horacio Medina**. I note your assertion that none of the attorneys listed in the referenced email exchanges participated in the discussions identified in my prior correspondence and that no records support the existence of such discussions.

In the interest of resolving this matter responsibly and in **good faith**, I wish to clarify several points and outline a proposed path forward before determining whether judicial intervention is necessary.

## 1. Strategic Overlap Between Proceedings

As previously stated, the **concern is not limited** to the specific conversations regarding defamatory statements by Defendant Medina but rather and as well to the **overall impact** of those statements on the **interconnected litigation strategies**. The ongoing Delaware proceedings and the **current case** share **strategic considerations** that cannot be disentangled. The defamatory statements **initially made by Mr. Horacio Medina** have materially influenced the trajectory and strategic positioning of both cases, affecting reputational considerations and litigation posture.

Any exposure—direct or indirect—to the strategic approach for one case inherently affects the other. Thus, **any attorney at Díaz Reus LLP** who had access to discussions concerning broader litigation strategies, including those involving **defamation impacts and litigation financing** from September/October 2023 onwards, would pose a **material conflict** under ABA Model Rules 1.7, 1.9, and 1.10.

## 2. Formal Certification and Expanded Disclosures Requested

To address these concerns without immediate judicial intervention, I hereby request the following:
1. A **formal certification**, signed by the relevant principal attorneys at **Díaz Reus LLP**, confirming that:

   ○ No attorney at the firm—**beyond those listed in the September–October 2023 email threshold**—has had **access to or participated** in discussions involving:

     ▪ **Initial defamatory statements** made by Mr. Horacio Medina and their **impact on litigation strategies;**
     ▪ **Litigation financing discussions** held from **October 2023 onwards;**
     ▪ **Strategic considerations** related to the Delaware proceedings.

2. A **description of internal measures** taken to ensure that **no information** from such discussions has been **disseminated or utilized** in representing **Mr. Medina**.
3. **Identification of all attorneys** who have been assigned to represent **Mr. Medina** and a confirmation that none of them had access to **material knowledge** relevant to the interconnected litigation strategies.

## 3. Proposal for Judicial Conference

Given the **serious nature** of these concerns and the **threat of sanctions** raised in your previous correspondence, I propose a **judicial conference** to:

- Provide a **neutral forum** for addressing the conflict issue;
- Ensure that any motion for disqualification is pursued **only after judicial input**, as expected for **good-faith litigation conduct;**
- Allow both parties to discuss **procedural safeguards** that may be appropriate pending the court's guidance.

## 4. Emphasis on the Impact of Initial Defamation Statements

It is essential to emphasize that the **initial defamatory statements made by Mr. Medina** played a **pivotal role** in shaping the strategic landscape of the current litigation and the **ongoing Delaware proceedings**. The damage caused by these statements **influenced reputational considerations, stakeholder perceptions, and tactical litigation decisions**. Given the **inseparable connection** between these cases, any **access or exposure** to such strategic deliberations by your firm presents a **substantial conflict** that necessitates disqualification.

*Given that sanctions have been prayed for in the Delaware Court due to Mr. Medina's alleged tortious interference through a coordinated defamatory campaign, there are serious concerns regarding the strategic interconnectedness of these matters. While these proceedings are pending, the impact of Mr. Medina's conduct on our litigation strategies remains clear and materially relevant to the question of conflict in Díaz Reus LLP's representation.*

## 5. Notice of Potential Judicial Action

While I remain hopeful that the **requested certifications and disclosures** will resolve this matter, please be advised that **failure to comply** will leave me with **no alternative** but to:

- **File a motion to disqualify Diaz Reus LLP**, citing:

  - The **inseparability of strategic issues** between the **current case and the Delaware proceedings**;
  - The **material impact of the initial defamatory statements** on the overall litigation strategy;
  - Your **direct involvement** in strategic discussions.

- **Request injunctive relief** prohibiting further communications between your firm and other Defendants or their Counsel;
- **Respond to any sanctions motion**, demonstrating that all actions were taken **in good faith with reasonable grounds** for concern.

---

## 6. Conclusion

I have intended through my actions to **minimize unnecessary litigation and judicial involvement** while ensuring that **ethical standards** are maintained. I look forward to receiving the **formal certifications and disclosures** outlined above within **five (5) days** of this Email.
Should no satisfactory response be provided, I will proceed with the necessary judicial steps **without further notice.**
Sincerely,

**Jorge Alejandro Rodríguez**


On Wed, Feb 26, 2025, 3:20 AM Javier Coronado <jcoronado@diazreus.com> wrote:

Dear Mr. Rodriguez:


We have thoroughly reviewed this matter based on the allegations made by both you and Mr. Freites, and find no conflict in our representation of Mr. Medina. None of the attorneys listed in the September-October 2023 email threshold that you provided had the "discussions" outlined in your emails from last week, including those regarding the alleged defamatory statements made by Mr. Medina and any ongoing federal litigation. Additionally, we have found no records to support the existence of such discussions. Therefore, we object to any potential motion suggesting that DRT has a conflict in representing Mr. Medina, and we are prepared to seek sanctions from the Court for pursuing such a motion.


Respectfully,


**Javier Coronado**

Partner

*Certified in AML & Sanctions by ACAMS*



Diaz, Reus & Targ, LLP

100 SE 2nd Street

Suite 3400 | Miami Tower

Miami, Florida

Office: (1) 305.375.9220

jcoronado@diazreus.com | www.diazreus.com

United States . Latin America . Europe . Asia . Middle East . Africa



NOTICE: The information contained in this electronic mail transmission is intended by this law firm for
the use of the named individual or entity to which it is directed and may contain information that is
privileged or otherwise confidential. It is not intended for transmission to, or receipt by, anyone other
than the named addressee. It should not be copied or forwarded to any unauthorized persons. If you
have received this electronic mail transmission in error, please delete it from your system without
copying or forwarding it, and notify the sender of the error by reply e-mail or calling the above
telephone number (collect) so that our address record can be corrected. Thank you for your
cooperation.

DIAZ, REUS & TARG LLP IS AN INTERNATIONAL LEGAL PRACTICE PROVIDING CLIENT
SERVICES WORLDWIDE THROUGH ITS MEMBER FIRMS AND AFFILIATES. ANY REFERENCE
TO A "PARTNER" MEANS A PERSON WHO IS A PARTNER, MEMBER, CONSULTANT, OR
EMPLOYEE WITH EQUIVALENT STANDING AND QUALIFICATIONS IN ONE OF DIAZ REUS'
MEMBER FIRMS OR AFFILIATES.

**From:** Jorge Alejandro Rodriguez M. <jorge.r@intramaq.com>
**Sent:** Friday, February 21, 2025 5:29 PM
**To:** Javier Coronado <jcoronado@diazreus.com>
**Cc:** Marta Colomar Garcia <mcolomar@diazreus.com>; Michael Diaz <MDiaz@diazreus.com>; Ivan Freites
2023 EEUU <ivanfreites7@gmail.com>; Gabor Gazso von Klingspor <ggazso@diazreus.com>; Aylin Hovispo
<ahovispo@diazreus.com>
**Subject:** Re: [EXTERNAL] Confidentiality Obligations, Improper Representation, and Communication with
Other Defense Counsel

**Subject:** *Renewed and Final Demand for Immediate Disqualification of Diaz Reus LLP from Representation of
Defendant Horacio Medina and Prohibition from Conferencing with Other Defendants or Counsel*
**Dear Mr. Coronado,**
I acknowledge receipt of your most recent correspondence requesting additional details regarding the
communications and discussions referenced in my prior letters. In light of your inquiries, I am providing the
following clarifications and hereby reiterate and expand my demand for the **immediate disqualification of
Diaz Reus LLP** from representing **Mr. Horacio Medina**. Additionally, I demand that **Diaz Reus LLP be
barred from conferencing with other Defendants or their Counsel** while this disqualification request is
pending, to prevent any further prejudice.

## 1. Overall Impact of Defamation and Inseparability of Litigation Strategies

The basis for this demand is **not solely the content of specific conversations** regarding the **defamatory
statements** made by Mr. Horacio Medina, but also the **overall impact of these defamatory statements** on

the ongoing litigation and the litigation strategies to be followed by Plaintiffs in Delaware. These statements have caused significant harm to the integrity of our claims and to the reputational standing of all parties involved.

Crucially, the **litigation strategy in this case is intrinsically linked to the ongoing Delaware case**, where strategic considerations, timing, and positioning cannot be separated. The **defamation matters were discussed in the context of broader litigation strategies** that directly impact both proceedings. **Any exposure to these strategies**, even in general terms, by your firm, particularly by attorneys with direct participation such as yourself, creates a **material conflict of interest that cannot be mitigated by internal screening measures alone.**

## 2. Clarifications Regarding Key Discussions and Participants

To further clarify:

- **Strategic Discussions (September–October 2023):**

  - Held during **Zoom meetings on September 30, 2023, and October 5, 2023, and calls**, these discussions addressed **litigation strategies spanning multiple jurisdictions,** including Delaware, and the **impact of defamatory statements** on our collective legal posture.

- **Participants from Díaz Reus LLP:**

  - **You, Mr. Coronado, were personally involved**, along with at least one **senior litigation partner and an associate specializing in international disputes, as well as a Principal of your firm**. The **material nature** of these discussions directly informs the strategic direction of the **interconnected cases, reinforcing the necessity of firm-wide disqualification.**

- **Litigation Financing Discussions (October 2023 Onwards):**

  - **Litigation financing discussions** occurred from **October 2023 onwards,** including **calls and meetings extending through January and February 2024,** involving **principal attorneys from your firm, including yourself, Mr. Coronado.**
  - These discussions addressed **funding structures, cross-jurisdictional litigation approaches, and strategic resource allocation,** further demonstrating that **the Delaware case cannot be isolated** from the current proceedings and that your firm possesses **material knowledge impacting both cases.**

## 3. Legal Grounds for Disqualification and Interim Restrictions

Given the above, your firm's continued representation of **Mr. Medina** constitutes:

- A **violation of ABA Model Rule 1.9**, as the matters discussed are **materially related** and cannot be separated due to their **strategic overlap.**
- A **conflict of interest under Model Rule 1.7**, as **confidential knowledge** concerning litigation strategies and jurisdictional coordination has been accessed.
- Potential **federal violations,** including:

  - **Obstruction of justice (18 U.S.C. § 1505);**
  - **RICO implications (18 U.S.C. § 1962);**
  - **FCPA concerns** tied to cross-border strategic alignments.

To prevent **further prejudice**, I hereby demand that Díaz Reus LLP:

1. **Cease all communications with other Defendants or their Counsel until disqualification issues are resolved.**
2. **Immediately withdraw** from representing **Mr. Horacio Medina.**
3. **Provide a formal certification that:**

   - No **information** from strategic discussions, including those related to **defamation impacts, Delaware proceedings, and litigation financing discussions from October 2023 onwards,** has influenced Mr. Medina's defense;
   - **All relevant records and knowledge have been effectively screened;**
   - **You, Mr. Coronado, have recused yourself** from any further involvement given your **direct participation in critical strategic discussions.**

## 4. Notice of Judicial Action

Should **Díaz Reus LLP** fail to comply, I will:

- **File a motion to disqualify** your firm based on the **inseparability of strategic interests** across jurisdictions;
- **Seek injunctive relief** prohibiting communications with other Defendants' Counsel;
- **Request sanctions** for non-compliance;
- **Refer ethical violations** to the **relevant bar associations and regulatory authorities;**
- **Highlight your direct involvement,** Mr. Coronado, in all judicial filings.

## 5. Conclusion

This renewed demand remains **without prejudice** to all rights available to me. **Written confirmation** of your firm's **full compliance is expected within seven (7) days** of this letter.
Failure to respond satisfactorily will result in the **immediate pursuit of all remedies outlined above without further notice.**
**Sincerely,**

**Jorge Alejandro Rodríguez**

On Fri, Feb 21, 2025, 10:52 PM Javier Coronado <jcoronado@diazreus.com> wrote:

Thank you, Mr. Rodriguez. I have some follow-up questions to assist in our review of this matter:

1. Under what circumstances (when/where) did you and I discuss the "defamatory statements made by Mr. Horacio Medina"?

2. What are the names of the "senior partners and associate attorneys" from our firm who participated in the discussions concerning the "defamatory statements made by Mr. Horacio Medina"? Under what circumstances (when/where) did you have these discussions with them?

3. What are the names of the "principal attorneys" from our firm who participated in the calls to discuss "litigation financing" in January and February 2024?

Respectfully,

**Javier Coronado**

**Partner**
*AML & Sanctions Certified
by ACAMS*



100 SE 2nd Street

Suite 3400 | Miami Tower
Miami, Florida
Office: +1 305.375.9220

jcoronado@diazreus.com | www.diazreus.com

United States . Latin America . Europe . Asia . Middle East . Africa

NOTICE: The information contained in this electronic mail transmission is intended by this law firm for the use of the named individual or entity to which it is directed and may contain information that is privileged or otherwise confidential. It is not intended for transmission to, or receipt by, anyone other than the named addressee. It should not be copied or forwarded to any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying or forwarding it, and notify the sender of the error by reply e-mail or calling the above telephone number (collect)  so that our address record can be corrected. Thank you for your cooperation.

DIAZ, REUS & TARG LLP IS AN INTERNATIONAL LEGAL PRACTICE PROVIDING CLIENT SERVICES WORLDWIDE THROUGH ITS MEMBER FIRMS AND AFFILIATES. ANY REFERENCE TO A "PARTNER" MEANS A PERSON WHO IS A PARTNER, MEMBER, CONSULTANT, OR EMPLOYEE WITH EQUIVALENT STANDING AND QUALIFICATIONS IN ONE OF DIAZ REUS' MEMBER FIRMS OR AFFILIATES.

**From:** Jorge Alejandro Rodriguez M. <jorge.r@intramaq.com>
**Sent:** Friday, February 21, 2025 3:23 PM
**To:** Javier Coronado <jcoronado@diazreus.com>
**Cc:** Marta Colomar Garcia <mcolomar@diazreus.com>; Michael Diaz <MDiaz@diazreus.com>; Ivan Freites 2023 EEUU <ivanfreites7@gmail.com>; Gabor Gazso von Klingspor <ggazso@diazreus.com>; Aylin Hovispo <ahovispo@diazreus.com>
**Subject:** Re: [EXTERNAL] Confidentiality Obligations, Improper Representation, and Communication with Other Defense Counsel

**Subject:** *Renewed and Final Demand for Immediate Disqualification of Diaz Reus LLP from Representation of Defendant Horacio Medina and Prohibition from Conferencing with Other Defendants or Counsel*
**Dear Mr. Coronado,**
I refer to your most recent correspondence requesting further clarification on the communications and discussions previously referenced. In light of your inquiries, I am providing the following details and hereby reiterate and expand my demand for the **immediate disqualification of Diaz Reus LLP** from representing **Mr. Horacio Medina**. Additionally, I demand that **Diaz Reus LLP be barred** from **conferencing with other Defendants or their Counsel** while this disqualification request is pending, to prevent any further prejudice.

