IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 25-cv-20465

IVAN R. FREITES C, et al.,

    Plaintiffs,

v.

HORACIO MEDINA, et al.,

    Defendants.

_____/

**DEFENDANT HORACIO MEDINA'S OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR DISCOVERY IN AID OF FEE DETERMINATION, ECF NO. [340]**

Defendant Horacio Medina ("Mr. Medina") opposes Plaintiffs' "Cross Motion for Discovery in Aid of Fee Determination," ECF No. [340] (the "Cross-Motion"), and states as follows:

**INTRODUCTION**

Plaintiffs' Cross-Motion is the latest step in a relentless post-judgment campaign to burden Mr. Medina, his counsel, and this Court with improper, meritless, and vexatious filings. Even after this Court closed the case and dismissed Plaintiffs' federal claims with prejudice, Plaintiffs continue to manufacture disputes to evade accountability for their litigation misconduct—now seeking sweeping discovery into Mr. Medina's fee arrangements and payment records to which they are not entitled under any legal authority. This request is legally unsupported and predicated on speculation. Plaintiffs' Cross-Motion should be denied, and their continued abuse of the judicial process warrants the imposition of sanctions and a narrow pre-filing injunction to prevent further frivolous post-judgment filings.

## BACKGROUND

1. Plaintiff Ivan R. Freites C. ("Freites") filed this *pro se* action as a further attempt to advance several unfounded claims against Defendants, following the dismissal without prejudice of a previous *pro se* case that Freites and his associates, Miguel Enrique Otero ("Otero") and Jorge Alejandro Rodriguez ("Rodriguez"), filed in this Court. That case was heard before Chief Judge Cecilia Altonaga and is styled *Freites C et al. v. Viero-Blanco, et al.*, No. 24-cv-24176 (the "First Florida Case").

2. Notwithstanding the dismissal of the First Florida Case, Plaintiffs filed a new pleading which advanced substantially the same claims as the First Florida Case and remained deficient. *See* ECF Nos. [1], [52]. Ultimately, the Court granted Defendants' motions to dismiss the Amended Complaint and closed the case, dismissing Plaintiffs' federal law claims with prejudice. *See* ECF No. [165] at 40.

3. Frustrated with the case's outcome, Plaintiffs embarked on a campaign of post-judgment filings to harass Mr. Medina. Plaintiffs have inundated the docket with at least 80 improper and/or deficient filings after the case dismissal.[1] Chief among Plaintiffs' frivolous motions are six post-judgment motions for sanctions and disqualification of the undersigned counsel. *See* ECF Nos. [172], [225], [233], [235], [283], [301].[2]

---

[1] *See* ECF Nos. [168], [170], [172], [173], [176], [177], [178], [179], [182], [183], [184], [185], [187], [188], [191], [192], [193], [195], [200], [202], [203], [207], [208], [209], [210], [211], [212], [213], [216], [218], [219], [220], [223], [224], [225], [227], [228], [229], [233], [234], [235], [237], [239], [244], [248], [253], [254], [255], [256], [257], [258], [259], [260], [261], [263], [264], [265], [268], [269], [275], [276], [277], [278], [282], [283], [284], [285], [287], [289], [300], [301]. [308], [315], [316], [318], [336], [339], [340], [341], [342].

[2] The Court has already denied Plaintiffs' fifth motion for sanctions, ECF No. [283], as frivolous. *See* ECF No. [290].

4.         Mr. Medina has repeatedly cross-moved against Plaintiffs for their continued vexatious litigation. *See*, *e.g.*, ECF No. [221] at 13-15; ECF No. [222]; ECF No. [272] at 12-14; ECF No. [274]. In two of his later cross-motions for sanctions, Mr. Medina requested that the Court order Plaintiffs to pay the legal fees Mr. Medina incurred since the dismissal of this case. *See* ECF Nos. [326], [327].

5.         With their Cross-Motion, Plaintiffs respond to Mr. Medina's latest cross-motions for sanctions, ECFs No. [326] and [327], and seek discovery into Mr. Medina's fee agreement with the law firm of Diaz, Reus & Targ, LLP ("DRT") and for proof of payment of DRT's invoices.

## MEMORANDUM OF LAW

**I.     PLAINTIFFS ARE NOT ENTITLED TO SEEK DISCOVERY**

Plaintiffs' Cross-Motion seeks an order requiring Mr. Medina to produce his "fee agreement" with DRT, including his engagement letter, as well as "proof of payment for the fees claimed" by Mr. Medina in his cross-motions for sanctions, including "bank records or ledgers showing who satisfied the invoices." *See* ECF No. [340] at 9. Plaintiffs' argument rests on the assumption that Mr. Medina is not paying his own fees, but is instead receiving third-party litigation funding from Petroleos de Venezuela S.A. (PDVSA) Ad Hoc.[3] *Id.* at 2-4.

