UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

Case No. 1:25-cv-20465-BB

IVAN R. FREITES C., MIGUEL ENRIQUE OTERO,

and JORGE ALEJANDRO RODRIGUEZ,

Plaintiffs,

v.

HORACIO MEDINA, et al.,

Defendants.

_____/



FILED BY MCO D.C.

JAN 27 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**PLAINTIFFS' MOTION FOR RECONSIDERATION pursuant to S.D. Fla. Local Rule 7.9 OF ORDER [ECF 345]**

COMES NOW Plaintiffs IVAN R. FREITES C., MIGUEL ENRIQUE OTERO, and JORGE ALEJANDRO RODRIGUEZ (collectively, "Plaintiffs"), pursuant to S.D. Fla. Local Rule 7.9 and the Court's inherent authority to manage its docket, and respectfully move this Court to reconsider its Order [ECF 345] denying Plaintiffs' Joint Motion to Strike [ECF 339].

The Court denied the Joint Motion on the grounds that the relief sought—striking a subpoena issued to Plaintiff Freites—should be filed in the related matter, *In re Application of Horacio Medina*, Case No. 1:25-mc-25576-BLOOM (the "1782

Action"). Plaintiffs respectfully submit that this procedural directive, while administratively understandable, results in **manifest injustice** and relies on a **clear error of fact** regarding the party structure and the scope of the privilege assertions. Reconsideration is necessary for three independent reasons:

1. **Exclusion of Parties:** The Joint Motion [ECF 339] was filed by *all three* Plaintiffs. Co-Plaintiffs Otero and Rodriguez are *not parties* to the 1782 Action and thus lack standing to file motions in that docket, effectively disenfranchising them from protecting their privileged communications.

2. **New Evidence of Criminal Liability:** On January 14, 2026, Plaintiff Freites filed a criminal complaint (*Strafanzeige*) in Switzerland alleging that the subpoena violates Articles 271 and 273 of the Swiss Criminal Code. This introduces a "criminal instrumentality" issue that implicates the integrity of *this* Court's proceedings, not merely the collateral discovery docket.

3. **Enforcement of This Court's Stay:** The subpoena is a transparent attempt by Defendant Medina (a party to this action) to circumvent this Court's stay of discovery pending appeal. Only this docket—where the stay was issued—has the jurisdiction to enforce it.

## I. MEMORANDUM OF LAW

### A. LEGAL STANDARD

Reconsideration of an interlocutory order is warranted to "correct clear error or prevent manifest injustice," or to address "newly discovered evidence." S.D. Fla. L.R. 7.9(c), (a); *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366,

1369 (S.D. Fla. 2002). "Manifest injustice" occurs when a court's order produces a result that is "plain and indisputable" in its disregard for the rights of a party. *Knight v. Jones*, 2018 WL 11656374, at *1 (S.D. Fla. 2018).

**B. ARGUMENT**

**1. The Order Creates a Standing Paradox for Plaintiffs Otero and Rodriguez.**

The 1782 Action involves only two parties: Applicant Horacio Medina and Respondent Ivan Freites. Plaintiffs Otero and Rodriguez are strangers to that docket. Yet, the subpoena issued by Medina demands the production of "All communications" between Freites and his co-plaintiffs.

Under the **Common Interest Doctrine**, Otero and Rodriguez have a shared legal interest with Freites in the prosecution of this RICO action. Communications among them are privileged. *United States v. Almeida*, 341 F.3d 1318, 1324 (11th Cir. 2003). As holders of this privilege, Otero and Rodriguez have standing to move to quash the subpoena. *See United States v. Idema*, 118 F. App'x 740, 744 (4th Cir. 2005) (non-party has standing to quash if they claim a personal privilege).

However, by directing the motion to the 1782 Action, the Court compels Otero and Rodriguez to litigate in a forum where they are not parties. They cannot file a motion in Case No. 25-mc-25576 without first moving to intervene—a costly and discretionary hurdle. Denying ECF 339 in *this* docket, where all parties are present and subject to the Court's jurisdiction, creates a "manifest injustice" by effectively barring Otero and Rodriguez from asserting their privilege claims.

