UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

Case No. 1:25-cv-20465-BB

IVAN R. FREITES C., MIGUEL ENRIQUE OTERO,

and JORGE ALEJANDRO RODRIGUEZ,

Plaintiffs,

v.

HORACIO MEDINA, et al.,

Defendants.

**PLAINTIFFS' MOTION pursuant to Federal Rule of Civil Procedure 59(e) FOR RECONSIDERATION AND VACATUR OF ORDERS EXECUTED JANUARY 12, 2026 AND JANUARY 15, 2026 (ECF 338 and ECF 344).**

COMES NOW Plaintiffs IVAN R. FREITES C., MIGUEL ENRIQUE OTERO, and JORGE ALEJANDRO RODRIGUEZ (collectively, "Plaintiffs"), pursuant to Federal Rule of Civil Procedure 59(e), to reconsider and vacate its *Order Adopting Magistrate Judge's Report and Recommendation* (ECF No. 338) and the subsequent *Paperless Order* (ECF No. 344). In support thereof, Plaintiff states as follows:

**I. PRELIMINARY STATEMENT & RELIEF REQUESTED**

1

Plaintiffs seek reconsideration to correct a manifest error of law regarding the strict computation of time under the Federal Rules of Civil Procedure.

This Court executed its *Order Adopting Report and Recommendation* (ECF No. 338) on **January 12, 2026**. In doing so, the Court effectively terminated the Plaintiffs' statutory objection period *before* it had expired. Under the mandatory computation rules of Fed. R. Civ. P. 6—specifically the "Mail Rule" and the "Midnight Rule"—Plaintiff Freites' deadline to file objections extended at least through **11:59 P.M. on January 12, 2026**. By adjudicating the matter and executing judgment *during the business day* of January 12, 2026, the Court deprived Plaintiff of the full statutory period afforded by Congress and the Rules Committee. This premature adjudication renders the Order void or, at minimum, constitutes manifest error requiring vacatur.

## II. PROCEDURAL HISTORY & TIME COMPUTATION

1. On **December 24, 2025**, the Magistrate Judge issued a Report and Recommendation ("R&R") (ECF No. 307).

2. The R&R advised that parties had "fourteen (14) days from the date of being served" to file objections. *Id.*

3. Plaintiff Freites was served with the R&R via **mail**, having previously revoked consent to electronic service (See ECF No. 142).

4. On **January 12, 2026**, this Court signed an Order adopting the R&R (ECF No. 338).

5. On **January 15, 2026**, this Court denied Plaintiff's expedited motion to vacate (ECF No. 344), acknowledging that the deadline for Freites "expired on January 12, 2026" but denying relief based on the subsequent filing date of the objections.

## III. MEMORANDUM OF LAW

### A. The Court Committed Manifest Error by Ruling Before "Midnight" on the Last Day.

Reconsideration under Rule 59(e) is appropriate to correct "manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). Here, the error is a precise mathematical deviation from the Federal Rules.

**1. The Statutory Calculation (Fed. R. Civ. P. 6)**

The deadline must be calculated sequentially:

- **Step 1 (Trigger):** Service of R&R on **December 24, 2025**.
- **Step 2 (Base Period):** 14 Days pursuant to Fed. R. Civ. P. 72(b)(2). This period nominally ends on January 7, 2026.
- **Step 3 (The "Mail Rule" Adder):** Because service was made by mail, Fed. R. Civ. P. 6(d) mandates that "3 days are added after the period would otherwise expire."
   - *Calculation:* January 7, 2026 + 3 Days = **January 10, 2026**.
- **Step 4 (The "Weekend Rule" Rollover):** January 10, 2026, was a Saturday.

3

- Fed. R. Civ. P. 6(a)(1)(C) provides that if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.
- *Rollover:* The deadline rolled from Saturday, Jan 10 to **Monday, January 12, 2026**.
- **Step 5 (The "Midnight" Definition):** Fed. R. Civ. P. 6(a)(4)(A) explicitly defines the "Last Day" as ending "at **midnight** in the court's time zone" for electronic filing.

## 2. The Violation of Due Process

The Court signed ECF No. 338 *on* January 12, 2026 and entered it into the docket on January 13th, 2026. By executing the Order on the very day the deadline was set to expire, the Court "shortened the time allowed by the Rules." *See generally Harris v. Marietta City Sch. Dist.*, 825 F. App'x 884 (11th Cir. 2020) (admonishing against premature rulings that cut off response times).

A litigant is entitled to the *entirety* of the last day. The concept of a deadline "day" in federal practice includes the final hours up to midnight. By executing a ruling during the pendency of the compliance period, the Court committed a procedural error that foreclosed the Plaintiff's ability to have its objections considered later that evening. In the Eleventh Circuit, the opportunity to object to a Magistrate's findings is a crucial component of due process and Article III review. Ruling before the time expires renders that review potentially illusory.

4

**B. The Prematurity Renders the Order Defective, Regardless of Subsequent Filings.**

In ECF No. 344, the Court noted that Plaintiff did not file objections until January 14, 2026. While Plaintiff acknowledges the filing date, this does not cure the Court's initial jurisdictional or procedural error on January 12. A judicial act taken before the authority to act has ripened (i.e., before the objection period has closed) is a nullity. The integrity of the docket requires that the premature Order be vacated. Once vacated, the Court may then properly consider the objections filed—either *nunc pro tunc* or upon a separate motion for extension of time based on excusable neglect—but the predicate Order (ECF 338) cannot stand as it was entered in violation of Rule 6.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court:

1. **GRANT** this Motion for Reconsideration;

2. **VACATE** the Order Adopting Magistrate Judge's Report and Recommendation (ECF No. 338) as premature;

3. **VACATE** the Paperless Order (ECF No. 344); and

4. **REOPEN** the case to allow for the consideration of Plaintiff's Objections.

Respectfully submitted,

/s/ Ivan R. Freites C.

IVAN R. FREITES C., Pro Se

4370 NW 107th Ave., Apt. 102

Doral, FL 33178

/s/ Miguel Enrique Otero

MIGUEL ENRIQUE OTERO, Pro Se

Eichholzstrasse 2,

6312-Steinhausen, CH

/s/ Jorge Alejandro Rodriguez

JORGE ALEJANDRO RODRIGUEZ, Pro Se

Eichholzstrasse 2,

6312-Steinhausen, CH

**CERTIFICATE OF CONFERRAL (S.D. Fla. L.R. 7.1(a)(3))**

Pursuant to S.D. Fla. Local Rule 7.1(a)(3), I hereby certify that counsel for the movant has conferred with counsel for all parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues raised herein.

- On **January 26th, 2026**, Plaintiffs communicated with opposing counsel via Email. Opposing counsel

    ( ) stated that they **OPPOSE** the relief requested in this Motion.

    ( ) stated that they DO NOT OPPOSE the relief requested in this Motion.

    ( ) did not engage in meaningful communication

Dated: January, 2026

IVAN R. FREITES C., Pro Se   *IF*

4370 NW 107th Ave., Apt. 102

Doral, FL 33178

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day I filed the foregoing document with the Clerk of the Court. I also certify that the foregoing document is being served this day on all counsel of record by the Clerk of the Court via transmission of Notices of Electronic Filing generated by CM/ECF.

IVAN R. FREITES C., Pro Se  *(signature)*

4370 NW 107th Ave., Apt. 102

Doral, FL 33178