IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 25-cv-20465

IVAN R. FREITES C, et al.,

    Plaintiffs,

v.

HORACIO MEDINA, et al.,

    Defendants.

_____/

### DEFENDANT HORACIO MEDINA'S OMNIBUS RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO SET ASIDE MAGISTRATE JUDGE'S ORDER, ECF NO. [350], MOTION FOR RECONSIDERATION, ECF NO. [351], AND MOTION FOR RECONSIDATION AND VACATUR OF ORDERS, ECF NO. [352][1]

Defendant Horacio Medina ("Mr. Medina") opposes Plaintiffs' "Motion to Set Aside Order as Contrary to Law Pursuant to Fed. R. Civ. P. 62(a) Magistrate Judge's Order (ECF No. 347)," ECF No. [350] (the "Motion to Set Aside"), "Motion for Reconsideration Pursuant to S.D.Fla. Local Rule 7.9 of Order [ECF 345]," ECF No. [351] (the "Motion for Reconsideration"), and "Motion Pursuant to Federal Rule of Civil Procedure 59(e) for Reconsideration and Vacatur of Orders Executed January 12, 2026 and January 15, 2026 (ECF 338 and ECF 344)," ECF No. [352] (the "Second Motion to Vacate") (collectively, the "Motions"); and states as follows:

### INTRODUCTION

Plaintiffs continue to burden the Court and Mr. Medina with frivolous filings. This time, Plaintiffs challenge four Court orders solely because they disagree with them: namely (1) the

---

[1]     Counsel for Mr. Medina warned Plaintiffs that filing these motions would result in a cross-motion for sanctions for vexatious multiplication of proceedings, which Mr. Medina will file in due course under separate cover.

January 20, 2026 Order denying all of Plaintiffs' unfounded motions for sanctions and disqualification, ECF No. [347]; (2) the January 15, 2026 Order denying Plaintiffs' motion to strike a subpoena issued in another case, ECF No. [345]; (3) the January 13, 2026 Order adopting Magistrate Judge Elfenbein's Report and Recommendations, and denying Plaintiffs' motion for relief from judgment and motion for injunctive relief, ECF No. [338]; and (4) the January 15, 2026 Order denying Plaintiffs' previous motion to vacate the January 13, 2026 Order, ECF No. [344]. Because the Motions raise no arguments justifying any relief, these Motions should be denied.

## BACKGROUND

1. Plaintiff Ivan R. Freites C. ("Freites") filed this *pro se* action following the dismissal without prejudice of a previous *pro se* case that Freites and his associates, Miguel Enrique Otero ("Otero") and Jorge Alejandro Rodriguez ("Rodriguez"), filed in this Court, styled *Freites C., et al. v. Viero-Blanco, et al.*, No. 24-cv-24176 (S.D. Fla. 2024) (Altonaga, J.) (the "First Florida Case").

2. Notwithstanding the dismissal of the First Florida Case, Plaintiffs filed a new Complaint, followed by an Amended Complaint, both of which advanced substantially the same claims as the First Florida Case and remained deficient shotgun pleadings. *See* ECF Nos. [1], [52].[2]

3. On May 16, 2025, the Court in this case issued an Order (i) granting Defendants' motions to dismiss the Amended Complaint, (ii) dismissing Plaintiffs' federal law claims with prejudice, (iii) dismissing Plaintiffs' state law claims without prejudice, (iv) closing the case, and (v) denying all pending motions as moot. *See* ECF No. [165] at 40 (the "Order of Dismissal").

---

[2]   Both this case and the First Florida Case were intended by Plaintiffs as improper leverage to pressure separate defendants in another *pro se* case Plaintiffs filed in the United States District Court for the District of Delaware, styled *Freites C., et al. v. Petroleos de Venezuela, S.A., et al.*, Case No. 23-cv-989 (D. Del. 2023) (Hall, J.) (the "Delaware Case").

4.       Frustrated with the case's outcome, Plaintiffs embarked on a campaign of meritless post-judgment filings to harass Mr. Medina, including the instant Motions.

