UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-mc-25576-BLOOM

FILED BY _MP_ D.C.

JAN 14 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

IN RE: APPLICATION OF HORACIO MEDINA, Applicant,

v.

IVAN FREITES, Respondent.

# RESPONDENT IVAN FREITES'S MOTION TO QUASH SUBPOENA AND INCORPORATED MEMORANDUM OF LAW

COMES NOW Respondent, IVAN FREITES ("Mr. Freites" or "Respondent"), acting *pro se*, pursuant to Federal Rule of Civil Procedure 45(d)(3) and the discretionary standards of 28 U.S.C. § 1782, and respectfully files this Motion to Quash the Subpoena issued by Applicant HORACIO MEDINA ("Applicant" or "Mr. Medina") on November 26, 2025.

In support thereof, Respondent submits the following Memorandum of Law, demonstrating that this Application is a paradigmatic abuse of the Section 1782 statute—a "Trojan Horse" designed to circumvent the dispositive rulings of this Court and a "Criminal Instrumentality" that violates the sovereignty of the Swiss Confederation.

1

## MEMORANDUM OF LAW IN SUPPORT

### I. PRELIMINARY STATEMENT: THE ANATOMY OF A PRETEXT

This dispute invites the Court to police the boundaries of 28 U.S.C. § 1782 and prevent its weaponization as a tool for domestic discovery circumvention and international illegality. The Subpoena at issue does not seek to aid a foreign tribunal in the administration of justice; rather, it seeks to arm a domestic litigant with evidence he has been expressly denied by the Federal Rules of Civil Procedure, while simultaneously committing acts that the Swiss authorities are currently investigating as felonies.

On January 14, 2026, the Respondent filed a formal criminal complaint (Strafanzeige) with the State Prosecutor of Zurich against the Applicant and his counsel for violation of Article 271 (Prohibited Acts for a Foreign State) and Article 273 (Economic Intelligence Service) of the Swiss Criminal Code. The basis of this complaint is the very Application pending before this Court. The Applicant has admitted that he seeks this discovery because he "cannot obtain" it under Swiss law. This admission is not a justification for relief; it is a confession to the actus reus of a crime against Swiss sovereignty.

Furthermore, the Applicant is currently a defendant in active, contentious litigation brought by Mr. Freites in this District. On May 16, 2025, this Court **dismissed the state law claims without prejudice** and federal RICO claims in that parallel action (Freites v. Medina, Case No. 25-cv-20465) with prejudice . That dismissal is currently on appeal to the Eleventh Circuit. Under clear federal procedure,

2

discovery regarding the merits of those dismissed claims—specifically allegations of conspiracy, funding, and litigation strategy—is stayed pending appellate review. Unwilling to accept this procedural bar, Applicant has filed this ex parte petition **under the guise of investigating a "contemplated"** Swiss criminal proceeding. However, a forensic examination of the Applicant's own filings reveals the bad faith inherent in this request. Applicant admits that the Swiss investigation concerns the "leaking" of sealed case files from the Delaware Lawsuit (Freites v. PDVSA, Case No. 23-cv-00989). As Mr. Freites is a Plaintiff in that Delaware action, the "sealed matters" in question are his own confidential case files. This creates a "Co-Victim Paradox" that is fatal to the Application's legitimacy: Mr. Freites is the victim of the very crime Applicant purports to investigate. Yet, the Subpoena does not treat him as a victim or a witness; it targets him as a hostile combatant, demanding the production of "All documents" regarding his litigation funding (Requests 8-10) and his private communications with co-plaintiff Jorge Rodriguez (Requests 1-7). These requests are legally irrelevant to a Swiss defamation claim but are of immense tactical value to Mr. Medina's defense in the stayed U.S. actions. Because this Subpoena (1) constitutes a transparent attempt to circumvent U.S. discovery restrictions (violating the third Intel factor), (2) invades the sanctity of the Common Interest Privilege shared by co-plaintiffs, (3) requires the commission of acts currently under criminal investigation in the foreign jurisdiction (violating the fourth Intel factor), and (4) imposes an oppressive burden by targeting a victim of

3

the alleged underlying conduct to "out" his political supporters, it must be quashed in its entirety.

## II. FACTUAL BACKGROUND AND PROCEDURAL POSTURE

To fully appreciate the abusive nature of this Application, the Court must view it within the broader ecosystem of the parties' "scorched earth" litigation. The procedural history reveals a pattern of utilizing collateral proceedings to gain leverage in the primary disputes.

**A. The Domestic Litigation Ecosystem: A Foreclosed Avenue.** Mr. Freites and Mr. Jorge Rodriguez are allied co-plaintiffs in a series of high-stakes lawsuits against Petróleos de Venezuela, S.A. ("PDVSA") and Mr. Medina in the United States.

