**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

IVAN R. FREITES C., *et al.*,                    Case No.: 1:25-cv-20465-BB

    Plaintiffs,

v.

HORACIO MEDINA, *et al.*

    Defendants.

_____/

**DEFENDANTS' OMNIBUS RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO SET ASIDE MAGISTRATE JUDGE'S ORDER, ECF NO. [350], MOTION FOR RECONSIDERATION, ECF NO. [351], AND MOTION FOR RECONSIDATION AND VACATUR OF ORDERS, ECF NO. [352]**

Defendants Orlando Viera-Blanco, Jose Vicente Carrasquero, Jose Alexis Ortiz, Thaelman Urgelles, Lino Carrillo, Center for Liberal Democracy Development Inc., ASM Investing LLC, Tezcua Investments LLC, American Venezuelan Engagement Foundation Inc., Venezolanos y Americanos Inc., Altamira Cinema Corp., Venezuelan American Petroleum Association, and Latino Communications LLC ("Defendants"), file their omnibus response in opposition to the *Motion to Set Aside Order as Contrary to Law Pursuant to Fed. R. Civ. P. 62(a) Magistrate Judge's Order (ECF No. 347)*, ECF No. [350] (the "Motion to Set Aside"), *Motion for Reconsideration Pursuant to S.D.Fla. Local Rule 7.9 of Order [ECF 345]*, ECF No. [351] (the "Motion for Reconsideration"), and *Motion Pursuant to Federal Rule of Civil Procedure 59(e) for Reconsideration and Vacatur of Orders Executed January 12, 2026 and January 15, 2026 (ECF 338 and ECF 344)*, ECF No. [352] (the "Second Motion to Vacate") (collectively, the "Motions") filed by Plaintiffs, Ivan Freites, Miguel Enrique Otero, and Jorge Alejandro Rodriguez ("Plaintiffs"), and, in support thereof state the following:

1. Plaintiffs, not surprisingly, continue their vexatious litigation tactics in this case to burden the parties and judicial resources with flooding the docket of an already dismissed and

appealed case with the filing of yet again a barrage of three meritless Motions – all done solely to harass and run up the cost of litigation unnecessarily. Because the Motions raise no arguments justifying any relief, these Motions should be denied.

2. In their Motion to Set Aside, Plaintiffs seek to set aside the Magistrate Judge's Order on Plaintiffs' Motions for Sanctions [ECF No. 347], entered on January 20, 2026 which denied several motions after a two-day evidentiary hearing. In doing so, Plaintiffs first argue that they enjoy an irrefutable presumption under *State Farm Mut. Auto. Ins. Co., v. K.A.W.*, 575 So. 2d 630 (Fla. 1991). But the irrefutable presumption arises only when "one seeking to disqualify opposing counsel" shows that "an attorney-client relationship" existed and the matters are "substantially related." *Id*., at p. 633. Judge Elfenbein, however, found that Plaintiff Rodriguez was only a prospective client the Diaz, Reus & Targ LLP ("DRT") law firm, and did not carry his burden under Florida Rule 4-1.18 after holding a two-day evidentiary hearing. Indeed, Judge Elfenbein held that the matter in which Rodriguez consulted DRT during the October 2, 2023 Zoom call—which involved workers' compensation claims—is neither relevant nor related to the claims Plaintiffs assert in the Amended Complaint—which involve primarily alleged defamation and RICO conspiracy. [ECF No. 347, at pp. 36-37]. Judge Elfenbein applied the correct legal standard in her analysis under the circumstances of this case.

3. Second, Plaintiffs argue that there is an intra-district split of authority which Judge Elfenbein failed to apply as in a separate, unrelated case in which DRT partner Michael Diaz, Jr. was disqualified pursuant to Rule 4-1.9 conflict of interest. No such prior ruling by a fellow judge, though, is binding as precedent to require J. to adhere to the same reasoning. This argument is nothing but a red herring. Judge Elfenbein need not do so. *Camreta v. Greene*, 563 U.S. 692, 709 n.7, 563 U.S. 692, 709 (2011); *Fishman & Tobin, Inc. v. Tropical Shipping & Constr. Co*., 240

F.3d 956, 965 (11th Cir. 2001).  Plaintiffs are wrong about the law, and are just unhappy with the results obtained, all of which is of their own doing (let alone arguments that could have been raised at the evidentiary hearing but were not).

4. Lastly, Plaintiffs argue that they were the victims of a "catch-22" situation because the Court disregarded evidence while simultaneously denying them discovery into a call log. Again, Plaintiffs complain of nothing more than their own shortcomings at the evidentiary hearing. The discovery request was denied for being futile. The call at issue had nothing to do with any of the underlying facts of this case – all of which occurred over three years after it. Again, Judge Elfenbein applied the correct legal standard in her analysis under the circumstances of this case. So this argument also fails on its weight.