## 1. Clarifications Regarding Evidence of Confidential Information Transmission

The **substantial evidence** of confidential information transmission includes:

- **Email Exchanges (September–October 2023):**
  - I confirm that the emails referenced include the **attached email thread** provided in your previous inquiry, which contained **detailed legal strategies, potential claims, and litigation approaches** regarding ongoing **Federal Court litigation** involving **PDVSA, CITGO,** and **workers' indemnization claims**, where the wrongful defamatory actions by Defendant Medina were a relevant aspect for the litigation strategy. Said email thread framed our discussions on the matters.

- **Defamation Discussions:**
  - Discussions concerning **defamatory statements** made by **Mr. Horacio Medina** were integral to all discussions refered to the ongoing case due to the implications on service of process, FSIA regulations, jurisdiction,  etc.
  - Critically, you, **Mr. Coronado,** personally participated in these discussions alongside **senior partners and associate attorneys** from **Diaz Reus LLP.**
  - These discussions involved the **strategic handling of defamation claims** as part of broader litigation strategies relevant to Mr. Medina's current case.

- **Litigation Financing Discussions (2024):**

- Discussions regarding **litigation financing** occurred during **calls in January and February 2024** as well as during the September-October exchanges, involving **principal attorneys from your firm**. These discussions further linked your firm's knowledge to **material aspects of the ongoing litigation.**

Given the **substantial overlap** of these communications with the **issues central to Mr. Medina's defense,** and your **direct involvement**, the **conflict of interest is undeniable.**

## 2. Legal Grounds for Disqualification and Interim Restrictions

Your firm's continued representation of **Mr. Medina**, especially given **your personal involvement,** constitutes:

- **A violation of ABA Model Rule 1.9**, prohibiting representation adverse to a former client on materially related matters.
- **A conflict of interest under Model Rule 1.7**, as you possess **confidential knowledge** of litigation and defamation strategies.
- **Potential federal violations**, including:
  - **Obstruction of justice (18 U.S.C. § 1505);**
  - **RICO implications (18 U.S.C. § 1962)**, should coordinated conduct emerge;
  - **FCPA concerns** tied to improper communications involving U.S. operations.

To prevent **further prejudice,** I hereby demand that **Díaz Reus LLP:**

1. **Cease all communications with other Defendants or their Counsel until disqualification issues are resolved.**
2. **Immediately withdraw** from representing **Mr. Horacio Medina.**
3. Provide a **formal certification** that:
   - No information from the above communications has influenced Mr. Medina's defense;
   - **All records and knowledge have been effectively screened** from the current representation;
   - **You, Mr. Coronado, have recused yourself** from any further involvement due to your **direct participation** in confidential discussions as evidenced in the E-mail thread you have recently provided.

## 3. Notice of Judicial Action

Should Díaz Reus LLP fail to comply, I will:

- **File a motion to disqualify** your firm;
- **Seek injunctive relief** prohibiting communications with other Defendants and their Counsel;
- **Request sanctions** and refer **ethical violations** to appropriate **bar associations and regulatory bodies;**
- **Specifically reference your direct involvement, Mr. Coronado**, in all judicial filings.

## 4. Conclusion

This renewed demand is made **without prejudice** to all rights available to me. **Written confirmation** of full compliance is expected **within seven (7) days** of this letter.
Failure to respond satisfactorily will leave me **no alternative** but to pursue the aforementioned remedies **without further notice.**
**Sincerely,**

**Jorge Alejandro Rodríguez**

On Fri, Feb 21, 2025, 8:24 PM Javier Coronado <jcoronado@diazreus.com> wrote:

Thank you, Mr. Rodriguez. Could you please clarify the following so we can further investigate the matter and address your request?

1. When you refer to "email exchanges in September and October 2023," are you referring to the attached email thread?

2. Under what circumstances did you discuss "defamatory statements made by Mr. Horacio Medina" with our firm? When did these discussions take place (approximately)? Where? Who participated in these discussions?

3. The same questions for the "Zoom meetings and phone calls subsequently held." When did these Zoom/phone calls take place (approximately)? Who participated in them?

4. The same questions regarding the discussions involving "litigation financing" in 2024. When in 2024 did these discussions take place (approximately)? Where? Who are the "principals" of our firm that participated in these discussions?"

Respectfully,

**Javier Coronado**
Partner
*AML & Sanctions Certified*
*by ACAMS*

100 SE 2nd Street

Suite 3400 | Miami Tower
Miami, Florida
Office: +1 305.375.9220

jcoronado@diazreus.com | www.diazreus.com

United States . Latin America . Europe . Asia . Middle East . Africa

NOTICE: The information contained in this electronic mail transmission is intended by this law firm for the use of the nam

Cordialmente / Best regards / Mit freundlichen Gruessen,

Jorge A. Rodriguez M.

www.intramaq.com

jorge.r@intramaq.com

Politica de comunicaciones Electronicas o por otros medios

La información contenida en este mensaje está destinado exclusivamente para el destinatario (s). El acceso a este correo electrónico por cualquier otra persona no está autorizado. Si no es el destinatario, cualquier forma de divulgación, reproducción, distribución o cualquier acción tomada o se abstuvo de contenida en el mismo, está prohibido. Por favor notifique al remitente de este e-mail inmediatamente. También les informamos que la comunicación por correo electrónico a través de Internet es inseguro debido a terceras personas puedan tener la posibilidad de acceder y manipular mensajes de correo electrónico. Toda comunicacion escrita, oral, electronica o de otra indole podra ser monitoreada.

The information contained in this email is intended solely for the recipient(s). Access to this email by anyone else is unauthorized. If you are not the intended recipient, any form of disclosure, reproduction, distribution or any action taken or refrained from in reliance on it, is prohibited. Please notify the sender of this E-Mail immediately. We also like to inform you that communication via email over the internet is insecure because third parties may have the possibility to access and manipulate emails. Any communication in written, oral or other form might be monitored.

Der Inhalt dieser E-Mail ist ausschliesslich fuer den/die bezeichneten Empfaenger bestimmt. Wenn Sie nicht der vorgesehene Adressat dieser E-Mail oder dessen Vertreter sein sollten, so beachten Sie bitte, dass jede Form der Kenntnisnahme, Veroeffentlichung, Vervielfaeltigung oder Weitergabe des Inhalts dieser E-Mail unzulaessig ist. Wir bitten Sie, sich in diesem Fall mit dem Absender der E-Mail in Verbindung zu setzen. Wir moechten Sie ausserdem darauf hinweisen, dass die Kommunikation per E-Mail ueber das Internet unsicher ist, da fuer unberechtigte Dritte grundsaetzlich die Moeglichkeit der Kenntnisnahme und Manipulation besteht. Jede Mitteilung in schriftlicher, mündlicher oder anderer Form könnte überwacht werden.

**Exhibit F**

Emails, meeting confirmations, and relevant correspondence evidencing my prior

privileged consultations with Díaz Reus LLP.

**Exhibit 2 – Motion for sanctions against Medina** in Delaware **Case No. 1:23-CV-00989-JLH**.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

IVAN R. FREITES, et al., Plaintiffs.

v.

PETRÓLEOS DE VENEZUELA, S.A., et al., Defendants.

Case No. 1:23-CV-00989-JLH

**MOTION FOR SANCTIONS FOR TORTIOUS INTERFERENCE**

**INTRODUCTION**

**Plaintiffs respectfully move this Honorable Court for the imposition of
sanctions against The CITGO Defendants, Horacio Medina, Center for
Liberal Democracy Development, Inc., Resistencia Venezolana Corp, ASM
Investing LLC, and Mr. José Vicente Carrasquero for their deliberate tortious
interference with Plaintiffs' ability to pursue justice in this litigation.**

**This motion builds upon Plaintiffs' prior Motion 54 and subsequent related
filings, which addressed the unauthorized disclosure of sealed information
from the Second Amended Complaint. These disclosures, originating with The
CITGO Defendants, were disseminated by the other named offenders, who
used the leaked information to intimidate Plaintiffs and obstruct the judicial
process.**

**Plaintiffs seek sanctions to address this misconduct, preserve the integrity of
these proceedings, and ensure the safety and rights of Plaintiffs.**

**OFFENDERS**

**1. The CITGO Defendants:**

As the sole corporate party with access to the sealed Second Amended Complaint, The CITGO Defendants are the likely source of the unauthorized leak.

The CITGO Defendants' leadership facilitated the dissemination of confidential information to harm Plaintiffs through coordination with other offenders.

2. Horacio Medina:

Medina, abusing his position as President of the Junta Administradora Ad-Hoc de Petroleos de Venezuela, provided financial and logistical support to disseminate the leaked sealed information and defame Plaintiffs.

3. Center for Liberal Democracy Development, Inc.:

A Florida corporation presided over by Mr. Orlando Viera-Blanco with Offender Carrasquero as Director, which amplified defamatory content targeting Plaintiffs through its social media platforms.

4. Resistencia Venezolana Corp:

A Florida corporation presided over by Mr. Gustavo Lainette, which actively participated in organizing public campaigns against Plaintiffs using the leaked information.

5. ASM Investing LLC:

A financial entity that provided resources to support the actions of the other offenders.

6. Mr. José Vicente Carrasquero:

Amplified the dissemination of leaked information through his professional networks and platforms, further harming Plaintiffs.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction for related state law claims).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the events giving rise to the claims occurred in this district, and the Defendants conduct substantial business within this jurisdiction.

## FACTUAL ALLEGATIONS

1. The Sealing Order and Confidential Information:

This Court issued a sealing order to protect Plaintiffs' identities and sensitive case details, particularly the Second Amended Complaint.

The content of the Second Amended Complaint was exclusively accessible to Plaintiffs, this Court, and The CITGO Defendants.

2. Source of the Leak:

Unauthorized disclosures of sealed information, including details of the Second Amended Complaint, appeared publicly on or around May 24, 2024.

Given exclusive access to the sealed content, The CITGO Defendants are the likely source of the leak.

3. Coordinated Campaign of Harm:

Horacio Medina funded third parties to disseminate sealed information and organize defamatory campaigns.

Resistencia Venezolana Corp used the leaked information to orchestrate public attacks on Plaintiffs.

Center for Liberal Democracy Development, Inc. leveraged its platforms to amplify defamatory narratives.

ASM Investing LLC provided logistical and financial support.

Mr. José Vicente Carrasquero directly contributed to spreading defamatory content.

4. Impact on Plaintiffs:

Plaintiffs suffered reputational harm, emotional distress, loss of income, and threats to their safety.

The dissemination of sealed information undermined the judicial process, obstructing Plaintiffs' ability to litigate without intimidation.

## LEGAL STANDARD AND JURISPRUDENCE

Tortious Interference

Under Delaware law, the elements of tortious interference are:

1. A valid contractual or business relationship: Plaintiffs' relationship with this Court and their ability to litigate are legally protected.

2. Knowledge and intent: Defendants knew of the confidential nature of the sealed information and acted to disrupt Plaintiffs' litigation.

3. Intentional and unjustified interference: The disclosure of sealed information and subsequent defamatory campaigns were deliberate and lacked justification.

4. Causation and harm: Plaintiffs suffered direct harm, including reputational damage, emotional distress, and safety threats.
(See DeBonaventura v. Nationwide Mut. Ins. Co., 419 A.2d 942, 947 (Del. Ch. 1980); Shearin v. E.F. Hutton Grp., Inc., 652 A.2d 578, 589 (Del. Ch. 1994)).

**Sanctions for Violating Court Orders**

Federal courts, including the Third Circuit, have broad discretion to impose sanctions for willful violations of court orders. Such sanctions preserve judicial integrity and deter noncompliance.

Relevant case law includes:

*Republic of the Philippines v. Westinghouse Elec. Corp., 43 F.3d 65, 73 (3d Cir. 1994):* Sanctions are appropriate when a party knowingly disregards a court order.

*Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984):* Sanctions ensure compliance with court directives and address harms caused by violations.

*In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982):* Courts may impose monetary or non-monetary sanctions to preserve judicial processes.

In this case, Defendants' actions violated the sealing order, directly harming Plaintiffs and undermining this Court's authority.

**CAUSE OF ACTION**

**Tortious Interference**

The Defendants' actions satisfy the elements of tortious interference:

**1. Interference with a Protected Relationship: Plaintiffs' reliance on this Court for a fair adjudication of their claims is foundational and legally protected.**

**2. Intentional and Unjustified Actions: Defendants disclosed sealed information and organized campaigns of defamation and intimidation, actions that were intentional and unjustified.**

**3. Resulting Harm: Plaintiffs experienced significant harm, including emotional distress, reputational damage, and threats to their safety.**

**JURY TRIAL**

**Plaintiffs hereby demand a trial by jury for all claims so triable.**

**PRAYERS FOR RELIEF**

**Plaintiffs respectfully request that this Court grant the following relief:**

**1. Declare that the actions of The CITGO Defendants, Horacio Medina, Center for Liberal Democracy Development, Inc., Resistencia Venezolana Corp. ASM Investing LLC, and José Vicente Carrasquero constitute tortious interference.**

**2. Impose monetary sanctions against these parties to compensate Plaintiffs for their damages.**

**3. Issue an injunction prohibiting further dissemination of sealed information or defamatory content targeting Plaintiffs.**

**4. Order the removal of defamatory social media posts and require public retractions by the offending parties.**

5. Authorize forensic analysis of Defendants' electronic devices to trace the origin and dissemination of the leaked information.

6. Award attorney's fees and costs incurred in addressing these violations.

7. Grant any other relief deemed just and proper.

## DAMAGES

1. Compensatory Damages:

For loss of income, emotional distress, reputational harm, and threats to Plaintiffs' safety caused by the Defendants' actions.

2. Punitive Damages:

To deter future misconduct and punish the Defendants' intentional violations.

3. Treble of Damages: As statutes permit.

## CLOSING AND CERTIFICATION
Presented in good faith.

Respectfully submitted.

/s/ Jorge Alejandro Rodriguez
Pro Se
Eichholzstrasse 2,
6312 Steinhausen,
Switzerland
Date: November 22nd, 2024

PLAINTIFFS SIX

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 25-CV-20465-BLOOM/Elfenbein

IVAN R. FREITES C., et al.,

Plaintiffs,

v.

HORACIO MEDINA, et al.,

Defendants.

_____/

FILED BY _____ D.C.

DEC 29 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**PLAINTIFFS' COMPLIANCE WITH PRE-HEARING SCHEDULING ORDER [ECF NO. 305]: WITNESS LIST, EXHIBIT LIST, AND DEPOSITION DESIGNATIONS**

COME NOW Plaintiffs, Ivan R. Freites C., Miguel Enrique Otero C., and Jorge Alejandro Rodriguez M., proceeding *pro se*, and pursuant to this Court's *Order Setting Evidentiary Hearing and Pre-Hearing Schedule* [ECF No. 305], hereby file and serve their (1) Witness List and Summary of Expected Testimony; (2) Exhibit List; and (3) Deposition Designations for the Evidentiary Hearing scheduled for January 6, 2026.

## I. PLAINTIFFS' WITNESS LIST

Pursuant to the Court's Order, the testimony of the following witnesses will be

1

limited to ascertaining the facts connected to communications between Plaintiff Jorge Alejandro Rodriguez M. and the law firm Diaz Reus, LLP in September/October 2023, including the Zoom meeting scheduled for October 2 or 3, 2023.