Plaintiffs' request is premature because Mr. Medina is not required to disclose the terms of any applicable fee agreement or produce invoices for incurred or claimed fees unless and until the Court issues an order entitling him to fees and costs. As a threshold matter, the requirements of Local Rule 7.3 for an award of attorneys' fees and costs—including a description of any applicable fee agreements and invoices—do not apply to a standalone motion for sanctions. *Latele TV, C.A.*

---

[3]     PDVSA Ad Hoc is an administrative board appointed by the opposition-led Venezuelan National Assembly to manage the assets of Venezuela's state-owned oil company abroad. *See* PDVSA Ad Hoc, The Reality of PDVSA Ad Hoc, https://pdvsa-adhoc.com/en/the-reality-of-pdvsa-ad-hoc/ (last visited Jan. 20, 2026).

3

*v. Telemundo Communs. Grp., LLC*, No. 12-22539-CIV, 2015 U.S. Dist. LEXIS 38478, at *9 (S.D. Fla. Mar. 26, 2015). Local Rule 7.3 applies only "to motions for attorney's fees based on a 'final judgment or order giving rise to the claim.'" *Id.*; *c.f. In re Zantac Ranitidine Prods. Liab. Litig.*, No. 20-md-2924, 2022 U.S. Dist. LEXIS 242697, at *13 (S.D. Fla. May 20, 2022) (holding that Local Rule 7.3 does not apply to motions under Federal Rule of Civil Procedure 45(d)(1), which is a sanctions provision). Mr. Medina's cross-motions seek a court order finding that Mr. Medina is *entitled* to recover fees incurred since the dismissal of this case as a sanction under the Court's inherent authority for Plaintiffs' vexatious post-judgment litigation, *not* an award of specific fees. *See* ECF Nos. [326] at 11-13, [327] at 14-17. Therefore, Local Rule 7.3 does not apply.

Only if the Court issues an order finding such entitlement would Mr. Medina file a motion for attorneys' fees pursuant to that order, thereby triggering the requirements of Local Rule 7.3. This bifurcated approach is standard practice. *See, e.g.*, Fed. R. Civ. P. 54(d)(2)(C) (for attorney's fees, "[t]he court may decide issues of liability for fees before receiving submissions on the value of services"); *Marquez v. Nat'l Fire*, No. 20-cv-22791, 2023 U.S. Dist. LEXIS 104435, at *4-5 (S.D. Fla. June 14, 2023) (Bloom, J.) (finding it "more efficient and in the interest of judicial economy" to first consider whether a party is entitled to an attorney's fees award prior to addressing the amount to be awarded); *In re Estate of Ransburg*, 608 So. 2d 49, 51 (Fla. 2d DCA 1992) (holding that "discovery concerning the amount of attorney's fees should be deferred, under normal circumstances, until the trial court has determined entitlement").

Moreover, nothing in Local Rule 7.3 requires a party seeking attorney's fees to provide "proof of payment for the fees claimed" or a copy of the fee agreement, and Plaintiffs cite no

4

authority imposing such a requirement. *See* S.D. Fla. L.R. 7.3(a)(4)–(6).[4] Accordingly, Plaintiffs are not entitled to that proof, and their discovery request should be denied.

**II.    PLAINTIFFS' CASELAW DOES NOT SUPPORT THEIR CROSS-MOTION**

Plaintiffs' Cross-Motion is replete with misleading, incomplete, and/or fake citations to authority, further supporting Mr. Medina's claim for sanctions for Plaintiffs' continued vexatious litigation. *See, e.g.*, *Morgan v. Cmty. Against Violence*, No. 23-cv-353, 2023 U.S. Dist. LEXIS 190181, at *18 (D.N.M. Oct. 23, 2023) (quoting *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013)) ("Although courts 'make some allowances for the *pro se* Plaintiff's failure to cite to proper legal authority,' courts do not make allowances for a Plaintiff who cites to fake, nonexistent, misleading authorities."). This is not new for Plaintiffs, and the Court has already noted their use of misleading caselaw. *See* ECF No. [330] ("Plaintiffs then cite to a Ninth Circuit decision, *United States v. Fontenot*, 14 F.3d 1364, 1370 (9th Cir. 1994), but the Court notes that this case does not support their position or even address sequestration of witnesses under Rule 615").