**2. The Dispute Involves "New Evidence" of Swiss Criminal Liability.**

Simultaneous with the filing of ECF 339, Plaintiff Freites initiated criminal proceedings in Zurich. The Swiss Criminal Complaint asserts that complying with Medina's subpoena would constitute **"Economic Intelligence Service"** (Art. 273 StGB) and **"Prohibited Acts for a Foreign State"** (Art. 271 StGB).

This is not a routine discovery objection; it is an allegation that this Court's process is being weaponized to commit a foreign crime. Courts must exercise "caution" when U.S. discovery orders conflict with foreign sovereign interests. *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Ct.*, 482 U.S. 522, 546 (1987). The risk of criminal prosecution is a "weighty" factor weighing against production. *United States v. First Nat'l Bank of Chi.*, 699 F.2d 341, 345 (7th Cir. 1983).

This "new evidence"—the formal filing of criminal charges—was not fully briefed prior to the Court's expedited Order. It fundamentally changes the calculus. The "bad faith" inherent in seeking discovery that triggers criminal liability for the adversary is a matter for the *main litigation,* as it goes to the conduct of Defendant Medina in this case.

**3. The Issue is "Circumvention" of This Court's Stay.**

Defendant Medina is a party to *this* action. He is bound by this Court's order staying discovery pending the Eleventh Circuit appeal. The 1782 subpoena is a thinly veiled attempt to "circumvent" that stay by obtaining discovery to this case (funding sources, strategy) under the guise of foreign assistance.

The Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 265 (2004), expressly warned courts to consider whether a Section 1782 request conceals an attempt to circumvent foreign or domestic proof-gathering restrictions. Because the "restriction" here (the stay) pertains to *this* docket, *this* Court is the proper venue to enforce it. Relegating the issue to the 1782 docket allows Medina to fracture the Court's oversight, litigating the stay in a vacuum separate from the underlying appeal.

## C. CONCLUSION

To prevent the disenfranchisement of Plaintiffs Otero and Rodriguez, and to ensure the uniform enforcement of the discovery stay, Plaintiffs respectfully request that the Court **RECONSIDER** Order ECF 345, **VACATE** the denial, and **REINSTATE** the Joint Motion to Strike [ECF 339] for consideration on the merits in this docket.

**DATED:** January 26, 2026

Respectfully submitted,

/s/ Ivan R. Freites C.

IVAN R. FREITES C., Pro Se

4370 NW 107th Ave., Apt. 102

Doral, FAlejandroL 33178

/s/ Miguel Enrique Otero

MIGUEL ENRIQUE OTERO, Pro Se

Eichholzstrasse 2,

6312-Steinhausen, CH

/s/ Jorge Rodriguez

JORGE ALEJANDRO RODRIGUEZ, Pro Se

Eichholzstrasse 2,

6312-Steinhausen, CH

## CERTIFICATE OF CONFERRAL (S.D. Fla. L.R. 7.1(a)(3))

Pursuant to S.D. Fla. Local Rule 7.1(a)(3), I hereby certify that counsel for the movant has conferred with counsel for all parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues raised herein.

- On **January 26th, 2026**, Plaintiffs communicated with opposing counsel via Email. Opposing counsel

    ( ) stated that they **OPPOSE** the relief requested in this Motion.

    ( ) stated that they DO NOT OPPOSE the relief requested in this Motion.

    ( ) did not engage in meaningful communication

Dated: January, 2026


IVAN R. FREITES C., Pro Se     *IF*

4370 NW 107th Ave., Apt. 102

Doral, FL 33178

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day I filed the foregoing document with the Clerk of the Court. I also certify that the foregoing document is being served this day on all counsel of record by the Clerk of the Court via transmission of Notices of Electronic Filing generated by CM/ECF.

IVAN R. FREITES C., Pro Se    *IF*

4370 NW 107th Ave., Apt. 102

Doral, FL 33178