## MEMORANDUM OF LAW

### I.    PLAINTIFFS' MOTION TO SET ASIDE, ECF NO. [350], SHOULD BE DENIED

In their Motion to Set Aside, Plaintiffs ask the Court to "set aside as contrary to law the Magistrate Judge's Order on Plaintiffs' Motions for Sanctions (ECF No. 347), entered January 20, 2026." ECF No. [350] at 1. This Order denied a number of post-judgment motions for sanctions and disqualification of the undersigned counsel, after holding a two-day evidentiary hearing on January 6 and 7, 2026. *See* ECF Nos. [172], [225], [233], [235], [301].

Plaintiffs argue that Judge Elfenbein (1) failed to apply an "irrefutable presumption" that confidences were disclosed, which Plaintiffs contend controls when a "consultation on a 'substantially related' matter is established"; (2) ignored an order of Magistrate Judge Edwin G. Torres in another case, which Plaintiffs contend creates an "intra-district split"; and (3) created an "evidentiary 'Catch-22'" by finding that Plaintiffs failed to provide evidence sufficient to disqualify attorney Gabor Gazso, while simultaneously denying discovery into the matter. *See id.* at 3-4.

A party may appeal a magistrate judge's non-dispositive order to the District Court under Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(c)(1) when it is contrary to law or clearly erroneous. *Traylor v. Howard*, 433 F. App'x 835, 836 (11th Cir. 2011).

#### A.    Plaintiffs Misstate the Nature of the "Irrefutable Presumption."

Plaintiffs rely on *State Farm Mut. Auto. Ins. Co., v. K.A.W.*, 575 So. 2d 630 (Fla. 1991) to argue that Judge Elfenbein's Order on Plaintiffs' Motions for Sanctions, ECF No. [347], is contrary to law because it failed to apply an "irrefutable presumption" that Rodriguez shared confidences

3

with DRT, which Plaintiffs contend requires automatic disqualification without further inquiry. *See* ECF No. [350] at 7-10.

Plaintiffs misstate the law. An irrefutable presumption that confidences were disclosed arises only when "one seeking to disqualify opposing counsel" shows that "an attorney-client relationship" existed *and* the matters are "substantially related." *State Farm*, 575 So. 2d at 633. However, this only affects part of the Court's inquiry, which remains governed by the applicable rule of professional conduct. *Schlumberger Techs., Inc. v. Wiley*, 113 F.3d 1553, 1561 (11th Cir.1997) (the Court must conclude that an attorney violated a specific rule of professional conduct).

In her order, Judge Elfenbein found that Rodriguez was only a prospective client of Diaz, Reus & Targ, LLP ("DRT"), and correctly held that Florida Rule 4-1.18 governs the dispute. *Id.* at 35-36; R. Reg. Fla. Bar. 4-1.18 cmt. Rule 4-1.18 requires disqualification only if (1) a lawyer who has learned information from a prospective client (2) represents another client (3) with interests materially adverse to the prospective client (4) in the same or substantially related matter (5) if the lawyer received information from the prospective client that could be used to the disadvantage of that person in the matter. *See* R. Reg. Fla. Bar. 4-1.18(c).

Judge Elfenbein found that DRT learned information from Rodriguez in the 2023 Zoom call about workers compensation claims for Venezuelan PDVSA workers, and subsequently represented another client (Mr. Medina) whose interests are materially adverse to Rodriguez. ECF No. [347] at 36. Plaintiffs incorrectly state that that the Court's analysis must have ended there. *See* ECF No. [350] at 7-8. In applying Rule 4-1.18, once a prospective client relationship is established, the inquiry proceeds to whether the matters are substantially related, and whether the attorney received information from the prospective client that could be used to the

disadvantage of the prospective client. *See Lopez v. Flores*, 223 So. 3d 1033, 1035 (Fla. 3d DCA 2017); *Hutchinson v. Pyros*, No. 2:24-cv-201, 2024 U.S. Dist. LEXIS 100535, at *5 (M.D. Fla. June 6, 2024). This is precisely the inquiry Judge Elfenbein conducted.

Additionally, Judge Elfenbein held that the matter in which Rodriguez consulted DRT during the October 2, 2023 Zoom call—which involved workers' compensation claims—is neither relevant nor related to the claims Plaintiffs assert in the Amended Complaint—which involve primarily alleged defamation and RICO conspiracy.[3] *See* ECF No. [347] at 36-37. Because the matters were not related, DRT could not use information from the prospective matter to Rodriguez's disadvantage in this matter. *Id.* at 37. "'Merely pointing to a superficial resemblance between the present' litigation and prior consultations, as [Plaintiffs] do, is not sufficient for disqualification." *Hutchinson*, 2024 U.S. Dist. LEXIS 100535, *5-6 (quoting *Mitchell v. Hunt*, No. 8:15-CV-2603-T-23, 2017 U.S. Dist. LEXIS 44710, at *11 (M.D. Fla. Jan. 9, 2017)).