**The Delaware Action: Freites C., et al. v. Petróleos de Venezuela, S.A., Case No. 23-cv-989 (D. Del.), filed September 7, 2023.** This action involves the underlying claims of breach of contract and fraud. It is the foundational dispute from which the confidential documents at the heart of this § 1782 application originated.

**The Florida Action: Freites et al. v. Medina et al., Case No. 25-cv-20465 (S.D. Fla.), filed January 30, 2025.** This action raised federal RICO claims alleging a conspiracy by Mr. Medina and others to harm the Plaintiffs.

4

**The Critical Junction:** On May 16, 2025, this Court entered a dispositive Order in the Florida Action dismissing the federal RICO claims with prejudice. While state law claims were dismissed without prejudice, the dismissal of the federal claims effectively extinguished Mr. Medina's right to conduct federal discovery into the Plaintiffs' "enterprise," legal theories, and funding sources under the Federal Rules of Civil Procedure. Plaintiffs have appealed this dismissal to the United States Court of Appeals for the Eleventh Circuit. It is black-letter law that during the pendency of such an appeal, discovery regarding the merits of the dismissed claims is stayed. Discovery is closed. Yet, it is precisely this "funding" and "conspiracy" evidence that Mr. Medina now seeks to harvest via Section 1782. The timing is not coincidental; it is strategic. Denied discovery by the Federal Rules in the Southern District of Florida, Applicant seeks to open a new channel through the Swiss legal system to obtain the exact same materials.

**B. The "Swiss" Pretext and the "Co-Victim" Reality.** Applicant justifies his intrusion into Mr. Freites's privacy by citing a "contemplated" Swiss criminal complaint against a third party, Mr. Cesar Moya, for "cyber-harassment" and the unauthorized disclosure of "sealed matters" from the Delaware Lawsuit.

This rationale collapses under scrutiny. Because Mr. Freites is a Plaintiff in the Delaware Lawsuit, the "sealed matters" that were allegedly leaked are his own confidential case files. Logic dictates that if Mr. Moya leaked Mr. Freites's confidential files, Mr. Freites is the aggrieved victim of that crime. He is the party

5

whose privacy was breached; he is the party whose litigation strategy was compromised.

Yet, the Subpoena does not treat Mr. Freites as a victim. It does not ask, "Did you authorize this disclosure?" It does not seek to protect his interests. Instead, it treats him as a hostile target, demanding:

**Requests 8-10:** "All documents and communications showing the identity of the individuals or entities funding or paying for the legal fees".

**Requests 1-7:** "All documents and communications exchanged between You and... any third party relating to PDVSA".

This disconnect reveals the true purpose: The Swiss proceeding is a pretext. The target is not the "leaker" (Moya) but the adversary (Freites). The goal is not to solve a Swiss crime but to obtain the "funding" and "strategy" evidence that this Court placed out of reach in the Florida Action.

**C. The Swiss Criminal Complaint (January 13, 2026)** On January 13, 2026, Respondent filed a criminal complaint in Zurich against Applicant and his counsel. The complaint asserts that the collection of evidence for Swiss proceedings is a "sovereign task" and that by using a U.S. subpoena to bypass Swiss authorities, the Applicant is violating Article 271 StGB. Furthermore, it alleges that the demand for funding sources constitutes "Economic Intelligence Service" under Article 273 StGB,

6

aimed at exposing Mr. Freites's political network to a foreign state entity (PDVSA Ad Hoc).

**D. The Imminent Human Rights Action** In November 2025, Applicant received formal notice that Mr. Freites intends to file a lawsuit in Florida state court alleging human rights violations against PDVSA Ad Hoc. This Section 1782 application was filed mere days later. This timing is dispositive evidence that the Subpoena is an improper attempt to obtain pre-suit discovery to harass Mr. Freites and drain his resources before that action commences.

## III. LEGAL STANDARD

Section 1782(a) authorizes a district court to grant discovery assistance to a foreign tribunal or interested person. However, the statute is not a blank check. As the Supreme Court held in Intel Corp. v. Advanced Micro Devices, Inc., "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." 542 U.S. 241, 264 (2004). Rather, the Court must exercise its discretion guided by the four Intel factors:

**Participation:** Whether the person from whom discovery is sought is a participant in the foreign proceeding.

**Tribunal Receptivity:** The nature of the foreign tribunal and its receptivity to U.S. judicial assistance.

**Circumvention:** Whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States.

**Burden:** Whether the request is unduly intrusive or burdensome. Id. at 264-65.

Furthermore, Federal Rule of Civil Procedure 45(d)(3)(A) mandates that a court must quash a subpoena that requires disclosure of privileged or other protected matter, or subjects a person to undue burden.