5. In their Motion for Reconsideration, Plaintiffs seek to have a de novo review Order denying Plaintiffs' request to strike a subpoena issued in a different case. In doing so, Plaintiffs cite to S.D. Fla. L.R. 7.9 and the Court's inherent powers. [ECF 351]. First, no such Local Rule exists in this Court. Second, the Court has no authority and is powerless in this case to strike a document emanating from another case. Instead, the dispute is more appropriately addressed and resolved in the case where the subpoena issued. No disenfranchisement can exist.  An Plaintiff wishing to intervene in the case where the subpoena issued can freely do so.  Plaintiffs should know better. Basic research would have revealed as much. Nonetheless, Plaintiffs claim to have brough criminal charges in a foreign country, all of which is irrelevant to the basic premise – this Court can only review and reconsider its own orders in this case – not those in another case. Plaintiffs' arguments to the contrary have no merit. No circumvention of any discovery applies. Thus, the Motion for Reconsideration also has no merit whatsoever.

6. Last, but not least, Plaintiffs also seek to vacate, for the second, the Court's January 13, 2026 Order Adopting Magistrate Judge Elfenbein's Report and Recommendations, [ECF No. 338].  See [ECF 352].  Plaintiffs bring nothing new to the table than what they had previously argued in their first attempt to accomplish the exact same thing. Plaintiffs originally filed no timely objections, and this Court, as a result, adopted the R&R after conducting a de novo review, finding it well-reasoned and correct, and denying both motions. See [ECF No. 338].  Two days later, on January 15, 2026, Plaintiffs filed untimely objections and an expedited motion to vacate the Court's order adopting the R&R, incorrectly asserting that their objections were timely. See [ECF Nos. 341 and 342]. The Court denied that relief by explaining the reasons of why the objections were untimely. See [ECF No. 344].  Those same reasons apply, and nothing has changed in Plaintiffs' second bite at the apple.

7. Plaintiffs only argument is that the Court signed the Order before midnight on January 12, 2026 before the full period to file objections had expired.  [ECF No. 352, at pp. 3-5]. This is another red herring. It is well-settled that "an order is 'entered' not when it is signed by the judge, nor when it is 'filed' (i.e., file stamped), but rather when it is actually recorded on the docket sheet." *Nat'l Sav. Bank v. Jefferson Bank*, 127 F.R.D. 218, 223 (S.D. Fla. 1989).  In this case, the Order was docketed and became effective on <u>January 13, 2026</u>. See ECF No. 338].  Because Plaintiffs filed their objections on January 15, 2026 - - well past Otero and Rodriguez's January 7, 2026 deadline, and three days past Freites's January 12, 2026 deadline, and two entire days after the Court's Order was entered - - these were wholly untimely.  Plaintiffs, again, should have known that before parroting the same reasons in their prior instance.  "The function of a motion to alter or amend a judgment is not to serve as a vehicle to relitigate old matters or present the case under a new legal theory ... [or] to give the moving party another 'bite at the apple' by permitting the

4

arguing of issues and procedures that could and should have been raised prior to judgment." *See Mincey v. Head*, 206 F.3d 1106, 1137 fn. 69 (11th Cir.2000).  Thus, Plaintiffs cannot seek reconsideration for their shortcomings for the very same reason of their own doing, and the same cannot serve as a basis for reconsideration of the Court's Order adopting J. Elfenbein's R&R.

8. For the same reasons articulated by Mr. Medina in his own omnibus response separately filed in this case, [ECF No. 353], the Defendants join Mr. Medina in his request for the Court to deny Plaintiffs' Motions *in totum*.

WHEREFORE, the Defendants respectfully request that the Court enter an Order denying Plaintiffs' *Motion to Set Aside Order as Contrary to Law Pursuant to Fed. R. Civ. P. 62(a) Magistrate Judge's Order (ECF No. 347)*, ECF No. [350] (the "Motion to Set Aside"), *Motion for Reconsideration Pursuant to S.D.Fla. Local Rule 7.9 of Order [ECF 345]*, ECF No. [351] (the "Motion for Reconsideration"), and *Motion Pursuant to Federal Rule of Civil Procedure 59(e) for Reconsideration and Vacatur of Orders Executed January 12, 2026 and January 15, 2026 (ECF 338 and ECF 344)*, ECF No. [352], and granting any other and further relief that the Court finds just and proper.

Dated on this 9th day of February, 2026.

        Respectfully Submitted.

        SARDI LAW, PLLC
        *Counsel for Defendants*
        11410 N. Kendall Dr., Suite 208
        Miami, FL 33176
        Tel.: (305) 697-8690
        Fax.: (305) 697-8691


        By: /s/ Carlos E. Sardi
            Carlos E. Sardi, Esq.
            Florida Bar No. 781401
            Primary Email: carlos@sardilaw.com

## CERTIFICATE OF SERVICE

I CERTIFY that on this 9th day of February, 2026, I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, and served by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case, including all counsel of record. I FURTHER CERTIFY that the foregoing was again served on *pro se* Plaintiff Miguel Enrique Otero by electronic mail at Plaintiff.v.Medina@proton.me, Plaintiff Jorge Alejandro Rodriguez by email at Plaintiff.2.v.Medina@proton.me, and Plaintiff Ivan R. Freites C. by first-class U.S. Mail at 4370 NW 107th Ave, Apt. 102, Doral, FL 33178 (served on each of the plaintiffs modified service preference per their notice filed with the Court, ECF [142]).

    /s/ Carlos E. Sardi  
    Carlos E. Sardi, Esq.