### 1. Jorge Alejandro Rodriguez M. (Plaintiff)

- **Expected Testimony:** Will testify regarding his personal communications with Diaz Reus LLP in September and October 2023; the scheduling of the Zoom meeting; the identity of the participants who appeared in the Zoom waiting room and meeting; and the specific content of the discussions held during said meeting.

- **Exhibits to be used:** Plaintiff-1 through Plaintiff-6.

### 2. Michael Diaz, Esq. (Global Managing Partner, Diaz Reus LLP)

- **Expected Testimony:** Will testify regarding his participation in the October 2023 Zoom meeting; his knowledge of the communications between his firm and the Plaintiffs during the relevant period; and the firm's internal records regarding said meeting.

- **Exhibits to be used:** Plaintiff-1, Plaintiff-2, Plaintiff-3.

### 3. Javier Coronado, Esq. (Partner, Diaz Reus LLP)

- **Expected Testimony:** Will testify regarding his communications with Plaintiff Rodriguez in September/October 2023; his attendance at the subject Zoom meeting; and the purpose of the scheduled engagement.

- **Exhibits to be used:** Plaintiff-1, Plaintiff-2.

**4. Gabor Gazso, Esq. (Partner, Diaz Reus LLP)**

- **Expected Testimony:** Will testify regarding his presence at the October 2023 Zoom meeting and the substance of the statements made by participants.

- **Exhibits to be used:** Plaintiff-3.

**5. Jorge Schmidt, Esq. (Partner, Diaz Reus LLP)**

- **Expected Testimony:** Will testify regarding his involvement in the September/October 2023 communications and the October 3 Zoom meeting.

- **Exhibits to be used:** Plaintiff-3.

**6. Marta Colomar (Partner, Diaz Reus LLP)**

- **Expected Testimony:** Will testify regarding administrative or substantive communications facilitating the September/October 2023 meetings and her knowledge of the attendees.

- **Exhibits to be used:** Plaintiff-1, Plaintiff-4.

**7. Isabela Hernandez-Peredo (Associate, Diaz Reus LLP)**

- **Expected Testimony:** Will testify regarding her presence at the October 3 Zoom meeting and notes taken or observations made regarding the attendees and discussion.

- **Exhibits to be used:** Plaintiff-3.

**8. Belkys Guillen (Staff/Admin, Diaz Reus LLP)**

- **Expected Testimony:** Will testify regarding the scheduling logistics, calendar invitations, and technical setup of the October 3, 2023 Zoom meeting.

- **Exhibits to be used:** Plaintiff-2, Plaintiff-5.

3

9. **Hans-Ulbricht Kupsch (Of Counsel/Affiliate)**

- **Expected Testimony:** Will testify regarding his participation in the subject communications and meeting.

- **Exhibits to be used:** Plaintiff-3.

10. **Horacio Medina (Defendant)**

- **Expected Testimony:** Will testify regarding his knowledge of the September/October 2023 communications and his alleged participation or monitoring of the subject Zoom meeting.

- **Exhibits to be used:** Plaintiff-6.

11. **Rafael Moreno, Cesar Aguzzi, and Andres Gazso**

- **Expected Testimony:** Will testify regarding their presence at or knowledge of the October 3, 2023 Zoom meeting and the communications preceding it.

- **Exhibits to be used:** Plaintiff-1, Plaintiff 3.

12. **Carlos Sardi, Esq. (Sardi Law PLLC)**

- **Expected Testimony:** Will testify regarding any communications involving the subject meeting or subsequent related correspondence.

- **Exhibits to be used:** Plaintiff-1.

---

## II. PLAINTIFFS' EXHIBIT LIST

Plaintiffs identify the following exhibits for use at the Evidentiary Hearing. Plaintiffs reserve the right to use any exhibit listed by Defendants and to introduce impeachment exhibits if necessary.

4

Case 1:25-cv-20465-BB Document 316 Entered on FLSD Docket 12/29/2025 Page 5 of 22

| Exhibit No. | Description |
|---|---|
| **Plaintiff-1** | Email correspondence between Plaintiff J.A. Rodriguez and Diaz Reus LLP dated September–, 2023, regarding retention/meeting. |
| **Plaintiff-2** | Zoom Meeting Invitation/Calendar Entry for "Meeting with PDVSA Ad Hoc" (or related) dated October 2, 2023. |
| **Plaintiff-3** | Log of Zoom Meeting Participants for the meeting held on October 2, 2023 - Produced in discovery. |
| **Plaintiff-4** | Diaz Reus LLP Billing/Time Entry Records for September/October 2023 - produced in discovery. |
| **Plaintiff-5** | Email from Belkys Guillen (and other staff) confirming meeting details/link. |
| **Plaintiff-6** | Correspondence dated September 29th, 2023 from Ivan Freites and |

| | |
|---|---|
| | other claimants to Horacio Medina. |
| **Plaintiff-7** | Plaintiff 7- Correspondence between Jorge Schmidt and Diaz Reus: To be produced during discovery and Plaintiff 7-1: ECF 251. |

## III. PLAINTIFFS' DEPOSITION DESIGNATIONS

Pursuant to the Court's Order granting limited discovery regarding the authenticity of records [ECF No. 305, p. 3], Plaintiffs state as follows:

- **Designation of Records Custodian Testimony:** To the extent a deposition of the Diaz Reus LLP Records Custodian is conducted prior to the hearing to authenticate the emails and billing records listed above, Plaintiffs designate **all** testimony therein necessary to establish the foundation and authenticity of Exhibits Plaintiff-1 through Plaintiff-5 and Plaintiff- 7.

- *Alternatively, if the deposition has not occurred:* Plaintiffs currently have no deposition transcripts to designate. Plaintiffs reserve the right to supplement this designation should the Court authorize, or the parties conduct, the limited deposition of the Records Custodian prior to January 6, 2026.

Respectfully submitted,

6

Ivan R. Freites C., Pro Se

4370 NW 107 Ave., Apt. 102

Doral, FL 33178


Miguel Enrique Otero, Pro Se

c/o Rodriguez

Eichholzstrasse 2, 6312-Steinhausen, CH


Jorge Alejandro Rodríguez, Pro Se

Eichholzstrasse 2, 6312-Steinhausen, CH

7

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on **December 29, 2025,** I filed the foregoing with the

Clerk of the Court using CM/ECF. I also certify that the foregoing document is being

served this day on all counsel of record via transmission of Notices of Electronic

Filing generated by CM/ECF.

Hearing Exhibits Service Certification:

I further certify that copies of all pre-marked exhibits listed in Section II above were

served upon counsel for Defendants via on this date, in compliance with the Court's

Order.

Respectfully submitted,

Ivan R. Freites C., Pro Se

4370 NW 107 Ave., Apt. 102

Doral, FL 33178

8

| Plaintiff-1 | ECF 30-1, pages 1 to 51. Email correspondence between Plaintiff J.A. Rodriguez and Diaz Reus LLP dated September–, 2023, regarding retention/meeting. |
| --- | --- |

| Plaintiff-2 | Zoom Meeting Invitation/Calendar Entry dated October 2 and previous (postponed) invitations. To be |
| --- | --- |

| Plaintiff-3 | Log of Zoom Meeting Participants for the meeting held on October 2, 2023 - To be produced in discovery. |
|---|---|

| Plaintiff-4 | Diaz Reus LLP Billing/Time Entry Records for September/October 2023 - To be produced in discovery. |
| --- | --- |

Case 1:25-cv-20465-BB Document 310 Entered on FLSD Docket 12/29/2025 Page 13 of 22

| Plaintiff-5 | Email from Belkys Guillen (and other staff) confirming meeting details/link. Secretarial / receptionist call log (to be produced in Discovery). |
|---|---|

Case 1:25-cv-20465-BB Document 310 Entered on FLSD Docket 12/29/2025 Page 14 of 22

| | |
|---|---|
| **Plaintiff-6** | Correspondence dated September 29th, 2023 from Ivan Freites and other claimants to Horacio Medina. |

| Plaintiff-7 | Plaintiff 7- Correspondence between Jorge Schmidt and Diaz Reus: To be produced during discovery.<br><br>Plaintiff 7-1:  ECF 235 and<br><br>Plaintiff 7-2: ECF 251. |
|---|---|

PLAINTIFF 6 -

| | |
|---|---|
| Doral, September 29th, 2023 | Doral, 29 de septiembre de 2023 |
| Mr. Horacio Francisco MEDINA HERRERA<br>President<br>Ad Hoc Board of Petroleos de Venezuela, S.A. (or, "PDVSA Ad Hoc Board")<br>2216 Adams Street #307,<br>Hollywood, FL 33020 | Sr. Horacio Francisco MEDINA HEI<br>Presidente<br>Junta Ad Hoc de Petróleos de Venezu<br>PDVSA")<br>2216 Calle Adams #307,<br>Hollywood, Florida 33020 |
| Dear Mr. Horacio Francisco MEDINA HERRERA,<br><br>I hope this letter finds you well. I am writing to address a matter of utmost importance and concern regarding recent statements and actions that have caused harm to my reputation and personal standing, the reputation of **Lead Plaintiff (name reserved)** in the ongoing process against the Ad Hoc Board of Petroleos de Venezuela, S.A. (or, "PDVSA Ad Hoc Board") as well as to the reputation and personal standing of the **Sindicato Nacional de Trabajadores, ProVenezuelaVerein and other entities and private individuals.**<br><br>It has come to my attention that you have made defamatory statements about me, about the Lead Plaintiff in the referred litigation process, about the **Sindicato Nacional de Trabajadores, Pro Venezuela Verein, and** | Estimado Sr. Horacio Francisco MEI<br><br>Espero que esta carta te encuentre bie<br>asunto de suma importancia y preocu<br>declaraciones y acciones recientes qu<br>reputación y posición personal, la rep<br>Principal (nombre reservado) en el pr<br>Ad Hoc de Petróleos de Venezuela. ,<br>PDVSA") así como a la reputación y<br>Sindicato Nacional de Trabajadores,<br>entidades y particulares.<br><br>Ha llegado a mi conocimiento que us<br>difamatorias sobre mí, sobre el Dema<br>proceso litigioso, sobre el Sindicato N<br>Venezuela Verein, y otras entidades y<br>involucrados y referidos al presente a |

PLAINTIFF 6 -

**other entities and private individuals, all involved and referred to the current actions we have taken to protect the interest of workers of the Venezuelan Oil Industry, politically persecuted for over two decades.**

You have committed defamation both in the form of defamation per se and defamation per quod, as defined under Florida law. Your statements have not only been false but have also caused significant harm to my personal and professional life as well as to Lead Plaintiff, the **Sindicato Nacional de Trabajadores and other entities and private individuals affected by your defamatory statements.**

Defamation per se refers to statements that are inherently harmful, while *defamation per quod involves statements that may not be inherently* harmful but require additional context to understand their defamatory nature.

The fact that you have made such repetitive statements, in different situations, to different groups of people and that you have specifically requested that such statements be transmitted to thousands of former PDVSA oil workers in order to sabotage the rightful initiative and court action taken by us is in violation of several regulations that as President of a management board in charge of assets and ongoing companies worth billions of dollars, it it for sure that you are aware of.

I must emphasize that defamation is a serious legal matter with potential consequences. The damage to reputation can be long-lasting and can affect

proteger los intereses de los trabajado
Venezolana, perseguidos políticament

Ha cometido difamación tanto en form
de difamación per quod, tal como se d
declaraciones no sólo han sido falsas s
un daño significativo a mi vida person
Demandante Principal, al Sindicato N
entidades y particulares afectados por
difamatorias.

La difamación per se se refiere a decla
inherentemente dañinas, mientras que
implica declaraciones que pueden no s
pero que requieren contexto adicional
difamatoria.

El hecho de que haya hecho declaraci
diferentes situaciones, a diferentes gru
solicitado específicamente que dichas
miles de ex trabajadores petroleros de
la legítima iniciativa y acción judicial
varias normas que, como presidente d
a cargo de activos y empresas en func
de millones de dólares, seguramente u

Debo enfatizar que la difamación es u
consecuencias potenciales. El daño a l
duradero y afectar diversos aspectos d

Mailing Address
Ivan Freites. 5331 NW 112th Ave, Apart. 102, Doral, FL, 33178
EMail:paiscondestino@gmail.com

PLAINTIFF 6 -

| | |
|---|---|
| various aspects of an individual's life, including business and personal relationships and career opportunities. | incluidas las relaciones comerciales y profesionales. |
| As only you can know to how many, and to which, groups and individuals you have transmitted the defamatory statements, at this point I will specify that you have refered to us, the individuals and entities promoting and acting in the legal action against your entity as "scummbags" (mamarrachos), "scammers, swindlers, racketeers" (estafadores, enganadores, ladrones) or that the legal actions taken and promoted against your entities (PDVSA, CITGO, etc) are "fraudulent" , do not exist, and that those who join us are at risk of being victims of a fraud being perpetrated by us.<br>Those are, as you know, totally false and malicious statements. Such statements even put at risk the life and safety of the affected. | Como sólo usted puede saber a cuánt individuos ha transmitido las declara punto especificaré que se ha referido entidades que promueven y actúan en entidad. como "mamarrachos", "estaf o que las acciones legales emprendid entidades (PDVSA, CITGO, etc) son y que quienes se unen a nosotros corr un fraude perpetrado por nosotros.<br>Se trata, como usted sabe, de declara maliciosas. Tales declaraciones poner *seguridad de los afectados.* |
| I firmly believe in resolving conflicts through open and constructive communication rather than pursuing protracted legal actions that can be both time-consuming and costly for all parties involved. Therefore, I am writing to request that you take the following actions to rectify the situation: | Creo firmemente en la resolución de comunicación abierta y constructiva legales prolongadas que pueden lleva para todas las partes involucradas. Po solicitarle que tome las siguientes me situación: |
| 1. Cease and Desist: I kindly request that you immediately cease making any further defamatory statements or engaging in any actions that could further harm the reputation of the mentioned parties and mine. | 1. Cese y desista: Le solicito que deje declaraciones difamatorias o de partic pueda dañar aún más la reputación de mía. |
| | 2. Retractación y Disculpa: Le solicit |

Mailing Address
Ivan Freites.  5331 NW 112th Ave, Apart. 102, Doral, FL, 33178
EMail:paiscondestino@gmail.com

**PLAINTIFF 6 -**

| | |
|---|---|
| 2. Retraction and Apology: I ask that you issue a written retraction of the defamatory statements you have made, acknowledging their falsehood and the harm they have caused. A sincere written apology would also be appreciated. | por escrito de las declaraciones difam... reconociendo su falsedad y el daño qu... agradecería una sincera disculpa por e... |
| 3. Public Clarification: As these defamatory statements were made publicly and that you instructed for its communication via social media, I request that you issue a public clarification to the same audience to ensure that the correction reaches those who were exposed to the false information. | 3. Aclaración Pública: Dado que estas... fueron hechas públicamente y que ust... comunicación a través de las redes so... aclaración pública a la misma audienc... corrección llegue a quienes estuviero... falsa. |
| 4. No Recurrence: Commit to refraining from making any future defamatory statements about the the mentioned parties and me and or engaging in any actions that could harm the reputation of the mentioned parties or mine. | 4. No Recurrencia: Comprometerse a... declaraciones difamatorias sobre las p... y/o participar en cualquier acción que... las partes mencionadas o la mía. |
| 5. Monetary Compensation: Given the significant harm caused to our personal and professional lives, we also request that we explore the possibility of resolving this matter through Alternative Dispute Resolution (ADR) arbitration. We are open to engaging in ADR to determine an appropriate amount of monetary compensation for the harm we have suffered collectively. | 5. Compensación monetaria: Dado el... nuestra vida personal y profesional, ta... exploremos la posibilidad de resolver... arbitraje de Resolución Alternativa de... abiertos a participar en ADR para det... de compensación monetaria por el da... colectivamente. |
| We believe that taking these steps will demonstrate your willingness to rectify the situation and mitigate the harm caused. It is our hope that we can resolve this matter amicably and without the need for legal intervention. | Creemos que tomar estas medidas de... rectificar la situación y mitigar el dañ... esperanza que podamos resolver este asunto de manera amiga... intervención legal. |

Mailing Address
Ivan Freites. 5331 NW 112th Ave, Apart. 102, Doral, FL, 33178
EMail:paiscondestino@gmail.com

PLAINTIFF 6 -

Please respond in writing to this letter within seven days to confirm your commitment to rectifying this situation and your willingness to engage in ADR arbitration for the purpose of determining compensation. Failure to do so may leave us with no alternative but to explore legal remedies to protect our rights and reputations.