First, Plaintiffs cite to "*United States v. Blitch*, 2008 WL 11333256 (M.D. Ga. 2008)," for the proposition that the Court "has inherent power to order discovery for fee determinations to ensure accuracy." ECF No. [340] at 7. However, this is a fake case citation likely hallucinated by Plaintiffs' unreliable Artificial Intelligence software. The undersigned located five cases under that name in the Middle District of Georgia. However, only two of them are from 2008, and none of them stand for the cited proposition, or even mention attorney's fees at all.[5]

---

[4]    Federal Rule of Civil Procedure 54(d)(2), upon which Local Rule 7.3 is partially based, also exempts disclosure of the terms of fee agreements for claims for fees and expenses as sanctions. Fed. R. Civ. P. 54(d)(2)(E).

[5]    *See* No. 5:08-cr-40, 2008 U.S. Dist. LEXIS 100998 (M.D. Ga. Dec. 15, 2008) (application of a federal statute governing retaliation against a witness); No. 5:08-cr-40, 2008 U.S. Dist. LEXIS 98273 (M.D. Ga. Dec. 4, 2008) (addressing a motion to dismiss a count in an indictment); No. 5:08-cr-40, 2009 U.S. Dist. LEXIS 30212 (M.D. Ga. Apr. 9, 2009) (addressing motions directed

Second, Plaintiffs cite to "*Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178 (2017)," for the proposition that "inherent authority sanctions must be compensatory, not punitive, and cannot exceed the moving party's actual loss." ECF No. [340] at 2. Plaintiffs improperly read an additional requirement that does not appear in the opinion. Namely, Plaintiffs argue that under *Goodyear*, the Court cannot award attorney's fees to Mr. Medina as a sanction if a third party, such as the PDVSA Ad Hoc Board, covers Mr. Medina's legal fees. ECF No. [340] at 5. *Goodyear's* holding does not support that leap in logic, as it stands only for the proposition that an attorney's fee award may not exceed the fees incurred by an aggrieved party (i.e., if an aggrieved party incurs $100 in fees, the Court may not award more than $100 as a way to punish the offending party). *See Selinger v. Kimera Labs*, No. 20-24267-Civ, 2022 U.S. Dist. LEXIS 41162, at *9 (S.D. Fla. Mar. 4, 2022) (citing *Goodyear*, 581 U.S. 101, 137 S. Ct. at 1187) ("[T]he complaining party may therefore recover only that portion of its fees that it would not have paid but for the misconduct.").

Third, Plaintiffs cite to "*In re Riverside-Linden Investors*, 925 F.2d 320 (9th Cir. 1991)," for the proposition that DRT is billing the PDVSA Ad Hoc Board to defend Mr. Medina, and that "[t]his creates 'fee-churning,' where an attorney's financial interests supersede the client's . . . [and] involves unnecessary litigation to generate billable hours." ECF No. [340]. "Fee-churning" is not mentioned anywhere in the *Riverside* opinion. *See generally Riverside*, 925 F.2d 320. Instead, that case held that a bankruptcy court properly denied fees to a bankruptcy trustee that engaged in unwarranted investigations that did not benefit any interested party. *Id.* at 322-25.

---

against an indictment); No. 5:08-cr-40, 2011 U.S. Dist. LEXIS 153218 (M.D. Ga. Nov. 10, 2011) (addressing a motion to vacate a sentence); No. 5:08-cr-40, 2012 U.S. Dist. LEXIS 18855 (M.D. Ga. Feb. 15, 2012) (adopting a magistrate's recommendation on a motion to vacate a sentence).

Fourth, Plaintiffs cite to "*ML Healthcare Servs., LLC v. Public Super Markers, Inc.*, 881 F.3d 1293 (11th Cir. 2018)," for the proposition that "third-party financial arrangements—such as litigation funding—are discoverable and admissible to prove witness bias." ECF No. [340] at 7. However, the financial arrangement in *ML Healthcare* was used to impeach treating physicians on bias in a personal-injury trial—not to force discovery into an opponent's fee-payor in a sanctions dispute. *See ML Healthcare*, 881 F.3d at 1297, 1302.

Fifth, Plaintiffs cite to "*J.B. Hunt Transp., Inc. v. S&D Transp., Inc.*, 589 F. App'x 930 (11th Cir. 2014)," as an example of a court denying fees "specifically for failing to disclose fee agreements." *See* ECF No. [340] at 7. In reality, the *J.B. Hunt* court denied a conventional fee motion following the entry of final judgment for failure to provide a draft motion, describe billed tasks, or provide an invoice of expenses. *J.B. Hunt*, 589 F. App'x at 934. Nowhere does the opinion state that there was a failure to disclose a fee agreement. *See generally id.*

Finally, Plaintiffs cite to "*Basdeo*," but they provide no further name, reporter, or court identification. *See* ECF No. [340] at 7. Plaintiffs claim this case is another example of a court denying fees "specifically for failing to disclose fee agreements." *Id.* Plaintiffs may be referring to *Mid-Continent Cas. Co. v. Basdeo*, No. 08-61473-CIV, 2011 U.S. Dist. LEXIS 57384 (S.D. Fla. Apr. 26, 2011), but that case only supports the *denial* of a motion for attorney's fees that fails to disclose the terms of a fee agreement, not compelled discovery. *Id.* at *7-8. As explained above, Mr. Medina's cross-motions are motions for sanctions, not motions for attorney's fees.