**B.     There is No "Intra-District Split."**

Plaintiffs argue that Judge Elfenbein created an "intra-district split" by failing to apply the same legal standard that Magistrate Judge Edwin G. Torres applied in his order in *Bancor Grp., Inc. v. Rodriguez*, No. 1:22-cv-20201, 2023 U.S. Dist. LEXIS 65208 (S.D. Fla. Apr. 13, 2023), where DRT partner Michael Diaz, Jr. was disqualified on a Rule 4-1.9 conflict of interest. *See* ECF No. [350] at 11.

---

[3]     Plaintiffs also argue (citing to a fake case, *Health Care & Ret. Corp. of Am. v. Bradley*, 961 F. Supp. 1502 (D. Kan. 1997)) that Magistrate Judge Elfenbein erred by inquiring into the contents of the discussion between Rodriguez and DRT to determine whether the consultation was substantially related to this case. *See* ECF No. [350] at 8-11. To the contrary, "[i]n a disqualification case, the focus of the district court's inquiry should be on the precise nature of the relationship between the present and former representations." *United States ex rel. Bumbury v. Med.-Care Diabetic & Med. Supplies, Inc.*, 101 F. Supp. 3d 1268, 1274 (S.D. Fla. 2015) (quoting *Duncan v. Merill Lynch, Pierce, Fenner & Smith*, 646 F.2d 1020, 1028 (5th Cir. June 1, 1981)).

Plaintiffs misapprehend the rules of binding precedent. There can be no "intra-district split" here because "[a] decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Greene*, 563 U.S. 692, 709 n.7, 563 U.S. 692, 709 (2011); *Fishman & Tobin, Inc. v. Tropical Shipping & Constr. Co.*, 240 F.3d 956, 965 (11th Cir. 2001) (holding that decisions of fellow judges in the same district are not binding authority). Accordingly, *Bancor* is not binding precedent, and Judge Elfenbein was not required to adhere to its exact reasoning.[4]

### C.  There is No "Evidentiary 'Catch-22'".

Plaintiffs assert that Judge Elfenbein's decision to not disqualify Attorney Gabor Gazso and/or DRT based on Rodriguez's alleged 2020 consultation with Gabor Gazso's father, Andres Gazso, "constitutes a manifest abuse of discretion." *See* ECF No. [350] at 12-13. Plaintiffs argue that the Court improperly disregarded a purported Skype call log "documenting a call to Andres Gazso's registered phone number in June 2020" because it lacked call-duration data, while simultaneously denying Plaintiffs' request for discovery seeking "that exact duration data." *See id.* at 13.

The reality is that Judge Elfenbein found that the purported call log was speculative. In particular, she found that it "does not definitively establish that the call actually connected and that a conversation occurred, let alone that any conversation involved Rodriguez's confidential

---

[4] Moreover, the *Bancor* order involved disqualification pursuant to Florida Rule of Professional Conduct 4-1.9. *Bancor*, 2023 U.S. Dist. LEXIS 65208, at *6. But this Court found that Rule 4-1.18 applies here. *See* ECF No. [347] at 35. Because this case and the *Bancor* order involve different rules, Judge Elfenbein committed no error in applying a different legal standard. *Compare* R. Reg. Fla. Bar 4-1.9 *with* R. Reg. Fla. Bar 4-1.18.

information, much less any confidential information about defamatory statements that Defendants allegedly made in August and September of 2023[.]" ECF No. [347] at 39.[5]

Plaintiffs also ignore that their requested discovery was denied because it would be futile. *See* ECF No. [347] at 39 n.9. The alleged defamatory statements at issue in the Amended Complaint occurred more than three years after the alleged June 2020 call with Andres Gazso. Therefore, Rodriguez could not possibly have shared privileged information with Andres Gazso about events that had not yet come to pass. *See id.*; *cf. Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) (quoting *Comm. Union Ins. Co. v. Westrope*, 730 F.2d 729, 732 (11th Cir. 1984)) ("[A] district court can deny a motion to compel further discovery if it concludes that the questions are irrelevant.").