## IV. ARGUMENT

### A. THE SUBPOENA VIOLATES THE THIRD INTEL FACTOR: AN ATTEMPT TO CIRCUMVENT U.S. DISCOVERY POLICIES

The third Intel factor asks whether the Section 1782 request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." Intel, 542 U.S. at 265. The Eleventh Circuit has explicitly warned against using Section 1782 as a "fishing expedition" or a means to bypass discovery stays in domestic litigation. In re Clerici, 481 F.3d 1324, 1334 (11th Cir. 2007).

**1. Circumvention of the Eleventh Circuit Appellate Stay.** The "circumvention" here is transparent. In the Florida Action (Freites v. Medina), this Court dismissed the federal RICO claims with prejudice. That dismissal is now on appeal. Under federal practice, discovery into the merits of dismissed claims is stayed pending appeal to preserve judicial resources and protect defendants from the burden of litigating invalid claims. By filing this Section 1782 application immediately following that dismissal, Applicant is attempting to use a "contemplated" foreign proceeding to obtain domestic discovery that is otherwise unavailable. He seeks documents regarding "litigation funding" (Requests 8-10) and "all communications" regarding the U.S. lawsuits (Requests 2-3). This information is irrelevant to whether Mr. Rodriguez committed defamation in Switzerland but is highly relevant—and critical—to Mr. Medina's defense in the U.S. actions.

Courts routinely quash subpoenas in such instances. See In re Application of Gorsoan Ltd., 2020 WL 409729, at *6 (S.D.N.Y. Jan. 24, 2020) (quashing subpoena where applicant sought to use § 1782 to procure documents for use in a U.S. proceeding that was stayed). Allowing this discovery would offend the "twin aims" of the statute by encouraging litigants to manufacture foreign criminal complaints solely to trigger U.S. discovery against domestic adversaries.

**2. Improper Pre-Suit Discovery for the Human Rights Action .** Applicant is also using this subpoena to obtain prohibited "pre-suit discovery" regarding the

9

forthcoming Human Rights lawsuit. Federal Rule of Civil Procedure 26(d) generally bars discovery before a Rule 26(f) conference. By seeking Mr. Freites's deposition now under Section 1782, Applicant is effectively obtaining an unauthorized pre-suit deposition for that impending domestic case, bypassing state and federal procedural rules. See In re Certain Funds, Accounts, and/or Investment Vehicles, 2014 WL 3404955, at *6 (S.D.N.Y. July 9, 2014) (denying § 1782 request used to "jump the gun" on anticipated U.S. litigation).

## B. THE SUBPOENA VIOLATES THE FOURTH INTEL FACTOR: UNDUE BURDEN AND THE "CRIMINAL INSTRUMENTALITY"

The fourth Intel factor requires the Court to consider whether the request is "unduly intrusive or burdensome." Intel, 542 U.S. at 265. A request that forces a party to facilitate a crime is the ultimate "undue burden."

**1. The "Criminal Instrumentality" Argument.** On January 13, 2026, the Zurich State Prosecutor received a criminal complaint against Mr. Medina and Mr. Kupsch for violating Article 271 StGB (Prohibited Acts for a Foreign State) and Article 273 StGB (Economic Intelligence Service). The complaint alleges that by using this U.S. Court to compel evidence for a Swiss proceeding without going through mutual legal assistance channels, the Applicant is committing a crime against Swiss sovereignty. The Declaration of Mr. Kupsch admits he "cannot obtain" the evidence in Switzerland. This is an admission that he is using the U.S. Court to perform a

function (evidence gathering) that Swiss law reserves for the state. If this Court enforces the subpoena, it risks becoming an unwitting accessory to a violation of Swiss criminal law. Compelling Mr. Freites to produce documents that are the subject of an active criminal investigation for "Economic Espionage" places him in an untenable legal position and constitutes an oppressive burden.

**2. Re-Victimization of Mr. Freites (The Co-Victim Paradox)** Compelling a victim of a cyber-leak (Mr. Freites) to disclose private financial data to the associate of the alleged leaker (Mr. Medina) constitutes "undue intrusion" under Intel. It is a perverse inversion of justice to force the victim to aid the perpetrator's associate in an investigation into the victim's own data breach.

**3. Political Retaliation and Risk to Life.** Requests 8-10 demand "All documents and communications showing the identity of the individuals or entities funding or paying for the legal fees". In the context of Venezuelan political litigation, exposing these names subjects third parties to a grave risk of persecution by the regime. Courts have recognized that Section 1782 requests posing a risk of political retaliation are unduly burdensome and must be denied. See In re Application of OOO Promnefstroy, 2009 WL 3335608, at *9 (S.D.N.Y. Oct. 15, 2009) (denying discovery that posed a risk of political retaliation).