We sincerely hope that we can resolve this matter in a manner that allows all parties to move forward without further conflict. We are open to discussing this issue further if you wish to engage in a productive dialogue.

Thank you for your prompt attention to this matter.

Sincerely,


Ivan R. Freites C.          Lead Plaintiff (name reserved)



Pro Venezuela Verein          Sindicato Nacional de Trabajadores

Responda por escrito a esta carta den
confirmar su compromiso de rectifica
de participar en un arbitraje ADR cor
compensación. De no hacerlo, es pos
alternativa que explorar recursos lega
derechos y reputación.

Esperamos sinceramente que podamo
manera que permita a todas las partes
Estamos abiertos a seguir discutiendo
diálogo productivo.

Gracias por su pronta atención, a este

Atentamente,


Ivan R. Freites C.          Demandan



Pro Venezuela Verein          Sindi

Mailing Address
Ivan Freites.  5331 NW 112th Ave, Apart. 102, Doral, FL, 33178
EMail:paiscondestino@gmail.com

PLAINTIFF 6 -



**PLAINTIFF 6 -**



Mailing Address
5331 NW 112th Ave, Apart. 102, Doral, FL, 33178
EMail:paiscondestino@gmail.com

PLAINTIFF Seven Or

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-20465-BLOOM/Elfenbein

IVAN R. FREITES C., et al.,

Plaintiffs,

v.

HORACIO MEDINA, et al.,

Defendants.

FILED BY ___ D.___

AUG 2 8 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

PLAINTIFFS' ADDITIONAL POST-JUDGMENT MOTION FO
ADDITIONAL SANCTIONS AGAINST DIAZ, REUS AND TARG (DR
FOR PERJURY AND FRAUD UPON THE COURT AS SHOWN IN TH
CONTRADICTORY EMAIL AND WHATSAPP EXCHANGE BETWEE
ATTORNEY JAVIER CORONADO AND FORMER DRT ATTORNE
JORGE SCHMIDT; AND IN SUPPORT OF PLAINTIFFS' PENDIN
EXPEDITED POST-JUDGMENT MOTION FOR SANCTION
GRIEVANCE COMMITTEE REFERRAL, SANCTIONS, FORMA
RULING ON DISQUALIFICATION AND REQUEST FOR EVIDENTIA
HEARING (ECF 172); NECESSITY FOR EVIDENTIARY HEARING AN
LEAVE FOR LIMITED DISCOVERY.

Plaintiffs, Ivan R. Freites C., Miguel Enrique Otero, and Jorge Alejandro Rodriguez M., proceeding pro se, respectfully submit this additional motion. This motion is grounded upon new and verified evidence of multiple instances of potential perjury and a broader pattern of misconduct, additional to those presented in ECF 172 and other post-judgement motions on several violations of the law by opposing parties and their counsel, throughout the proceedings and after a Final Order (ECF 165) was issued by the Court. The evidence detailed herein is a direct and material refutation of sworn statements previously submitted to the Court by defense counsel. This motion is necessitated by the defense's continued refusal to address these issues, which forces Plaintiffs to seek judicial intervention to expose the full scope of the misconduct and its impact on the integrity of the proceedings.

*In limine.*

Pursuant to Federal Rule of Civil Procedure 6(e), Plaintiffs respectfully remind the Court that as pro se litigants who are served by conventional mail, the calculation of any prescribed response periods must include an additional three days. Federal Rule 6(e) explicitly mandates that whenever a party is served notice or other paper by mail, an additional three days "shall be added to the prescribed period". Accordingly, Plaintiffs' deadlines to respond to any filing must be computed to include this three-day extension.

WHEREFORE, Plaintiffs respectfully pray that the Court correct all forme

calculated deadlines for filings in this matter to reflect the three (3) additio

days mandated by Federal Rule of Civil Procedure 6(e) for papers served

mail, as Plaintiffs are proceeding pro se and are served by this meth

Plaintiffs seek this correction to ensure that all future filings are timely and

full compliance with the Federal Rules of Civil Procedure.

## I. Preliminary Statement

This document is submitted as a formal Motion in Support by Plaintiffs Ivan

Freites C., Miguel Enrique Otero C., and Jorge Alejandro Rodriguez

("Plaintiffs"), acting *pro se*. The purpose of this Motion is to apprise the Court

the discovery and recent verification of critical new evidence that direc

supports Plaintiffs' pending post-judgment motions, specifically the "Expedit

Post-Judgment Motion for Sanctions" (ECF No. 172) and "Expedited Plainti

Motion for Evidentiary Hearing and for Relief from Final Judgment" (ECF N

218) and others as per the following table:

| Date | ECF No. | Description |
|---|---|---|
| 05/23/2025 | 172 | EXPEDITED MOTION for Sanctions, MOTION for Grievance Committee Referral, Sanctions, Formal Ruling On Disqualification, and MOTION for Evidentiary Hearing. |
| 06/09/2025 | 178 | NOTICE of Filing Notice to the Court Regarding Attorney Gabor Gazso's Prior In Chambers Internship with the Presiding Judge, relevant to docket entry 172. |
| 06/18/2025 | 187 | Expedited Plaintiffs' Motion for Leave to Conduct |

| | | Limited Discovery in Advance of Expected Evidentiary Hearing, related to ECF 172. |
|---|---|---|
| 07/30/2025 | 218 | Expedited Plaintiffs' Motion for Evidentiary Hearing and For Relief From Final Judgment Pursuant to F.R.C.P. 60(b)(2) and 60(b)(3). |
| 08/08/2025 | 219 | Plaintiffs' Notice of Filing Exhibit In Support of Plaintiffs' Motion for Disqualification of Counsel ECF 172. |
| 08/15/2025 | 225 | Plaintiffs' Post-Judgment Motion for Sanctions Due to Perjury In a Sworn Affidavit and Evidentiary Hearing Based on Counsel's Fraud on the Court and Pattern of Misconduct. |
| 08/18/2025 | 226 | ORDER REFERRING MOTION TO MAGISTRATE JUDGE FOR A REPORT AND RECOMMENDATIONS. |

Plaintiffs' previously filed "Post-Judgment Motion for Sanctions" (ECF 1

asserts that Defendants' counsel, the law firm of Diaz, Reus & Targ, L

("DRT"), has engaged in a "pattern of concealment and bad-faith conduct".[1

The allegations in ECF 172 and others include, but are not limited to, t

submission of a perjured affidavit from a firm witness and the concealment o

"substantially related" conflict of interest in violation of Florida Bar Rule 4-1

That motion is supported by a prior federal court Order (the "Torres Orde

disqualifying the firm's head, Michael Diaz, from a separate but related c

due to a conflict of interest and misconduct the Court characterized as having

fair amount of chutzpah".[1, 1]

**This motion filed post-judgment is necessitated by the defens**

**additional perjury surfaced in the Javier Coronado - Jorge Schm**

**email exchange, and additional evidence of perjury. T**

**post-judgement conduct of Defendants has created the need for seve**

**motions as their wrongdoings and abusive behaviour escalate hour**

**hour.** The newly verified evidence consists of a series of email exchanges t

demonstrate an irreconcilable and material contradiction in the record crea

by Defendants' counsel, Diaz, Reus & Targ, LLP ("DRT"). The evide

irrefutably refutes the implicit and explicit assertions that former DRT attor

Jorge Schmidt had no communications with Plaintiff Jorge Alejandro Rodrig

regarding the underlying case. This contradiction not only undermines

credibility of the evidence previously submitted by DRT but also raises profou

concerns regarding attorney professional conduct, the duty of candor to

Court, and the integrity of these proceedings. This Motion underscores

urgent necessity of an evidentiary hearing. Such a hearing is the only pro

mechanism for the Court to resolve the grave allegations of attor

Case 1:25-cv-20465-BB Document 255 Entered on FLSD Docket 08/28/2025 Page 7 of 44

misconduct, bad faith, and a potential fraud on the Court that this new evidence brings to light in addition to the previously presented evidence. Plaintiffs maintain that the defense's actions—the submission of contradictory evidence, the alleged stonewalling of Plaintiffs' verification efforts, and the coordinated threats of sanctions—are themselves the cause of an "unreasonable and vexatious multiplication" of these proceedings.[1]

## II. Factual and Procedural Background Leading to Verification

The sequence of events that led to the discovery of this critical evidence began with an inconsistency in the documents submitted by DRT. The Plaintiffs' initial inquiry was prompted by the examination of a purported WhatsApp communication between DRT attorney Javier Coronado and former DRT attorney Jorge Schmidt, which was included as an exhibit within Defendants' submission at ECF No. 59-14.[1, 1] This particular exhibit contained a "materially impossible timeline" that Plaintiffs determined required clarification. This timeline discrepancy in the communications between counsel Javier Coronado and his former DRT colleague Jorge Schmidt, significant on its own, served as the catalyst for a more extensive investigation that ultimately uncovered a far more serious issue. As the time inconsistency if not clarified would be a clear evidence of fabrication of evidence by Javier Coronado and DRT, Plaintiffs initiated the proper conferral with DRT Mr. Javier Coronado. As Mr. Coronado insisted in the denial of any wrongdoing and provided alleged corroboration from his former colleague Jorge Schmidt, it became evident that

to resolve the timeline inconsistency and ensure the integrity of the reco

Plaintiffs were to initiate a series of good-faith requests to Jorge Schmidt

verification. These requests, as documented in the attached exhibits, began

March 28, 2025, and were followed by repeated communications on April

2025, and July 15, 2025, and a final fourth request on July 30, 2025.[1] In th

emails, Plaintiffs explicitly and consistently requested that Mr. Schm

independently verify the authenticity, content, and accurate date of

WhatsApp exchange, a matter they described as "vital to ensure the integrit

the evidence being considered".[1] Plaintiffs' diligent efforts to verify the eviden

were met with a prolonged period of silence and alleged obstruction. Ove

four-month period, from late March to late July 2025, Plaintiffs' requests

clarification were "stonewalled" by the defense[1] and Mr. Schmidt. A spec

request made to Mr. Coronado for a phone number to facilitate a discuss

about the timeline issue went unfulfilled, further preventing the matter fr

being brought to the Court's attention prior to the entry of judgment.[1] Plaint

specifically requested that Coronado provide a phone number to facilitat

discussion regarding the "materially impossible timeline" of the WhatsA

exchange, but he refused, stating there was "nothing to 'verify'." [1, 1] T

protracted refusal to engage in a substantive dialogue or provide ba

verification details demonstrates a clear pattern of non-cooperation by defe

counsel. On July 31, 2025, after four months of sustained effort, Plaint

finally received a response from Mr. Schmidt[1] (after several emails in March

April 15 and July 15, 2025, had gone unanswered). In his email, sent

Plaintiffs and copied to Javier Coronado, Mr. Schmidt confirmed that he

reviewed Exhibit 3 in DE 59-14 and that the screenshot "accurately captu

the exchange between Mr. Coronado and me that took place on February

2025".[1] While this response provided the requested date verification for

WhatsApp conversation, it was notably narrow in scope. It addressed only

single exhibit in question and made no mention of the broader context of

communications or his prior involvement in the case. This specific and limi

response, coming after a period of lengthy delay, is now viewed in a new li

given the evidence that Plaintiffs have since verified.

As a direct consequence of this persistent effort, and despite the defens

alleged attempts to suppress the verification of evidence, Plaintiffs were abl

uncover and authenticate a separate email thread that was also included

DRT in ECF No. 59-14.[1] This thread now fundamentally undermines the v

premise that Jorge Schmidt was not involved in communications with Plain

Rodriguez. The timeline of this discovery is critical, as it illustrates h

Plaintiffs' pursuit of a seemingly minor factual discrepancy ultimately revea

a far more serious and systemic issue of potentially fraudulent evidence. T

following table provides a concise chronology of these key events.

| Date | Event | Participants | Source |
|------|-------|--------------|--------|

| Mar 28, 2025 | Plaintiffs send the first email to Jorge Schmidt requesting verification of the WhatsApp exchange. | Plaintiffs, Jorge Schmidt | [1] |
| --- | --- | --- | --- |
| Mar 28 - Jul 30, 2025 | Plaintiffs send repeated requests for verification (Apr 15, Jul 15, Jul 30). Defense is alleged to have "stonewalled" these efforts. | Plaintiffs, Jorge Schmidt, Javier Coronado | [1, 1] |
| Jul 31, 2025 | Jorge Schmidt responds, verifying the date of the WhatsApp exchange as February 24, | Jorge Schmidt, Plaintiffs | [1] |

| | 2025. | | |
|---|---|---|---|
| Jul 31, 2025 | Plaintiffs send a request to confer with defense counsel regarding a forthcoming motion to file supplemental evidence. | Plaintiffs, Javier Coronado, Carlos Sardi, Michael Diaz, et al. | [1] |
| Aug 4, 2025 | Javier Coronado responds with an opposition to the motion and a threat of sanctions. | Javier Coronado, Plaintiffs, et al. | [1] |
| Aug 5, 2025 | Carlos Sardi responds, stating, "I agree with Mr. Coronado," in a show of unified | Carlos Sardi, Plaintiffs, et al. | [1] |

| | opposition. | | |
|---|---|---|---|
| Aug 6, 2025 | Plaintiffs send a final response alleging undisclosed joint representation and misconduct. | Plaintiffs, Javier Coronado, Carlos Sardi, et al. | [1] |

## III. The Evidentiary Contradiction and Perjury

Plaintiffs now possess verifiable proof that directly *contradicts the cent*

premise that Jorge Schmidt, a former DRT attorney, was not involved

communications with Plaintiff Jorge Alejandro Rodriguez M. This is not

matter of legal interpretation but a demonstrably false statement in the cont

of the record. The evidence is an email thread between Plaintiffs and DR

Managing Partner, Michael Diaz, on which both Mr. Coronado and Mr. Schm

were copied. This email chain, also *presented by DRT in ECF No. 59-*

fundamentally undermines the defense's position and supports the Plainti

claims of attorney misconduct.[1] The email thread, a partial reproduction

which is provided below (and the full *printout is provided in Exhibit A) conce*

a matter described as "Representation in Zürich / workers indemnization fro

CITGO and PDVSA".[1] The participants in this exchange are Michael D:

(MDiaz@diazreus.com), Javier Coronado (jcoronado@diazreus.com), Jo

Schmidt (jschmidt@diazreus.com) , Marta Colomar Gar

(mcolomar@diazreus.com) , Isabela Hemandez-Peredo (IHernan

Peredo@diazreus.com) and Plaintiff Jorge Alejandro Rodriguez

(jorge.r@intramaq.com)[1] The email correspondence, beginning in October 20

and extending to October 2023, was consistently carbon copied to the D

personnel[1] included in the discussions.