In light of Plaintiffs' pervasive misstatements of the applicable law and/or citations to fake or misleading caselaw, their Cross-Motion should be denied. *Morgan*, 2023 U.S. Dist. LEXIS 190181, at *18.

### III. PLAINTIFFS' REMAINING ARGUMENTS REST ON UNSUPPORTED INFERENCES

Plaintiffs support their Cross-Motion with a smattering of additional unfounded inferences and arguments. Plaintiffs assert that "pdvsaadhoc@diazreus.com," an internal DRT email address, demonstrates that the PDVSA Ad Hoc Board is DRT's true client and is paying Mr. Medina's fees. ECF No. [340] at 3, 8. They then use this inference to argue that Mr. Medina is not entitled to receive attorney's fees if a third party is paying them. *Id.* at 2-4. This assumption is unproven, and DRT has explained to Plaintiffs numerous times that "pdvsaadhoc@diazreus.com" is simply an internal mailing list. *See, e.g.*, ECF No. [326] at 13; ECF No. [75-3] at 9. Its existence or name proves nothing beyond the fact that it exists.[6]

Plaintiffs also contend that their additional post-judgment motion for sanctions, ECF No. [235], identifies "evidence" of an alleged contradiction between DRT attorney Javier Coronado ("Mr. Coronado") and former DRT attorney Jorge Schmidt ("Mr. Schmidt")—specifically, that Mr. Schmidt was copied on an email from DRT's managing partner, Michael Diaz ("Mr. Diaz")—which they claim creates a "credibility crisis" that purportedly undermines all defense positions and necessitates further verification of defense counsel's fee representations. ECF No. [340] at 3–4. It does nothing of the sort. In a text message, Mr. Coronado simply asked Mr. Schmidt whether Mr. Schmidt had any communications with Plaintiffs. *See* ECF No. [59-14]. Mr. Schmidt responded that he did not. *See id.* The fact that Mr. Schmidt was copied on an email from Mr. Diaz does not transform that message into a "communication" with Rodriguez or any other Plaintiff, nor does it create any inconsistency in Mr. Schmidt's statement.

---

[6] Even if it were true that Mr. Medina's defense is funded by a third party, Plaintiffs provide no citation to authority precluding him from receiving an attorney's fees award. *See generally* ECF No. [340].

**CONCLUSION**

Based on the foregoing points and authorities, Defendant Horacio Medina respectfully requests that the Court deny Plaintiffs' "Cross Motion for Discovery in Aid of Fee Determination," ECF No. [340]; and grant any further relief the Court deems just and proper.

DATED: January 21, 2026           Respectfully submitted,

**DIAZ, REUS & TARG, LLP**
100 Southeast Second Street, Suite 3400
Miami, Florida 33131
Telephone: (305) 375-9220
Facsimile: (305) 375-8050

By: /s/ *Javier Coronado Diaz*
Michael Diaz, Jr. (Fla. Bar No. 606774)
Attorney Email: mdiaz@diazreus.com
Marta Colomar Garcia (Fla. Bar No. 40869)
Attorney Email: mcolomar@diazreus.com
Javier Coronado Diaz (Fla. Bar No. 1047848)
Attorney Email: jcoronado@diazreus.com
Gabor Gazso von Klingspor (Fla. Bar No. 1058977)
Attorney Email: ggazso@diazreus.com

*Counsel for Defendant Horacio Medina*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was filed on January 21, 2026 with the Court's CM/ECF system, which will serve a true and correct copy thereof on all counsel of record, and served on *pro se* Plaintiffs by mail and email as follows:

Ivan R. Freites C.
4370 NW 107th Ave, Apt. 102,
Doral, FL 33178.
freites.usdcsf.1.25.cv.20465.bb@gmail.com

Miguel Enrique Otero
c/o Eichholzstrasse 2
6312 Steinhausen,
CHE
Plaintiff.v.Medina@proton.me

Jorge Alejandro Rodriguez
Eichholzstrasse 2
6312 Steinhausen,
CHE
Plaintiff.2.v.Medina@proton.me

/s/ *Javier Coronado Diaz*
Javier Coronado Diaz