Accordingly, Judge Elfenbein's Order on Plaintiffs' Motions for Sanctions, ECF No. [347], is not contrary to law and contains no clear error.

## II. PLAINTIFFS' MOTION FOR RECONSIDERATION, ECF NO. [351], SHOULD BE DENIED

In their Motion for Reconsideration, Plaintiffs ask the Court to "reconsider its Order . . . denying Plaintiffs' Motion to Strike," based on a rule that does not exist (Southern District of Florida Local Rule 7.9) and the Court's inherent authority to manage its docket. *See* ECF No. [351] at 1.

As background, on April 1, 2025, Rodriguez filed a notice in the related Delaware action claiming that he had submitted a criminal complaint to Swiss authorities accusing Mr. Medina of

---

[5] Judge Elfenbein also found Andres Gazso and Gabor Gazso's statements in their affidavits that they had no communication from Rodriguez to be credible, and dismissed Rodriguez's tenuous argument that Gabor Gazso must have had access to his confidential information because he allegedly knew Gabor Gazso as a child. ECF No. [347] at 39-40. Rodriguez's claim is also false, as Gabor Gazso never met Rodriguez as a child, which Andres Gazso confirmed. *See* ECF No. [190-1], ¶ 6; ECF No. [190-2], ¶¶ 3-6.

facilitating a criminal conspiracy. Shortly thereafter, on April 4, 2025, Freites filed a notice in this case attaching a June 7, 2024 email from Rodriguez to the FBI Legal Attaché at the U.S. Embassy in Bern, Switzerland, falsely accusing Mr. Medina of engaging in "a severe and coordinated cyberstalking campaign." *See* ECF No. [90] at 5–6. In connection with these accusations, Mr. Medina filed an application under 28 U.S.C. § 1782 seeking discovery from Freites for use in anticipated Swiss proceedings, styled *In Re: Application of Horacio Medina*, Case No. 25-mc-25576 (S.D. Fla. 2025) (the "1782 Proceedings"), which the Court granted. *See* Order Granting 1782 Application attached as **Exhibit "1."** Freites moved to quash the subpoena that Mr. Medina served on him through the Motion to Quash attached as **Exhibit "2."** Notwithstanding the pending motion to quash in the 1782 Proceedings, Plaintiffs filed a motion in this case seeking to strike the § 1782 subpoena, stay discovery, and obtain a protective order. *See* ECF No. [339]. The Court denied that motion, explaining that Plaintiffs were improperly attempting to quash a subpoena issued in a separate case where the same relief had already been requested. *See* ECF No. [345].[6]

Plaintiffs challenge the denial of their Motion to Strike, arguing that (1) Otero and Rodriguez have no standing to challenge the subpoena issued against Freites in the 1782 Proceedings because they are non-parties to those proceedings; (2) Freites's filing of a criminal complaint in Switzerland prevents the Court from ordering discovery; and (3) the § 1782 subpoena is an attempt to circumvent the discovery "stay" in effect in this case. *See id.* at 3-5.

A motion for reconsideration is "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). To

---

[6] On January 26, 2026, Judge Bloom denied Freites's motion to quash in the 1782 Proceedings. *See* Order on Motion to Quash attached as **Exhibit "3."** Plaintiffs then immediately filed the present motion for reconsideration of the Court's order denying their motion to strike. *See* ECF No. [351].

8

succeed, it must show (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or manifest injustice. *White v. Carnival Corp.*, No. 25-cv-20925, 2025 U.S. Dist. LEXIS 180072, at *3 (S.D. Fla. Sep. 12, 2025) (Bloom, J.) (quoting *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993)).

### A.   A Motion to Strike a Subpoena in a Different Case is Inappropriate.

"Where a court has jurisdiction, it has a right to decide every question which occurs in the cause, and . . . where the jurisdiction of a court, and the right of a plaintiff to prosecute his suit in it, have once attached, that right cannot be arrested or taken away by proceedings in another court." *Peck v. Jenness*, 48 U.S. 612, 624-25 (1849); *see also Compagnie des Bauxites de Guinea v. Ins. Co. of N. Am.*, 651 F.2d 877, 887 (3d Cir. 1981) ("The general principle established 'early in our history,' is that one court will not interfere with or try to restrain proceedings in another in an ordinary action in personam."). Accordingly, the Court has no authority in *this* case to strike a document from *another* case. Instead, the dispute is more appropriately addressed and resolved in the case where the subpoena originated.[7]

### B.   Rodriguez and Otero are Not "Disenfranchised" and Do Not Enjoy the Common Interest Privilege as *Pro Se* Litigants.