**C. THE REQUESTS INVADE THE COMMON INTEREST PRIVILEGE**

11

Even if the Subpoena were proper under Intel, the documents sought are privileged and thus protected from discovery under 28 U.S.C. § 1782(a), which states that "a person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege."

**1. The Common Legal Interest** Mr. Freites and Mr. Rodriguez are co-plaintiffs in the Delaware and Florida actions. They share a "common legal interest" in prosecuting those claims and defending against the counter-attacks by Mr. Medina.

**2. Eleventh Circuit Precedent** The Eleventh Circuit recognizes that the attorney-client privilege extends to communications between co-parties and their counsel when they are engaged in a joint defense or prosecution. United States v. Almeida, 341 F.3d 1318, 1324 (11th Cir. 2003) (recognizing the privilege protects communications between parties sharing a common legal interest).

**3. Facial Invasion of Privilege** Requests 1 through 7, which demand "All communications" between these co-plaintiffs regarding their legal strategy, facially target privileged litigation strategy. These communications were made in furtherance of their joint legal strategy in the U.S. actions.

**4. Failure of the Crime-Fraud Exception** Applicant attempts to pierce this privilege by alleging a "crime" (defamation) in Switzerland. However, Applicant has

not made, and cannot make, the prima facie showing required to invoke the crime-fraud exception. The mere allegation of a foreign crime is insufficient to waive the privilege protecting U.S. litigation strategy. See In re Application of Consorcio Ecuatoriano de Telecomunicaciones S.A., 747 F.3d 1262 (11th Cir. 2014) (requiring sufficient evidence to support a good faith belief that the review would reveal that the communication was made in furtherance of a crime). Applicant has provided no evidence that the coordination between co-plaintiffs was fraudulent; rather, it is standard litigation conduct.

## D. INTEL FACTOR 1: THE SWISS PROCEEDING IS SPECULATIVE

Section 1782 requires a foreign proceeding to be within "reasonable contemplation." Intel, 542 U.S. at 259. Here, the Swiss proceeding is merely "contemplated." Applicant is not a prosecutor, nor has he been indicted. He is an outsider to the Swiss criminal process (Strafverfahren). As a private party, he lacks the standing to compel this evidence under Swiss law, which reserves investigation to the state. Granting this request would make this Court a "clearinghouse" for a private investigation that the Swiss authorities have not yet sanctioned.

Moreover, Applicant relies on the Declaration of Hans-Ulrich Kupsch ("Kupsch Decl."), which mischaracterizes the actions of Mr. Freites and his co-plaintiff. The declaration alleges Mr. Rodriguez "directs" U.S. litigation from Switzerland, which is factually incorrect; Mr. Rodriguez is a pro se litigant exercising his right to

13

represent himself. Furthermore, reporting a crime to Swiss authorities is a privileged act, not "misleading justice."

### E. ALTERNATIVE RELIEF: STAY PENDING DISQUALIFICATION

Finally, the law firm representing Applicant, Diaz Reus, is currently the subject of a disqualification motion in the Federal Action. It would be improper to allow potentially conflicted counsel to conduct discovery in this matter while their ethical status is under review. At a minimum, this subpoena must be STAYED pending the resolution of the disqualification motion in Freites v. Medina, Case No. 25-cv-20465.

### V. CONCLUSION

The Subpoena issued to Ivan Freites is a pretextual device intended to circumvent the discovery stays and dismissals in this District and the District of Delaware. It seeks irrelevant, privileged, and burdensome materials to gain a tactical advantage in domestic litigation and to harass a victim of cyber-crime. It fails the statutory requirements of § 1782 and the discretionary factors of Intel.

**WHEREFORE,** Respondent Ivan Freites respectfully requests that this Court QUASH the Subpoena in its entirety. Alternatively, Respondent requests a PROTECTIVE ORDER limiting the scope of discovery to documents solely related to the specific Swiss filing against Cesar Moya and prohibiting the use of any

produced materials in the Delaware or Florida Lawsuits, and STAYING all discovery pending resolution of the counsel disqualification motion.

**CERTIFICATE OF GOOD FAITH CONFERENCE** Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

Dated: January 14, 2026

Respectfully submitted,

**IVAN FREITES**  *Ivan R Freites*

4370 NW 107th Ave., Apt. 102

Doral, FL 33178

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___ day of January 2026, the foregoing document was filed with the Clerk of the Court. The Clerk of the Court using CM/ECFl will serve counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF, and by email to any non-registered participants.

Respectfully submitted,

/s/ Ivan R. Freites C.

**Ivan R. Freites C., Pro Se**

4370 NW 107th Ave., Apt. 102

Doral, FL 33178

16