The complete, unabridged text of the email thread as it was submitted in t

record and has since been verified by the Plaintiffs is presented in Exhibit A.[1]

> *Exhibit A: Self Incriminati*
>
> *Email exchange starting September 20*
>
> *between Plaintiff Rodriguez and DRT*
>
> *workers indemnification from CITC*
>
> *and PDVSA as filed by Diaz Reus a*
>
> *Targ in ECF-59 Attachment 14, pages*
>
> *to 46.*

A version without footers and advertising is presented as follows, and a copy

the self incriminating E-Mail evidence thread is attached as mentioned.

*From: Michael Diaz MDiaz@diazreus.com*

*Sent: Monday, October 2, 2023 12:03:17 PM*

*To: Jorge Alejandro Rodriguez M. jorge.r@intramaq.com*

*Cc:* ***Javier Coronado jcoronado@diazreus.com;*** *Marta Colom*

Garcia mcolomar@diazreus.com; **Jorge Schmidt jschmidt@diazreus.co**
Isabela Hernandez-Peredo <IHernandez_Peredo@diazreus.com>; MD Meeti
MDMeetings@diazreus.com

Subject: Re: Representation in Zürich / workers indemnization fr
CITGO and PDVSA - International law commercial, workers rights, civil rig
and human rights

Are we having the call? No one is on.

Michael Diaz

Managing Partner | B.C.S.

MDiaz@diazreus.com | www.diazreus.com

On Sep 20, 2023, at 12:24 PM, Jorge Alejandro Rodriguez
jorge.r@intramaq.com wrote:

Let's discuss it, we are all reasonable people.

Please suggest a time slot any day next week between 9.00 to noon Mia
time.

Kind regards,

Jorge

On Wed, Sep 20, 2023, 5:50 PM Michael Diaz MDiaz@diazreus.co
wrote:

Hello Jorge, I'm happy to discuss with you sometime next week, b

Case 1:25-cv-20465-BB   Document 235   Entered on FLSD Docket 08/28/2025   Page 13 of 44

*please understand we cannot and will not consider this case on a contingency*

*/ "contra resultados" basis given it's complexities and the amount of resour*

*we need to dedicate to the case.*

*Michael Diaz*

*Managing Partner | B.C.S.*

*On Sep 20, 2023, at 11:28 AM, Jorge Alejandro Rodriguez*

*jorge.r@intramaq.com wrote:*

*Hi Michael,*

*I hope this email finds you well.*

*I am writing to request an initial consultation with you regarding a c*

*related to Petroleos de Venezuela S.A. (PDVSA) refering to litigation in*

*Federal Court in the US of a case related to workers indemnization fr*

*CITGO and PDVSA - International law commercial, workers rights, civil*

*rights and human rights.*

*The case relates to the collection of unpaid workers compensation*

*several thousands of workers in an amount estimated in several billion USD.*

*As you previously represented me and I am aware of some of yo*

*previous litigations in matters related to foreign firms as well as of yo*

*familiarity with Venezuelan substantive law and US Law in general, I theref*

*believe that your expertise in this area aligns with the specific needs of our cas*

*I am interested in discussing the details further and exploring potent*

*legal strategies.. I understand that this consultation will be subject*

*client-attorney privilege, non-binding with respect to engagement of parties, a*

*without any associated fees or costs unless specifically agreed upon in writing.*

*Would it be possible to arrange a consultation at your earli*

*convenience?*

*I am available from 10:00 am to 20:00 Central European (Zürich) ti*

*and can accommodate your preferred mode of consultation, whether it be*

*person, over the phone, or via video conference.*

*During our consultation, I hope to:*

1.   *Provide a more comprehensive overview of the case.*

2.   *Understand your approach to similar cases or issues.*

3.   *Discuss potential legal remedies and strategies.*

4.   *Address any questions or concerns you may have..*

5.   *Clarify the next steps and potential timelines.*

*I understand that your time is valuable, and I greatly appreciate yo*

*consideration of our request.*

*If you require any additional information or documentation ahead of o*

*meeting, please do not hesitate to let me know.*

*Thank you for considering my request for consultation. I look forward to*

*opportunity to speak with you and potentially work together to address*

*the matters related to PDVSA-CITGO.*

*Kind regards,*

*Jorge Alejandro Rodriguez*

*+41 79 272 00 69*

## Analysis of the Contradiction

The above email exchange shows only one of several emails (complete thread

Exhibit A) that evidence the involvement of attorneys Coronado and Diaz in

DRT conversations with Rodriguez.The very existence of these email exchang

as reproduced above, demonstrates beyond a doubt that Jorge Schmidt was

only aware of but was also directly and intentionally included

communications concerning the "PDVSA workers" case with Plaintiff Jo

Alejandro Rodriguez M.[1] , a potential litigation financing, and other aspec

The email from Michael Diaz dated October 2, 2023, with the subject line "

Representation in Zürich / workers indemnization from CITGO and PDVS

was sent directly to Plaintiff Rodriguez and explicitly copied to Jorge Schm

and Javier Coronado.[1] This fact alone is sufficient to prove that any assert

that Jorge Schmidt had no communications with Plaintiff Rodriguez

demonstrably false. The call of attention from Michael Diaz, head of the firm

the attorneys  (Schmidt and Coronado) to join the meeting "Are we having

call? No one is on" is clear evidence of the involvement of both Schmidt a

Coronado with the issue.  Furthermore, the timing of these emails is significa

The communications continue through September and October 20

establishing a clear timeline of Mr. Schmidt's prior and document

involvement.[1] This timeline predates the purported WhatsApp conversat
that Mr. Schmidt narrowly verified on July 31, 2025, which itself was da
February 24, 2025.[1] Therefore, the verification of the WhatsApp exchange is
best a partial truth - if not a perjurious statement - that fails to disclose the f
scope of Mr. Schmidt's documented involvement. The concealment of t
broader context, particularly when the emails were already in the possession
the defense and submitted to the Court, raises serious questions about
defense's duty of candor and constitutes a potential fraud upon the Court.

## IV. Certificate of Conferral and The Defense's Response

Pursuant to S.D. Fla. L.R. 7.1(a)(3), Plaintiffs initiated a good-faith conferral
July 31, 2025, by sending an email to counsel for the defendants, includ
Javier Coronado and Carlos Sardi.[1] The non-substantive and coordina
responses from both Javier Coronado and Carlos Sardi as detailed in t
Certificate of Conferal, in which they threatened sanctions instead
addressing the core evidentiary issues, lend significant weight to Plainti
allegations of misconduct.

## V. The Basis for Perjury and Argument for an Evidentiary Hearing

The evidentiary contradiction outlined in this Motion creates a material fact
dispute that cannot be resolved through motion practice alone. The defens
own submission, ECF 59-14, contains a declaration under penalty of perju
from Javier Coronado. In this sworn declaration, Mr. Coronado states that
contacted Jorge Schmidt, who "advised that he has not had any su

communications" with Plaintiff Rodriguez.[1] However, the same ECF 59-14 a

includes the email chain from October 2023, which explicitly shows that Jo

Schmidt was copied by Michael Diaz in communications with Plain

Rodriguez concerning the PDVSA workers' case.[1] This contradiction

particularly egregious because it not only demonstrates that Mr. Schmid

statement was false but also that Mr. Coronado, who was copied on the v

same emails, made a sworn declaration that relied on this false information.

1] This dual falsehood—a false statement from Schmidt and a declaration

Coronado affirming it—constitutes a serious allegation of joint perjury and

fraud upon the Court.

A hearing is the only proper mechanism for the Court to resolve these issues

several critical reasons:

1. **To Assess Credibility:** The conflicting evidence creates a material factu

   dispute that cannot be resolved through motion practice alone. T

   testimony of Jorge Schmidt, Javier Coronado, Michael Diaz, and oth

   involved parties is essential for the Court to assess their credibility a

   determine the truth. Mr. Schmidt's verification of the WhatsA

   conversation is now at odds with the email record, and only a hearing c

   properly examine this conflict.

2. **To Determine the Scope of Misconduct:** A hearing is the only foru

   where the Court can investigate the full extent of the alleged misconduct

   This includes investigating the reasons for the four-month "stonewalling"

Plaintiffs' verification efforts, the decision to submit contradictory eviden[ce]

and the potential for a deliberate fraud on the Court.[1] It would also all[ow]

the Court to examine the nature of the alleged "undisclosed jo[int]

coordination" between DRT and Sardi Law, and whether this violated a[ny]

professional duties or rules of candor.[1]

3. **To Ensure the Integrity of the Judicial Process:** The allegations [of]

   fraudulent evidence, undisclosed joint representation, and coordina[ted]

   threats against *pro se* litigants strike at the heart of the Court's author[ity]

   and the integrity of its proceedings. A hearing is required to restore faith [in]

   the process, to provide a fair and just resolution, and to determine wheth[er]

   sanctions against defense counsel are warranted for their alleged condu[ct,]

   which appears designed to suppress critical evidence and intimidate [the]

   opposition.

The evidence presented in this Motion, and the need for an evidentiary heari[ng,]

is directly relevant to and provides additional basis for Plaintiffs' "Expedit[ed]

Post-Judgment Motion for Sanctions" (ECF No. 172) and "Expedited Plainti[ffs']

Motion for Evidentiary Hearing and for Relief from Final Judgment" (ECF [No.]

218) as well as other motions related to the pattern of misconduct by Diaz Re[us.]

This new evidence is not merely supplementary; it is dispositive of the c[ore]

allegations of misconduct raised in those motions.

## VI. Conclusion and Request for Relief

Plaintiffs have diligently verified new evidence that reveals a fundamen[tal]

contradiction in the record. The email thread from 2022 and 2023 demonstra

that former DRT attorney Jorge Schmidt was actively involved

communications concerning the PDVSA workers' case with Plaintiff Jo

Alejandro Rodriguez M. This directly refutes any claim to the contrary a

raises serious questions about the veracity and good faith of evidence submit

by DRT. In light of the gravity of the issues raised, including the potential

fraud on the Court and the coordinated misconduct of defense counsel, Plaint

respectfully request the following relief:

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs respectfully pray t

this Honorable Court grant the following relief:

1. **Grant Plaintiffs Leave to Conduct Limited Post-Judgme**
   **Discovery.** Pursuant to Federal Rule of Civil Procedure 69(a)
   Plaintiffs request leave to conduct limited discovery in aid of th
   pending motions for sanctions. This discovery is necessary to obtain
   sworn declarations and documents previously demanded from
   Defendants, which they have refused to provide.[1]

2. **Impose Sanctions Under the Court's Inherent Authority.** Plaint
   request that the Court exercise its inherent authority to impose sancti
   against Defendants and their counsel for a pattern of bad-faith cond
   that is calculated to bring "contempt upon the administration of justic
   This includes the alleged submission of perjured testimony and
   vexatious multiplication of proceedings through the "stonewalling"

Plaintiffs' good-faith attempts to correct the record.[4]

3. **Schedule a Full Evidentiary Hearing.** Plaintiffs respectfully reque[st] that the Court schedule a full evidentiary hearing to receive swo[rn] testimony and to make factual findings regarding the alleged perjury a[nd] fraud upon the Court. A hearing is the only proper mechanism for t[he] Court to resolve the material factual disputes and to determine wheth[er] a "fraud on the court" has been perpetrated, which requires "clear a[nd] convincing evidence".[7]

4. **Correct All Deadlines.** Plaintiffs request that the Court correct [the] formerly calculated deadlines for filings to reflect the three addition[al] days mandated by Federal Rule of Civil Procedure 6(e) for papers serv[ed] by mail, as Plaintiffs are proceeding pro se and are served by th[at] method.

Plaintiffs reiterate that all rights and arguments with respect to t[he] disqualification of counsel and remedies relating to the pending motions rema[in] fully reserved.[1]

Dated: August, 2025

Respectfully submitted,

Ivan R. Freites C., Pro Se

4370 NW 107th Ave., Apt. 102

Doral, FL 33178


Jorge Alejandro Rodríguez, Pro Se

Eichholzstrasse 2,

6312-steinhausen, CH


Miguel Enrique Otero, Pro Se

Eichholzstrasse 2,

6312-steinhausen, CH



**Works cited**

## Certificate of good-faith conferral

Pursuant to S.D. Fla. L.R. 7.1(a)(3), Plaintiffs initiated a good-faith conferral

July 31, 2025, by sending an email to counsel for the defendants, includi

Javier Coronado and Carlos Sardi.

The email stated that Plaintiffs sought to file a "Motion for Leave to F

Supplemental Evidence" that would support their pending post-judgme

motions by introducing evidence of a "direct and irreconcilable contradiction"

the record.[1] The response from defense counsel demonstrated a clear lack

good-faith conferral. On August 4, 2025, Mr. Coronado responded by stati

"We reject your email's allegations and oppose your contemplated motion. If y

choose to proceed, we will seek sanctions under 28 U.S.C. § 1927 and

Court's inherent authority based on your unreasonable and vexatio

multiplication of these proceedings".[1] This response contained no attempt

resolve the issue but instead threatened sanctions against the *pro se* Plaint

for seeking to correct the record. This stance was immediately and explici

supported by Carlos Sardi, who responded to the thread on August 5, 2025, w

the message, "I agree with Mr. Coronado. Please govern yourselv

accordingly".[1] In a subsequent email, Mr. Sardi stated that the Plaintiffs' em

was "not even dignified for I to give you a formal response" and warned, "

warned that we will seek sanctions against all of you if you do. Your vexatio

litigation tactics for a case that has been already dismissed has already be

noted. Proceed at your own risk".[1] Plaintiffs' subsequent email on August

2025, noted Mr. Sardi's concurrence and accused Sardi Law of "undisclosed jo

coordination" with DRT in a "concerted effort against Plaintiffs since at le

October 2024".[1] Plaintiffs argued that this conduct, which included the refu

to provide a substantive response and the coordinated threats of sanctions, v

the true cause of the "unreasonable and vexatious multiplication of th

proceedings".

Ivan R. Freites C., Pro Se

4370 NW 107th Ave., Apt. 102

Doral, FL 33178

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day of July, 2025, a true and correct copy of the foregoing was served via the Court's CM/ECF system on all counsel of record.