Plaintiffs argue that the Court's order denying their Joint Motion to Strike creates "manifest injustice," because the 1782 Proceedings involve only Mr. Medina and Freites, and because Otero and Rodriguez—as non-parties to that case—are disenfranchised and barred from asserting their privilege under the common interest doctrine there. *See* ECF No. [351] at 3.

---

[7]   Judge Bloom has already informed Plaintiffs of this principle in her order dismissing this case. *See* ECF No. [165] at 18 (noting that Plaintiffs' allegations of litigation misconduct in Delaware are more properly handled by the judge presiding over the proceedings in Delaware).

Plaintiffs' argument is self-defeating, as they acknowledge that the appropriate mechanism for Otero and Rodriguez to personally challenge the subpoena issued in the 1782 Proceedings is to first file a motion to intervene in that case. *See id.* However, Plaintiffs state without elaboration that doing so would be "a costly and discretionary hurdle." *Id.* Plaintiffs are *pro se* and rely on generative artificial intelligence for their filings. Moving to intervene costs them nothing, and their failure to do so is not grounds for requesting inappropriate relief in this case. *See Compagnie des Bauxites*, 651 F.2d at 887.

Additionally, Plaintiffs' assertions of privilege to justify Otero and Rodriguez's intervention in the 1782 Proceedings are incorrect, as *pro se* litigants do not enjoy any common interest privilege. This doctrine operates only to protect communications made in the presence of an attorney. *United States v. Patel*, 509 F. Supp. 3d 1334, 1341, Case No. 19-CR-80181, 2020 U.S. Dist. LEXIS 246436, *9 (S.D. Fla. Dec. 23, 2020) (citing *In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 360 (3d Cir. 2007)) ("In order for a communication to fall within the protections of the common interest privilege, it must be shared with the attorney of the member of the common interest agreement."). Accordingly, the common-interest doctrine does not extend to communications that do not involve at least one of the clients' attorneys. *Id.* (quoting *United States v. Gotti*, 771 F. Supp. 535, 545 (E.D.N.Y. 1991)); *see also Schachar v. American Academy of Ophthalmology*, 106 F.R.D. 187, 192 (N.D. Ill. 1985) (holding that communications among co-plaintiffs about a case are not protected).

Plaintiffs cite to *United States v. Almeida*, 341 F.3d 1318, 1324 (11th Cir. 2003) for the proposition that communications among the three Plaintiffs are privileged. ECF No. [351] at 3. This is a misleading citation. *Almeida* involved co-defendants who each hired their own defense attorneys and entered into a joint defense agreement. *See generally Almeida*, 341 F.3d 1318. In

10

contrast, Plaintiffs here are *pro se*, they have no attorneys, and they have not shown any joint defense agreement; therefore, their communications are not protected by the common interest privilege. *Patel*, 409 F. Supp. 3d at 1341.

### C. Freites's Actions in Switzerland are Irrelevant.

Plaintiffs contend that "Plaintiff Freites initiated criminal proceedings in Zurich" against Mr. Medina,[8] and argue that compliance with Mr. Medina's subpoena in the 1782 proceedings would violate Articles 271 and 273 of the Swiss Criminal Code, exposing Plaintiffs to criminal liability. *See* ECF No. [351] at 4. This argument is meritless.

Plaintiffs incorrectly rely on *Société Nationale Industrielle Aérospatiale v. U.S. District Court*, 482 U.S. 522 (1987), and *United States v. First National Bank of Chicago*, 669 F.2d 341 (7th Cir. 1983), to argue that they would be subject to criminal liability if Freites complies with the subpoena. *See* ECF No. [351] at 4. In *Société Nationale*, the Supreme Court emphasized the need for vigilance when discovery burdens *foreign litigants* or implicates *articulated sovereign interests*. 482 U.S. at 546. Freites is not a foreign litigant, Switzerland has expressed no sovereign objection, and Rodriguez—the only Swiss resident in this case—is not subject to the subpoena. Moreover, the Supreme Court expressly held that foreign blocking statutes do not divest U.S. courts of authority to compel production.[9] *Id.* at 544 n.29.