Ivan R. Freites C., Pro Se

4370 NW 107th Ave., Apt. 102

Doral, FL 33178

**Exhibit A:** Email exchange starting September 20

between Plaintiff Rodriguez and DRT on worke

indemnification from CITGO and PDVSA as filed by Di

Reus and Targ in ECF-59 Attachment 14, pages 39 to 46

Case 1:25-cv-20465-BB   Document 343   Entered on FLSD Docket 01/15/2026   Page 138 of 167
Case 1:25-cv-20465-BB   Document 235   Entered on FLSD Docket 08/28/2025   Page 28 of 44

Case 1:25-cv-20465-BB   Document 59-14   Entered on FLSD Docket 03/21/2025   Page 39 of 53

# EXHIBIT "2"

| From: | Jorge Alejandro Rodriguez [...] |
|---|---|
| To: | Marta Colomar Garcia; Jesús Gonzalez; Michael Diaz |
| Cc: | Jorge Schrauth; Isabela Hernandez-Heredia; [email protected] |
| Subject: | [EXTERNAL] Confidentiality Obligations, Improper Representation, and Communication with Other Defense Counsel |
| Date: | Wednesday, February 19, 2025 2:10:07 PM |
| Attachments: | image017609.png |
|  | image017610.png |
|  | image017611.png |
|  | image017612.png |

Dear all,

I am writing to address several matters of significant concern regarding the confidentiality obligations associated with our previous discussions and the current representation of Defendant Horacio Medina by your firm.

Firstly, as you are fully aware, our communications relating to the **"Workers Indemnization from CITGO and PDVSA - International law commercial, workers rights, civil rights and human rights"** including the ongoing investigation concerning Defendant Horacio Medina were conducted under strict confidentiality, with the expectation that any information shared would be handled accordingly.

It has come to my attention that there may be, or could be, communications between Diaz Reus LLP and other law firms including **Sardi Law PLLC** and others, representing additional defendants in this matter. I must remind you that any such communications involving details, strategies, or information discussed during our confidential exchanges would be improper and potentially prejudicial to my interests and those of my associates and co-Plaintiffs.

Please note that as it can be observed in the case currently filed by Plaintiff Ivan Freites in the USDC for Southern Florida where you represent Defendant Medina and of which several key aspects were discussed by us with your law firm, that to our belief the actions by Medina and others constitute a deliberate illegal and tortious interference in the cases filed in the USDC for the District of Delaware by Freites and me - among others - and that said Honorable Court has been prayed to order **Sanctions against Defendant Medina for Tortious interference** in said proceedings.

Secondly, I must also raise the issue of Diaz Reus LLP's current **representation of Defendant Horacio Medina,** which I consider **improper** under the circumstances. Given the extensive confidential discussions previously held with your firm, this representation poses significant ethical concerns, including potential conflicts of interest and the risk of misuse of privileged information.

To avoid any misunderstanding, I hereby advise that:

1. **No confidential information** shared with your firm is to be disclosed to third parties, including law firms representing other defendants, *without my prior written consent.*

2. Should there be a necessity for inter-counsel communication, it must be conducted within a framework that **respects the confidentiality obligations** established during our discussions.

3. The current representation **of Defendant Horacio Medina by Diaz Reus LLP** is considered **improper** and I urge your firm to **immediately address this conflict of interest,** which could otherwise result in appropriate legal measures.

4. Any breach of these obligations or failure to resolve the representation issue could result in **immediate legal recourse,** including but not limited to:

   • Seeking **judicial intervention** to prevent further disclosure.
   • Filing appropriate motions for the **disqualification of Diaz Reus LLP** from further involvement in this matter.

I trust that **Diaz Reus LLP** will adhere strictly to these obligations and take the necessary measures to prevent any action that could compromise the integrity of any of the ongoing proceedings or my legal position.

A copy of this E-mail is being sent to my associate and co-Plaintiff Mr. Ivan Freites.

Please confirm receipt of this communication and your firm's commitment to maintaining the confidentiality obligations and addressing the representation concerns as outlined.

Sincerely,


**Jorge Alejandro Rodriguez**


On Mon, Oct 2, 2023, 6:06 PM Marta Colomar Garcia <mcolomar@diazreus.com> wrote:
The link was sent last week. Resending

Elerit Wizzard is inviting you to a scheduled Zoom meeting.

Join Zoom Meeting
https://zoom.us/j/92992744032?pwd=VldiSy9ZUjVYOTll30JZSY0ZWSmljdz09

Meeting ID: 929 9274 4032
Passcode: 622659

—

One tap mobile
+13052241968,,92992744032#,,,,*622659# US
+16465588656,,92992744032#,,,,*622659# US (New York)

Case 1:25-cv-20465-BB   Document 343   Entered on FLSD Docket 01/15/2026   Page 140 of 167
Case 1:25-cv-20465-BB   Document 235   Entered on FLSD Docket 08/28/2025   Page 30 of 44

Case 1:25-cv-20465-BB   Document 59-14   Entered on FLSD Docket 03/21/2025   Page 41 of 53

---

Dial by your location
- +1 305 224 1968 US
- +1 646 558 8656 US (New York)
- +1 646 931 3860 US
- +1 301 715 8592 US (Washington DC)
- +1 309 205 3325 US
- +1 312 626 6799 US (Chicago)
- +1 253 215 8782 US (Tacoma)
- +1 346 248 7799 US (Houston)
- +1 360 209 5623 US
- +1 386 347 5053 US
- +1 507 473 4847 US
- +1 564 217 2000 US
- +1 669 444 9171 US
- +1 669 900 9128 US (San Jose)
- +1 689 278 1000 US
- +1 719 359 4580 US
- +1 253 205 0468 US

Meeting ID: 929 9074 4032
Passcode: 622659

Find your local number: https://zoom.us/u/abbOrY7PFY

Marta Colomar Garcia
Administrative Managing Partner



Diaz, Reus & Targ, LLP
100 SE 2nd Street
Suite 3400 | Miami Tower
Miami, Florida 33131

Office: 305.375.9220
mcolomar@diazreus.com | www.diazreus.com

North America . Latin America . Europe . Asia . Middle East . Africa



NOTICE: The information contained in this electronic mail transmission is intended by this law firm for the use of the named individual or entity to which it is directed and may contain information that is privileged or otherwise confidential. It is not intended for transmission to, or receipt by, anyone other than the named addressee. If you have received this electronic mail transmission in error, please delete it from your system without copying or forwarding it, and notify the sender of the error by replying via email or by calling Diaz, Reus & Targ, LLP at the telephone number (collect), so that our address list can be corrected. Thank you for your cooperation.

DIAZ, REUS & TARG LLP IS AN INTERNATIONAL LEGAL PRACTICE PROVIDING CLIENT SERVICES WORLDWIDE THROUGH ITS MEMBER FIRMS AND AFFILIATES. ANY REFERENCE TO A "PARTNER" MEANS A PERSON WHO IS A PARTNER, MEMBER, CONSULTANT, OR EMPLOYEE WITH EQUIVALENT STANDING AND QUALIFICATIONS IN ONE OF THE DIAZ REUS MEMBER FIRMS OR AFFILIATES.

---

From: Michael Diaz <MDiaz@diazreus.com>
Sent: Monday, October 2, 2023 12:03:17 PM
To: Jorge Alejandro Rodriguez M. <jroge_r@intramag.com>
Cc: Javier Coronado <jcoronado@diazreus.com>; Marta Colomar Garcia <mcolomar@diazreus.com>; Jorge Schmidt <jschmidt@diazreus.com>; Isabela Hernandez-Peredo <Hernandez-Peredo@diazreus.com>; MD Meetings <MDMeetings@diazreus.com>
Subject: Re: Representation in Zürich / workers indemnization from CITGO and PDVSA - International law commercial, workers rights, and human rights

Are we having the call? No one is on.

Michael Diaz
Managing Partner | B.C.S.
Board Certified in International
Litigation and Arbitration



Diaz, Reus & Targ, LLP



100 SE 2nd Street
Suite 3400 | Miami Tower
Miami, Florida 33131
Office: 305.375.9220

MDiaz@diazreus.com | www.diazreus.com

North America . Latin America . Europe . Asia . Middle East . Africa

NOTICE: The information contained in this electronic mail transmission is intended by this law firm for the use of the named individual or entity to which it is directed and may contain information that is privileged or otherwise confidential. It is not intended for transmission to, or receipt by, anyone other than the named addressee. It should not be copied or forwarded to any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying or forwarding it, and notify the sender of the error by reply e-mail or calling the above telephone number indicated so that our system records can be corrected. Thank you for your cooperation.

DIAZ, REUS & TARG LLP IS AN INTERNATIONAL LEGAL PRACTICE PROVIDING CLIENT SERVICES WORLDWIDE THROUGH ITS MEMBER FIRMS AND AFFILIATES. ANY REFERENCE TO A "PARTNER" MEANS A PERSON WHO IS A PARTNER, MEMBER, CONSULTANT, OR EMPLOYEE WITH EQUIVALENT STANDING AND QUALIFICATIONS IN ONE OF DIAZ REUS' MEMBER FIRMS OR AFFILIATES.

On Sep 20, 2023, at 12:24 PM, Jorge Alejandro Rodriguez M. <jorge.r@intramaq.com> wrote:

Let's discuss it, we are all reasonable people.
Please suggest a time slot any day next week between 9.00 to noon Miami time.
Kind regards,

Jorge

On Wed, Sep 20, 2023, 5:50 PM Michael Diaz <MDiaz@diazreus.com> wrote:
Hello Jorge, I'm happy to discuss with you sometime next week, but please understand we cannot and will not consider this case on a contingency fee / "contra resultados" basis given it's complexities and the amount of resources we need to dedicate to the case.



Michael Diaz
Managing Partner | B.C.S.

Board Certified in International
Litigation and Arbitration



Diaz, Reus & Targ, LLP
100 SE 2nd Street
Suite 3400 | Miami Tower
Miami, Florida 33131
Office: 305.375.9220

MDiaz@diazreus.com | www.diazreus.com

North America . Latin America . Europe . Asia . Middle East . Africa

NOTICE: The information contained in this electronic mail transmission is intended by this law firm for the use of the named individual or entity to which it is directed and may contain information that is privileged or otherwise confidential. It is not intended for transmission to, or receipt by, anyone other than the named addressee. It should not be copied or forwarded to any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying or forwarding it, and notify the sender of the error by reply e-mail or calling the above telephone number indicated so that our system records can be corrected. Thank you for your cooperation.

DIAZ, REUS & TARG LLP IS AN INTERNATIONAL LEGAL PRACTICE PROVIDING CLIENT SERVICES WORLDWIDE THROUGH ITS MEMBER FIRMS AND AFFILIATES. ANY REFERENCE TO A "PARTNER" MEANS A PERSON WHO IS A PARTNER, MEMBER, CONSULTANT, OR EMPLOYEE WITH EQUIVALENT STANDING AND QUALIFICATIONS IN ONE OF DIAZ REUS' MEMBER FIRMS OR AFFILIATES.

On Sep 20, 2023, at 11:28 AM, Jorge Alejandro Rodriguez M. <jorge.r@intramaq.com> wrote:

Hi Michael,

I hope this email finds you well.

I am writing to request an initial consultation with you regarding a case related to Petroleos de Venezuela S.A. (PDVSA) referring to litigation in Federal Court in the US of a case related to workers indemnization from CITGO and PDVSA - International law commercial, workers rights, civil rights and human rights.

Case 1:25-cv-20465-BB   Document 343   Entered on FLSD Docket 01/15/2026   Page 142 of 167
Case 1:25-cv-20465-BB   Document 235   Entered on FLSD Docket 08/28/2025   Page 32 of 44

Case 1:25-cv-20465-BB   Document 59-14   Entered on FLSD Docket 03/21/2025   Page 43 of 53

The case relates to the collection of unpaid workers compensation for several thousands of workers in an amount estimated in several billion USD.

As you previously represented me and I am aware of some of your previous litigations in matters related to foreign firms as well as of your familiarity with Venezuelan substantive law and US Law in general, I therefore believe that your expertise in this area aligns with the specific needs of our case.

I am interested in discussing the details further and exploring potential legal strategies. . I understand that this consultation will be subject to client-attorney privilege, non-binding with respect to engagement of parties, and without any associated fees or costs unless specifically agreed upon in writing.

Would it be possible to arrange a consultation at your earliest convenience?

I am available from 10:00 am to 20:00 Central European (Zürich) time and can accommodate your preferred mode of consultation, whether it be in person, over the phone, or via video conference.

During our consultation, I hope to:

1. Provide a more comprehensive overview of the case.
2. Understand your approach to similar cases or issues.

3. Discuss potential legal remedies and strategies.
4. Address any questions or concerns you may have.
5. Clarify the next steps and potential timelines.

*I understand that your time is valuable, and I greatly appreciate your consideration of our request. If you require any additional information or documentation ahead of our meeting, please do not hesitate to let me know.*

Thank you for considering my request for consultation. I look forward to the opportunity to speak with you and potentially work together to address the matters related to PDVSA-CITGO.

Kind regards,

Jorge Alejandro Rodriguez

+41 79 272 00 69

On Wed, Oct 26, 2022, 23:11 Michael Diaz <MDiaz@diazreus.com> wrote:

Send more info on the case and what you need

Michael Diaz
Managing Partner | B.C.S.
Board Certified in International
Litigation and Arbitration

Diaz, Reus & Targ, LLP
100 SE 2nd Street
Suite 3400 | Miami Tower
Miami, Florida 33131
Office: 305.375.9220

MDiaz@diazreus.com | www.diazreus.com

United States , Latin America , Europe , Asia , Middle East , Africa

NOTICE: The information contained in this electronic mail transmission is intended by this firm to be privileged and confidential and is intended only for the use of the named individual or entity to whom it is directed. You should not read, disseminate, distribute or copy this transmission if you are not the named addressee, or the person responsible to deliver it to the named addressee. If you have received this transmission in error, please delete it from your system without copying or forwarding it, and notify the sender of the error by reply email or by calling the above telephone number (collect), so that our address record can be corrected. Thank you for your cooperation.

DIAZ, REUS & TARG, LLP IS AN INTERNATIONAL LEGAL PRACTICE PROVIDING CLIENT SERVICES WORLDWIDE THROUGH ITS MEMBER FIRMS AND AFFILIATES. ANY REFERENCE TO A "PARTNER" MEANS A PERSON WHO IS A PARTNER, MEMBER, CONSULTANT, OR EMPLOYEE WITH EQUIVALENT STANDING AND QUALIFICATIONS IN ONE OF DIAZ REUS' MEMBER FIRMS OR AFFILIATES.

On Oct 26, 2022, at 4:27 AM, Jorge Alejandro Rodriguez M. <jorge.r@intramaq.com> wrote:

Hello Michael,

Hope it is all well with you, I see many success stories in the press.

I am looking for a Zürich based law firm in order to litigate/negotiate for a breach of contract against a Swiss/German firm.

As it is related to the case you advised me on through 2013-2015 (Continental vs. DMG), I thought you might have a representative firm here in Zürich.

Looking forward to hearing from you,

Jorge Alejandro Rodriguez

On Wed, Oct 7, 2020, 3:22 PM Michael Diaz <MDiaz@diazreus.com> wrote:

Michael Diaz
Managing Partner | B.C.S.
Board Certified in International
Litigation and Arbitration

Diaz, Reus & Targ, LLP
100 SE 2nd Street
Suite 3400 | Miami Tower
Miami, Florida 33131
Office: 305.375.9220

MDiaz@diazreus.com | www.diazreus.com

United States . Latin America . Europe . Asia . Middle East . Africa

NOTE: The information contained in this electronic transmission is intended for the sole use of the individual or entity to which it is addressed and may contain confidential and/or privileged information. If you are not the intended recipient, be advised that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this electronic transmission in error, please notify us by reply email or telephone and delete all copies. Thank you for your cooperation.