Similarly, *First National Bank* involved a concrete risk of criminal prosecution for foreign bank employees if they complied with a U.S. order. 669 F.2d at 345. Even then, the Seventh Circuit

---

[8] In other filings, Plaintiffs state that Freites filed "criminal charges" specifically against Mr. Medina on January 14, 2026. *See* ECF No. [339] at 3.

[9] Plaintiffs' cited Swiss statutes are not blocking statutes. They instead criminalize industrial espionage and unlawful activities of a person carried out on behalf of a foreign state without lawful authority. *See* STGB, arts. 271 & 273. Neither statute prevents the production of evidence nor are they applicable to Mr. Medina.

11

recognized that such risk did not bar compelled production and reversed only because the district court failed to consider the hardship imposed on foreign third parties in its order. *Id.* at 344–45. No comparable risk exists here. Plaintiffs have identified no genuine threat of Swiss criminal liability arising from compliance. Freites—a Florida resident, and not any Swiss-based individual—must respond to the subpoena, and neither he nor Mr. Medina is subject to Swiss criminal law. Because Plaintiffs' claimed exposure is entirely self-created and speculative, it provides no basis to resist discovery.

### D.  There is no "Circumvention" of any Discovery "Stay."

Plaintiffs argue that because Mr. Medina is a party to this action, he is "bound by this Court's order staying discovery pending the Eleventh Circuit appeal[,]" and that the 1782 subpoena is an attempt to "circumvent" that stay. ECF No. [351] at 3-4. However, Plaintiffs identify no order from this Court "staying" any discovery. *See generally* ECF No. [351]. Plaintiffs also fail to explain how a pending appeal in this closed and dismissed case prevents Mr. Medina from seeking authorization to conduct discovery in aid of *foreign proceedings* in Switzerland pursuant to 28 U.S.C. § 1782, which is a procedural mechanism independent of this case. *Halliwel Assets, Inc. v. Hornbeam Corp.*, 663 F. App'x 755, 766 (11th Cir. 2016) (noting that authority for discovery under 28 U.S.C. § 1782 comes from the statute itself, and not the Federal Rules of Civil Procedure); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004) (noting that 28 U.S.C. § 1782 was designed as a mechanism "to provide federal-court assistance in gathering evidence for use in foreign tribunals").[10]

---

[10]  Moreover, Mr. Medina expressly requested authorization from the Court to subpoena Freites through a duly supported Application, which the Court reviewed and granted, holding that Mr. Medina's 1782 Application "is not an attempt to circumvent foreign proof-gathering restrictions or other policies of Switzerland or the United States[.]" *See* Exhibit "1" at 2.

Accordingly, Plaintiffs fail to "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision[,]" and their Motion for Reconsideration should be denied. *White*, 2025 U.S. Dist. LEXIS 180072, at *3.

### III. PLAINTIFFS' SECOND MOTION TO VACATE, ECF NO. [352], SHOULD BE DENIED

Plaintiffs seek—for the second time—for the Court to vacate its January 13, 2026 Order Adopting Magistrate Judge Elfenbein's Report and Recommendations, ECF No. [338]. *See* ECF No. [352] at 2.

As background, Plaintiffs moved for reconsideration of the Court's Order of Dismissal, but the Court denied that request, emphasizing that reconsideration is not an opportunity to reargue previously decided issues or to pursue an appeal. *See* ECF Nos. [183], [198]. Switching tactics, Plaintiffs filed a motion for relief from final judgment under Federal Rule of Civil Procedure 60(b)(2) and (3), followed by a motion for preliminary injunction seeking to restrict defense counsel from communicating or coordinating with each other. *See* ECF Nos. [218], [269]. On December 24, 2025, Judge Elfenbein issued a Report and Recommendations ("R&R") recommending the denial of both motions, with objections due by January 7, 2026. *See* ECF No. [307]. Plaintiffs filed no timely objections, and this Court adopted the R&R after conducting a *de novo* review, finding it well-reasoned and correct, and denying both motions. *See* ECF No. [338]. Two days later, on January 15, 2026, Plaintiffs filed untimely objections and an expedited motion to vacate the Court's order adopting the R&R, incorrectly asserting that their objections were timely. *See* ECF Nos. [341], [342]. The Court denied that motion. *See* ECF No. [344].