DIAZ, REUS & TARG LLP IS AN INTERNATIONAL LEGAL PRACTICE PROVIDING CLIENT SERVICES IN NUMEROUS COUNTRIES THROUGHOUT THE WORLD. ANY REFERENCE TO A "PARTNER" MEANS A PERSON WHO IS A PARTNER, MEMBER, CONSULTANT OR EMPLOYEE WITH EQUIVALENT STANDING AND QUALIFICATIONS WITH ONE OF DIAZ REUS' MEMBER FIRMS OR AFFILIATES.

Begin forwarded message:

From: "Marie C. Battier" <mbattier@diazreus.com>
Date: October 7, 2020 at 9:01:23 AM EDT
To: DRT ALL <DRTAll@diazreus.com>
Subject: Results: Legal500 Latin America 2021

Excellent news today with the new Legal500 Latin America ranking:

- COMPLIANCE & INVESTIGATIONS (new practice are this year for Legal500 Latam): DRT is ranked in tier 3, together with Jones Day, Quinn Emanuel Urquhart & Sullivan, LLP, Ropes & Gray LLP, Vinson & Elkins LLP and White & Case LLP. Michael Diaz Jr. is in the Leading individuals list.
Bob, Juan and Marta are recommended

Comments:
The Miami-headquartered Diaz Reus International Law Firm & Alliance is highly noted for white-collar crime, financial fraud and FCPA investigations, and is particularly noted for its experience in money-laundering and OFAC violation investigations. The firm frequently acts for foreign governments, state-owned enterprises and public officials. It also routinely helps clients avoid criminal indictments and has a history of negotiating with US law enforcement agencies; this includes pre-indictment resolution strategies in criminal investigations by the US Attorney's Office in Miami, New York and Houston, and the US Department of Justice and its law enforcement agencies. Global managing partner Michael Diaz is a prominent name in the sector, as is Robert Targ. Of counsel Juan Vargas and administrative managing partner Marta Colomar-Garcia are also notable names. All are based in Miami.

Case 1:25-cv-20465-BB   Document 343   Entered on FLSD Docket 01/15/2026   Page 144 of 167
Case 1:25-cv-20465-BB   Document 235   Entered on FLSD Docket 08/28/2025   Page 34 of 44

Case 1:25-cv-20465-BB   Document 59-14   Entered on FLSD Docket 03/21/2025   Page 45 of 53

Client Testimonials

'They are extremely professional, they have the complete understanding about the legal
procedures and the best routes to be followed to achieve the appropriate solution to the
demands.'

'Their performance is excellent. Their strength is in their attorneys'
knowledge, professionalism and the administrative staff.'

'Michael Diaz, Robert Targ and Juan Varga are highly trained and experienced
lawyers, with an exceptional analytical ability. They go directly to the important points,
have great bargaining power, and thorough knowledge of the laws and the paths to be
followed to find the solution to the problem.'

'Michael Diaz, like the rest of his team, is extremely fair, human, identifies with
the client's situation, and works hard without limits to achieve convincing results in the
cases.'

-INTERNATIONAL ARBITRATION: DRT is newly ranked (tier 5)

-CITY FOCUS: MIAMI FIRMS: DRT is on the list again this year: Michael, Bob,
Gary and Marta are recommended
Comments:
Diaz Reus International Law Firm & Alliance has a phenomenal presence in white-collar
crime and FCPA investigations. It has a rich track record in financial fraud, international
asset recovery, anti-money laundering, and OFAC compliance. In addition, the firm is
achieving further growth in immigration and Latin America corporate transactions,
especially those involving large family-owned businesses. Key markets include Mexico,
Colombia, Brazil, Venezuela, Guatemala and Honduras. It is well known for representing
foreign governments, state-owned enterprises, public officials, financial institutions,
multinationals and high net worth individuals. It has a fine record in handling and
avoiding criminal indictments and negotiating with US law enforcement agencies; this
includes in relation to Latin American jurisdictions that are perceived to be
national security threats to the US. Moreover, the firm is making a significant impression
in international arbitration involving Latin American entities. Global managing partner
Michael Diaz has an outstanding reputation in FCPA and OFAC cases, financial
fraud investigations, asset-tracing and general white-collar crime matters. Founding
partner Robert Targ is also highly reputed for white-collar crime and investigations,
while Gary Davidson is the key partner for international arbitrations. Marta Colomar-
Garcia is also has a growing practice in Latin America litigation and arbitration.

See here for Miami firms in Latam: https://www.legal500.com/c/latin-america-
international-firms/city-focus-miami/

See all the results here (you'll see the USA ranking
first): https://www.legal500.com/firms/52895-diaz-reus-international-law-firm-
alliance/56366-miami-usa/#section-1194199

COLOMBIA
The DRT office is ranked for the first time in CORPORATE. M&A (Tier 4).
See here: https://www.legal500.com/c/colombia/corporate-and-ma/

CONGRATS!!!

Maria C. Battler
Marketing Director

Diaz, Reus & Targ, LLP
100 SE 2nd Street
Suite 3400 | Miami Tower
Miami , Florida 33131

Office: +1 786 319 1970
mbattler@diazreus.com | www.diazreus.com

United States . Latin America . Europe . Asia . Middle East . Africa



**Exhibit B:** Email exchange on conferral for this motion.

 **Gmail**

O.B.O Plaintiffs Freites Otero Rodriguez <freites.usdcsf.1.25.cv.20465.bb@gmail.com>

## Re: [EXTERNAL] Re: Request to Confer Pursuant to S.D. Fla. L.R. 7.1(a)(3) - Plaintiffs write to confer in good faith regarding a forthcoming "Motion for Leave to File Supplemental Evidence" in support of our pending "Expedited Post-Judgment Motion for ...

**Carlos Sardi** <carlos@sardilaw.com>                                      Wed, Aug 6, 2025 at 5:53 PM
To: "O.B.O Plaintiffs Freites Otero Rodriguez" <freites.usdcsf.1.25.cv.20465.bb@gmail.com>
Cc: Javier Coronado <jcoronado@diazreus.com>, Gabor Gazso von Klingspor <ggazso@diazreus.com>, Marta Colomar Garcia <mcolomar@diazreus.com>, Michael Diaz <MDiaz@diazreus.com>, Aylin Hovispo <ahovispo@diazreus.com>

Be warned that we will seek sanctions against all of you if you do. Your vexatious litigation tactics for a case that has been already dismissed has already been noted. Proceed at your own risk.


Thanks,


--Carlos

Carlos E. Sardi, Esq.
SARDI LAW PLLC


**Miami Office:**

11410 N. Kendall Dr., Suite 208

Miami, FL 33176
Tel: 305-697-8690
Fax: 305-697-8691
Email: carlos@sardilaw.com
Web: www.sardilaw.com


**Ft. Myers Office:**

Courtney Building

2069 First St., Suite 204

Ft. Myers, FL 33901

Tel: (239) 291-9125



This e-mail is intended only for the individual(s) or entity(s) named within the message. This e-mail might contain information that is confidential, proprietary, attorney work-product or attorney-client privileged. If you properly received this e-mail as a client or retained expert, please hold it in confidence to protect the attorney-client or work product privileges. Should the intended recipient forward or disclose this message to another person or party, that action could constitute a waiver of the attorney-client privilege. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited by the sender and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. If this communication was received in error we apologize for the intrusion. Please notify us by reply e-mail and delete the original message without reading same. In no event shall this material be read, used, copied, reproduced, stored or retained by anyone other than the named addressee(s), except with the express consent of the sender and the named addressee(s). Nothing in this e-mail message shall, in and of itself, create an attorney-client relationship with the sender. Thank you.

**From:** O.B.O Plaintiffs Freites Otero Rodriguez <freites.usdcsf.1.25.cv.20465.bb@gmail.com>
**Sent:** Wednesday, August 6, 2025 11:49 AM
**To:** Carlos Sardi <carlos@sardilaw.com>
**Cc:** Javier Coronado <jcoronado@diazreus.com>; Gabor Gazso von Klingspor <ggazso@diazreus.com>; Marta Colomar Garcia <mcolomar@diazreus.com>; Michael Diaz <MDiaz@diazreus.com>; Aylin Hovispo <ahovispo@diazreus.com>
**Subject:** Re: [EXTERNAL] Re: Request to Confer Pursuant to S.D. Fla. L.R. 7.1(a)(3) - Plaintiffs write to confer in good faith regarding a forthcoming "Motion for Leave to File Supplemental Evidence" in support of our pending "Expedited Post-Judgment Motion for ...

Mr. Sardi,

We are in receipt of your email refusing to provide a substantive response.

To be clear, the issue is not one of etiquette. It is the matter of your and DRT's undisclosed joint representation against Plaintiffs and the submission of fraudulent evidence to a federal court. A formal response was, and is, required.

Your continued evasion has been noted. We will govern ourselves accordingly and will be filing the appropriate motion to bring this conduct to the Court's attention.

All of our rights and arguments with respect to your firm's and DRT's disqualification remain fully reserved.

Respectfully,


Ivan R. Freites C.

Miguel Enrique Otero C.

Jorge Alejandro Rodriguez M.


Acting pro se



On Wed, Aug 6, 2025 at 5:08 PM Carlos Sardi <carlos@sardilaw.com> wrote:

Your email is not even dignified for I to give you a formal response.


Thank you,

--Carlos

Carlos E. Sardi, Esq.
SARDI LAW PLLC

**Miami Office:**

11410 N. Kendall Dr., Suite 208

Miami, FL 33176
Tel: 305-697-8690
Fax: 305-697-8691
Email: carlos@sardilaw.com
Web: www.sardilaw.com

**Ft. Myers Office:**

Courtney Building

2069 First St., Suite 204

Ft. Myers, FL 33901

Tel: (239) 291-9125



This e-mail is intended only for the individual(s) or entity(s) named within the message. This e-mail might contain information that is confidential, proprietary, attorney work-product or attorney-client privileged. If you properly received this e-mail as a client or retained expert, please hold it in confidence to protect the attorney-client or work product privileges. Should the intended recipient forward or disclose this message to another person or party, that action could constitute a waiver of the attorney-client privilege. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited by the sender and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. If this communication was received in error we apologize for the intrusion. Please notify us by reply e-mail and delete the original message without reading same. In no event shall this material be read, used, copied, reproduced, stored or retained by anyone other than the named addressee(s), except with the express consent of the sender and the named addressee(s). Nothing in this e-mail message shall, in and of itself, create an attorney-client relationship with the sender. Thank you.

**From:** O.B.O Plaintiffs Freites Otero Rodriguez <freites.usdcsf.1.25.cv.20465.bb@gmail.com>
**Sent:** Wednesday, August 6, 2025 10:57 AM
**To:** Carlos Sardi <carlos@sardilaw.com>
**Cc:** Javier Coronado <jcoronado@diazreus.com>; Gabor Gazso von Klingspor <ggazso@diazreus.com>; Marta Colomar Garcia <mcolomar@diazreus.com>; Michael Diaz <MDiaz@diazreus.com>; Aylin Hovispo <ahovispo@diazreus.com>
**Subject:** Re: [EXTERNAL] Re: Request to Confer Pursuant to S.D. Fla. L.R. 7.1(a)(3) - Plaintiffs write to confer in good faith regarding a forthcoming "Motion for Leave to File Supplemental Evidence" in support of our pending "Expedited Post-Judgment Motion for ...

TO:

Carlos E. Sardi, Esq.

Sardi Law, PLLC

CC:

Javier Coronado, Esq.

And Counsel for Defendants

FROM:

Ivan R. Freites C., Miguel Enrique Otero, and Jorge Alejandro Rodríguez, Pro Se

**DATE:** August 5, 2025
RE: Freites, et al. v. Medina, et al., Case No. 1:25-cv-20465-BB

Response to Your Email of August 4, 2025

Mr. Sardi,

Your concurrence with Mr. Coronado is noted, though entirely unsurprising. Given that your firm has been acting in undisclosed joint coordination with Diaz, Reus & Targ LLP ("DRT") in a concerted effort against Plaintiffs since at least October 2024, your endorsement is not an independent legal opinion but a continuation of that same strategy.

By aligning yourself with DRT's threats, you make yourself a party to an attempt to intimidate pro se litigants from presenting dispositive evidence of a fraud on the Court. Let us be unequivocally clear: the "unreasonable and vexatious multiplication of these proceedings" is a direct result of the collective misconduct of defense counsel. The necessity of our motion arises from DRT's decision to submit contradictory evidence to this Court and your joint decision to conceal your coordinated efforts in violation of your duties of candor.

The only vexatious conduct here is the strategy of concealing conflicts and misrepresenting facts to the Court, and then threatening sanctions against the victims of that conduct when they seek to correct the record. Your joint attempt to suppress this evidence will not succeed.

We will not be deterred by these coordinated threats. We will be filing our Motion for Leave to Supplement, and we will ensure the Court is made aware of this pattern of behavior, including your firm's role in it and this subsequent effort to intimidate us from exposing it.

We suggest you and Mr. Coronado govern yourselves according to the ethical duties you owe to this Court and to the profession.

All of our rights and arguments with respect to your firm's and DRT's disqualification remain fully reserved.

Respectfully,

Ivan R. Freites C.

Miguel Enrique Otero C.

Jorge Alejandro Rodriguez M.

Acting pro se

Finally, nothing in this communication shall be construed or interpreted as acceptance or waiver regarding the current representations by counsel Díaz Reus or Sardi Law, particularly in relation to the pending motions for disqualification, which remain fully reserved for the Court's determination. Plaintiffs expressly preserve all rights, arguments, and remedies relating thereto.

**Respectfully,**



Ivan R. Freites C.

Miguel Enrique Otero C.

Jorge Alejandro Rodriguez M.


Acting pro se


On Tue, Aug 5, 2025 at 2:18 AM Carlos Sardi <carlos@sardilaw.com> wrote:

I agree with Mr. Coronado.


Please govern yourselves accordingly.


Carlos E. Sardi, Esq.

Sardi Law, PLLC


Get Outlook for iOS

---

**From:** Javier Coronado <jcoronado@diazreus.com>
**Sent:** Monday, August 4, 2025 8:17:10 PM
**To:** O.B.O Plaintiffs Freites Otero Rodriguez <freites.usdcsf.1.25.cv.20465.bb@gmail.com>; Gabor Gazso von Klingspor <ggazso@diazreus.com>; Marta Colomar Garcia <mcolomar@diazreus.com>; Michael Diaz <MDiaz@diazreus.com>; Aylin Hovispo <ahovispo@diazreus.com>; Carlos Sardi <carlos@sardilaw.com>
**Subject:** Re: [EXTERNAL] Re: Request to Confer Pursuant to S.D. Fla. L.R. 7.1(a)(3) - Plaintiffs write to confer in good faith regarding a forthcoming "Motion for Leave to File Supplemental Evidence" in support of our pending "Expedited Post-Judgment Motion for ...