Plaintiffs' sole argument is that the Court signed the Order before midnight on January 12, 2026—Freites's last day to raise objections to the R&R—thereby depriving Plaintiffs of due

13

process by denying them the full time period to file their objections. ECF No. [352] at 3-5.[11] This argument fails. "[A]n order is 'entered' not when it is signed by the judge, nor when it is 'filed' (i.e., file stamped), but rather when it is actually recorded on the docket sheet." *Nat'l Sav. Bank v. Jefferson Bank*, 127 F.R.D. 218, 223 (S.D. Fla. 1989). Thus, the fact that the Court signed the Order on January 12 is unavailing, because the Order was docketed and became effective on January 13, 2026. *See* ECF No. [338]. Plaintiffs filed their objections on January 15, 2026, well-past Otero and Rodriguez's January 7, 2026 deadline, three days past Freites's January 12, 2026 deadline, and two entire days after the Court's Order was entered. *See* ECF No. [342]. Plaintiffs therefore had the opportunity to file their objections within the appropriate timeframe, but failed to do so. Thus, "the objections are untimely and may not serve as a basis for reconsideration of the Order adopting the R&R." ECF No. [344].

## **CONCLUSION**

Based on the foregoing points and authorities, Defendant Horacio Medina respectfully requests that the Court deny Plaintiffs' "Motion to Set Aside Order as Contrary to Law Pursuant to Fed. R. Civ. P. 62(a) Magistrate Judge's Order (ECF No. 347)," ECF No. [350], "Motion for Reconsideration Pursuant to S.D.Fla. Local Rule 7.9 of Order [ECF 345]," ECF No. [351], and "Motion Pursuant to Federal Rule of Civil Procedure 59(e) for Reconsideration and Vacatur of

---

[11] Plaintiffs cite to *Harris v. Marietta City Sch. Dist.*, 825 F. App'x 884 (11th Cir. 2020) for the proposition that Courts should not make "premature rulings that cut off response times." ECF No. [352] at 4. This is a fake citation. The real case citation is *Harris v. Marietta City Sch. Dist.*, 820 Fed. App'x 951 (11th Cir. 2020), and it does not stand for the cited proposition. Sanctions are appropriate for the reckless submission of fake hallucinated case citations. *See Versant Funding Ltd. Liab. Co. v. Teras Breakbulk Ocean Navigation Enters., Ltd. Liab. Co.*, No. 17-cv-81140, 2025 U.S. Dist. LEXIS 98418, at *14 (S.D. Fla. May 20, 2025).

Orders Executed January 12, 2026 and January 15, 2026 (ECF 338 and ECF 344)," ECF No. [352];

and grant any further relief the Court deems just and proper.

DATED: February 9, 2026         Respectfully submitted,

**DIAZ, REUS & TARG, LLP**
100 Southeast Second Street, Suite 3400
Miami, Florida 33131
Telephone: (305) 375-9220
Facsimile: (305) 375-8050

By: /s/ *Javier Coronado Diaz*
Michael Diaz, Jr. (Fla. Bar No. 606774)
Attorney Email: mdiaz@diazreus.com
Marta Colomar Garcia (Fla. Bar No. 40869)
Attorney Email: mcolomar@diazreus.com
Javier Coronado Diaz (Fla. Bar No. 558442)
Attorney Email: jcoronado@diazreus.com
Gabor Gazso von Klingspor (Fla. Bar No. 1058977)
Attorney Email: ggazso@diazreus.com

*Counsel for Defendant Horacio Medina*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed on February 9, 2026 with the Court's CM/ECF system, which will serve a true and correct copy thereof on all counsel of record, and served on *pro se* Plaintiffs by mail and email as follows:

Ivan R. Freites C.
4370 NW 107th Ave, Apt. 102, Doral, FL 33178.
freites.usdcsf.1.25.cv.20465.bb@gmail.com

Miguel Enrique Otero
c/o Eichholzstrasse 2 6312 Steinhausen, Switzerland
Plaintiff.v.Medina@proton.me

Jorge Alejandro Rodriguez
Eichholzstrasse 2 6312 Steinhausen, Switzerland
Plaintiff.2.v.Medina@proton.me

                                                    /s/ *Javier Coronado Diaz*
                                                            Javier Coronado Diaz