Good afternoon,


We reject your email's allegations and oppose your contemplated motion. If you choose to proceed, we will seek sanctions under 28 U.S.C. § 1927 and the Court's inherent authority based on your unreasonable and vexatious multiplication of these proceedings.


Your contemplated filing serves only to increase Mr. Medina's legal costs, burden the Court's resources, and demonstrate your disregard for the Court's rules and procedures.


Respectfully,

**Javier Coronado**

Partner

*AML & Sanctions Certified by ACAMS*



**Miami, Florida, USA**
100 SE 2nd Street
Suite 3400 | Miami Tower
Office: 305.375.9220

jcoronado@diazreus.com | www.diazreus.com

North America . Latin America . Europe . Asia . Middle East . Africa



NOTICE: The information contained in this electronic mail transmission is intended by this law firm for the use of the named individual or entity to which it is directed and may contain information that is privileged or otherwise confidential. It is not intended for transmission to, or receipt by, anyone other than the named addresses. It should not be copied or forwarded to any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying or forwarding it, and notify the sender of the error by reply e-mail or calling the above telephone number (collect) so that our address record can be corrected. Thank you for your cooperation.

DIAZ, REUS & TARG LLP IS AN INTERNATIONAL LEGAL PRACTICE PROVIDING CLIENT SERVICES WORLDWIDE THROUGH ITS MEMBER FIRMS AND AFFILIATES. ANY REFERENCE TO A "PARTNER" MEANS A PERSON WHO IS A PARTNER, MEMBER, CONSULTANT, OR EMPLOYEE WITH EQUIVALENT STANDING AND QUALIFICATIONS IN ONE OF DIAZ REUS' MEMBER FIRMS OR AFFILIATES.

---

**From:** O.B.O Plaintiffs Freites Otero Rodriguez <freites.usdcsf.1.25.cv.20465.bb@gmail.com>
**Sent:** Thursday, July 31, 2025 5:00 PM
**To:** Javier Coronado <jcoronado@diazreus.com>; Gabor Gazso von Klingspor <ggazso@diazreus.com>; Marta Colomar Garcia <mcolomar@diazreus.com>; Michael Diaz <MDiaz@diazreus.com>; Aylin Hovispo <ahovispo@diazreus.com>; Carlos Sardi <carlos@sardilaw.com>

faith regarding a forthcoming "Motion for Leave to File Supplemental Evidence" in support of our pending "Expedited Post-Judgment Motion for Sanc...

Please note the referred motion is more properly described as "Motion for Leave to File Supplemental Evidence and supplement motion" than "Motion for Leave to File Supplemental Evidence"

Finally, nothing in this communication shall be construed or interpreted as acceptance or waiver regarding the current representations by counsel Díaz Reus or Sardi Law, particularly in relation to the pending motions for disqualification, which remain fully reserved for the Court's determination. Plaintiffs expressly preserve all rights, arguments, and remedies relating thereto.

Respectfully,

Ivan R. Freites C.

Miguel Enrique Otero C.

Jorge Alejandro Rodriguez M.

Acting pro se

On Thu, Jul 31, 2025 at 10:57 PM O.B.O Plaintiffs Freites Otero Rodriguez <freites.usdcsf.1.25.cv.20465.bb@gmail.com> wrote:

VIA EMAIL

TO:

Javier Coronado, Esq.

Michael Diaz, Jr., Esq.

Marta Colomar Garcia, Esq.

Gabor Gazso von Klingspor, Esq.

Diaz, Reus & Targ, LLP

Carlos Sardi, Esq.

Sardi Law, PLLC

Counsel for Defendants

FROM:

Ivan R. Freites C., Miguel Enrique Otero, and Jorge Alejandro Rodríguez, Pro Se

DATE: July 31st, 2025
RE: Freites, et al. v. Medina, et al., Case No. 1:25-cv-20465-BB

Request to Confer Pursuant to S.D. Fla. L.R. 7.1(a)(3) Regarding Plaintiffs' Intended Motion for Leave to File Supplemental Evidence

Pursuant to Local Rule 7.1(a)(3) of the Southern District of Florida, Plaintiffs write to confer in good faith regarding a forthcoming "Motion for Leave to File Supplemental Evidence" in support of our pending "Expedited Post-Judgment Motion for Sanctions" (ECF No. 172) and "Expedited Plaintiffs' Motion for Evidentiary Hearing and for Relief from Final Judgment" (ECF No. 218).

The evidence we seek to file, which was only recently verified on July 31, 2025, is directly material to the allegations of attorney misconduct, bad faith, and fraud on the Court raised in our pending post-judgment motions. This evidence concerns a direct and irreconcilable contradiction contained within evidence your firm, Diaz, Reus & Targ, LLP ("DRT"), submitted to this Court at ECF No. 59-14.

Specifically, the denial by your former attorney, Jorge Schmidt, that he had any communication with Plaintiff Rodriguez is proven false by an email chain, also included by DRT in ECF No. 59-14, on which Mr. Schmidt was a direct recipient. When Plaintiffs, at Mr. Coronado's express invitation, sought to verify Mr. Schmidt's statement due to a materially impossible timeline contained within the evidence, our efforts were stonewalled for four months, preventing this matter from being brought to the Court's attention prior to the entry of judgment. To this date Mr. Coronado has not provided the phone number - in his possession indeed - where Plaintiffs could clarify the issue of the materially impossible timeline.

In any case, the not sufficiently explained issue of the materially impossible timeline became "a small thing" when confronted with the contradictions within the emails and the "Whatsapp notes" filed by Diaz Reus when said notes are taken as issued by Jorge Schmidt on 2025 as presented by Diaz Reus.

Accordingly, Plaintiffs intend to file a motion seeking leave to supplement the record of ECF Nos. 172 and 218 with the recently confirmed evidence of Mr. Schmidt's false denial and DRT's subsequent obstruction of our verification efforts.

Please advise whether your clients will agree to the relief sought and stipulate to allowing Plaintiffs to supplement the record with this evidence, thereby obviating the need for motion practice on this issue.

We appreciate your kind response at your earliest convenience, in any case by closing business day (5 pm) Monday August 4th, 2025.

Finally, nothing in this communication shall be construed or interpreted as acceptance or waiver regarding the current representations by counsel Díaz Reus or Sardi Law, particularly in relation to the pending motions for disqualification, which remain fully reserved for the Court's determination. Plaintiffs expressly preserve all rights, arguments, and remedies relating thereto.


**Respectfully,**


Ivan R. Freites C.

Miguel Enrique Otero C.

Jorge Alejandro Rodriguez M.


Acting pro se

PLANTIFFF. Exhibit list Indice

| Exhibit No. | Description |
|---|---|
| Plaintiff-1 | Email correspondence between Plaintiff J.A. Rodriguez and Diaz Reus LLP dated September–, 2023, regarding retention/meeting. |
| Plaintiff-2 | Zoom Meeting Invitation/Calendar Entry for "Meeting with PDVSA Ad Hoc" (or related) dated October 2, 2023. |
| Plaintiff-3 | Log of Zoom Meeting Participants for the meeting held on October 2, 2023 - Produced in discovery. |
| Plaintiff-4 | Diaz Reus LLP Billing/Time Entry Records for September/October 2023 - produced in discovery. |
| Plaintiff-5 | Email from Belkys Guillen (and other staff) confirming meeting details/link. |
| Plaintiff-6 | Correspondence dated September 29th, 2023 from Ivan Freites and |

| | |
|---|---|
| | other claimants to Horacio Medina. |
| Plaintiff-7 | Plaintiff-7: Correspondence between Jorge Schmidt and Diaz Reus. To be produced during discovery and Plaintiff 7-1: ECF 251. |

## III. PLAINTIFFS' DEPOSITION DESIGNATIONS

Pursuant to the Court's Order granting limited discovery regarding the authenticity of records [ECF No. 305, p. 3], Plaintiffs state as follows:

- **Designation of Records Custodian Testimony:** To the extent a deposition of the Diaz Reus LLP Records Custodian is conducted prior to the hearing to authenticate the emails and billing records listed above, Plaintiffs designate **all** testimony therein necessary to establish the foundation and authenticity of Exhibits Plaintiff-1 through Plaintiff-5 and Plaintiff-7.

- *Alternatively, if the deposition has not occurred:* Plaintiffs currently have no deposition transcripts to designate. Plaintiffs reserve the right to supplement this designation should the Court authorize, or the parties conduct, the limited deposition of the Records Custodian prior to January 6, 2026.

Respectfully submitted,

6

Ivan R. Freites C., Pro Se

4370 NW 107 Ave., Apt. 102

Doral, FL 33178


Miguel Enrique Otero, Pro Se

c/o Rodriguez

Eichholzstrasse 2, 6312-Steinhausen, CH


Jorge Alejandro Rodríguez, Pro Se

Eichholzstrasse 2, 6312-Steinhausen, CH

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on **December 29, 2025**, I filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

Hearing Exhibits Service Certification:

I further certify that copies of all pre-marked exhibits listed in Section II above were served upon counsel for Defendants via on this date, in compliance with the Court's Order.

Respectfully submitted,

Ivan R. Freites C., Pro Se

4370 NW 107 Ave., Apt. 102

Doral, FL 33178

8

| | |
|---|---|
| | |
| **Plaintiff-5** | Email from Belkys Guillen (and other staff) confirming meeting details/link. Secretarial / receptionist call log<br><br>Material not released by Defendants. |
| **Plaintiff-6** | Correspondence dated September 29th, 2023 from Ivan Freites and other claimants to Horacio Medina<br><br>Attached (In ECF 30-1 page |
| **Plaintiff-7** | Correspondence between Jorge Schmidt and Diaz Reus (ECF 235 and ECF 251). |

Plaintiffs confirm that two bound copies of these exhibits will be provided to the Court at the start of the hearing[18].

Respectfully submitted,

| Exhibit No. | Description |
|---|---|
| Plaintiff-1 | Email correspondence between Plaintiff J.A. Rodriguez and Diaz Reus LLP dated September–, 2023, regarding retention/meeting. |
| Plaintiff-2 | Zoom Meeting Invitation/Calendar Entry for "Meeting with PDVSA Ad Hoc" (or related) dated October 2, 2023. |
| Plaintiff-3 | Log of Zoom Meeting Participants for the meeting held on October 2, 2023 - Produced in discovery. |
| Plaintiff-4 | Diaz Reus LLP Billing/Time Entry Records for September/October 2023 - produced in discovery. |
| Plaintiff-5 | Email from Belkys Guillen (and other staff) confirming meeting details/link. |
| Plaintiff-6 | Correspondence dated September 29th, 2023 from Ivan Freites and |

| | other claimants to Horacio Medina. |
|---|---|
| **Plaintiff-7** | Plaintiff-7- Correspondence between Jorge Schmidt and Diaz Reus: To be produced during discovery and Plaintiff-7-1- ECF 251. |

## III. PLAINTIFFS' DEPOSITION DESIGNATIONS

Pursuant to the Court's Order granting limited discovery regarding the authenticity of records [ECF No. 305, p. 3], Plaintiffs state as follows:

- **Designation of Records Custodian Testimony:** To the extent a deposition of the Diaz Reus LLP Records Custodian is conducted prior to the hearing to authenticate the emails and billing records listed above, Plaintiffs designate **all** testimony therein necessary to establish the foundation and authenticity of Exhibits Plaintiff-1 through Plaintiff-5 and Plaintiff-7.

- *Alternatively, if the deposition has not occurred:* Plaintiffs currently have no deposition transcripts to designate. Plaintiffs reserve the right to supplement this designation should the Court authorize, or the parties conduct, the limited deposition of the Records Custodian prior to January 6, 2026.

Respectfully submitted,

Ivan R. Freites C., Pro Se

4370 NW 107 Ave., Apt. 102

Doral, FL 33178


Miguel Enrique Otero, Pro Se

c/o Rodriguez

Eichholzstrasse 2, 6312-Steinhausen, CH


Jorge Alejandro Rodríguez, Pro Se

Eichholzstrasse 2, 6312-Steinhausen, CH

7

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on **December 29, 2025**, I filed the foregoing with the

Clerk of the Court using CM/ECF. I also certify that the foregoing document is being

served this day on all counsel of record via transmission of Notices of Electronic

Filing generated by CM/ECF.

Hearing Exhibits Service Certification:

I further certify that copies of all pre-marked exhibits listed in Section II above were

served upon counsel for Defendants via on this date, in compliance with the Court's

Order.

Respectfully submitted,

Ivan R. Freites C., Pro Se

4370 NW 107 Ave., Apt. 102

Doral, FL 33178

8

PLANTIFFS. Exhibit list India

| Exhibit No. | Description |
|---|---|
| Plaintiff-1 | Email correspondence between Plaintiff J.A. Rodriguez and Diaz Reus LLP dated September--, 2023, regarding retention/meeting. |
| Plaintiff-2 | Zoom Meeting Invitation/Calendar Entry for "Meeting with PDVSA Ad Hoc" (or related) dated October 2, 2023. |
| Plaintiff-3 | Log of Zoom Meeting Participants for the meeting held on October 2, 2023 - Produced in discovery. |
| Plaintiff-4 | Diaz Reus LLP Billing/Time Entry Records for September/October 2023 - produced in discovery. |
| Plaintiff-5 | Email from Belkys Guillen (and other staff) confirming meeting details/link. |
| Plaintiff-6 | Correspondence dated September 29th, 2023 from Ivan Freites and |

| | |
|---|---|
| | other claimants to Horacio Medina. |
| **Plaintiff-7** | Plaintiff 7: Correspondence between Jorge Schmidt and Diaz Reus: To be produced during discovery and Plaintiff 7-1: ECF 251. |

## III. PLAINTIFFS' DEPOSITION DESIGNATIONS

Pursuant to the Court's Order granting limited discovery regarding the authenticity of records [ECF No. 305, p. 3], Plaintiffs state as follows:

- **Designation of Records Custodian Testimony:** To the extent a deposition of the Diaz Reus LLP Records Custodian is conducted prior to the hearing to authenticate the emails and billing records listed above, Plaintiffs designate **all** testimony therein necessary to establish the foundation and authenticity of Exhibits Plaintiff-1 through Plaintiff-5 and Plaintiff-7.

- *Alternatively, if the deposition has not occurred:* Plaintiffs currently have no deposition transcripts to designate. Plaintiffs reserve the right to supplement this designation should the Court authorize, or the parties conduct, the limited deposition of the Records Custodian prior to January 6, 2026.

Respectfully submitted,

6

Ivan R. Freites C., Pro Se

4370 NW 107 Ave., Apt. 102

Doral, FL 33178


Miguel Enrique Otero, Pro Se

c/o Rodriguez

Eichholzstrasse 2, 6312-Steinhausen, CH


Jorge Alejandro Rodríguez, Pro Se

Eichholzstrasse 2, 6312-Steinhausen, CH

7

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on **December 29, 2025**, I filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

Hearing Exhibits Service Certification:


I further certify that copies of all pre-marked exhibits listed in Section II above were served upon counsel for Defendants via on this date, in compliance with the Court's Order.

Respectfully submitted,


Ivan R. Freites C., Pro Se

4370 NW 107 Ave., Apt. 102

Doral, FL 33178

8